**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARA LEE CORPORATION, on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 06-cv-0819HHK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
AND TO JOIN PENSION BENEFIT GUARANTY CORPORATION
AS A PARTY-DEFENDANT**

      Plaintiff Sara Lee Corporation ("Sara Lee") hereby moves pursuant to Fed. R. Civ. P. Rules 15(a), 20(a), and 21 for leave to file its Second Amended Complaint against existing defendants ABA Plan and the Board of Trustees of the American Bakers Association Retirement Plan, as Administrator of the ABA Plan, and to join an additional party-defendant, the Pension Benefit Guaranty Corporation. Concurrent with the filing of this motion, Sara Lee is filing a Proposed Order, a Proposed Second Amended Complaint, and a Memorandum of Law in support of this motion.

Dated: September 29, 2006                          Respectfully Submitted,

- 2 -

SARA LEE CORPORATION


By:    /s/ Sarah E. Hancur
      One of Its Attorneys

      M. Miller Baker (DC Bar No. 444736)
      Sarah E. Hancur (DC Bar No. 480537)
      McDermott Will & Emery LLP
      600 13th Street, N.W.
      Washington, DC  20005-3096
      Phone: 202.756.8000
      Fax:    202.756.8087
      Email: mbaker@mwe.com
             shancur@mwe.com

      Michael T. Graham
      McDermott Will & Emery LLP
      227 West Monroe Street
      Chicago, Illinois  60606
      Phone: 312.372.2000
      Fax:    312.984.7700
      Email: mgraham@mwe.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan<br><br>Defendants. | Case No. 06-cv-0819HHK |

**MEMORANDUM OF LAW IN SUPPORT OF SARA LEE'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND
TO JOIN THE PENSION BENEFIT GUARANTEE CORPORATION
AS A PARTY-DEFENDANT**

Sara Lee Corporation ("Sara Lee") hereby submits this memorandum of law in support of its motion for leave to file a Second Amended Complaint and to join the Pension Benefit Guarantee Corporation ("PBGC") as a party-defendant.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Sara Lee originally brought this ERISA action against defendants ABA Plan and the Board of Trustees of the American Bakers Association Retirement Plan, as Administrator of the ABA Plan (collectively, "ABA") on May 3, 2006. On May 10, 2006, before the ABA filed any responsive pleading, Sara Lee filed its First Amended Complaint ("FAC") that made minor technical changes to the original Complaint.

The FAC alleged that the ABA violated the terms of the ABA Plan by failing to administer and enforce the Plan in accordance with its terms. Specifically, the FAC alleged that

the ABA Plan is an aggregate of single-employer pension plans (FAC ¶ 9), under which each participating employer's contributions are to be used to fund only the benefits of its own employee-participants (FAC ¶ 13), but that the ABA had violated the ABA Plan terms by using Sara Lee's contributions to pay the benefits of employee-participants of other participating employers (FAC ¶ 19). Sara Lee further noted that the PBGC had determined in 1979 ("1979 Determination") that the ABA Plan is an aggregate of single-employer plans. (FAC ¶ 10).

To date, ABA has not yet filed a responsive pleading to the FAC, based on a series of extensions of time to respond agreed to by the parties and approved by this Court.

On August 8, 2006, the PBGC issued an administrative determination ("2006 Determination") that the ABA Plan "is a multiple-employer plan" (as opposed to an aggregate of single-employer plans) for ERISA purposes. The PBGC's 2006 Determination reversed the 1979 Determination, based on the PBGC's conclusion that the ABA in practice has failed to administer the ABA Plan as an aggregate of single-employer plans.

## II.     THE PROPOSED SECOND AMENDED COMPLAINT

Sara Lee's proposed Second Amended Complaint adds two additional claims, joins the PBGC as a party-defendant, and reasserts the FAC's original claim against the ABA. In Count I, the Second Amended Complaint joins the PBGC as a party-defendant, and seeks reversal of the PBGC's 2006 Determination under ERISA Section 4003(f), 29 U.S.C. § 1303(f). In Count II, the Second Amended Complaint asserts the FAC's original ERISA claim against the ABA by seeking to compel the ABA to administer the ABA Plan according to its terms as an aggregate of single-employer plans. In Count III, the Second Amended Complaint asserts an alternative ERISA claim for relief against the ABA. Count III alleges that if the PBGC's 2006 Determination is upheld, and the ABA Plan is deemed to be a multiple-employer plan because

the ABA has failed to administer the Plan according to its terms, then the ABA has breached its fiduciary duties, and Sara Lee should be made whole for its injuries caused by the ABA's breach of fiduciary duties.

