# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SARA LEE CORPORATION, on its own behalf )
and on behalf of its employee-participants in the )
American Bakers Association Retirement Plan, )
               )
        **Plaintiff,** )
            )
**v.** )    Case No. 06-CV-0819-HHK
           )
AMERICAN BAKERS ASSOCIATION )
RETIREMENT PLAN; and )
BOARD OF TRUSTEES OF THE AMERICAN )    **PLAINTIFF SARA LEE CORPORATION'S**
BAKERS ASSOCIATION RETIREMENT )    **RESPONSE IN OPPOSITION TO THE**
PLAN, as Administrator of The American )    **MOTION TO DISMISS COUNTS II AND**
Bakers Association Retirement Plan; and )    **III OF THE SECOND AMENDED**
PENSION BENEFIT GUARANTY )    **COMPLAINT OF DEFENDANTS**
CORPORATION, )    **AMERICAN BAKERS ASSOCIATION**
           )    **RETIREMENT PLAN AND BOARD OF**
        **Defendants.** )    **TRUSTEES**
_____ )
           )
AMERICAN BAKERS ASSOCIATION )
RETIREMENT PLAN; and BOARD )
OF TRUSTEES OF THE AMERICAN )
BAKERS ASSOCIATION RETIREMENT )
PLAN, as Administrator of The American )
Bakers Association Retirement Plan, )
           )
        **Third Party Plaintiffs,** )
        **Counterclaimants, and** )
        **Cross-Claimants,** )
           )
**v.** )
           )
SARA LEE CORPORATION, )
           )
        **Respondent,** )
           )
PENSION BENEFIT GUARANTY )
CORPORATION, )
           )
        **Cross-Defendant, and** )
           )
KETTERING BAKING COMPANY, )
INTERSTATE BRANDS CORPORATION, )
LEWIS BROS. BAKERIES, INC., )
HARRIS BAKING CO., INC., )
AMERICAN BAKERS ASSOCIATION, )
and JENNY LEE BAKERY, INC., )
           )
        **Third Party Defendants.** )

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

SUMMARY OF ARGUMENT ................................................................................... 4

STANDARD OF REVIEW .......................................................................................... 8

ARGUMENT ............................................................................................................... 9

I.      Sara Lee Has Standing to Bring its Breach of Fiduciary Duty
Claims under ERISA Section 502(a)(3) Because It Is Granted
Functional Fiduciary Status under the ABA Plan Trust.................................... 9

       A.     ERISA Permits Employers to Be Functional Fiduciaries ...................... 9

       B.     The ABA Plan Trust Creates Fiduciary Status for
Sara Lee to Challenge the ABA Plan's Administration ........................ 10

II.     Sara Lee Seeks Appropriate Equitable Relief for Its Breach
of Fiduciary Duty Claims under ERISA Section 502(a)(3) .............................. 13

       A.     Standards for Appropriate Equitable Relief under ERISA .................... 13

       B.     Specific Relief Requested By Sara Lee in Counts II and III ................. 15

       C.     All Relief Requested by Sara Lee is Appropriate Equitable
Relief under ERISA Section 502(a)(3).................................................. 17

             1.     Sara Lee's Request for Declaratory and
Injunctive Relief to Enforce the Terms of
the ABA Plan are Appropriate Relief under
ERISA Section 502(a)(3)(A)...................................................... 18

             2.     Sara Lee's Requests for Other Equitable
Relief are Appropriate under ERISA
Section 502(a)(3)(B) .................................................................. 19

CONCLUSION............................................................................................................ 24

## TABLE OF AUTHORITIES

**Page**

**Acts, Statutes, and Regulations**

Employee Retirement Income Security Act of 1974,
as amended ("ERISA") .................................................................................... 1

ERISA Section 502(a)(3) ......................................................................... *passim*

ERISA Section 502(a)(3)(A) .................................................................... *passim*

ERISA Section 502(a)(3)(B) .................................................................... *passim*

ERISA Section 502(g) ............................................................................... 16, 17

ERISA Section 4044 ........................................................................................ 2

29 U.S.C. § 1002(21)(A) .................................................................................. 9

29 U.S.C. § 1302(a) ........................................................................................ 22

29 U.S.C. § 1322(a)-(b) .................................................................................. 22

29 U.S.C. § 1132(a)(3) ............................................................................. 13, 18

29 U.S.C. § 1344 .............................................................................................. 2

29 C.F.R. § 4022.1 *et seq.* .............................................................................. 22

**Federal Rules of Civil Procedure**

Rule 12(b)(1) .............................................................................................. 8, 12

Rule 12(b)(6) .................................................................................................... 8

**Cases**

*Barry v. Trustees of the Int'l Assn. Full-Time Salaried Officers,*
404 F.Supp.2d 145, 151 (D.D.C. 2005) ................................................... 10, 12

*Belade v. ITT Corp.,*
909 F.2d 736, 738 (2d Cir. 1990) ............................................................... 9, 10

*Beverly Enters., Inc. v. Herman,*
50 F.Supp.2d 7 (D.D.C. 1999) ............................................................... 8

*Blatt v. Marshall & Lassman,*
812 F.2d 810 (2d Cir. 1987) ...............................................................10

*Bowman v. District of Columbia,*
No. 05-1933, U.S. Dist. LEXIS 53467 (D.D.C. Aug. 2, 2006) .................................. 8

*Conley v. Gibson,* 355 U.S. 41 (1957) ................................................................. 8

*Coyne & Delany Co. v. Selman,* 98 F.3d 1457 (4th Cir. 1996) .................................. 9

*Davis v. Liberty Mut. Ins. Co.,* 871 F.2d 1134 (D.C. Cir. 1989) ................................19

*EEOC v. St. Francis Xavier Parochial Sch.,*
117 F.3d 621 (D.C. Cir. 1997) ................................................................. 8

*Firestone Tire & Rubber Co. v. Bruch,*
489 U.S. 101 (1989) .......................................................................10

*Flynn v. Tiede-Zoeller, Inc.,*
412 F.Supp.2d 46 (D.D.C. 2006) ............................................................... 8

*Franchise Tax Board v. Constr. Laborers Vacation Trust,*
462 U.S. 1 (1983) ........................................................................... 9

*Great-West Life & Annuity Ins. Co. v. Knudson,*
534 U.S. 204 (2002) .................................................................... 14, 20

*Griggs v. E.I. Dupont de Nemours & Co.,*
385 F.3d 440 (4th Cir. 2004) ...............................................................23

