# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN BAKERS ASSOCIATION )<br>RETIREMENT PLAN; and BOARD OF )<br>TRUSTEES OF THE AMERICAN BAKERS )<br>ASSOCIATION RETIREMENT PLAN; )<br>)<br>and )<br>)<br>PENSION BENEFIT GUARANTY )<br>CORPORATION, )<br>)<br>Defendants. ) | Case No. 06–CV–0819–HHK<br><br><br>ANSWER |

**ANSWER OF DEFENDANT PENSION BENEFIT GUARANTY
CORPORATION TO THE SECOND AMENDED COMPLAINT OF PLAINTIFF
SARA LEE CORPORATION FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant Pension Benefit Guaranty Corporation ("PBGC") answers as follows in response to the Second Amended Complaint for Declaratory and Injunctive Relief by Plaintiff Sara Lee Corporation ("Sara Lee"):

1. The allegations in Paragraph 1 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

2. Admitted.

3. The allegations in Paragraph 3 are legal conclusions that do not require a response. If a response is required, the allegations are denied.


4. Admitted.

5. PBGC admits that the American Bakers Association Retirement Plan (the "ABA Plan") is administered in this District. The remaining allegations in Paragraph 5 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

6. PBGC admits that Sara Lee, upon information and belief, is incorporated in the State of Maryland and has its principal place of business in Chicago, Illinois. PBGC admits that Sara Lee is a Participating Employer in the ABA Plan and has made contributions to the ABA Plan. The remaining allegations in Paragraph 6 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

7. PBGC admits that the ABA Plan is an employee pension benefit plan within the statutory definition, that the ABA Plan is administered in the District of Columbia, that the ABA Plan's outside counsel has a professional office in the District of Columbia, and that the ABA Plan's principal office is located in the District of Columbia. PBGC is without information sufficient to respond to the remaining allegations in Paragraph 7.

8. PBGC admits that the Board of Trustees of the ABA Plan (the "Board of Trustees") is the ABA Plan's Named Fiduciary. The remaining allegations in Paragraph 8 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

9. The allegation that PBGC is "domiciled" in the District of Columbia is a legal conclusion that requires no response. If a response is required, the allegation is denied. PBGC admits the remaining allegations in Paragraph 9.

10. PBGC admits, upon information and belief, that the ABA Plan was adopted

effective as of October 1, 1961. PBGC denies that each Participating Employer is singly responsible for the benefits paid under the ABA Plan to its employee-participants. PBGC admits the remaining allegations in Paragraph 10.

11. PBGC admits that the Board of Trustees is the ABA Plan's Named Fiduciary as defined by ERISA. The remaining allegations in Paragraph 11 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The 2002 Restatement of the ABA Plan's governing document (the "Plan Document") speaks for itself.

12. The allegations in Paragraph 12 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The Plan Document and the statute referenced in Paragraph 12 speak for themselves.

13. PBGC admits that ERISA was enacted by Congress in 1974. The allegations that the ABA Plan was amended to satisfy the requirements of ERISA and that the ABA Plan has an "unusual plan structure" are legal conclusions that do not require a response. If a response is required, these allegations are denied. PBGC denies that, since October 1, 1976, the ABA Plan has been administered as "an aggregate of single-employer pension plans" rather than a multiple employer pension plan.

14. PBGC admits that it issued a letter of determination in 1979 (the "1979 Determination"), based upon representations made at that time by the Board of Trustees and its advisors. The 1979 Determination speaks for itself. PBGC also admits that, upon information and belief, the ABA Plan has been amended and restated since 1979. PBGC denies that the ABA Plan has ever functioned as anything other than a multiple employer plan, i.e., a unitary pension plan supported by multiple contributing employers. PBGC denies the remaining allegations in

Paragraph 14.

15.     PBGC denies the allegations in Paragraph 15.  The Plan Document speaks for itself.

16.     PBGC admits that, upon information and belief, certain participation agreements (the "Participation Agreements") entered into by the Board of Trustees and Participating Employers with respect to the ABA Plan describe the ABA Plan as "an association of single-employer plans."  The Participation Agreements speak for themselves.  PBGC denies the remaining allegations in Paragraph 16.

17.     PBGC denies the allegation that the ABA Plan is composed of separate pension plans covering only a Participating Employer's own employee-participants.  The remaining allegations in Paragraph 17 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

18.     PBGC denies the allegations in Paragraph 18.  The Plan Document speaks for itself.

19.     PBGC denies the allegations in Paragraph 19.  The Plan Document speaks for itself.

20.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 20.

21.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 21.

22.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 22.

23. PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 23. The Transfer Agreement, as defined by Paragraph 23, speaks for itself.

24. PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 24.

25. PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 25. The Plan Document and the Participation Agreement speak for themselves.

26. The 2005 Plan Asset Report, as defined in Paragraph 26, speaks for itself.

27. The allegations in Paragraph 27 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The 2005 Plan Asset Report speaks for itself.

28. PBGC denies the allegations in Paragraph 28. The 2005 Plan Asset Report speaks for itself.

29. The allegations in Paragraph 29 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

30. PBGC admits the allegation that on or about June 24, 2005, it received a request from Interstate Bakeries Corporation for PBGC to revisit the 1979 Determination. PBGC denies the remaining allegations in Paragraph 30.

