**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06–CV–0819–HHK |
| | ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; | ) ) ) ) | ANSWER TO CROSS-CLAIM |
| | ) | |
| and | ) | |
| | ) | |
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; | ) ) ) ) | |
| | ) | |
| Third-party Plaintiffs, Counterclaimants, and Cross-claimants, | ) ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) | |
| | ) | |
| Cross-defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |

KETTERING BAKING CO.; INTERSTATE )
BRANDS CORP.; LEWIS BROS. BAKERIES, )
INC.; HARRIS BAKING CO., INC.; AMERICAN )
BAKERS ASSOCIATION; and JENNY LEE )
BAKERY, INC., )
                                                         )
                Third-party Defendants. )
                                                          )

**ANSWER OF CROSS-DEFENDANT PENSION BENEFIT GUARANTY
CORPORATION TO THE AMERICAN BAKERS ASSOCIATION
RETIREMENT PLAN'S AND ITS BOARD OF TRUSTEES' CROSS-
CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

Cross-defendant Pension Benefit Guaranty Corporation ("PBGC") answers as follows in

response to the Cross-claim by Cross-claimants American Bakers Association Retirement Plan

(the "ABA Plan") and the Board of Trustees of the American Bakers Association Retirement Plan

(the "Board of Trustees"):

      1.        The allegations in Paragraph 1 are legal conclusions that do not require a response.

If a response is required, the allegations are denied.  The Second Amended Complaint, the 1979

PBGC Letter, the 2006 PBGC Letter, and the statutory provisions referenced in Paragraph 1

speak for themselves.

      2.        The allegations in Paragraph 2 are legal conclusions that do not require a response.

If a response is required, the allegations are denied.  The1979 PBGC Letter, the 2006 PBGC

Letter, and Count I of the Cross-claim speak for themselves.

      3.        PBGC denies that the 2006 PBGC Letter was issued on the basis of erroneous and

incomplete facts and was the result of a procedurally flawed inquiry.  Count II of the Cross-claim

speaks for itself.

4.      The allegations in Paragraph 4 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

5.      The allegations in Paragraph 5 are legal conclusions that do not require a response. If a response is required, the allegations are denied. The Fifth Amendment to the U.S. Constitution speaks for itself.

6.      PBGC admits that the Court has subject matter jurisdiction over the Cross-claim against PBGC under 29 U.S.C. §§ 1303(f)(1), (2), and (6). The remaining allegations in Paragraph 6 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

7.      The allegations in Paragraph 7 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

8.      PBGC admits that, under 29 U.S.C. § 1303(f)(2), the Court is the proper venue for the resolution of the Cross-claim against PBGC. The remaining allegations in Paragraph 8 are legal conclusions that do not require a response. If a response is required, the allegations are denied.

9.      Admitted.

10.      PBGC admits that the Board of Trustees is the ABA Plan's Named Fiduciary as defined by ERISA, and that the Trust and the ABA Plan are administered in the District of Columbia. PBGC is without sufficient knowledge or information to respond to the allegations that the Trust is an Illinois Trust, that the Trust is administered in the District of Columbia, and that the Chairman of the Board of Trustees is located in the District of Columbia. The Trust instrument speaks for itself.

11.    The allegations in Paragraph 11 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

12.    PBGC admits that Sara Lee Corporation ("Sara Lee"), upon information and belief, is incorporated in the State of Maryland and has its principal place of business in Chicago, Illinois.  PBGC admits that Sara Lee is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 12 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

13.    PBGC admits that Interstate Bakeries Corporation ("IBC"), upon information and belief, is incorporated in the State of Delaware and has its principal place of business in Kansas City, Missouri.  PBGC admits that IBC is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 13 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

14.    PBGC admits that Harris Baking Company ("Harris"), upon information and belief, is incorporated in the State of Missouri and has its principal place of business in Rogers, Arkansas.  PBGC admits that Harris is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 14 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

15.    PBGC admits that Jenny Lee Bakery, Inc. ("Jenny Lee"), upon information and belief, is incorporated in the State of Pennsylvania and has its principal place of business in McKees Rocks, Pennsylvania.  PBGC admits that Jenny Lee is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 15 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

