IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARA LEE CORPORATION, on its own<br>Behalf and on behalf of its<br>Employee-participants in the American<br>Bakers Association Retirement Plan,<br>Three First National Plaza<br>Chicago, Illinois 60602-4260 | )<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 06-C-00819-HHK |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| AMERICAN BAKERS ASSOCIATION<br>RETIREMENT PLAN; and BOARD OF<br>TRUSTEES OF THE AMERICAN<br>BAKERS ASSOCIATION RETIREMENT<br>PLAN, as Administrator of The American<br>Bakers Association Retirement Plan,<br>1300 Eye Street, N.W., Ste. 700 West<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| PENSION BENEFIT GUARANTY<br>CORPORATION<br>1200 K Street, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>)<br>) | |
| AMERICAN BAKERS ASSOCIATION<br>RETIREMENT PLAN; and BOARD OF<br>TRUSTEES OF THE AMERICAN<br>BAKERS ASSOCIATION RETIREMENT<br>PLAN, as Administrator of The American<br>Bakers Association Retirement Plan, | )<br>)<br>)<br>)<br>)<br>) | |
| Third Party Plaintiffs,<br>Counterclaimants, and Cross-Claimants | )<br>) | |
| v. | )<br>) | |

| | |
|---|---|
| SARA LEE CORP., | ) |
| | ) |
| Respondent, | ) |
| | ) |
| PENSION BENEFIT GUARANTY | ) |
| CORPORATION, | ) |
| | ) |
| Cross-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| KETTERING BAKING CO. | ) |
| 729 Coleman Avenue | ) |
| Fairmont, WV 26554 | ) |
| | ) |
| INTERSTATE BRANDS CORP. | ) |
| 12 E. Armour Blvd. | ) |
| Kansas City, MO 64111-1202 | ) |
| | ) |
| LEWIS BROS. BAKERIES, INC. | ) |
| 500 N. Fulton Avenue | ) |
| Evansville, IN 47710 | ) |
| | ) |
| HARRIS BAKING CO., INC. | ) |
| 2301 S. 1st Street | ) |
| Rogers, AR 72758-6416 | ) |
| | ) |
| AMERICAN BAKERS ASSOCIATION | ) |
| 1300 Eye Street, N.W. | ) |
| Suite 700 West | ) |
| Washington, D.C. 20005 | ) |
| | ) |
| and | ) |
| | ) |
| JENNY LEE BAKERY, INC. | ) |
| 620 Island Avenue | ) |
| McKees Rock, PA 15136 | ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

**THIRD PARTY DEFENDANT INTERSTATE BRANDS
CORPORATION'S JOINDER IN SUPPORT OF THE PENSION BENEFIT
GUARANTY CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Third party defendant Interstate Brands Corporation ("IBC") hereby joins and supports the Pension Benefit Guaranty Corporation's ("PBGC") Motion for Summary Judgment (the "Motion"), which was filed pursuant to Fed. R. Civ. P. 56(b) and Local Rules 7 and 56.1 (Docket No. 46).  For all the reasons set forth below and for the reasons stated in the PBGC's papers, summary judgment should be granted in favor of defendant PBGC on Counts I and II of Plaintiff Sara Lee Corporation's ("Sara Lee") Second Amended Complaint, for third party defendants PBGC and IBC on Count I of the American Bakers Association Retirement Plan and the Board of Trustees of the American Bakers Association Retirement Plan's (collectively the "ABA plaintiffs") Third Party Complaint for Declaratory and Injunctive Relief, Counterclaim, and Cross-Claim ("Third Party Complaint"), and third party defendant PBGC on Count II of the Third Party Complaint.

**Preliminary Statement**

After reviewing the administrative practices of the American Bakers Association Retirement Plan (the "ABA Plan" or the "Plan") over the last twenty-five years, the PBGC determined that the Plan is a multiple employer plan, not an aggregate of single employer plans, as the agency had originally determined in 1979.  (Administrative Record (herein "AR") at 1563-79.)  The PBGC's decision is two-pronged.  The PBGC concluded not only that the ABA Plan failed to meet the going-forward requirements of the PBGC's 1979 determination, but also that, even in 1979, the Plan had not actually qualified as an aggregate of single employer plans because the Plan's assets were available to pay the benefits of all the plan participants, without regard to their employer.  (AR at 1573-79.)  Accordingly, the ABA Plan is, and always has been,

1

a multiple employer plan. Because the PBGC's decision is well reasoned and strongly supported by the administrative record, it should not be disturbed by this Court.

