**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SARA LEE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06–CV–0819–HHK |
| | ) | |
| AMERICAN BAKERS ASSOCIATION | ) | |
| RETIREMENT PLAN; and BOARD OF | ) | |
| TRUSTEES OF THE AMERICAN BAKERS | ) | |
| ASSOCIATION RETIREMENT PLAN; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PENSION BENEFIT GUARANTY | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER OF DEFENDANT
PENSION BENEFIT GUARANTY CORPORATION**

On April 16, 2007, Plaintiff Sara Lee Corporation ("Sara Lee") served its First Set of

Requests for the Production of Documents ("Requests") on the Pension Benefit Guaranty

Corporation ("PBGC"). Because this case constitutes an action for review of an agency's

administrative record under the Administrative Procedure Act, and Sara Lee has not shown or

even alleged bad faith or other extraordinary circumstances, the Court should grant PBGC's

motion for a protective order, under Fed. R. Civ. P. 26(c), barring the Requests.[1]

---

[1] Because no discovery is allowed in this action, PBGC has not made detailed objections
to Sara Lee's specific requests. If Sara Lee were entitled to take discovery, many of its Requests
are deniable based on governmental deliberative-process privilege, attorney-client privilege,
attorney-work product privilege, burdensomeness, and/or irrelevance. PBGC expressly reserves
the right to raise specific objections in the event that discovery is permitted.

## BACKGROUND

PBGC is a wholly-owned United States government agency that administers the defined benefit pension plan termination insurance program established by Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA").[2]  As courts have consistently recognized, PBGC is a federal agency within the meaning of the Administrative Procedure Act ("APA").[3] PBGC guarantees the payment of certain pension benefits upon the termination of pension plans covered by Title IV of ERISA.  When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds.[4]

In June 2005, one of several contributing sponsors of the American Bakers Association Retirement Plan (the "ABA Plan" or the "Plan") – a pension plan covered by Title IV of ERISA and the subject of this civil action – asked PBGC to reconsider its 1979 determination that the Plan constituted an aggregate of single-employer pension plans, rather than a multiple-employer pension plan.[5]  Consistent with the APA, which governs the agency's decision-making processes, PBGC conducted an informal adjudication, advising all interested parties that it intended to revisit its 1979 determination and requesting that each interested party submit any written

---

[2]  29 U.S.C. §§ 1301-1461 (2000 & Supp. IV 2004).

[3]  5 U.S.C. §§ 551 *et seq*.  *See, e.g., Dycus v. PBGC,* 133 F.3d 1367, 1369 (10th Cir. 1998); *PBGC v. Ouimet Corp.*, 470 F. Supp. 945, 949-50 n.11 (D. Mass. 1979), *aff'd*, 630 F.2d 4 (1st Cir. 1980); *AFA v. PBGC*, 2006 WL 89829 (D.D.C. Jan. 13, 2006).  *See generally PBGC v. LTV Corp.*, 496 U.S. 633 (1990).

[4]  *See* 29 U.S.C. §§ 1321–1322, 1342, 1361.

[5]  Administrative Record ("AR") filed by PBGC in this case, at 339.

-2-

statement or documents that it would like PBGC to consider.[6]  PBGC received materials from the ABA Plan, Sara Lee, and Third-party Defendants Interstate Bakeries Corporation and Kettering Baking Company.[7]  Sara Lee alone contributed over 130 pages of documentation in response to PBGC's invitation, and all of this material is contained in PBGC's administrative record.

In August 2006, after careful consideration of the legal standards and the materials submitted by the parties, PBGC issued a determination (the "2006 Letter"), stating that the agency's application of the legal standard in its 1979 determination was "simply wrong," and concluding that the ABA Plan "is, and indeed always has been, a multiple-employer plan."[8]

Sara Lee – one of several contributing sponsors of the ABA Plan – had already commenced this action.  After the issuance of the 2006 Letter, Sara Lee filed a Second Amended Complaint adding PBGC as a party defendant.  Sara Lee asserts that PBGC's determination in the 2006 Letter that the ABA Plan is a multiple-employer pension plan is arbitrary and capricious.[9]

On April 4, 2007, PBGC filed the five-volume administrative record supporting the 2006 Letter and a motion for summary judgment with this Court.  On April 18, 2007, PBGC received Sara Lee's First Set of Requests for the Production of Documents, attached hereto as Exhibit A.

