# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED-PBGC
2007 APR 19 AM 8: 47
OFFICE OF THE
[GENERAL COUNSEL]

| | |
|---|---|
| SARA LEE CORPORATION, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; and PENSION BENEFIT GUARANTY CORPORATION,<br><br>Defendants. | Case No. 06-CV-0819-HHK<br><br>**SARA LEE CORPORATION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO THE PENSION BENEFIT GUARANTY CORPORATION** |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan,<br><br>Third Party Plaintiffs, Counterclaimants, and Cross-Claimants,<br><br>v.<br><br>SARA LEE CORPORATION,<br><br>Respondent,<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>Cross-Defendant, and<br><br>KETTERING BAKING COMPANY, INTERSTATE BRANDS CORPORATION, LEWIS BROS. BAKERIES, INC., HARRIS BAKING COMPANY, INC., AMERICAN BAKERS ASSOCIATION, and JENNY LEE BAKERY, INC.,<br><br>Third Party Defendants. | |

140991

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Sara Lee Corporation ("Sara Lee"), by and through its attorneys, hereby requests that the Pension Benefit Guaranty Corporation ("PBGC"), produce the documents described herein to the offices of McDermott Will & Emery LLP, 227 West Monroe Street, Chicago, IL 60606-5096 by May 16, 2007. The documents requested are to be produced in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1. Sara Lee seeks all responsive documents and things that are within the possession, custody, or control of, or are known or available to PBGC. Unless otherwise stated, the time period for these requests is from January 1, 1974 to the present.

2. These requests shall be deemed to be continuing in nature as to require prompt, further, and supplemental response if you discover additional documents or information that should have been included in response to these requests.

3. The documents shall be produced as they are kept in the usual course of business, and should not be shuffled or rearranged. For example, documents that are stapled, clipped, or otherwise fastened together shall be produced in such form.

4. To the extent that you consider any of the following document requests or subparts thereof to be objectionable, answer that portion of the document request, or subpart thereof, to which you have no objection and separately state the portion of the document request, or subpart thereof, to which you have an objection, stating the specific grounds for your objection.

5. If any requested document has been lost, destroyed or removed from your possession and control, identify the document, its last known location, as well as the circumstances surrounding its loss, destruction, or removal from your possession or control.

6. With respect to any document or information which you withhold, do not disclose, or exert a claim of privilege of non-disclosure, a statement shall be provided by your counsel which:

    a. states the nature of the claim of non-disclosure or privilege;

    b. states the name(s) of the author(s) of the document;

    c. states the name(s) of the person(s) to whom the document was addressed and any other person(s) to whom the document was sent;

    d. states the date of the document; or if no date appears, the date(s) on which it was prepared, sent, or received;

    e. states the number of pages, attachments and appendices of the document;

    f. describes generally the nature and subject matter of the document; and

    g. states the name of the person(s) who has (have) custody of the documents.

7. The singular form of any word shall include within its meaning the plural form of the word and the plural form shall include the singular.

8. The past tense of any word shall include the present tense and the present tense shall include the past tense.

9. The masculine form of any word shall include the feminine form and the feminine form of any word shall include the masculine form.

10. For purposes of interpreting or construing the scope of these requests, the terms used herein and in all further discovery requests shall be given their most expansive and inclusive interpretation.

## DEFINITIONS

Unless specified otherwise, the terms shall be defined as follows:

1. The terms "Plaintiff" and "Sara Lee" shall mean Sara Lee Corporation, and its officers, directors, employees, representatives, agents, and attorneys.

2. The terms "Defendant" "PBGC," "you," and "your" shall mean the Pension Benefit Guaranty Corporation and its representatives, units, offices, divisions, officers, directors, employees, agents, attorneys, assigns, consultants, investigators, accountants, and other persons acting on its behalf or at its direction.

3. The term "ABA Plan" shall mean the American Bakers Association Retirement Plan, as amended or restated from time to time.

4. The term "person" shall mean natural persons, business entity or entities, including, but not limited to, associations, corporations, partnerships, or business trusts, any federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law.

5. The terms "record" or "document" shall mean any original and every non-identical copy or reproduction of any paper or electronic writing or drawing of any kind or nature in the possession, custody, or control of the PBGC, including, but not limited to: correspondence, handwritten notes, meeting minutes, graphs, charts, surveys, studies, reports, telecopies, memoranda, affidavits, resolutions, calendars, appointment books, calendar or diary entries, contracts, agreements, notes, interoffice and intraoffice communications, voice recordings,

videotapes, transparency, bills, estimates, invoices, receipts, photographs, phone records, electronic communications, data compilations, and backup tapes (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise) from which information can be obtained or translated, if necessary, through detection devices into a reasonably usable form.

6. The term "communication" shall mean any form of verbal, written, or electronic exchange however transmitted.

7. The terms "referring," "relating," "concerning," or "regarding" shall be construed in the broadest sense to mean describing, evidencing, comprising, constituting, or otherwise discussing in any way, whether directly or indirectly, the subject matter identified in a request.

8. The terms "and" and "or" shall be construed as either conjunctive or disjunctive, as necessary to make the request more inclusive.

9. The terms "any" and "all" shall include "each and every."

10. The term "including" shall mean "including, but not limited to."

11. The term "date" shall mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

12. "Identify" or "identity" shall mean, with respect to a *person*, to set forth the person's name, employer, job title, home and business addresses, home and business telephone numbers, and a brief description of his or her relationship, if any, with the parties to this action.

