IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; and PENSION BENEFIT GUARANTY CORPORATION,<br><br>　　　　Defendants.<br>_____<br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan,<br><br>　　　　Third Party Plaintiffs, Counterclaimants, and Cross-Claimants,<br><br>v.<br><br>SARA LEE CORPORATION,<br><br>　　　　Respondent,<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>　　　　Cross-Defendant, and<br><br>KETTERING BAKING COMPANY, INTERSTATE BRANDS CORPORATION, LEWIS BROS. BAKERIES, INC. HARRIS BAKING CO., INC., AMERICAN BAKERS ASSOCIATION, and JENNY LEE BAKERY, INC.,<br><br>　　　　Third-Party Defendants. | Case No. 06-CV-0819 (HHK/JMF)<br><br>Hon. Henry H. Kennedy, Jr.<br>Magistrate Judge John M. Facciola<br><br>**CROSS-CLAIMANTS AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN'S AND BOARD OF TRUSTEES' MEMORANDUM IN OPPOSITION TO PBGC'S MOTION FOR PROTECTIVE ORDER** |

1

**CROSS-CLAIMANTS AMERICAN BAKERS ASSOCIATION
RETIREMENT PLAN'S AND BOARD OF TRUSTEES'
MEMORANDUM IN OPPOSITION TO
<u>PBGC'S MOTION FOR PROTECTIVE ORDER</u>**

The American Bakers Association Retirement Plan ("Plan" or "ABA Plan") and its Board of Trustees ("Board") (collectively, "Cross-Claimants") respectfully submit this memorandum of law in opposition to the Pension Benefit Guaranty Corporation's ("PBGC") motion for a protective order (Doc. 55).  On April 16, 2007, Plaintiff Sara Lee Corporation ("Sara Lee") served requests for the production of documents on PBGC.  Full and complete discovery is required in order to review the reasons for PBGC's inexplicable position reversal in this case.  Thus, although Cross-Claimants have not yet served discovery upon PBGC, it intends to do so, and opposes the entry of any protective order pursuant to Fed. R. Civ. P. 26(c). [1]

**BACKGROUND**

The Plan is a defined benefit pension plan under the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. § 1001 *et seq.* ("ERISA"), to which several participating employers, including Plaintiff Sara Lee Corporation ("Sara Lee") and the several third-party defendants, contribute.  Since ERISA became effective in 1976, the Plan has been operated and regarded by the Board and participating employers as a single plan for purposes of Titles I and II of the statute.  The question in this case is whether the Plan is a multiple employer plan (*i.e.*, a single plan) or an aggregate of single employer plans (*i.e.*, several plans) for PBGC plan termination and premium purposes under Title IV.

---

[1] Cross-Claimants also join in Sara Lee's opposition to PBGC's motion for a protective order.  Cross-Claimants have a vested interest in the resolution of PBGC's motion, both because they plan to serve their own discovery on PBGC and because they have arranged with Sara Lee for access to any documents produced pursuant to Sara Lee's outstanding request.

PBGC recently flip-flopped on this question when it discovered it risked inheriting benefits obligations of one of the Plan's participating employers, Interstate Brands Corp. ("IBC"), which is in bankruptcy, if the Plan is an aggregate of single employer plans. For 27 years, Cross-Claimants and the employers relied on the "1979 PBGC Letter" that determined that the Plan is an aggregate of single employer plans. The Plan's terms were in fact amended to incorporate that Letter. However, on August 8, 2006, on request for review of the 1979 PBGC Letter brought by IBC, PBGC issued its "2006 PBGC Letter," which revoked the 1979 Letter and concluded that the Plan is and always has been a multiple employer plan under Title IV. The PBGC's new determination has the effect of shifting potential liability for IBC's (and to a lesser extent, other employers') unfunded benefits obligation from itself to other participating employers in the Plan, and, in particular, Sara Lee. In this action, Sara Lee seeks reversal of the 2006 PBGC Letter and Cross-Claimants likewise seek review of that decision, which they submit not only was wrong, but also was issued on the basis of erroneous and incomplete facts and a procedurally flawed inquiry.

On April 16, 2007, Sara Lee served its first set of discovery requests, causing PBGC to file the current Motion for Protective Order. Although Cross-Claimants have not yet filed discovery requests, there are a number of issues requiring discovery in order to shed light on PBGC's sudden reversal. The issues requiring discovery include (i) what PBGC considered in reaching its 2006 decision, in order of importance, (ii) what decisions PBGC reached in similar cases and how it applied its standards there, and (iii) whether the record submitted is complete or excludes documents or other information that the agency considered or should have considered. Most importantly, however, discovery is needed so that the court may consider what appears to be an utterly deficient informal review process whereby PBGC did not explain to the parties

what information it found important and what issues were controlling, did not allow them to submit information beyond an initial submission that would be helpful to PBGC, and did not give them access to other parties' submissions nor an opportunity to rebut. On information and belief, PBGC also engaged in *ex parte* communications with the parties. The process violated the parties' procedural due process rights and caused PBGC to assemble a deficient administrative record upon which the Court cannot rely. For these reasons, the Court should deny PBGC's motion for protective order, and require the parties to engage in discovery so that the Court can conduct an in-depth, searching and careful review.

