## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; and PENSION BENEFIT GUARANTY CORPORATION, <br><br> Defendants. | Case No. 06-CV-0819 (HHK/JMF) <br><br> Hon. Henry H. Kennedy, Jr. <br> Magistrate Judge John M. Facciola <br><br> **DECLARATION OF** <br> **ANNE H.S. FRASER, ESQ.** |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan, <br><br> Third Party Plaintiffs, Counterclaimants, and Cross-Claimants, <br><br> v. <br><br> SARA LEE CORPORATION, <br><br> Respondent, <br><br> PENSION BENEFIT GUARANTY CORPORATION, <br><br> Cross-Defendant, and <br><br> KETTERING BAKING COMPANY, INTERSTATE BRANDS CORPORATION, LEWIS BROS. BAKERIES, INC. HARRIS BAKING CO., INC., AMERICAN BAKERS ASSOCIATION, and JENNY LEE BAKERY, INC., <br><br> Third-Party Defendants. | |

## DECLARATION OF ANNE H.S. FRASER, ESQ.

1. I am an attorney at the firm of Anne H.S. Fraser, P.C. and am counsel to the American Bakers Association Retirement Plan ("Plan" or "ABA Plan") and its Board of Trustees ("Board").

2. I submit this Declaration in support of Cross-Claimants American Bakers Association Retirement Plan's and Board of Trustees' Memorandum in Opposition to PBGC's Motion for Summary Judgment.

3. Submitted herewith are true and correct copies of the following:

| Exhibit | Description |
|---|---|
| A | Excerpts from Transcript of Emergency Motion for Temporary Restraining Order and Preliminary Injunction Before the Honorable Jerry W. Venters, Chief United States Bankruptcy Judge, hearing held Dec. 29, 2005, filed Jan. 4, 2006, in *In re: Interstate Bakeries Corporation, et al.*, Case No. 04-45814-jwv (Bankr. W.D. Mo.) |
| B | Plan records of correspondence concerning requests for terminations of single employer plans within the Plan |
| C | The Segal Company Surveys, dated Spring 2003, Spring 2004, Spring 2005, and 2005<br><br>*Available at:* http://www.segalco.com/taft/pub-taft.cfm?Subcategory=Survey |

4. On September 1, 2005, in response to my letter to him of July 18, 2005 (AR 342), Mark Blank advised me in a telephone conversation that the Pension Benefit Guaranty Corporation ("PBGC") was doing a "2-step thing" in regard to the Interstate Brands Corporation ("IBC") reconsideration request, deciding first whether, as a policy matter, PBGC would proceed to re-examine a prior decision, and secondly, if so, what the outcome would be. At this time he

told me that Michael Lawson, attorney for IBC and a former colleague of Mr. Blank at PBGC, had been calling him almost every week. Mr. Lawson and I were ourselves in contact during this period trying to find out when PBGC would act on IBC's reconsideration request. I responded to Mr. Blank that the Plan objected to any *ex parte* communications by IBC and I stated to him that I hoped PBGC was keeping a record of those calls. During the weeks preceding this call, IBC was questioning our calculations and data, and had hired an expert in forensic accounting, John Garvey of Chicago Partners, who was continually seeking information from the Plan. Mark Blank stated to me in this call on September 1, 2005, that Michael Lawson had told him that IBC had information about the Plan they wanted to "share" resulting from the Garvey inquiry and that I "should know about." This could only be Mr. Garvey's conclusions or opinions since we had provided Mr. Garvey the Plan's factual information, of which I already had knowledge, and the only possible reason that I "should know" about whatever Mr. Lawson was referring to was that it would affect the Plan's position before the PBGC. When I asked Mr. Blank what the information was, Mr. Blank told me that I should ask Mr. Lawson. When I later complained to Mr. Lawson about this communication to Mark Blank, that implied some finding by Mr. Garvey of some error or wrongdoing by the Plan, he denied any substantive communications with Mr. Blank.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing information is true and correct, based upon my knowledge, information and belief.

                                              /s/ Anne H.S. Fraser_____

Dated: May 24, 2007