### III.     ARGUMENT

Where as here a party has previously amended its complaint, additional amendments may be made "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Such "leave shall be freely given when justice so requires." *Id.*; *see Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A plaintiff ought to be afforded an opportunity to test its claims on the merits, if the underlying facts or circumstances relied upon by a plaintiff are a proper subject of relief. *Kas v. Fin. Gen. Bankshares, Inc.*, 105 F.R.D. 453, 457 (D.D.C. 1984) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Indeed, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*

None of the reasons that might preclude amendment apply to the Second Amended Complaint's assertion of a second cause of action against the ABA in Count III or the joinder of the PBGC in Count I. Sara Lee has not delayed; its claim in Count I against the PBGC and its alternative claim for relief against the ABA in Count III arose only *after* the PBGC revoked its 1979 Determination on August 8, 2006, and predicated its revocation on the ABA's administration of the Plan as a multiple-employer plan rather than as an aggregate of single-employer plans. This amendment is not made to cure any deficiencies identified by the Court. The amendment does not prejudice the ABA or the PBGC, as this action has not progressed to

any meaningful degree. Nor are the new claims asserted in Counts I and III futile. Thus, the Second Amended Complaint satisfies the requirements of Rule 15(a).

The Second Amended Complaint's addition of the PBGC as party-defendant in Count I also implicates Fed. R. Civ. P. Rules 20(a) and 21. Rule 21 states that "Parties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The Court should grant leave to add parties under Rule 21 when the requirements of Rule 20(a) are satisfied. *Cf. Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (looking to substantive standards of Rule 20 to determine whether to sever parties under Rule 21).

Rule 20(a) provides that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). The Second Amended Complaint's joinder of the PBGC as a party-defendant in Count I satisfies both prongs of Rule 20(a).

First, Sara Lee's claim against the PBGC in Count I and Sara Lee's claims against the ABA in Counts II and III "aris[e] out of the same transaction, occurrence or series of transactions or occurrences." In order to satisfy this requirement, "the claims must be logically related." *Disparte*, 223 F.R.D. at 10 (citing *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)). The transactions underlying all three counts of the Second Amended Complaint are the ABA's administration of the Plan. Sara Lee alleges that the ABA's administration of the Plan has violated the Plan documents, and the PBGC has determined that the ABA's administration of the Plan in practice is precisely what, in the agency's view, converts the ABA Plan into a multiple-

employer plan.  *See* Second Amended Complaint, Ex. 3 at 16 ("while the terms of the Plan and the intentions of the parties were relevant to PBGC's determination of the status of the Plan shortly after the passage of ERISA in 1979, they are not controlling today, in light of the evidence as to how the Plan actually operated over the years since then").  Although Sara Lee challenges the PBGC's 2006 Determination in Count I, it is indisputable that the same "series of transactions or occurrences" underlie Count I against the PBGC and Counts II and III against the ABA.  Thus, Counts I, II, and III are "logically related" because they all arise from the ABA's administration of the Plan.

Second, Sara Lee's claim against the PBGC in Count I and against the ABA in Counts II and III also involve "question[s] of law or fact common to all defendants."  Fed. R. Civ. P. 20(a).  The question of fact common to all three counts of the Second Amended Complaint is the ABA's administration of the Plan, and the question of law common to all three counts is whether the ABA Plan is an aggregate of single-employer plans, as Sara Lee contends, or whether the ABA Plan is a multiple-employer plan, as declared by the PBGC in its 2006 Determination.

### IV.    CONCLUSION.

For the above stated reasons, Sara Lee respectfully requests that this Court grant its motion for leave to file its Second Amended Complaint, and to join the PBGC as a party-defendant.

Dated: September 29, 2006

Respectfully Submitted,

SARA LEE CORPORATION

By:    /s/   Sarah E. Hancur
     One of Its Attorneys

M. Miller Baker (DC Bar No. 444736)
Sarah E. Hancur (DC Bar No. 480537)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
Phone: 202.756.8000
Fax:     202.756.8087
Email: mbaker@mwe.com
       shancur@mwe.com

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
Phone: 312.372.2000
Fax:     312.984.7700
Email: mgraham@mwe.com

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>           Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 06-cv-0819HHK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

      I, Sarah E. Hancur, hereby certify that a true and exact copy of the foregoing Motion For Leave to File Second Amended Complaint and to Join Pension Benefit Guaranty Corporation as a Party-Defendant, Memorandum of Law in Support, Proposed Second Amended Complaint, and a Proposed Order submitted therewith, has been served via first class, postage pre-paid U.S. Mail this 29th day of September, 2006, on the following:

Paul J. Ondrasik, Jr.
Edward R. Mackiewixz
Ryan T. Jenny
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036-1795

Anne H.S. Fraser
Law Office of Anne H.S. Fraser, P.C.
1320 19th Street, N.W., Suite 200
Washington, DC  20036-1637

                                               /s/   Sarah E. Hancur

                                          McDermott, Will & Emery LLP
                                          600 Thirteenth Street, N.S.
                                          Washington, DC  20005-3096