*Hartline v. Sheet Metal Workers' Nat'l Pension Fund,*
134 F.Supp.2d 1 (D.D.C. 2000) ...............................................................10

*Kowal v. MCI Commun. Corp.,*
16 F.3d 1271 (D.C. Cir. 1994) ................................................................. 8

*Marshall County Health Care Auth. v. Shalala,*
988 F.2d 1221 (D.C. Cir. 1993) ............................................................... 8

*Martin v. Ezeagu,* 816 F. Supp. 20 (D.D.C. 1993) ................................................. 8

*Mertens v. Hewitt Associates,* 508 U.S. 248 (1993) ........................................ 14, 22

*Moore v. Capitalcare, Inc.*, 461 F.3d 1 (D.C. Cir. 2006) .................................................... 15, 20

*Ramsey v. Formica Corp.*,
2006 U.S. Dist. LEXIS 966 (S.D. Ohio Jan. 5, 2006) ............................................................ 19

*Schuler v. United States*, 617 F.2d 605 (D.C. Cir. 1979) ......................................................... 8

*Sereboff v. Mid Atlantic Medical Servs., Inc.*,
126 S.Ct. 1869 (2006) .................................................................................................... *passim*

*Sonoco Prods. Co. v. Physicians Health Plan, Inc.*,
338 F.3d 366 (4th Cir. 2003) ................................................................................................ 10

*Systems Council EM-3, Int'l Brotherhood of Elec. Workers*,
972 F.Supp. 21 (D.D.C. 1997) .............................................................................................. 10

*In re United Mine Workers of Am. Employee Ben. Plans Litig.*,
854 F. Supp. 914 (D.D.C. 1994) ............................................................................................. 8

*U.S. Steel Corp. v. Com. Pa. Human Rels. Comm'n*,
669 F.2d 124 (3d Cir. 1982) ................................................................................................... 9

*Warren v. Society Nat'l Bank*, 905 F.2d 975 (6th Cir. 1990) ....................................... 13, 14, 19

Plaintiff Sara Lee Corporation ("Sara Lee"), through its attorneys and on behalf of its employee-participants in the American Bakers Association Retirement Plan, submits its response in opposition to the motion to dismiss Counts II and III of the Second Amended Complaint filed by Defendants American Bakers Association Retirement Plan ("ABA Plan") and the Board of Trustees of the ABA Plan ("Trustees") (collectively "Defendants"), and in support states:

## INTRODUCTION

The ABA Plan was originally adopted effective as of October 1, 1961, and was designed with the express purpose of providing its Participating Employers with the benefit, including the cost savings, of centralized administration and investment management while ensuring that each Participating Employer remained singly responsible for the benefits paid under the ABA Plan to its respective employee-participants.  Section 13.01 of the ABA Plan specifically states that the ABA Plan is intended to be an aggregate of single-employer pension plans.  That means, for purposes of Titles I and II of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the ABA Plan has been administered as a single plan.  However, for purposes of Title IV of ERISA, including the termination of a Participating Employer's participation in the ABA Plan, the ABA Plan was treated as an aggregate of single-employer pension plans rather than a multiple-employer pension plan.  Notably, all Participating Employers entered into Participation Agreements with the Trustees that specifically stated that the ABA Plan was to be administered as an aggregate of single-employer pension plans, and that a fundamental concept of the ABA Plan was that the contributions of each Participating Employer would be used only to provide benefits for their own employee-participants and not those of any other Participating Employer.

In 1979, the PBGC reviewed the ABA Plan's structure and administration, and determined that the ABA Plan qualified as an aggregate of single-employer pension plans (the "1979 Determination"). Thereafter, the ABA Plan's governing document was amended to contain a specific reference to the 1979 Determination and require the Trustees to administer the ABA Plan as an aggregate of single-employer pension plans for purposes of Title IV of ERISA.

In 2004, Sara Lee became interested in transferring certain of its employee-participants from the ABA Plan to the Consolidated Sara Lee Bakery Group Hourly Employees' Pension Plan (the "Sara Lee Bakery Plan"), which is a defined benefit pension plan sponsored by Sara Lee. In order to determine the efficacy of such a transfer, Sara Lee asked the Trustees to calculate, in accordance with ERISA Section 4044, 29 U.S.C. §1344, the assets attributable to its employee-participants in the ABA Plan Trust. The Trustees, with the assistance of the ABA Plan's actuary, determined that Sara Lee's total asset balance in the ABA Plan as of September 30, 2004 was over $110.9 million, based on the aggregate nature of the ABA Plan and the fact that Sara Lee's contributions to the ABA Plan were to be used only to provide benefits for Sara Lee's employee-participants. Based on the ABA Plan's express terms and the Trustees' representations as to the value of the assets attributable to Sara Lee, Sara Lee decided to proceed with the transfer under the ABA Plan's terms. On September 27, 2004, Sara Lee gave notice to the ABA Plan Trustees of its intentions. At its November 17, 2004 meeting, the Plan Trustees formally approved the transfer based on the terms outlined in Sara Lee's September 27, 2004 notice and notice of the transfer (Form 5310) was filed with the IRS on or about December 1, 2004. A first draft of a transfer agreement was circulated on February 7, 2005. Effective as of August 30, 2005, Sara Lee and Defendants executed a Transfer Agreement (the "Transfer Agreement"), in which the Trustees agreed to transfer to the Sara Lee Bakery Plan the amount of

accrued benefits attributable to the transferring Sara Lee's employee-participants. Initially, the Trustees agreed to transfer $71 million to the Sara Lee Bakery Plan, with additional amounts attributable to the transferred employee-participants' accrued benefits to be transferred at a later date. To date, the second transfer has not occurred.

On or about June 17, 2005, the Trustees approved a report by the ABA Plan's actuary related to the ABA Plan's financial status effective as of September 30, 2004. According to that report, the ABA Plan's actuary found that four of the seven active Participating Employers maintained negative balances in the ABA Plan Trust. This meant that the four Participating Employers' investment income and contributions paid to the ABA Plan Trust were less than their administrative expenses and the amount of benefits the Trustees paid to their respective employee-participants. In sum, by permitting the four Participating Employers to maintain negative ABA Plan Trust balances, the Trustees used ABA Plan funds attributable to Sara Lee's contributions (as well as the contributions of two other Participating Employers) to make benefit payments for the employee-participants of the four Participating Employers maintaining negative balances. Permitting those Participating Employers to maintain negative balances violates the ABA Plan's express terms. As a result, Sara Lee, on behalf of its employee-participants, initiated this action against Defendants under ERISA Section 502(a)(3) to recover equitable relief for the Trustees' failure to administer the ABA Plan's express terms.