31. PBGC admits that it issued to each interested party a written invitation to submit any written statement or documents that it would like PBGC to consider in its decision-making process, and that it received such material from the ABA Plan, Sara Lee, Interstate Bakeries Corporation, and Kettering Baking Company. PBGC denies the remaining allegations in Paragraph 31.

32. PBGC denies the allegations in Paragraph 32. The 2006 Determination, as defined in Paragraph 32, speaks for itself.

33. Denied.

34. The 2006 Determination speaks for itself.

35. PBGC admits that the 2006 Determination was immediately effective on its date of issuance, and that there was no obligation for any aggrieved party to exhaust its administrative remedies with respect to the 2006 Determination. The remaining allegations are legal conclusions that require no response. If a response is required, the allegations are denied.

36. PBGC incorporates its responses to Paragraphs 1 through 35 of the Second Amended Complaint as if fully set forth herein.

37. PBGC admits, on information and belief, that Sara Lee reached a decision to transfer some of its employee-participants, and the liability attributable to them, from the ABA Plan to the Sara Lee Plan. PBGC is without knowledge or information sufficient to form a belief as to the basis of Sara Lee's decision. PBGC denies the allegation that the ABA Plan is an "aggregate of single-employer pension plans" by virtue of the Plan Document. The Plan Document speaks for itself.

38. PBGC admits the allegations within Paragraph 38. The 1979 and 2006 Determinations speak for themselves.

39. The allegations in Paragraph 39 are legal conclusions. If a response is required, the allegations are denied. The cited statutory authority speaks for itself.

40. PBGC admits the allegation that Sara Lee is a Participating Employer in the ABA Plan, and that certain of Sara Lee's employees are participants in the ABA Plan. PBGC denies

the remaining allegations in Paragraph 40. The cited statutory authority speaks for itself.

41. The allegations of adverse effect are legal conclusions that require no response. If a response is required, the allegations are denied. PBGC is without knowledge or information sufficient to form a belief as to the basis of Sara Lee's decision to transfer some of its employee-participants from the ABA Plan to the Sara Lee Plan. PBGC denies the allegation that the ABA Plan is an "aggregate of single-employer plans" by virtue of its governing document. The Plan Document speaks for itself.

42. The allegations in Paragraph 42 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The Plan Document speaks for itself.

43. PBGC admits the allegations within Paragraph 43.

44. The allegations in Paragraph 44 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

45. The allegations in Paragraph 45 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

46. PBGC incorporates its responses to Paragraphs 1 through 45 of the Second Amended Complaint as if fully set forth herein.

47. The allegations in Paragraph 47 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The cited statutory authority speaks for itself.

48. The allegations in Paragraph 48 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The ABA Trust instrument speaks

for itself.

49. PBGC denies the allegations in Paragraph 49. The Plan Document speaks for itself.

50. The allegations in Paragraph 50 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

51. The allegations in Paragraph 51 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

52. The allegations in Paragraph 52 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

53. The allegations in Paragraph 53 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

54. PBGC incorporates its responses to Paragraph 1 through 54 of the Second Amended Complaint as if fully set forth herein.

55. The allegations in Paragraph 55 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The cited statutory authority speaks for itself.

56. The allegations in Paragraph 56 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

57. PBGC denies that the ABA Plan is an "aggregate of single-employer plans" by virtue of any of the Plan Document's terms, including Section 13.01. The Plan Document speaks for itself.

58. PBGC denies the allegations in Paragraph 58. The Plan Document speaks for

itself.

59. PBGC denies the allegations in Paragraph 59. The Plan Document speaks for itself.

60. PBGC denies the allegations in Paragraph 60. The Plan Document speaks for itself.

61. PBGC denies the allegations in Paragraph 61. PBGC relies upon the 2006 Determination to speak for itself.

62. The allegations in Paragraph 62 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

63. The allegations in Paragraph 63 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

64. The allegations in Paragraph 64 are legal conclusions that do not require a response. If a response is required, the allegations are denied.


FURTHER RESPONDING to the Second Amended Complaint, Paragraphs (1) through (11) beneath the heading "PRAYER FOR RELIEF UNDER COUNTS I AND II", and Paragraphs (1) through (9) beneath the heading "ALTERNATIVE PRAYER FOR RELIEF UNDER COUNT III", do not contain any allegations that require a response. If a response is required, the allegations are denied. PBGC denies that Plaintiff is entitled to any relief against PBGC.

FURTHER RESPONDING to the Second Amended Complaint, PBGC denies each and every allegation of the Second Amended Complaint not specifically admitted or otherwise

answered.

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim against PBGC upon which relief can be granted.

WHEREFORE, PBGC respectfully requests that this Court uphold PBGC's 2006 Determination regarding the status of the ABA Plan, in its entirety.

Dated: February 7, 2007
Washington, D.C.

Respectfully submitted,

 /s/ Marc S. Pfeuffer
ISRAEL GOLDOWITZ (D.C. Bar No. 291120)
Chief Counsel
CHARLES L. FINKE
Associate Chief Counsel
MICHAEL P. MORA
PAULA CONNELLY (D.C. Bar No. 389055)
Assistant Chief Counsels
MARK BLANK (D.C. Bar No. 968388)
MARC S. PFEUFFER (D.C. Bar No. 484209)

PENSION BENEFIT GUARANTY CORP.
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C.  20005
Tel. No. (202) 326-4020, ext. 4903
Fax No. (202) 326-4112
E-mail: pfeuffer.marc@pbgc.gov and
efile@pbgc.gov

Attorneys for Pension Benefit Guaranty Corp.