16.     PBGC admits that Kettering Baking Company ("Kettering"), upon information and belief, is incorporated in the State of West Virginia and has its principal place of business in Fairmont, West Virginia.  PBGC admits that Kettering is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 16 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

17.      PBGC admits that Lewis Brothers Baking Company ("Lewis Brothers"), upon information and belief, is incorporated in the State of Illinois and has its principal place of business in Evansville, Indiana.  PBGC admits that Lewis Brothers is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 17 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

18.     PBGC is without sufficient knowledge or information to respond to the allegation that American Bakers Association (the "ABA") is incorporated in the State of Illinois.  PBGC admits, upon information and belief, that the ABA has its principal place of business in the District of Columbia.  PBGC admits that the ABA is a Participating Employer in the ABA Plan.  The remaining allegations in Paragraph 18 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

19.     The allegation that PBGC is "domiciled" in the District of Columbia is a legal conclusion that requires no response.  If a response is required, the allegation is denied.  PBGC admits the remaining allegations in Paragraph 19.

20.     Admitted.

21.     PBGC admits the existence of the Plan Document, attached to the Second Amended Complaint as Exhibit 1.  The remaining allegations in Paragraph 21 are legal

conclusions that do not require a response. If a response is required, those allegations are denied. The statute referenced in Paragraph 21 and the Plan Document speak for themselves.

22.    PBGC admits, upon information and belief, that the ABA Plan was established by the ABA in 1961 and that it is administered by the Board of Trustees, whose members are chosen from the Participating Employers, as defined by Paragraph 22. PBGC is without sufficient knowledge or information to form a belief as to the basis of the ABA's decision to establish the ABA Plan.

23.    PBGC admits that, since 1976, the ABA Plan has been administered as a unitary, multiple employer plan for purposes of ERISA. PBGC is without sufficient knowledge or information to form a belief as to how the Board of Directors and the Participating Employers regarded the ABA Plan.

24.    PBGC admits that it issued the 1979 PBGC Letter. The 1979 PBGC Letter speaks for itself. PBGC denies the remaining allegations in Paragraph 24.

25.     PBGC admits that the Plan Document has been amended and restated since 1979. The Plan Document speaks for itself. The remaining allegations in Paragraph 25 are legal conclusions that do not require a response. If a response is required, those allegations are denied.

26.    PBGC admits, upon information and belief, that each employer joining the ABA Plan executes a Participation Agreement. The Participation Agreement speaks for itself. The remaining allegations in Paragraph 26 are legal conclusions that do not require a response. If a response is required, those allegations are denied.

27.     The allegations in Paragraph 27 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.  The Plan Document speaks for itself.

28.     Denied.

29.     PBGC is without sufficient knowledge or information to form a belief as to the impressions held by the ABA Plan, the Board of Trustees, or the Participating Employers with respect to the ABA Plan.  PBGC denies the allegation that the ABA Plan is an "aggregation of single employer pension plans."  The remaining allegations in Paragraph 29 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

30.     Denied.

31.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 31.

32.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 32.

33.     Admitted.

34.     PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 34.

35.     PBGC is without sufficient knowledge or information to respond to the allegation that as of October 1, 2005, the ABA Plan's total actuarial value of assets was approximately $65.8 million.  The remaining allegations in Paragraph 35 are legal conclusions that do not require a response.  If a response is required, those allegations are denied.

36.     PBGC admits, upon information and belief, the allegations in Paragraph 36.

37.     PBGC is without sufficient knowledge or information to respond to the allegation that Sara Lee discussed, over a period of several years prior to March 2004, its intention to maintain the ABA Plan.  PBGC admits, upon information and belief, the remaining allegations in Paragraph 37.

38.     PBGC admits, upon information and belief, the allegations in Paragraph 38.

39.     PBGC admits, upon information and belief, the allegations in Paragraph 39.

40.     PBGC admits, upon information and belief, the allegations in Paragraph 40.

41.     Admitted.

42.     PBGC denies that each Participating Employer is only responsible for the benefits paid under the ABA Plan to its own employee-participants, and denies the allegation that the quarterly contributions of each of the Participating Employers fund only the benefit liabilities of the employee-participants of each such Employer.  PBGC is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 42.