**Statement of Facts**

The PBGC has set forth the salient facts of the case in its supporting Memorandum and Rule 56.1 Statement of Undisputed Facts. (Docket No. 46.)[1] The ABA Plan was established on October 1, 1961 to provide benefits to the non-union employees of over 100 unrelated employers in the bakery industry. (AR 212 and 1568.) Over the years there has been considerable consolidation in the baking industry, reducing the number of participating employers to seven active employers in the Plan, with IBC and Sara Lee collectively accounting for more than 95% of the Plan's participants. (AR at 1572.)

In June 1979, at the request of the ABA Plan, the PBGC reviewed the ABA Plan's status and determined that it was an aggregate of single employer plans. (AR at 212.) The PBGC's determination was based on representations made by the Plan as to how it would operate on a going-forward basis. (AR at 212 and 1577.) The PBGC ruled that despite the commingling of Plan assets and the payment of benefits from a single account, the ABA Plan could still be considered as an aggregate of single employer plans because the Plan was undertaking measures to minimize the risk that funds from one employer would be used to pay benefits to another employer's participating employees, thereby upholding the requisite separation between the participating employers' fund allocations. (AR at 213-15.) Those measures included: (1) maintaining a system of actuarial surcharges and valuations to ensure that the employer was contributing the proper amounts for its participating employees, (2)

---

[1] For the reasons stated in the PBGC's Statement of Undisputed Facts, this Court should not focus on any alleged factual disputes, but rather should look to the administrative record to determine whether the PBGC's 2006 determination was arbitrary and capricious. (PBGC Statement of Undisputed Facts, Docket No. 46 at 29 fn. 1.)

2

maintaining the raw data necessary to re-create separate accounts for each employer, and (3) truing-up any funding deficiencies or surpluses when employers left the plan. (*Id.*)

After reviewing the administrative practices of the ABA Plan, IBC became convinced that the ABA Plan had not been operated in accordance with the procedures it had represented to the PBGC in 1979 and was not an aggregate of single employer plans, but rather a multiple employer plan. (AR at 427-28.) Due to the profound impact the issues surrounding the ABA Plan will have on IBC's efforts to emerge from Chapter 11, third party defendant IBC, on June 24, 2005, formally requested that the PBGC revisit its 1979 determination. On November 2, 2005, the PBGC sent a letter to the ABA Plan and the Plan participants, including IBC, Sara Lee, and Kettering Baking Co ("Kettering"), informing the parties that the PBGC had decided to revisit its 1979 determination. (AR at 339-40.) The PBGC invited each interested party to submit written statements and documents for the PBGC's consideration. (AR at 427.) The PBGC received over a thousand pages of materials from the ABA Plan, Sara Lee, IBC, and Kettering, detailing their respective positions regarding the proper characterization of the ABA Plan. (AR at 429-1439.)

Based on its careful consideration of these submissions and the other materials contained in the administrative record, the PBGC ultimately agreed with IBC and determined that the ABA Plan had not abided by its 1979 representations to the PBGC as to how the plan would operate going forward. (AR at 1577-78.) The PBGC further determined that the Plan was, and always had been, a multiple employer plan. (AR 1578-79.) The PBGC informed the parties of this determination in a letter dated August 8, 2006 ("2006 determination"). (AR at 1563-1579.) Plaintiff Sara Lee and the third party ABA plaintiffs are now seeking judicial review of

3

the PBGC's 2006 determination. (Second Amend. Compl. ¶¶ 37-45; Third Party Amend. Compl. ¶¶ 67-71.)