On April 30 and May 1, 2007, counsel for PBGC conferred in good faith with counsel for Sara Lee, seeking the withdrawal of the Requests.  An agreement could not be reached.

---

[6]  AR 427.

[7]  *See* AR 429 – 1439.  *See also* AR 1540 – 41, 1555 – 1561.

[8]  AR 1563, 1570.

[9]  Second Amended Complaint at ¶¶ 44, 45.

## ARGUMENT

**Judicial Review of PBGC's Determination Is Limited to the Administrative Record, And Thus No Discovery Is Permitted**.

Courts have clearly defined the standard for judicial review of an agency action, such as PBGC's determination embodied by the 2006 Letter. Absent extraordinary circumstances, the court's inquiry is limited to whether the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[10] Where the basis for the agency's determination is set forth in a contemporaneous administrative record, as it is in this case, courts are limited to examining the record that was before the agency at the time it made its decision, not some new record made in court.[11] As the Supreme Court made abundantly clear in *Florida Power & Light*:

> The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and reach its own conclusions based on such an inquiry. * * * The [APA] specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred.

[10] 5 U.S.C. § 706(2)(A). *See Citizens to Preserve Overton Park*, 401 U.S. 402 (1971); *Camp v. Pitts*, 411 U.S. 138 (1973); *Mount Royal Joint Venture v. Kempthorne*, 477 F.3d 745, 753 (D.C. Cir. 2007); *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007).

[11] *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Vermont Yankee Nuclear Power Corp. v. Natural Res. Defense Council, Inc.*, 435 U.S. 519, 549 (1978); *Camp v. Pitts*, 411 U.S. 138, 143 (1973); *U.S. v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963); *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C.Cir.1998) (discovery is not permitted for APA claims; they must be decided upon the administrative record); *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 839-43 (D.C. Cir. 1976).

-4-

Thus, a court may not re-weigh the evidence or substitute its own judgment for the agency's.[12]

As long as the record shows the reason for the agency's decision, discovery simply is not

permitted.[13]  This principle, which applies both to formal and informal agency actions, precludes

Sara Lee's attempted discovery.[14]

   As this Court recognized in *Ackerman v United States*, "under the APA, review of [an

agency's] decision is limited to the administrative record that was before [it] at the time the

decision was made; the court cannot go fishing about for more evidence."[15]  Other courts in this

district have repeatedly so held.[16]

---

[12] *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2733 (3d ed. 1998) ("[T]he administrative agency is the fact finder.  Judicial review has the function of determining whether the administrative action is consistent with the law – that and no more.") (internal quotations omitted).

[13] *See Camp v.* Pitts, 411 U.S. 138, 143 (1973); *Overton Park*, 401 U.S. at 420; *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Doraiswamy*, 555 F.2d at 842.

[14] *See Florida Power & Light*, 470 U.S. at 474.  *Doraiswamy*, 555 F.2d 832, 836, 842-43 (D.C. Cir. 1976); *Nat'l Petroleum Refiners Ass'n v. FTC*, 392 F. Supp. 1052 (D.D.C. 1974).

[15] 324 F. Supp. 2d 1, 5 (D.D.C. 2004) (Kennedy, J.).  *Accord Int'l Center for Tech. Assessment v. Johanns*, 473 F. Supp. 2d 9, 15 n.5 (D.D.C. 2007) (Kennedy, J.) ("The court's review of the agency's decisions on the merits is limited to the administrative record.").