13. "Identify" or "identity" shall mean, with respect to an *entity*, to set forth the following information: the entity's name, address, telephone number, name of registered agent, state of incorporation or registration, address of main office or location and address of local or

- 5 -

branch offices involved in this matter; and a brief description of the entity's relationship, if any, with the parties to this action.

14.     "Identify" or "identity" shall mean, with respect to a *document*, to set forth the following information (regardless of whether any claim of privilege is asserted):

    a.     Its nature (e.g., letter, memorandum, report, etc.);

    b.     The date it bears, or, if undated, the date it was written or created;

    c.     The identity of the person(s) who wrote or created it;

    d.     The identity of the person(s) who received it;

    e.     Its file number or other identifying mark or code;

    f.     Its general subject matter;

    g.     Its present or last known location; and

    h.     Its custodian.

## DOCUMENT REQUESTS

1. All records of any initial or final determination issued by the PBGC as to whether a particular pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans (excluding the letter issued by Terrence M. Deneen regarding the ABA Plan on August 8, 2006 (the "2006 ABA Plan Letter")).

2. All records prepared or reviewed by the PBGC in connection with the preparation or review of any initial or final determination (including drafts or partial drafts of such a determination) as to whether a particular pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans, including but not limited to the 2006 ABA Plan Letter; and PBGC Opinion Letters 78-16, 78-27, 79-3, 79-14, 84-2, and 85-2.

3. All records prepared or reviewed by the PBGC in connection with any PBGC Appeals Board or PBGC reconsideration decision relating to any initial or final determinations with respect to the ABA Plan (including any Appeals Board decision in the case of *PBGC v. Artra Group*, 972 F.2d 771 (7th Cir. 1992).

4. All records that provide the PBGC or other persons with instructions, guidance, interpretations, legal, policy, or factual analyses, or other information relating in any way to determining, in particular cases or generally, whether a pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans, including but not limited to records relating to the 2006 ABA Plan Letter.

5. All records that relate or pertain to any plan terminations by Participating Employers in the ABA Plan received, created or produced by the PBGC, including but not limited to valuations performed for purposes of ERISA Section 4044 of any assets or liabilities assumed by the PBGC from the ABA Plan in a plan termination.

6. All records relating to the ABA Plan or to any of its current or former participating employers, including, but not limited to, records relating to PBGC premium filings, audits, statements of accounts, or account histories; standard termination audits; reportable event filings; or "early warning program" monitoring.

7. All records reflecting or relating to any communications related to the ABA Plan, any of its current or former participating employers, or the 2006 ABA Plan Letter among or between PBGC representatives, employees or advisors.

8. All records reflecting or relating to any communications related to the ABA Plan, any of its current or former participating employers, or the 2006 ABA Plan Letter between PBGC and:

    a)   Employees of the Internal Revenue Service.

    b)   Employees of the Department of the Treasury.

    c)    Employees of the Department of Labor (including employees of the Pension and Welfare Benefits Administration or the Employee Benefits Security Administration).

    d)    Members or representatives of the PBGC's Board of Directors.

    e)    Employees or representatives of Interstate Bakeries Corporation ("Interstate") or of any of the Debtors in Case No. 04-45814 (JWV) in the United States Bankruptcy Court for the Western District of Missouri, Kansas City Division (the "Interstate Debtors").

    f)    Employees or representatives of the Kettering Baking Company ("Kettering").

    g)    Employees or representatives of the ABA Plan.

    h)    Employees or representatives of the American Bakers Association Retirement Trust, or any of its trustees or their representatives.

9. All records relating to or supporting any claim or proof of claim filed by the PBGC in the bankruptcy proceeding involving the Interstate Debtors in Case No. 04-45814 (JMV) pending in the United States Bankruptcy Court for the Western District of Missouri, Kansas City Division.

10. All records reflecting or relating to any drafts (including partial drafts or summaries of drafts or partial drafts) of the 2006 ABA Plan Letter that were provided by any PBGC employees to any employee or representative of Interstate, the Interstate Debtors, or Kettering, including records identifying the PBGC employee involved or reflecting or relating to the circumstances surrounding the providing of any such drafts.

11. All records reflecting or relating to the authority, if any, of the Chief Insurance Programs Officer to make the determination reflected in the 2006 ABA Plan Letter, including mission and functions or similar statements, position descriptions, and delegations of authority.

12. All documents that the PBGC has or will provide to any expert witness in connection with this litigation.

13. All documents that are considered, reviewed, or relied upon by any expert witness that the PBGC engages in connection with this litigation.

14. All documents concerning the opinion of any expert witness that the PBGC engages in connection with this litigation.

Dated: April 16, 2007        SARA LEE CORPORATION

                                    By: *Sarah E. Hanson*
                                           One of Its Attorneys

M. Miller Baker (DC Bar No. 444736)
Sarah E. Hancur (DC Bar No. 480537)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Phone: 202.756.8000
Fax:    202.756.8087
Email:  mbaker@mwe.com
        shancur@mwe.com

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Phone: 312.372.2000
Fax:    312.984.7700
Email:  mgraham@mwe.com

*Attorneys for Plaintiff-Respondent
Sara Lee Corporation*