**ARGUMENT**

In an instance such as this, where an agency inexplicably changes its position, it is not entitled to the level of deference normally given to agency actions. *Akzo Nobel Salt, Inc. v. Federal Mine Safety & Health Review Comm'n*, 212 F.3d 1301, 1304-05 (D.C. Cir. 2000) (finding deference to Secretary's interpretation of regulation unwarranted given "the flip-flops [in] the Secretary's position"); *Wise v. Ruffin*, 914 F.2d 570, 580 (4th Cir. 1990) (where "the PBGC has changed its position," court held "that the PBGC is not entitled to deference"). Here, PBGC's application of its regulation, 29 C.F.R. § 4001.2, to the same set of facts in 1979 and 2006 produced diametrically opposite results, and both the Plaintiff and Cross-Claimants are entitled to discovery to discern (a) what standards the PBGC has employed for determining whether a plan falls within the regulation's definition of "multiple employer plan" in this and other cases; (b) how those standards have been applied; and (c) whether they have been applied consistently. Such an inexplicable change in position raises the specter of arbitrariness. *See Manhattan Ctr. Studios, Inc. v. NLRB*, 452 F.3d 813, 816 (D.C. Cir. 2006) ("[W]here an agency departs from established precedent without a reasoned explanation, its decision will be vacated

4

as arbitrary and capricious.") (quoting *ANR Pipeline Co. v. FERC*, 71 F.3d 897, 901 (D.C. Cir. 1995)). In these cases, it is entirely appropriate, and indeed required, for the court to step in an apply its judgment. *See Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 338 (D.C. Cir. 1989) (internal punctuation and citations omitted) (*citing Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415 (1971)).

PBGC's contention that discovery beyond the agency record is only warranted when bad faith or other "extraordinary circumstances" have been alleged is without merit. PBGC Mot. for Protective Order at 1 (Doc. 55-2). The Supreme Court has made clear that discovery is available in Administrative Procedure Act cases even when no allegation of bad faith has been made. See *Camp v. Pitts*, 411 U.S. 138, 143 (1973); *Overton Park*, 401 U.S. at 420. As explained in *In re Cheney*,

> *Overton Park* and *Commercial Drapery* make it clear that the exception to the rule of no discovery in APA cases is wider than bad faith. Thus, the absence of any showing of bad faith in this case is immaterial, because plaintiffs here seek discovery on the ground that the administrative record is inadequate for judicial review.

334 F.3d 1096, 1111 (D.C. Cir. 2003) (Edwards, J., concurring) *vacated sub. nom. on other grounds Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004). Rather, discovery is appropriate in several circumstances, such as when an expansion of the record is necessary to explain the agency action, or "when it appears that the agency has relied on documents or materials not included in the record." *Public Power Council v. Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982) (*citing Camp*, 411 U.S. at 143 and 142; *Overton Park*, 401 U.S. at 420); *see also Amer. Canoe Ass'n v. EPA*, 46 F. Supp. 2d 473, 477 (1999) ("[E]ven in APA record review cases, circumstances may justify expanding the record or permitting discovery. These circumstances include such a failure in the record

5

to explain administrative action as to frustrate judicial review, [and] the agency's reliance on materials or documents not included in the administrative record….") Both such exceptions apply here, as the administrative record produced by PBGC fails to explain its shift in position, and, on information and belief, does not reflect communications that PBGC had with, or received from, the parties. Indeed, this Circuit has permitted discovery in APA cases in order to provide a record of all documents and materials directly or indirectly considered by the agency. *See NRDC v. Train*, 519 F.2d 287, 292 (D.C. Cir. 1975).