On or about June 24, 2005, the Pension Benefit Guaranty Corporation (the "PBGC") received a formal request to reconsider its 1979 Determination from one or more of the ABA Plan's Participating Employers that maintained negative account balances under the ABA Plan Trust. The PBGC allowed the ABA Plan and any Participating Employer to submit a position statement on the issue of whether the ABA Plan constitutes an aggregate of single-employer

- 3 -

pension plans or as a multiple-employer pension plan.  On August 8, 2006, the PBGC issued a determination reversing its 1979 Determination and stating its new position that the ABA Plan is a multiple-employer pension plan for all ERISA purposes, including Title IV (the "2006 Determination").  In the 2006 Determination, the PBGC decided that, in its view, the Trustees had administered the ABA Plan as a multiple-employer pension plan, notwithstanding the fact that the ABA Plan's governing documents expressly state that the ABA Plan is intended to be an aggregate of single-employer pension plans for purposes of Title IV of ERISA.

The PBGC cut-off any further administrative review and appeal of its 2006 Determination, thereby precluding Sara Lee and the ABA Plan from raising their objections to the PBGC's findings.  As a result, Sara Lee, on behalf of its employee-participants, filed its Second Amended Complaint in this action, adding the PBGC as a party defendant, to challenge the PBGC's 2006 Determination as incorrect as a matter of fact and law, and arbitrary and capricious.[1]  Sara Lee also added a second, alternative breach of fiduciary duty claim under ERISA Section 502(a)(3) against Defendants for appropriate equitable relief, if the 2006 Determination is upheld.

## SUMMARY OF ARGUMENT

In Counts II and III of the Second Amended Complaint, Sara Lee has pled two, alternative breach of fiduciary duty claims against Defendants under ERISA Section 502(a)(3). In order to plead such claims, Sara Lee is required to be considered a fiduciary under the ABA Plan and must seek an injunction, declaration or other equitable relief available under ERISA. Defendants move to dismiss Counts II and III for two general reasons:  (1) they argue that Sara

---

[1] Sara Lee's challenge to the PBGC's 2006 Determination in Count I of the Second Amended Complaint is not at issue in Defendants' motion to dismiss.  Rather, only Counts II and III pled against Defendants are relevant to the instant motion.

Lee does not have standing under ERISA Section 502(a)(3) because it is only a Participating Employer under the ABA Plan and not the named fiduciary; and (2) they argue that the relief Sara Lee seeks in Counts II and III is legal, and not equitable, in nature. However, Defendants' arguments are incorrect as a matter of fact and law.

Contrary to Defendants' arguments, an entity is not required to be the named fiduciary of a benefit plan in order to have standing to sue as a fiduciary under ERISA Section 502(a)(3). Rather, it is generally recognized that entities, including employers, may be fiduciaries for a limited purpose and have standing to sue on issues related to that limited purpose. ERISA permits employers to wear two hats—in this case, one as a Participating Employer and one as a functional fiduciary. Here, Section 11.03 of the ABA Plan Trust specifically grants Sara Lee fiduciary status for purposes of enforcing the ABA Plan's administration: "Participating Employers shall have the authority, either jointly or severally, to enforce this Trust on behalf of the persons having or claiming any interest in the Fund. In any action or proceeding affecting the Fund or the administration thereof, or for instructions to the Board, the Association and the Board shall be the only necessary parties . . . ."

This ABA Plan Trust language specifically grants Sara Lee, as a Participating Employer, discretion and authority to bring a suit on behalf of its employee-participants against Defendants to challenge the ABA Plan's administration. Notably, Defendants failed to cite to, much less address, this Trust provision in their motion. Under the ABA Plan Trust, Sara Lee qualifies as a functional fiduciary of the ABA Plan with standing to challenge the ABA Plan's administration. Specifically, both Counts II and III of the Second Amended Complaint are brought by Sara Lee, on behalf of its employee-participants in the ABA Plan, to challenge (a) Defendants' failure to administer the ABA Plan according to its express terms, which preclude the Trustees from using

Sara Lee's contributions to pay the benefits of other Participating Employers' employee-participants; and (b) in the alternative, Defendants' failure to properly administer the ABA Plan as an aggregate of single-employer pension plans, as the ABA Plan's express terms required. Therefore, Sara Lee has standing to sue Defendants as a fiduciary, pursuant to Section 11.03 of the ABA Plan Trust, under ERISA Section 502(a)(3), and Defendants' motion to dismiss on this issue should be denied.

Sara Lee's breach of fiduciary duty claims also request appropriate equitable relief under ERISA Sections 502(a)(3)(A) and 502(a)(3)(B). In their motion, Defendants mischaracterize the relief sought by Sara Lee in Counts II and III. ERISA Section 502(a)(3) provides that a fiduciary may bring a civil action (A) to enjoin any act or practice which violates any provision of ERISA or the terms of the plan; and (B) to obtain other appropriate equitable relief to redress such violations of ERISA or the terms of the plan. Here, under both Counts II and III, Sara Lee seeks injunctive and declaratory relief for Defendants' alleged breaches of fiduciary duty for (i) using Sara Lee's contributions to the ABA Plan Trust to pay the benefits of other Participating Employers' employee-participants—in violation of the ABA Plan's express terms; and (ii) failing to administer the ABA Plan as an aggregate of single-employer pension plans, which led the PBGC to decide in the 2006 Determination that the ABA Plan is a multiple-employer pension plan. Because Congress specifically stated in ERISA Section 502(a)(3)(A) that injunctive and declaratory relief was appropriate to remedy violations of ERISA and the ABA Plan's terms, Defendants' motion to dismiss should be denied.

Moreover, Sara Lee also seeks to obtain other equitable relief under ERISA Section 502(a)(3)(B). Specifically, in Count II, Sara Lee seeks an injunction against Defendants to require them to follow the terms of the Transfer Agreement between Defendants and Sara Lee

and to transfer all ABA Plan assets requested by Sara Lee to the Sara Lee Bakery Plan.  In Count III, Sara Lee seeks (i) restitution from Defendants for their failure to administer the ABA Plan according to express terms as an aggregate of single-employer pension plans, (ii) imposition of a constructive trust over Sara Lee's contributions to the ABA Plan Trust that should have been transferred to the Sara Lee Bakery Plan under the terms of the ABA Plan and the Transfer Agreement, and (iii) rescission of the Transfer Agreement for Defendants' failure to administer the ABA Plan as an aggregate of single-employer pension plans.