43.     PBGC denies that IBC and Sara Lee are only responsible for the benefits paid under the ABA Plan to their respective employee-participants.  PBGC is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 43.

44.     PBGC denies that each Participating Employer is only responsible for the benefits paid under the ABA Plan to its own employee-participants.  PBGC is without sufficient knowledge or information to respond to the remaining allegations in Paragraph 44.

45.     PBGC admits that in a letter dated June 24, 2005, IBC requested that PBGC revisit its 1979 determination and determine whether the ABA Plan is an aggregate of single-employer plans, each of which is sponsored by a separate employer, or a multiple employer plan

(the "June 2005 Letter"). The June 2005 Letter speaks for itself. PBGC is without sufficient

knowledge or information to respond to the allegation that IBC ceased making contributions to

the ABA Plan. The remaining allegations in Paragraph 45 are legal conclusions that do not

require a response. If a response is required, those allegations are denied.

46. PBGC admits that IBC, Sara Lee, and the ABA Plan entered into the No-Action

Agreement. The No-Action Agreement and the statute referenced in Paragraph 46 speak for

themselves. The remaining allegations in Paragraph 46 are legal conclusions that do not require a

response. If a response is required, the allegations are denied.

47. PBGC admits the existence of the Transfer Agreement. The Transfer Agreement

speaks for itself. The remaining allegations are legal conclusions that do not require a response.

If a response is required, those allegations are denied.

48. PBGC denies that on or about September 30, 2005, it had knowledge of the

transfer of $71 million from the ABA Plan to the Sara Lee Plan, pursuant to the Transfer

Agreement. PBGC is without sufficient knowledge or information to respond to the remaining

allegations in Paragraph 48.

49. PBGC is without sufficient knowledge or information to respond to the allegations

in Paragraph 49.

50. PBGC admits that it informed the interested parties that it intended to revisit its

1979 determination that the ABA Plan is an aggregate of single-employer plans; that it issued to

each interested party a written invitation to submit any written statement or documents that it

wanted PBGC to consider in its decision-making process; and that, at the request of counsel for

the ABA Plan and the Board of Trustees, PBGC extended the submission deadline from

November 18, 2005 to December 2, 2005.  PBGC denies the remaining allegations in Paragraph 50.

51.   PBGC admits that it received submissions from the Board of Trustees (on its own behalf and on behalf of the ABA Plan), Sara Lee, IBC, and Kettering (the "Submitting Parties"). PBGC denies the allegation that it did not permit the Submitting Parties to submit additional written statements or documents.

52.   PBGC admits that it conducted an informal administrative adjudication to determine whether the ABA Plan is a multiple employer plan.  PBGC denies the remaining allegations in Paragraph 52.

53.   PBGC admits that it conducted an informal administrative adjudication to determine whether the ABA Plan is a multiple employer plan.  PBGC denies the remaining allegations in Paragraph 53.

54.   Denied.

55.   PBGC admits that it conducted an informal administrative adjudication to determine whether the ABA Plan is a multiple employer plan.  PBGC denies the remaining allegations in Paragraph 55.

56.   PBGC admits that it conducted an informal administrative adjudication to determine whether the ABA Plan is a multiple employer plan.  PBGC denies the remaining allegations in Paragraph 56.

57.   PBGC admits that it conducted an informal administrative adjudication to determine whether the ABA Plan is a multiple employer plan.  PBGC denies the remaining allegations in Paragraph 57.

58.    PBGC admits that it issued the 2006 PBGC Letter.  The 2006 PBGC Letter speaks for itself.  The remaining allegations in Paragraph 58 are legal conclusions that do not require a response.  If a response is required, those allegations are denied.

59.    PBGC is without sufficient knowledge or information to respond to the factual allegations in Paragraph 59.  The remaining allegations in Paragraph 59 are legal conclusions that do not require a response.  If a response is required, those allegations are denied.

60.    PBGC is without sufficient knowledge or information to respond to the factual allegations in Paragraph 60.  The remaining allegations in Paragraph 60 are legal conclusions that do not require a response.  If a response is required, those allegations are denied.