**Argument**

I. **The PBGC's 2006 Determination Is Reviewable Only Under The Arbitrary And Capricious Standard Set Forth In The Administrative Procedures Act**

Courts review the PBGC's determinations under the arbitrary and capricious standard, as set forth in the Administrative Procedures Act. *PBGC v. LTV Corp.*, 496 U.S. 633, 636 (1990). Any such review is limited to the administrative record. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Commercial Drapery Contractors v. United States,* 133 F.3d 1, 7 (D.C. Cir. 1998); *see also Weingartner v. Wynne*, No. 05-01031 HHK, 2007 WL 950083 at *2 n.2 (D.D.C. Mar. 28, 2007) (Kennedy, J.) ("Summary judgment is appropriate to resolve disputes over final administrative actions. However, the court does not employ the standard under Fed. R. Civ. P. 56 but instead applies the standard of review under the relevant statute and the Administrative Procedures Act.") (citing *Gonzales v. U.S. Dep't of State*, 135 F.Supp. 2d 193, 195 (D.D.C. 2001)). In reviewing agency decisions, such as those of the PBGC, courts "will not readily substitute [their] judgment for that of the agency, but will defer to [the agency's] experience provided that the agency has offered a reasoned explanation for its decision, and that the result is in accord with material facts contained in the administrative record." *DSE, Inc. v. United States*, 169 F.3d 21, 30 (D.C. Cir. 1999).

II. **Summary Judgment Should Be Granted For PBGC And IBC Because The PBGC's 2006 Determination Is Consistent With The Prevailing Law And Is Well Supported By The Administrative Record**

The PBGC's 2006 determination that the ABA Plan is a multiple employer plan is fair, reasonable, and well supported by the administrative record. As discussed in the PBGC's supporting Memorandum, the central factor in determining whether a plan is a multiple employer

plan versus an aggregate of single employer plans is whether the "plan assets are available to pay benefits to all plan participants and beneficiaries." (AR at 1567 (quoting 29 C.F.R. § 4001.2 (2005); see also AR 212-13.) Because the day-to-day operations of the ABA Plan over the more than 25 years since the PBGC's 1979 determination establish that the Plan's assets were used for the benefit of all the participating employees, the PBGC determined that the ABA Plan was a multiple employer plan. (AR at 1578.)

The PBGC began its review of the Plan in November 2005 at the request of third party defendant IBC. Thereafter, the PBGC accepted submissions from the parties and undertook an extensive review of the Plan's day-to-day operations during the more than 25 years following the agency's 1979 determination. (AR at 1566.) After carefully considering over 1,000 pages of materials submitted by the parties, the PBGC found that the ABA Plan had not been administered in accordance with the Plan's representations. (AR at 429-1439, 1566.) Specifically, the PBGC found that the Plan had not maintained a meaningful system of actuarial surcharges designed to prevent cost shifting among participating employers or maintained records tracking employer account activity. (AR at 1578.) Nor was the Plan truing-up employers' contributions and deficits upon an employer's exit from the plan. (*Id.*)[2] Because the Plan did not live up to its 1979 commitments, it cannot now claim to be an aggregate of single employer plans.

Moreover, the PBGC now recognizes that its earlier analysis was "simply wrong" and that the ABA Plan "is, and indeed always has been, a multiple employer plan." (PBGC Mem., Docket No. 46 at 14 (quoting AR 1563, 1570).) As is well detailed in the PBGC's

---

[2] *See also* AR 370-75; AR 430-33 (no specific actuarial rate was calculated for Kettering employees either when Kettering joined the plan or when rates were changed and Kettering was forced to accept a unilateral benefit increase).

5

Memorandum and in the administrative record, over the last 25 years, the ABA Plan's assets have, in fact, been used for the benefit of all plan participants and beneficiaries. (PBGC Mem., Docket No. 46 at 20-27.)[3]  Accordingly, the ABA Plan can be considered as nothing other than a multiple employer plan.

## CONCLUSION

As is thoroughly documented in the PBGC's 2006 determination and in the administrative record, the ABA Plan has been continuously administered as a multiple employer plan. The Plan assets are, and have always been, available to pay benefits to all plan participants and beneficiaries. Because the PBGC's 2006 determination is in accordance with the prevailing law and solidly supported by the record, this Court should defer to the well-reasoned judgment of the PBGC and grant summary judgment in favor of the PBGC and IBC.

WHEREFORE: Summary judgment should be granted in favor of the PBGC and IBC.