[16] *King v. Leavitt*, 2007 WL 613846 (D.D.C. March 1, 2007) at n.3 ("The Court notes that if plaintiffs renew their APA claims against an FDA action, such claims must be based on the proper administrative record"); *Friends of the Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 42 (D.D.C. 2006) ("In this Circuit, discovery is normally unavailable in an APA case 'except where there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review") (quoting *Commercial Drapery*, 133 F.3d at 7); *Trudeau v. FTC*, 384 F. Supp. 2d 281, 293 (D.D.C. 2005) (same).

Although there is an exception to this prohibition when a party makes a "strong showing" of bad faith or other impropriety,[17] Sara Lee has not even *alleged* any wrongdoing, let alone produced "independent evidence of improper conduct" or "prima facie [evidence] showing that [it] will find material in the agency's possession indicative of bad faith or an incomplete record."[18]  Courts set this bar high because of the ease with which charges of bad faith or an incomplete record can be leveled, combined with "the inordinate burden resolution of such claims would entail for courts," as well as the obligation of courts to respect the not allowable of administrative agencies.[19]  Indeed, courts must presume regularity on the part of the agency in that process "absent the most powerful preliminary showing to the contrary."[20]

In short, Sara Lee's Requests are not permitted in this administrative record case.

## CONCLUSION

PBGC's administrative record – some 1,500 pages long, spanning three decades of the agency's dealings with the ABA Plan – includes each and every document that PBGC considered in determining that the Plan is a multiple-employer plan.  Under long-established administrative

---

[17]  *Overton Park*, 401 U.S. at 420; *Commercial Drapery*, 133 F.3d at 7.

[18]  *San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 26, 44 (D.C. Cir. 1986); *Amfac Resorts v. United States Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).

[19]  *San Luis Obispo Mothers for Peace v. NRC*, 751 F.2d 1287, 1327, 1329 (D.C. Cir. 1984), *vacated in part*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd*, 789 F.2d 26 (D.C. Cir. 1986).  *See also Office of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005) (noting that "[w]ere the rule otherwise, every challenge to administrative action would turn into a fishing expedition into the motives of the defendant agency").

[20]  *Hercules, Inc. v. EPA*, 598 F.2d 91, 123 (D.C. Cir. 1978) (courts must presume that "when administrative officials purport to decide weighty issues within their domain, they have conscientiously considered the issues") (citation omitted); *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145-46 (2d Cir.), *cert. denied*, 419 U.S. 874 (1974).

law principles, judicial review is limited to the administrative record.  In the two previous cases in which a court reviewed a PBGC determination of identical nature – whether a pension plan constituted a multiple-employer plan or an aggregate of single-employer plans – both courts confined their review to the administrative record.[21]  This Court should do the same.

Accordingly, PBGC's motion for a protective order should be granted and Sara Lee's Requests for the Production of Documents should be barred.


Dated: May 2, 2007                          Respectfully submitted,
       Washington, D.C.

                                            /s/ Marc S. Pfeuffer
                                            ISRAEL GOLDOWITZ (D.C. Bar No. 291120)
                                            Chief Counsel
                                            CHARLES L. FINKE
                                            Deputy Chief Counsel
                                            MICHAEL P. MORA
                                            PAULA CONNELLY (D.C. Bar No. 389055)
                                            Assistant Chief Counsels
                                            MARK BLANK (D.C. Bar No. 968388)
                                            MARC S. PFEUFFER (D.C. Bar No. 484209)

                                            PENSION BENEFIT GUARANTY CORP.
                                            Office of the Chief Counsel
                                            1200 K Street, N.W.
                                            Washington, D.C.  20005
                                            Tel. No. (202) 326-4020, ext. 4903
                                            Fax No. (202) 326-4112
                                            E-mail: pfeuffer.marc@pbgc.gov and
                                            efile@pbgc.gov

                                            Attorneys for Pension Benefit Guaranty Corp.

---

[21]  *See PBGC v. Artra Group, Inc.*, 1993 WL 225370 (N.D. Ill. June 23, 1993) at *1; *PBGC v. Potash*, 1986 WL 3809 (W.D.N.Y. Mar. 26, 1986) at *3 & n.2.