Likewise, discovery is appropriate because the Plaintiff and Cross-Claimants have challenged the process by which PBGC collected and considered the submissions which now form the "record." Under such circumstances, it would defy reason for this Court to limit its review to that same allegedly incomplete agency record. "[I]t is incumbent upon the Court to ensure that it has a complete administrative record before it undertakes a review of an administrative decision." *Int'l Longshoremen's Ass'n v. Nat'l Mediation Bd.*, 2006 U.S. Dist. LEXIS 4080, at *14 (D.D.C. Jan. 25, 2006). A complete administrative record "'consists of all documents and materials *directly or indirectly* considered by the agency decision-makers and includes evidence contrary to the agency's position.'" *Id.* at *7-8 (citations omitted, emphasis added). An agency is not entitled to "skew the 'record' for review in its favor" by excluding information in its files pertinent to the proceeding in question. *Environmental Defense Fund, Inc. v. Blum*, 458 F. Supp. 650, 661 (D.D.C. 1978). Discovery is therefore warranted where an agency submits a "partial and truncated [administrative] record" for a district court to review its action. *Nat'l Res. Def. Council, Inc. v. Train*, 519 F.2d 287, 291-92 (D.C. Cir. 1975); *see also* 5

6

U.S.C. § 706 (in reviewing an agency action under the APA "the court shall review the whole record or those parts of it cited by a party"); *Overton Park*, 401 U.S. at 419-20 (remanding the case for review "to be based on the full administrative record that was before the Secretary at the time he made his decision"); *PBGC v. LTV Steel Corp.*, 119 F.R.D. 339, 342 (S.D.N.Y. 1988) (allowing additional discovery to ensure that the record is complete because "[a] full and complete administrative record is essential to meaningful judicial review").

      PBGC's motion must be denied because this Court cannot determine whether the record submitted constitutes the complete administrative record, and PBGC's process of gathering information, and what information it based its 2006 decision upon, are central, material issues to Cross Claimants' claims. In reaching its 2006 decision, PBGC engaged in an "informal administrative adjudication" (PBGC Answer to Third-Party Complaint, ¶¶ 52-53, 55-57 (Doc. 19)) rather than a formal proceeding. In the absence of a formal agency proceeding, courts have held that discovery is necessarily warranted, even absent identification of specific documents excluded from the record, because the agency's fact-finding process itself is a fact issue in the case. For example, in *PBGC v. LTV Steel Corp.*, PBGC made the same arguments that it makes here, *i.e.*, that the district court should review its decision under the arbitrary and capricious standard based only on a 1592 page administrative record compiled by PBGC. 119 F.R.D. at 340. But, like here, the absence of a formal administrative proceeding placed the agency's informational base at issue, requiring discovery. *Id.* at 342 ("'determining what constitutes an agency's informational base . . . may itself present a disputed issue of fact when there has been no formal administrative proceeding.'") (quoting *Dopico v. Goldschmidt,* 687 F.2d 644, 654 (2d Cir. 1982)). Despite the fact that LTV's allegations regarding the incompleteness of the record

were "unspecific," the court found discovery necessary to ensure that all matters considered by PBGC were brought before the court. *Id.* at 342. And, particularly important here, the court explained: "regardless of what is ultimately determined to be the standard for judicial review of the PBGC's action, at minimum the adequacy of the PBGC's deliberations, in terms of process if not substance, will be at issue. A full and complete administrative record is essential to meaningful judicial review of that issue." *Id.* The adequacy of PBGC's deliberations being the very issue raised in Cross Claimants' Count II procedural due process claim, discovery is required here under *LTV*. *See also Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1075 (S.D. Ill. 2006) (allowing discovery where agency did not allow evidentiary hearing or discovery and explaining: "The threshold for permitting limited discovery in administrative review proceedings is not high.").

Even aside from the necessity of discovery due to the procedural questions raised, discovery is also warranted because the record submitted by PBGC on its face appears incomplete, specific classes of documents being absent from it. For example, PBGC now relies upon its opinion letters in other cases (PBGC Mem. in Support of Mot. for Summary Judgment 3-4, 14 (Doc. 46)). However, the submitted record excludes them as well as related documents from those proceedings that speak to the PBGC's procedures in assessing the Title IV status of a plan. And the publicly available opinion letters PBGC has cited are more than twenty years old – discovery is needed to identify what other, more recent, decisions were considered in formulating PBGC's procedures and its recent flip-flop in this case. In short, Cross Claimants have no way of knowing how PBGC's prior decisions and decision-making processes in these cases impacted PBGC's 2006 decision and process without some discovery. Furthermore, Cross Claimants' Third Party Complaint asserts that PBGC engaged in *ex parte* communications with

the parties and relied on these communications in its 2006 decision-making process. PBGC has not submitted any evidence attempting to resolve the issue. Cross Claimants should be allowed discovery to determine whether records of such communications, absent from the submitted record, exist, *e.g.*, records of telephone conversations or face-to-face meetings.