In *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 126 S.Ct. 1869 (2006), the Supreme Court of the United States recently clarified the test for determining whether relief is to be considered equitable under ERISA Section 502(a)(3).  Under *Sereboff*, requests for restitution and other relief resulting from a breach of fiduciary duty will be deemed equitable if (i) the funds sought are specifically identifiable; and (ii) the funds remain in the possession and control of the defendants.  As discussed herein, Sara Lee's requested restitution and constructive trust relief in Counts II and III involve specifically identifiable funds—funds held in the ABA Plan Trust that Sara Lee contributed on behalf of its employee-participants would have been transferred to the Sara Lee Bakery Plan with those participants, but for Defendants' failures to administer the ABA Plan according to its terms.  Moreover, Sara Lee's request for rescission of the Transfer Agreement is a remedy that typically is available in equity and therefore is proper equitable relief under ERISA Section 502(a)(3)(B).  In sum, because Sara Lee, on behalf of its employee-participants, qualifies as a fiduciary and seeks to recover injunctive, declaratory and other appropriate equitable relief under ERISA, Defendants' motion to dismiss should be denied and Counts II and III should be permitted to proceed to judgment on their merits.

## STANDARD OF REVIEW

Defendants move to dismiss Counts II and III of the Second Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), this applies the following standard:

> A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should not prevail "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Beverly Enters., Inc. v. Herman*, 50 F.Supp.2d 7, 11 (D.D.C. 1999). Additionally, at the dismissal stage, the plaintiffs' complaint must be construed liberally, and plaintiffs should receive the benefit of all favorable inferences that can be drawn from the alleged facts. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

*See Bowman v. District of Columbia*, No. 05-1933, U.S. Dist. LEXIS 53467, *5 (D.D.C. Aug. 2, 2006). This Court applies a similar standard of review under Rule 12(b)(6):

> A motion to dismiss is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Martin v. Ezeagu*, 816 F. Supp. 20, 23 (D.D.C. 1993) (internal quotations omitted); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (stating that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In addition, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Ben. Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged"). In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is limited to considering facts alleged in the complaint, any documents either attached to or incorporated in the complaint, matters of which the court may take judicial notice, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997), and matters of public record. *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n. 6 (D.C. Cir. 1993).

*See Flynn v. Tiede-Zoeller, Inc.*, 412 F.Supp.2d 46, 50 (D.D.C. 2006).

## ARGUMENT

**I.    Sara Lee Has Standing to Bring its Breach of Fiduciary Duty Claims under ERISA Section 502(a)(3) Because It Is Granted <u>Functional Fiduciary Status under the ABA Plan Trust</u>**

Defendants argue that Sara Lee lacks standing to bring its ERISA Section 502(a)(3) breach of fiduciary duty claims against them because Sara Lee is only a Participating Employer in the ABA Plan and not the named fiduciary under the ABA Plan document. However, Defendants' arguments misconstrue the law under ERISA and fail to address the express terms of the ABA Plan's governing trust document that unambiguously grants Sara Lee, and other Participating Employers, the authority to act as a functional fiduciary to challenge the ABA Plan's administration.

### A.    ERISA Permits Employers to Be Functional Fiduciaries

"ERISA carefully enumerates the parties entitled to seek relief under Section 502; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . ." *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 27 (1983). Under ERISA, a party is a fiduciary "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." *See* 29 U.S.C. § 1002(21)(A).

It is generally recognized that employers can also be fiduciaries. *U.S. Steel Corp. v. Com. Pa. Human Rels. Comm'n*, 669 F.2d 124, 128 (3d Cir. 1982); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996). "ERISA permits employers to wear two hats, and . . . they assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA." *Belade v.*

*ITT Corp.*, 909 F.2d 736, 738 (2d Cir. 1990); *Barry v. Trustees of the Int'l Assn. Full-Time Salaried Officers and Employees of Outside Local Unions and Dist. Counsel's (Iron Workers) Pension Plan*, 404 F.Supp.2d 145, 151 (D.D.C. 2005).

Sara Lee does not contest that it is not the ABA Plan's "named fiduciary." However, contrary to Defendants' arguments, Sara Lee may be a functional fiduciary under the terms of the ABA Plan's governing documents. Whether or not Sara Lee qualifies as an ERISA fiduciary under the ABA Plan must be determined by the function it is performing, rather than the title it holds. *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812 (2d Cir. 1987); *Systems Council EM-3, Int'l Brotherhood of Elec. Workers*, 972 F.Supp. 21, 30 (D.D.C. 1997). A party need not have absolute discretion with respect to the benefit plan in order to be considered a fiduciary. *Id.* Whether a party qualifies as a fiduciary under ERISA is determined by reference to the nature of the particular activity at issue. *See Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F.Supp.2d 1, 15 (D.D.C. 2000). The discretionary authority that creates fiduciary status is typically allocated by the plan's governing documents. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). A party will have standing as a fiduciary under ERISA Section 502(a)(3) if its claims relate to, and are brought pursuant to, the fiduciary authority granted it by the applicable plan documents. *See Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003).

    B.    **The ABA Plan Trust Creates Fiduciary Status for
          Sara Lee to Challenge the ABA Plan's Administration**

In the Second Amended Complaint, Sara Lee pled that it brought the breach of fiduciary duty claims against Defendants in Counts II and III as a functional fiduciary on behalf of its employee-participants in the ABA Plan. *See* Second Am. Compl, ¶¶ 6, 48, 56. Sara Lee specifically cites to Section 11.03 of the ABA Plan Trust as the authority for filing this suit as a

functional fiduciary on behalf of its employee-participants in the ABA Plan. *See* Second Am. Compl., ¶ 48. Section 11.03 of the ABA Plan Trust grants Sara Lee, as a Participating Employer, the following authority:

> *Participating Employers shall have the authority, either jointly or severally, to enforce this Trust on behalf of the persons having or claiming any interest in the Fund. In any action or proceeding affecting the Fund or the administration thereof or for instructions to the Board, the Association and the Board shall be the only necessary parties*, and no Participating Employer or employees or former employees of any Participating Employer or their beneficiaries or any other person having or claiming to have an interest in the Fund shall be entitled to any notice of process, and any judgement that may be entered in such action or proceeding shall be binding on all persons having or claiming to have any interest in the Fund. (Emphasis supplied).[2]

Notably, Defendants failed to cite to, much less specifically address, this language in their Memorandum and Motion. Rather, Defendants argue generally that Sara Lee does not qualify as the ABA Plan's named fiduciary and that the ABA Plan Trust's terms could not create standing for Sara Lee where it otherwise does not exist. *See* Defendants' Memorandum at 14.