61.    PBGC admits, upon information and belief, the allegation that, prior to August 8, 2006, the ABA Plan took actions to collect contributions from the Participating Employers, including filing a Proof of Claim in the Bankruptcy Court against IBC.  The Proof of Claim speaks for itself.  The remaining allegations in Paragraph 61 are legal conclusions that do not require a response.  If a response is required, those allegations are denied.

62.    PBGC admits that in the 2006 PBGC Letter, it determined that the ABA Plan is a multiple employer plan.  The 2006 PBGC Letter speaks for itself.  The remaining allegations in Paragraph 62 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

63.    PBGC admits that in the 2006 PBGC Letter, it determined that the ABA Plan is a multiple employer plan.  The 2006 PBGC Letter speaks for itself.  The remaining allegations in Paragraph 63 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

64.    PBGC admits that in the 2006 PBGC Letter, it determined that the ABA Plan is a multiple employer plan.  The 2006 PBGC Letter speaks for itself.  The remaining allegations in Paragraph 64 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

65.    PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 65.

66.    PBGC incorporates its responses to Paragraphs 1 through 65 of the Cross-claim as if fully set forth herein.

67.    The 1979 PBGC Letter speaks for itself.  PBGC is without sufficient knowledge or information to respond to the allegations in Paragraph 67.

68.    PBGC admits that the 2006 PBGC Letter finds that the ABA Plan is a multiple employer pension plan.  PBGC is without knowledge or information sufficient to respond to the remaining allegations in Paragraph 68.

69.    The allegations in Paragraph 69 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.  The 2006 PBGC Letter, the Trust instrument, the Plan Document, and the Participation Agreements speak for themselves.

70.    The allegations in Paragraph 70 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

71.    The allegations in Paragraph 71 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

72.    PBGC incorporates its responses to Paragraphs 1 through 71 of the Cross-claim as if fully set forth herein.

73.    Admitted.

74.    PBGC admits that 29 U.S.C. § 1303(f)(1) permits a fiduciary, who is adversely affected by any action of PBGC with respect to a defined benefit pension plan in which such person has an interest, to bring an action against PBGC for appropriate equitable relief in the appropriate court.

75.    The allegations in Paragraph 75 are legal conclusions that do not require a response.  If a response is required, the allegations are denied.

76.    Denied.


FURTHER RESPONDING to the Cross-claim, the paragraphs beneath the heading "PRAYER FOR RELIEF" do not contain allegations that require a response.  If a response is required, the allegations are denied.  PBGC denies that Cross-claimants American Bakers Association Retirement Plan and the Board of Trustees of the American Bakers Association Retirement Plan are entitled to any relief against PBGC.


FURTHER RESPONDING to the Cross-claim, PBGC denies each and every allegation of the Cross-claim not specifically admitted or otherwise answered.


## FIRST DEFENSE

The Cross-claim fails to state a claim against PBGC upon which relief can be granted.

WHEREFORE, PBGC respectfully requests that this Court uphold the 2006 PBGC Letter

determination regarding the status of the ABA Plan, in its entirety.


Dated: February 13, 2007                     Respectfully submitted,
        Washington, D.C.

                                              /s/ Marc S. Pfeuffer
                                             ISRAEL GOLDOWITZ (D.C. Bar No. 291120)
                                             Chief Counsel
                                             CHARLES L. FINKE
                                             Associate Chief Counsel
                                             MICHAEL P. MORA
                                             PAULA CONNELLY (D.C. Bar No. 389055)
                                             Assistant Chief Counsels
                                             MARK BLANK (D.C. Bar No. 968388)
                                             MARC S. PFEUFFER (D.C. Bar No. 484209)

                                             PENSION BENEFIT GUARANTY CORP.
                                             Office of the Chief Counsel
                                             1200 K Street, N.W.
                                             Washington, D.C. 20005
                                             Tel. No. (202) 326-4020, ext. 4903
                                             Fax No. (202) 326-4112
                                             E-mail: pfeuffer.marc@pbgc.gov and
                                             efile@pbgc.gov

                                             Attorneys for Pension Benefit Guaranty Corp.