Dated:  April 23, 2007
Respectfully submitted by,

                                  /s/ Edward J. Meehan
                                  _____

*Of Counsel:*                     Edward J. Meehan (DC Bar No. 413993)
Christina M. Tchen                David E. Carney (DC Bar No. 472219)
J. Eric Ivester                   SKADDEN, ARPS, SLATE,
Samuel Ory                          MEAGHER & FLOM LLP
Amanda S. Williamson              1440 New York Avenue, N.W.
SKADDEN, ARPS, SLATE,             Washington DC 20005-2111
  MEAGHER & FLOM LLP              (202) 371-7000
333 West Wacker Dr.
Chicago, Illinois 60606           *Attorneys for Third Party Defendant*
(312) 407-0700                    *Interstate Brands Corporation*

---

[3] *See also* AR 306-10, 312-17 (describing the Plan as a multiple employer plan for tax purposes); AR 333-336; AR 869 (Plan "assets are held in trust in a single custodial account and are not segregated by employer"); AR 870 (the "existence of a pooled fund, centrally managed, was always an essential feature of the Plan.").

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SARA LEE CORPORATION, on its own Behalf and on behalf of its Employee-participants in the American Bakers Association Retirement Plan, Three First National Plaza Chicago, Illinois 60602-4260 | ) ) ) ) ) ) | No. 06-C-00819-HHK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, 1300 Eye Street, N.W., Ste. 700 West Washington, D.C. 20005 | ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| PENSION BENEFIT GUARANTY CORPORATION 1200 K Street, N.W. Washington, D.C. 20005 | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, | ) ) ) ) ) ) ) | |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants | ) ) ) ) | |
| v. | ) ) | |

| | |
|---|---|
| SARA LEE CORP., | ) |
| | ) |
|                 Respondent, | ) |
| | ) |
| PENSION BENEFIT GUARANTY | ) |
| CORPORATION, | ) |
| | ) |
|                 Cross-Defendant, | ) |
| | ) |
|   and | ) |
| | ) |
| KETTERING BAKING CO. | ) |
| 729 Coleman Avenue | ) |
| Fairmont, WV 26554 | ) |
| | ) |
| INTERSTATE BRANDS CORP. | ) |
| 12 E. Armour Blvd. | ) |
| Kansas City, MO 64111-1202 | ) |
| | ) |
| LEWIS BROS. BAKERIES, INC. | ) |
| 500 N. Fulton Avenue | ) |
| Evansville, IN 47710 | ) |
| | ) |
| HARRIS BAKING CO., INC. | ) |
| 2301 S. 1st Street | ) |
| Rogers, AR 72758-6416 | ) |
| | ) |
| AMERICAN BAKERS ASSOCIATION | ) |
| 1300 Eye Street, N.W. | ) |
| Suite 700 West | ) |
| Washington, D.C. 20005 | ) |
| | ) |
|   and | ) |
| | ) |
| JENNY LEE BAKERY, INC. | ) |
| 620 Island Avenue | ) |
| McKees Rock, PA 15136 | ) |
| | ) |
|                 Third-Party Defendants. | ) |
| | ) |
| _____ | ) |

## **PROPOSED ORDER**

This matter comes before the Court on Pension Benefit Guaranty Corporation's Motion for Summary Judgment and Interstate Brands Corporation's Joinder in Support of Pension Benefit Guaranty Corporation's Motion for Summary Judgment. After due deliberation thereon and good cause shown therefore, summary judgment is granted in favor of Pension Benefit Guaranty Corporation and Interstate Brands Corporation.

Dated:_____                              _____
                                                Henry H. Kennedy, Jr.
                                                United States District Court Judge
                                                District of Columbia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARA LEE CORPORATION, on its own Behalf and on behalf of its Employee-participants in the American Bakers Association Retirement Plan, Three First National Plaza Chicago, Illinois 60602-4260 | ) ) ) ) ) ) | No. 06-C-00819-HHK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, 1300 Eye Street, N.W., Ste. 700 West Washington, D.C. 20005 | ) ) ) ) ) ) ) ) ) | |
| and | ) ) | |
| PENSION BENEFIT GUARANTY CORPORATION 1200 K Street, N.W. Washington, D.C. 20005 | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, | ) ) ) ) ) ) ) | |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants | ) ) ) | |
| v. | ) ) | |