PBGC's process is at issue. The Court is unable to assess on the current record what the agency looked at, in order of importance. Especially in view of how the agency treated other aggregates differently, and how it treated the Plan differently based on the same facts in 1979, Cross Claimants require discovery to understand what the agency considered important in 2006 and why its decision differs from precedent in its 1979 Letter and other decisions. Consideration of extra-record information is appropriate where, as here, simply reviewing the administrative record is not enough to resolve the case. *Pac. Shores Subdivision Cal. Water Dist. v. United States Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) (*citing Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).[2]

---

[2] It is well established that extra-record review is appropriate where:

(1) when agency action is not adequately explained in the record before the court;

(2) when the agency failed to consider factors which are relevant to its final decision;

(3) when an agency considered evidence which it failed to include in the record;

(4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;

(5) in cases where evidence arising after the agency action shows whether the decision was correct or not;

(6) in cases where agencies are sued for a failure to take action;

(7) in cases arising under the National Environmental Policy Act; and

(8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197-98 (D.D.C. 2005) (*citing Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989) (identifying the eight exceptions)).

## CONCLUSION

For the reasons stated above, the Court should deny PBGC's motion for a protective order and permit discovery to go forward.

Dated: May 24, 2007                                   Respectfully submitted,

                                                      STEPTOE & JOHNSON LLP

                                                      /s/ Paul J. Ondrasik, Jr.
                                                      Paul J. Ondrasik, Jr. (D.C. Bar # 261388)
                                                      Edward R. Mackiewicz (D.C. Bar # 944884)
                                                      Ryan T. Jenny (D.C. Bar # 495863)
                                                      1330 Connecticut Avenue, N.W.
                                                      Washington, DC  20036-1795
                                                      Tel:  (202) 429-3000
                                                      Fax:  (202) 429-3902

                                                      LAW OFFICE OF ANNE H.S. FRASER, P.C.
                                                      Anne H.S. Fraser (D.C. Bar # 349472)
                                                      1320 19th Street, N.W., Suite 200
                                                      Washington, DC  20036-1637
                                                      Tel:  (202) 466-4009
                                                      Fax:  (202) 466-4010

                                                      **Counsel for Defendants/Third Party Plaintiffs/
                                                      Counterclaimants/Cross-Claimants,
                                                      American Bakers Association Retirement Plan
                                                      and Board of Trustees of the American Bakers
                                                      Association Retirement Plan**

**CERTIFICATE OF SERVICE**

I, Edward R. Mackiewicz, hereby certify that a true and exact copy of the foregoing **Cross-Claimants American Bakers Association Retirement Plan's and Board of Trustees' Memorandum in Opposition to PBGC's Motion for Protective Order** and **Proposed Order** have been served on the following parties this 24th day of May, 2007, as indicated below:

*VIA ELECTRONIC FILING:*

M. Miller Baker
Sarah E. Hancur
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8233

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
(312) 984-3606

**Attorneys for Plaintiff Sara Lee Corp.**

Edward J. Meehan
David E. Carney
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., NW
Washington, DC 20005
(202) 371-7000

Amanda S. Williamson
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 407-0700

Carol Connor Flowe
Arent Fox, LLP
1050 Connecticut Ave., NW
Washington, DC 20036
(202) 857-6054

**On behalf of Third-Party Defendant Interstate Brands Corporation**

James Hamilton
Bingham McCutchen
2020 K Street, NW
Washington, DC  20006
(202) 373-6026

**On behalf of Third-Party Defendant American Bakers Association**

D. Christopher Ohly
Roger Pascal
Schiff Hardin LLP
1666 K Street, NW  Suite 300
Washington, DC  20006
(202) 778-6400

Sonia Macias Steele
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606
(312) 258-5500

**On behalf of Third-Party Defendant Lewis Brothers Bakery**

Lonie A. Hassel
Groom Law Group
1701 Pennsylvania Ave., NW
Washington, DC  20006
(202) 857-0620

**On behalf of Third-Party Defendant Harris Baking Co.**

Israel Goldowitz, Chief Counsel
Charles Finke, Deputy Chief Counsel
Michael Mora, Assistant Chief Counsel
Paula Connelly, Assistant Chief Counsel
Marc Pfeuffer, Attorney
Mark Blank, Attorney
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington,  DC  20005

**On behalf of Defendant Pension Benefit Guaranty Corporation**

*The following individuals have been served VIA FIRST CLASS MAIL:*

James R. Kettering, Jr.
President
Kettering Baking Co.
729 Coleman Avenue
Fairmont, WV  26554

**On behalf of Third-Party Defendant Kettering Baking Co.**

Bernard Baker
President
Jenny Lee Bakery, Inc.
620 Island Avenue
McKees Rock, PA  15136

**On behalf of Third-Party Defendant Jenny Lee Bakery, Inc.**

/s/ Edward R. Mackiewicz
Edward R. Mackiewicz
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel:  (202) 429-3000
Fax: (202) 429-3902