Defendants' argument apparently miscomprehends Sara Lee's allegations with respect to standing in the Complaint. As discussed above, ERISA Section 502(a)(3) does not require that a party must be the "named fiduciary" to bring a claim for breach of fiduciary duty.[3] Rather, an employer may qualify as a fiduciary with standing to bring suit under ERISA Section 502(a)(3) so long as it is granted specific authority and discretion to take an action under the governing plan documents.

---

[2] A copy of the ABA Plan's trust document is attached as Exhibit 1 to the Second Amended Complaint.

[3] In Defendants' Memorandum, Defendants cite several cases relating to an employer's lack of standing to bring a claim under ERISA Section 502(a)(3). However, these cases do not address the issue of standing where the governing plan documents grant the employer specific and limited authority to take certain actions, whereby permitting the employer to wear "two hats"—one as an employer and another as a plan fiduciary. Here, Sara Lee has pled its claims against Defendants as a fiduciary, not an employer. Therefore, the cases cited by Defendants are inapplicable here.

Section 11.03 of the ABA Plan Trust specifically grants Sara Lee authority, as a Participating Employer in the ABA Plan, to enforce the Trust and the ABA Plan's terms on behalf of its employee-participants in the ABA Plan. This grant of discretion and authority by the ABA Plan Trust to challenge the ABA Plan's administration makes Sara Lee a functional fiduciary for that particular and limited purpose. Notably, Sara Lee does not suggest that it is an ABA Plan fiduciary for all purposes. Rather, Sara Lee submits that it is a fiduciary for a limited purpose—to enforce the ABA Plan and Trust terms and to challenge the ABA Plan's administration on behalf of its employee-participants. Because Sara Lee's ERISA Section 502(a)(3) claims pled in Counts II and III relate specifically to this limited discretion and authority granted to it and other Participating Employers in the ABA Plan, Sara Lee has standing under ERISA as a functional fiduciary to challenge Defendants' administration of the ABA Plan. *Barry*, 404 F.Supp.2d at 151.

In sum, Defendants cannot evade the unambiguous terms of the ABA Plan's governing trust document and deny Sara Lee its right to bring an ERISA suit to challenge the ABA Plan's administration. Based on the ABA Plan's own governing trust document, Sara Lee has been granted specific authority to challenge the ABA Plan's administration and therefore qualifies as a functional fiduciary for that limited purpose. Because Sara Lee's breach of fiduciary duty claims in Counts II and III relate directly to the authority granted to it to challenge the ABA Plan's administration on behalf of its employee-participants, Sara Lee has standing as a fiduciary under ERISA Section 502(a)(3) to bring a claim against Defendants. Thus, Defendants' motion to dismiss Counts II and III for lack of standing under Rule 12(b)(1) should be denied.

## II.    Sara Lee Seeks Appropriate Equitable Relief for Its Breach of Fiduciary Duty Claims under ERISA Section 502(a)(3)

Defendants also argue that Counts II and III should be dismissed because Sara Lee allegedly seeks monetary and declaratory relief that is not equitable in nature and therefore unavailable under ERISA Section 502(a)(3). However, Defendants have greatly mischaracterized the relief requested by Sara Lee in its Second Amended Complaint. Defendants improperly focus only on subpart (B) of Section 502(a)(3), which addresses relief other than declaratory or injunctive relief to prevent the violation of the terms of a plan, as the basis for all of Sara Lee's requested relief. As discussed below, Sara Lee seeks relief under both ERISA Section 502(a)(3)(A) **and** 502(a)(3)(B). In sum, Sara Lee seeks only to have the ABA Plan's terms followed for the protection of its employee-participants. Such relief is purely equitable in nature and, therefore, Sara Lee's ERISA Section 502(a)(3) claims in Counts II and III should be permitted to proceed to judgment in this case.[4]

### A.    Standards for Appropriate Equitable Relief under ERISA

Under ERISA Section 502(a)(3), a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *See* 29 U.S.C. § 1132(a)(3). Under Section 502(a)(3)(A), Congress expressly provided for injunctive relief to remedy violations of ERISA or plan documents. *See Warren v. Society Nat'l Bank*, 905 F.2d 975, 981 (6th Cir. 1990).

---

[4] Defendants also argue that Count III of the Complaint should be dismissed because Defendants bore no fiduciary duties to Sara Lee as a Participating Employer. However, as discussed at length above, Sara Lee pled Counts II and III as a functional fiduciary on behalf of its employee-participants in the ABA Plan. Defendants do not suggest that they lack fiduciary duties related to the administration of the ABA Plan for Sara Lee's employee-participants. Therefore, this argument lacks any basis in fact or law and should be disregarded.

In addition, under ERISA Section 502(a)(3)(B), a fiduciary may bring an action to obtain "other appropriate relief," which by the express terms of the statute provides for equitable remedies other than injunctive relief. *Id.*

The issue of what types of equitable relief are permitted under ERISA Section 502(a)(3)(B) was recently considered by the Supreme Court of the United States in *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 126 S.Ct. 1869 (2006). In *Sereboff*, a fiduciary of a health plan brought an ERISA Section 502(a)(3) claim against plan beneficiaries seeking reimbursement from a third-party settlement for amounts paid for the beneficiaries' medical expenses. The beneficiaries challenged whether the restitution sought by the fiduciary constituted "other appropriate equitable relief" under ERISA Section 502(a)(3)(B).

The *Sereboff* Court noted that in *Mertens v. Hewitt Associates*, 508 U.S. 248, 255-56 (1993), the Court construed this provision to authorize only "those categories of relief that were *typically* available in equity." 126 S.Ct. at 1873. The *Sereboff* Court also explained that this principle was further explained in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), which involved facts similar to those in *Sereboff*. In *Great-West*, the Court differentiated between legal restitution—which imposes personal liability for the benefits to be reimbursed— from equitable restitution—in which a constructive trust or equitable lien is imposed on "particular funds or property in the defendant's possession." 534 U.S. at 213.