| | |
|---|---|
| SARA LEE CORP., | ) |
| | ) |
| Respondent, | ) |
| | ) |
| PENSION BENEFIT GUARANTY CORPORATION, | ) |
| | ) |
| Cross-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| KETTERING BAKING CO.<br>729 Coleman Avenue<br>Fairmont, WV 26554 | ) |
| | ) |
| INTERSTATE BRANDS CORP.<br>12 E. Armour Blvd.<br>Kansas City, MO  64111-1202 | ) |
| | ) |
| LEWIS BROS. BAKERIES, INC.<br>500 N. Fulton Avenue<br>Evansville, IN  47710 | ) |
| | ) |
| HARRIS BAKING CO., INC.<br>2301 S. 1st Street<br>Rogers, AR  72758-6416 | ) |
| | ) |
| AMERICAN BAKERS ASSOCIATION<br>1300 Eye Street, N.W.<br>Suite 700 West<br>Washington, D.C.  20005 | ) |
| | ) |
| and | ) |
| | ) |
| JENNY LEE BAKERY, INC.<br>620 Island Avenue<br>McKees Rock, PA  15136 | ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

**Certificate of Service**

        The undersigned attorney certifies that on April 23, 2007 she caused a true and correct copy of Third Party Defendant Interstate Brands Corporation's Joinder in Support of Pension Benefits Guaranty Corporation's Motion For Summary Judgment to be filed electronically with the Court. Notice of this filing was sent to the following counsel electronically or by US mail.

**Counsel for Plaintiff and Third Party Defendant Sara Lee**

M. Miller Baker
Sarah E. Hancur
MCDERMOTT, WILL & EMERY
600 13th Street, NW
Washington, DC 20005-3096
(202) 756-8233
Fax: (202) 756-8087

Michael T. Graham
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Suite 4400
Chicago, IL 60606-5096
(312) 984-3606
Fax: (312) 984-7700

Roger Pascal
Sonia Macias Steele
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
(312) 258-5663
Fax: (312) 258-5600

**Counsel for Third Party Defendant Lewis Bro. Bakeries Inc.**

Jeffrey S. Jacobovitz
D. Christopher Ohly
SCHIFF HARDIN LLP
1666 K Street, NW
Suite 300
Washington, DC 20006
(202) 778-6438
Fax: (202) 778-6466

**Counsel for Defendants and Third Party Plaintiffs American Bakers Association Retirement Plan and Board of Trustees of the American Bakers Association Retirement Plan**

Anne H. S. Fraser
ANNE H. S. FRASER, PC
1320 19th Street, NW
Suite 200
Washington, DC 20036
(202) 466-4009
Fax: (202) 466-4010

Edward Robert Mackiewicz
Paul J. Ondrasik
Ryan T. Jenny
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue
Washington, DC 20036
(202) 429-6412
Fax: (202) 429-3902

**Counsel for Third Party Defendant Harris Baking Company**

Lonie Anne Hassel
GROOM LAW GROUP CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5805
(202) 857-0620

| **Third Party Defendant American Bakers Association** | **Counsel for Defendant and Third Party Defendant Pension Benefits Guaranty Board** |
|---|---|
| James Hamilton<br>SWIDLER, BERLIN, SHEREFF & FRIEDMAN, L.L.P.<br>3000 K Street, NW<br>Washington, DC 20007-5116<br>(202) 424-7826<br>Fax: (202) 424-7643 | Paula June Connelly<br>Marc Stuart Pfeuffer<br>Mark Blank<br>Michael P. Mora<br>Pension Benefits Guaranty Board<br>Office of the General Counsel<br>1200 K Street, NW<br>Washington, DC 20005-4026<br>(202) 326-4020<br>Fax: 202-326-4112 |

Anitra D. Goodman
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 424-7500

**On Behalf of Third Party Defendant Kettering Baking Co.**

James R. Kettering, Jr.
President Kettering Baking Co.
729 Coleman Ave.
Fairmont, WV 26554

/s/ Amanda S. Williamson
_____

Amanda S. Williamson