The *Sereboff* Court noted that in *Great-West*, the Court found that the relief requested was legal, and not equitable, because the defendant did not have possession of the funds from which the reimbursement amount would be taken. *Sereboff*, 126 S.Ct. at 1874. However, in *Sereboff*, the Court found the relief requested by the fiduciary to be equitable in nature because the fiduciary sought "specifically identifiable" funds that were "within the possession and control

- 14 -

of the Sereboffs"—*i.e.*, that portion of the third party settlement due to the fiduciary under the terms of the ERISA plan.  *Id.* The Court also found the relief to be equitable because the fiduciary did not seek to impose personal liability for a contractual obligation to pay money.  *Id.* The Court noted that while the fiduciary did ultimately seek payment of money, it sought recovery through a constructive trust or equitable lien on a specifically identified fund, not from the defendants' assets generally, as would be the case in an action at law.  *Id.*  The *Sereboff* Court concluded that "ERISA provides for equitable remedies *to enforce plan terms*, so the fact that the action involves a breach of contract can hardly be enough to prove relief is not equitable; that would make § 502(a)(3)(B)(ii) an empty promise."  *Id.*

Therefore, following *Sereboff*, requests for restitution or other relief resulting from a breach of fiduciary duty for a failure to administer a benefit plan according to its express terms will be deemed equitable if (i) the funds sought are specifically identifiable; and (ii) the funds remain in the possession and control of the defendant.  *See Moore v. Capitalcare, Inc.*, 461 F.3d 1, 8 (D.C. Cir. 2006).  As discussed below, all of the relief Sara Lee seeks in the Second Amended Complaint constitutes either (i) injunctive relief under ERISA Section 502(a)(3)(A) or (ii) other equitable relief under ERISA Section 502(a)(3)(B) because the funds sought are identifiable and are in the possession and control of Defendants.

## B.    Specific Relief Requested By Sara Lee in Counts II and III

In the Second Amended Complaint, Sara Lee pleads Counts II and III as alternative claims, depending upon whether the PBGC's 2006 Determination is upheld or reversed.  If the 2006 Determination is reversed and the ABA Plan is determined to be an aggregate of single-employer pension plans, Sara Lee asserts in Count II that Defendants breached their fiduciary duties to Sara Lee's employee-participants by failing to administer the ABA Plan according to its

terms and requiring each Participating Employer to maintain positive account balances to pay the accrued benefits for their own employee-participants. Sara Lee states that by permitting Participating Employers to maintain negative balances, the contributions of Participating Employers, like Sara Lee, that maintain positive account balances are being used to pay the benefits of employee-participants of other Participating Employers who maintain negative account balances. For relief on this breach of fiduciary duty claim, Sara Lee seeks the following on behalf of its employee-participants:

- A declaration that Defendants violated the terms of Section 13.02 of the ABA Plan by using Sara Lee's contributions to pay the benefits of other Participating Employers that maintain negative balances in the ABA Plan Trust;

- A declaration that Defendants violated the terms of Section 2.02(h) by failing to administer the ABA Plan according to its express terms;

- An injunction requiring Defendants to administer the ABA Plan according to its terms;

- An injunction requiring Defendants to cease using Sara Lee contributions to the ABA Plan to pay the benefits for employee-participants of other Participating Employers that maintain negative account balances in the ABA Plan Trust;

- A declaration that Defendants be required to fulfill the terms of their Transfer Agreement with Sara Lee to transfer all ABA Plan assets requested by Sara Lee to the Sara Lee Bakery Plan; and

- Its attorneys' fees and costs as a prevailing party under ERISA Section 502(g).

*See* Second Am. Compl. at 18-19.

If the Court upholds the PBGC's 2006 Determination in Count I, then Sara Lee asserts in Count III that Defendants breached their fiduciary duties to Sara Lee's employee-participants by failing to administer the ABA Plan according to its express terms notwithstanding that those terms conflict with the PBGC's position on the ABA Plan's status. For relief on this breach of fiduciary duty claim, Sara Lee seeks the following on behalf of its employee-participants:

- A declaration that Defendants violated the terms of Section 13.01 of the ABA Plan by failing to administer the ABA Plan according to its express terms as an aggregate of single-employer pension plans;

- A declaration that Defendants violated the terms of Section 2.02(h) by failing to administer the ABA Plan according to its express terms;

- A declaration that Defendants breached their fiduciary duties to Sara Lee's employee-participants by failing to follow the ABA Plan's express terms;

- Rescission of the Transfer Agreement entered into by Defendants and Sara Lee and an injunction preventing Defendants from enforcing any part of the Transfer Agreement;

- Permission to return all Sara Lee employee-participants transferred from the ABA Plan while the ABA Plan was believed to be considered an aggregate of single-employer pension plans;

- Creation of a constructive trust over ABA Plan assets for the benefit of Sara Lee's employee-participants to recover any losses or liabilities Sara Lee may accrue resulting from Defendants' failure to administer the ABA Plan according to its express terms as an aggregate of single-employer pension plans; and

- Its attorneys' fees and costs as a prevailing party under ERISA Section 502(g).

*See* Second Am. Compl. at 20-21.

### C. All Relief Requested by Sara Lee is Appropriate Equitable Relief under ERISA Section 502(a)(3)

In Defendants' Memorandum, Defendants apparently believe that ERISA Sections 502(a)(3)(A) and 502(a)(3)(B) are identical—in that each section requires an analysis of whether the relief requested is "appropriate equitable relief." However, as discussed above, such an analysis is necessary only under Section 502(a)(3)(B) and only for claims seeking relief other than injunctions for violations of ERISA or the terms of the plan. Here, Defendants have confused not only the remedies available under either subsection of ERISA Section 502(a)(3), they have failed to apply the *Sereboff* test to determine whether relief is equitable under ERISA Section 502(a)(3).

    1.    *Sara Lee's Request for Declaratory and Injunctive Relief to Enforce the Terms of the ABA Plan are Appropriate Relief under ERISA Section 502(a)(3)(A)*

As discussed above, under ERISA Section 502(a)(3)(A), Congress expressly provided for injunctive relief to remedy violations of ERISA or plan documents.  *See* 29 U.S.C. §1132(a)(3).  Certain of Sara Lee's requests for relief related to both Counts II and III fit within the type of relief available under Section 502(a)(3)(A).

In Count II, Sara Lee pleads a breach of fiduciary duty claim against Defendants, which claim is dependent upon the Court reversing the PBGC's 2006 determination challenged in Count I.  *See* Second Am. Compl., ¶¶ 46-53.  For relief on Count II, Sara Lee requests this Court, in part, to (i) declare that Defendants violated the terms of Section 13.02 of the ABA Plan; (ii) declare that Defendants violated the terms of Section 2.02(h) of the ABA Plan; (iii) permanently enjoin Defendants from violating the unambiguous terms of the ABA Plan; and (iv) permanently enjoin Defendants from violating the ABA Plan's terms by using Sara Lee's contributions in the ABA Plan Trust to pay the benefits for employee-participants of other Participating Employers that maintain negative balances under the ABA Plan Trust.  *See* Second Am. Compl. at 18-19.

In Count III, Sara Lee pleads an alternative breach of fiduciary duty claim, which is dependent upon the Court upholding the PBGC's 2006 determination challenged in Count I.  *See* Second Am. Compl., ¶¶ 54-64.  For relief on Count III, Sara Lee requests this Court, in part, to (i) declare that Defendants violated the terms of Section 13.01 of the ABA Plan; (ii) declare that Defendants violated the terms of Section 2.01 of the ABA Plan; and (iii) declare that Defendants breached their ERISA-based fiduciary duties to Sara Lee and its employee-participants by failing to administer the ABA Plan according to its terms.  *See* Second Am. Compl. at 20-21.

All of these requests for relief relate to Sara Lee's demand for declaratory and injunctive relief to enforce the ABA Plan's unambiguous terms. Such equitable relief is exactly the type of relief that is permitted under ERISA Section 502(a)(3)(A). *See Warren*, 905 F.2d at 981 (finding that injunctive relief is expressly provided for under Section 502(a)(3)(A)). Defendants suggest that Sara Lee's request for declaratory and injunctive relief, in the absence of any other tangible relief, is an "empty and futile gesture." *See* Defendants' Memorandum at 21. In support of this conclusory argument, Defendants cite *Ramsey v. Formica Corp.*, 2006 U.S. Dist. LEXIS 966, *14 n.2 (S.D. Ohio Jan. 5, 2006) and *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1137 (D.C. Cir. 1989). However, both of these cases are irrelevant to the type of equitable relief requested in this case for several reasons. First, neither case involves a cause of action specifically pled under ERISA Sections 502(a)(3)(A) or 502(a)(3)(B). Second, neither case involves a request for an injunction coupled with declaratory relief to remedy specific violations of unambiguous plan language. Rather, *Ramsey* involved a request for equitable relief precluding future benefit reductions and *Davis* involved a challenge to administrative claims procedures that was negated by the passage of time. Here, Sara Lee, on behalf of its employee-participants, requests specific injunctive and declaratory relief for its alleged breaches of fiduciary duties, as specifically permitted by ERISA Section 502(a)(3)(A). Therefore, Defendants' motion to dismiss Counts II and III should be denied.

2.      *Sara Lee's Requests for Other Equitable Relief*
        *are Appropriate under ERISA Section 502(a)(3)(B)*

Under ERISA Section 502(a)(3)(B), Sara Lee is also permitted to request equitable relief other than an injunction or declaration to remedy a violation of ERISA or the ABA Plan's terms. Contrary to Defendants' arguments, the remaining relief requested by Sara Lee qualifies as appropriate equitable relief under ERISA Section 502(a)(3).

- 19 -

In addition to the injunctive and declaratory relief requested on Count II, Sara Lee requests: (i) an injunction against Defendants to require them to follow the terms of the Transfer Agreement and transfer all ABA Plan assets requested by Sara Lee to the Sara Lee Bakery Plan; and (ii) other appropriate equitable relief to enforce the ABA Plan's unambiguous terms equally for all Participating Employers and Plan Participants and Beneficiaries. *See* Second Am. Compl. at 18-19. With respect to Count III, Sara Lee also requests: (i) appropriate equitable relief to make Sara Lee's employee-participants whole for any losses or liabilities they may accrue related to the transfer of certain employee-participants from the ABA Plan to the Sara Lee Bakery Plan; (ii) a constructive trust over ABA Plan assets for the benefit of Sara Lee employee-participants to recover any losses or liabilities Sara Lee may accrue resulting from the alleged breach of fiduciary duty by Defendants in failing to administer the ABA Plan according to its terms. *Id.* at 20-21.

As discussed above, the Supreme Court recently clarified the test for determining whether relief is "equitable" for purposes of ERISA Section 502(a)(3)(B). Following *Sereboff*, requests for restitution or other relief resulting from a breach of fiduciary duty for a failure to administer a plan according to its express terms will be deemed equitable if (i) the funds sought are specifically identifiable; and (ii) the funds remain in the possession and control of the defendants. *See* 126 S.Ct. at 1874; *Moore v. Capitalcare, Inc.*, 461 F.3d 1, 8 (D.C. Cir. 2006).[5]

Here, each of Sara Lee's requests, on behalf of its employee-participants, for equitable relief other than declaratory and injunctive relief satisfies the *Sereboff* test. First, the funds Sara Lee seeks are specifically identifiable. In Count II, on behalf of its employee-

---

[5] Notably, Defendants address the propriety of Sara Lee's equitable remedies not under the recent *Sereboff* decision, but under the prior *Great-West* decision. As noted above, in *Sereboff*, the Supreme Court clarified its test for determining whether remedies were equitable or legal in nature. Therefore, Defendants' reliance on *Great-West* is improper here.

participants, Sara Lee seeks an injunction to enforce the terms of its Transfer Agreement with Defendants and to be made whole for Defendants' failure to enforce the ABA Plan's express terms, which specifically state that the contributions for Sara Lee's employee-participants would not be used to pay the benefits for employee-participants of other Participating Employers. Through this relief, Sara Lee seeks to enforce its rights as a Participating Employer under the ABA Plan's terms to transfer its portion of the ABA Plan Trust attributable to its employee-participants and its single-employer plan. The funds Sara Lee seeks to transfer are held by the Trustees in the ABA Plan Trust and therefore are in the Defendants' possession. Therefore, under *Sereboff*, these requests for relief are equitable and appropriate under ERISA Section 502(a)(3).

In Count III, Sara Lee specifically seeks a constructive trust over the ABA Plan assets for the benefit of its employee-participants as a remedy for Defendants' failure to administer the ABA Plan according to its express terms. Specifically, Sara Lee seeks a constructive trust over its employee-participants' portion of the ABA Plan Trust reflecting the amount of accrued benefits that should have been available for transfer to the Sara Lee Bakery Plan to match the liabilities for the employee-participants transferred, but for Defendants' alleged failure to administer the ABA Plan according to its terms.

Sara Lee seeks a constructive trust over those funds in the ABA Plan Trust attributable to the accrued benefits of its employee-participants already transferred to the Sara Lee Bakery Plan. If the funds matching the transferred employee-participants' accrued benefits are not transferred to the Sara Lee Bakery Plan, it is possible that those employee-participants may lose a portion of their accrued benefits in the future if Sara Lee is not financially capable to pay those

benefits and the amount of those accrued benefits exceeds the PBGC's benefit guarantee.[6]  Sara Lee's employee-participants should not be forced to lose any of their benefits accrued under the ABA Plan due to Defendants' failure to administer the ABA Plan according to its express terms. In sum, under *Sereboff*, Sara Lee seeks to recover specifically identifiable funds attributable to its transferred employee-participants that are within the Trustees' possession in the ABA Plan Trust, and its ERISA Section 502(a)(3) claims are properly pled.

Defendants argue that the ABA Plan's terms prevent plan assets from being diverted to a Participating Employer.  However, this argument should not defeat Sara Lee's claims at the motion to dismiss stage because it does not relate to sufficiency of Sara Lee's pleading of its breach of fiduciary duty claims.  Rather, the argument goes directly to the merits of whether such relief should be awarded.  Therefore, such an argument is irrelevant for purposes of the instant motion.

Defendants also suggest that the equitable relief Sara Lee seeks will result in "personal liability" against them.  However, this argument is incorrect.  Through its Second Amended Complaint, Sara Lee seeks only to enforce the ABA Plan's express terms and, ultimately, be permitted to enforce the rights of its employee-participants specifically provided for in the ABA

---

[6] Congress established the PBGC in 1974 as part of ERISA.  Its purpose is to encourage the continuation and maintenance of private-sector defined benefit pension plans, provide timely and uninterrupted payments of pension benefits and keep pension insurance premiums at a minimum.  *See* 29 U.S.C. § 1302(a).  To this end, the PBGC provides a minimum level of pension benefits to participants in qualified pension plans in the event that the plans cannot pay benefits.  *See* 29 C.F.R. § 4022.1 *et seq.*  If Sara Lee is unable to pay the benefits of its transferred employee-participants in the Sara Lee Bakery Plan, the PBGC guarantees to pay those benefits up to a guaranteed maximum, which is set by law and adjusted annually.  *See* 29 U.S.C. § 1322(a)-(b).  However, the benefits guaranteed by the PBGC are often substantially lower than the fully vested pensions due to plan participants.  *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 250 (1993).  Here, if the accrued benefits attributable to Sara Lee's employee-participants in the ABA Plan are not transferred to the Sara Lee Bakery Plan, as required by the Transfer Agreement, the transferred employee-participants may not receive the full amount of their accrued benefits if Sara Lee is financially unable to pay for them.  Through such a result, Sara Lee's employee-participants would suffer a detriment due solely to Defendants' failure to administer the ABA Plan according to its express terms.

Plan's governing documents. If the PBGC's 2006 determination is reversed, Sara Lee seeks only to require Defendants to follow the ABA Plan's terms and transfer the portion of the ABA Plan Trust attributable to the accrued benefits of its employee-participants. If the PBGC's 2006 determination is upheld, Sara Lee seeks only to recover those ABA Plan assets that it would have been permitted to transfer on behalf of its employee-participants but for Defendants' fiduciary breach by administering the ABA Plan inconsistent with its express terms. Notably, with respect to the PBGC's 2006 determination, Sara Lee is in no way responsible for the PBGC's decision to reverse its prior determination and find that the ABA Plan is a multiple-employer pension plan. Rather, Defendants' acts or omissions will have caused that result. Sara Lee expected that the ABA Plan's express terms would be followed by Defendants in administering the ABA Plan, and Sara Lee should not therefore be precluded from filing the fiduciary breach claims on behalf of its employee-participants under ERISA Section 502(a)(3) because Defendants choose to enforce certain plan provisions and not others.

Moreover, Sara Lee's request for rescission of its Transfer Agreement with Defendants in Count III is also equitable in nature. Courts have held that an action for rescission can be equitable under ERISA Section 502(a)(3)(B). *See*, *e.g.*, *Griggs v. E.I. Dupont de Nemours & Co.*, 385 F.3d 440, 446 (4th Cir. 2004). In *Griggs*, the court found that equitable rescission is a suit to have a court decree a rescission. *Id.* The court further stated that rescission at law is an action for restitution based on a party's prior unilateral rescission of a contract whereas as action in equity seeks to have the court terminate the contract and order rescission. *Id.*

Here, Sara Lee seeks rescission of the Transfer Agreement it entered into with Defendants to transfer a significant portion of its contributions and investments held in the ABA Plan Trust on behalf of certain of its employee-participants to the Sara Lee Bakery Plan.

Defendants suggest that rescission is inappropriate here because there is no nexus between the Transfer Agreement and the ABA Plan's administration. However, this argument is factually incorrect.[7] By its express terms, the Transfer Agreement was entered into based on the central premise that the ABA Plan was an aggregate of single-employer pension plans and that Sara Lee possessed the right under the ABA Plan to transfer some or all of its portion of the ABA Plan Trust to another qualified plan. If the PBGC's 2006 Determination is upheld, one of the principal premises of the Transfer Agreement will be negated—that the ABA Plan is an aggregate of single-employer plans. If the ABA Plan is a multiple-employer plan, it will be due solely to Defendants failure to administer the ABA Plan according to its terms. In sum, Sara Lee should not be required to perform the Transfer Agreement where its principal premise—that the ABA Plan is an aggregate of single employer pension plans—is undone by Defendants own actions and through no fault of Sara Lee.

In sum, each and every request for relief against Defendants in the Second Amended Complaint satisfies the requirements for equitable relief under ERISA Section 502(a)(3). Moreover, Sara Lee has authority under the ABA Plan Trust to challenge the ABA Plan's administration as a functional fiduciary. Therefore, Sara Lee has properly pled its fiduciary breach claims in Counts II and III, and Defendants' motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff Sara Lee Corporation, on behalf of its employee-participants in the ABA Plan, respectfully requests that the Court deny Defendants' motion to

---

[7] In addition, Defendants' argument against rescission also goes to the merits of the relief, rather than whether Sara Lee sufficiently pled its ERISA Section 502(a)(3) claim for breach of fiduciary duty. Therefore, the argument should be disregarded.

dismiss Counts II and III of the Second Amended Complaint, and that the Court award such other relief as it deems appropriate.

Respectfully Submitted,

SARA LEE CORPORATION

By:    /s/   Sarah E. Hancur
       One of Its Attorneys

M. Miller Baker (DC Bar No. 444736)
Sarah E. Hancur (DC Bar No. 480537)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC  20005-3096
Phone: 202.756.8000
Fax:    202.756.8087
Email: mbaker@mwe.com
        shancur@mwe.com

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606
Phone: 312.372.2000
Fax:    312.984.7700
Email: mgraham@mwe.com

*Attorneys for Plaintiff Sara Lee Corporation,
On Behalf of Its Employee-Participants in the
American Bakers Association Retirement Plan*