Form **5500-C/R**
Department of the Treasury
Internal Revenue Service

Department of Labor
Pension and Welfare Benefits Administration

Pension Benefit Guaranty Corporation

## Return/Report of Employee Benefit Plan
### (With fewer than 100 participants)
This form is required to be filed under sections 104 and 4065 of the Employee
Retirement Income Security Act of 1974 and sections 6039D, 6047(e),
6057(b), and 6058(a) of the Internal Revenue Code.
▶ See separate instructions.

OMB Nos. 1210-0016
1210-0089

**1996**

This Form is Open
to Public Inspection.

For the calendar plan year 1996 or fiscal plan year beginning **OCTOBER 1, 1996**, and ending **SEPTEMBER 30, 1997**

|  |  |
|---|---|
| If A(1) through A(4), B, C, and/or D do not apply to this year's return/report, leave the boxes unmarked. You must check either box A(5) or A(6), whichever is applicable. See instructions. | For IRS Use Only EP-ID |

A   This return/report:

(1) ☐ the first return/report filed for the plan;

(2) ☐ an amended return/report;

(3) ☐ the final return/report filed for the plan; or

(4) ☐ a short plan year return/report (less than 12 months).

(5) Form 5500-C filer check here . . . . . . . . ☐
(Complete only pages 1 and 3 through 8.) (Code section 6038D filers see instructions on page 3.)

(6) Form 5500-R filer check here . . . . . . . . ☒
(Complete only pages 1 and 2. Detach pages 3 through 8 before filing.) If you checked box (1) or (3), you must file a Form 5500-C. (See page 8 of the instructions.)

IF ANY INFORMATION ON A PREPRINTED PAGE 1 IS INCORRECT, CORRECT IT. IF ANY INFORMATION IS MISSING, ADD IT. PLEASE USE RED INK WHEN MAKING THESE CHANGES AND INCLUDE THE PREPRINTED PAGE 1 WITH YOUR COMPLETED RETURN/REPORT.

B   Check here if any information reported in 1a, 2a, 2b, or 5a changed since the last return/report for this plan . . . . . . . ▶ ☐

C   If your plan year changed since the last return/report, check here . . . . . . . . . . . . . . . . . . . . . ▶ ☐

D   If you filed for an extension of time to file this return/report, check here and attach a copy of the approved extension . . . . . ▶ ☐

| 1a Name and address of plan sponsor (employer, if for a single–employer plan) (Address should include room or suite no.) | 1b Employer identification number (EIN) 76 : 0355526 |
|---|---|
| Gulf Coast Distributors, Inc. 1301 White Street Houston, TX 77007 | 1c Sponsor's telephone number (713) 866-6325 |
| | 1d Business code (see instructions, page 17) 5140 |
| | 1e CUSIP issuer number N/A |
| 2a Name and address of plan administrator (if same as plan sponsor, enter "Same") WTR OF NEW YORK, LLC d/b/a WTR CONSULTING GROUP (formerly ADP Bft Svcs) 630 Third Avenue New York, NY 10017 | 2b Administrator's EIN 13 : 3957875 |
| | 2c Administrator's telephone number (212) 949-1344 |

3   If you are filing this page without the preprinted historical plan information and the name, address, and EIN of the plan sponsor or plan administrator has changed since the last return/report filed for this plan, enter the information from the last return/report on lines 3a and/or 3b and complete line 3c.

a   Sponsor _____ EIN _____ Plan number _____

b   Administrator   ADP Benefit Services, 630 Third Avenue, New York, NY 10017   EIN   22-3339704

c   If line 3a indicates a change in the sponsor's name, address, and EIN, is this a change in sponsorship only? (See line 3c on page 8 of the instructions for the definition of sponsorship.) Enter "Yes" or "No." ▶

4   ENTITY CODE. (If not shown, enter applicable code from page 8 of the instructions.) ▶   F

| 5a Name of plan ▶ AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN | 5b Effective date of plan (mo., day, yr.) 10/01/61 |
|---|---|
| | 5c Three-digit plan number ▶ 001 |

All filers must complete 6a through 6d, as applicable.

6a ☐ Welfare benefit plan       6b ☒ Pension benefit plan

(If the correct codes are not preprinted below, enter the applicable codes from page 8 of the instructions in the boxes.)

| 1 |  |  |  |  |
|---|---|---|---|---|

6c   Pension plan features. (If the correct codes are not preprinted below, enter the applicable pension plan feature codes from page 8 of the instructions in the boxes.)

|  |  |  |  |  |
|---|---|---|---|---|

6d ☐ Fringe benefit plan. Attach Schedule F (Form 5500). See instructions.

Caution: A penalty for the late or incomplete filing of this return/report will be assessed unless reasonable cause is established.

Under penalties of perjury and other penalties set forth in the instructions, I declare that I have examined this return/report, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature of employer/plan sponsor ▶ _____   Date ▶ 4/15/98

Type or print name of individual signing above   Robert L. Boblitt

Signature of plan administrator ▶ _____   Date ▶ 4/15/98

Type or print name of individual signing above   Robert L. Boblitt

For Paperwork Reduction Act Notice, see page 1 of the instructions.        MGA        Form **5500-C/R** (1996)

Indiv Employer contribs are avail to pay bfts to all partic's except on term/Each Employer's contribs pay bfts to only their own indiv employees

Form 5500-C/R (1996)    Form 5500-R filers, complete pages 1 and 2 only. Form 5500-C filers, complete page 1, skip page 2, and complete pages 3 through 6.    Page **2**

| | | | Yes | No |
|---|---|---|---|---|
| 6e | Check investment arrangement(s): (1) ☐ Master trust    (2) ☐ Common/Collective trust    (3) ☒ Pooled separate account | | | |
| 7a | Total participants: (1) At the beginning of plan year ▶ _____0_____    (2) At the end of plan year ▶ _____0_____ | | | |
| b | Enter number of participants with account balances at the end of the plan year (defined benefit plans do not complete this item) ▶ | | | |
| c | (1) Were any participants in the pension benefit plan separated from service with a deferred vested benefit for which a Schedule SSA (Form 5500) is required to be attached? (See instructions.) | 7c(1) | N | A |
| | (2) If "Yes," enter the number of separated participants required to be reported ▶ | | | |
| 8a | Was this plan terminated during this plan year or any prior plan year? If "Yes," enter the year ▶ | 8a | | X |
| b | Were all the plan assets either distributed to participants or beneficiaries, transferred to another plan, or brought under the control of PBGC? | 8b | | X |
| c | If line 8a is "Yes" and the plan is covered by PBGC, is the plan continuing to file PBGC Form 1 and pay premiums until the end of the plan year in which assets are distributed or brought under the control of PBGC? | 8c | | |
| 9 | Is this a plan established or maintained pursuant to one or more collective bargaining agreements? | 9 | | |
| 10 | If any benefits are provided by an insurance company, insurance service, or similar organization, enter the number of Schedules A (Form 5500). Insurance information, that are attached. If none, enter –0–. ▶ | | | |
| 11a | (1) Were any plan amendments adopted during this plan year? | 11a(1) | | |
| | (2) Enter the date the most recent amendment was adopted ▶ Month _____ Day _____ Year _____ | | | |
| b | If line 11a is "Yes," did any amendment result in a retroactive reduction of accrued benefits for any participant? | 11b | | |
| c | If line 11a is "Yes," did any amendment change the information contained in the latest summary plan description or summary description of modifications available at the time of the amendment? | 11c | | |
| d | If line 11c is "Yes," has a summary plan description or summary description of modifications that reflect the plan amendments referred to on line 11c been both furnished to participants and filed with the Department of Labor? | 11d | | |
| 12a | If this is a pension benefit plan subject to the minimum funding standards, has the plan experienced a funding deficiency for this plan year? (See instructions.) | 12a | | |
| b | If line 12a is "Yes," have you filed Form 5330 to pay the excise tax? | 12b | | |
| c | Is the plan administrator making an election under section 412(c)(8) for an amendment adopted after the end of the plan year? (See instructions.) | 12c | | |
| d | If a change in the actuarial funding method was made for the plan year pursuant to a Revenue Procedure providing automatic approval for the change, indicate whether the plan sponsor/administrator agrees to the change ▶ | 12d | | |
| 13a | Total plan assets as of the beginning _____ and end _____ of the plan year | | | |
| b | Total liabilities as of the beginning _____ and end _____ of the plan year | | | |
| c | Net assets as of the beginning _____ and end ▶ _____ of the plan year | | | |
| 14 | For this plan year, enter: a Plan income _____    d Plan contributions _____ | | | |
| | b Expenses _____    e Total benefits paid _____ | | | |
| | c Net income (loss) (subtract 14b from 14a) _____ | | | |

| 15 | You may NOT use N/A in response to lines 15a through 15o. If you check "Yes," you must enter a dollar amount in the amount column. During this plan year: | | Yes | No | Amount |
|---|---|---|---|---|---|
| a | Was this plan covered by a fidelity bond? | 15a | | | |
| b | If line 15a is "Yes," enter the name of the surety company ▶ | 15b | | | |
| c | Was there any loss to the plan, whether or not reimbursed, caused by fraud or dishonesty? | 15c | | | |
| d | Was there any sale, exchange, or lease of any property between the plan and the employer, any fiduciary, any of the five most highly paid employees of the employer, any owner of a 10% or more interest in the employer, or relatives of any such persons? | 15d | | | |
| e | Was there any loan or extension of credit by the plan to the employer, any fiduciary, any of the five most highly paid employees of the employer, any owner of a 10% or more interest in the employer, or relatives of any such persons? | 15e | | | |
| f | Did the plan acquire or hold any employer security or employer real property? | 15f | | | |
| g | Has the plan granted an extension on any delinquent loan owed to the plan? | 15g | | | |
| h | Were any participant contributions transmitted to the plan more than 31 days after receipt or withholding by the employer? | 15h | | | |
| i | Were any loans by the plan or fixed income obligations due the plan classified as uncollectible or in default as of the close of the plan year? | 15i | | | |
| j | Has any plan fiduciary had a financial interest in excess of 10% in any party providing services to the plan or received anything of value from any such party? | 15j | | | |
| k | Did the plan at any time hold 20% or more of its assets in any single security, debt, mortgage, parcel of real estate, or partnership/joint venture interests? | 15k | | | |
| l | Did the plan at any time engage in any transaction or series of related transactions involving 20% or more of the current value of plan assets? | 15l | | | |
| m | Were there any noncash contributions made to the plan the value of which was set without an appraisal by an independent third party? | 15m | | | |
| n | Were there any purchases of nonpublicly traded securities by the plan the value of which was set without an appraisal by an independent third party? | 15n | | | |
| o | Has the plan reduced or failed to provide any benefit when due under the plan because of insufficient assets? | 15o | | | |

| 16a | Is the plan covered under the Pension Benefit Guaranty Corporation termination insurance program? ☐ Yes    ☐ No    ☐ Not determined | | | |
|---|---|---|---|---|
| | If line 16a is "Yes" or "Not determined," enter the employer identification number and the plan number used to identify it. | | | |
| | Employer identification number ▶    Plan number ▶ | | | |

| SCHEDULE B (Form 5500) | **Actuarial Information** | OMB No. 1210-0016 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | This schedule is required to be filed under section 104 of the Employee Retirement Income Security Act of 1974, referred to as ERISA, except when attached to Form 5500-EZ and, in all cases, under section 6059(a) of the Internal Revenue Code, referred to as the Code. | **1996** |
| Department of Labor Pension and Welfare Benefits Administration Pension Benefit Guaranty Corporation | ▶ Attach to Form 5500, 5500-C/R, or 5500-EZ if applicable. ▶ See separate instructions. | This Form is Open to Public Inspection (except when attached to Form 5500-EZ) |

For calendar plan year 1996 or fiscal plan year beginning    October 1, 1996, and ending    September 30, 19 97

▶ **If an item does not apply, enter "N/A."** ▶ **Round off amounts to nearest dollar.**

▶ **Caution:** A penalty of $1,000 will be assessed for late filing of this report unless reasonable cause is established.

| A    Name of employer/plan sponsor as shown on line 1a of Form 5500, 5500-C/R, or 5500-EZ | B  Employer Identification number |
|---|---|
| | 52 \| 6119972 |

| C    Name of plan | D    Three-digit plan number ▶ | 0 | 0 | 1 |
|---|---|---|---|---|
| American Bakers Association Retirement Plan | | | | |

E    Type of plan:    (1) ☐ Single employer    (2) ☐ Multiemployer    (3) ☒ Multiple employer    F ☐ 100 or fewer participants in prior plan year

## Part I    Basic Information (To be completed by all plans)

| | | | | | |
|---|---|---|---|---|---|
| 1a | Enter the actuarial valuation date: | Month 10    Day 1    Year 96 | | | |
| b | Assets: | | | | |
| | (1) | Current value of assets | | b(1) | 99,249,487 |
| | (2) | Actuarial value of assets for funding standard account | | b(2) | 84,339,890 |
| c | (1) | Accrued liability for plans using immediate gain methods | | c(1) | 86,564,051 |
| | (2) | Information for plans using spread gain methods: | | | |
| | | (a)    Unfunded liability for methods with bases | | c(2)(a) | N/A |
| | | (b)    Accrued liability under entry age normal method | | c(2)(b) | N/A |
| | | (c)    Normal cost under entry age normal method | | c(2)(c) | N/A |
| d | Information on current liabilities of the plan: | | | | |
| | (1) | Amount excluded from current liability attributable to pre-participation service (see instructions) | | d(1) | 0 |
| | (2) | "RPA '94" information: | | | |
| | | (a)    Current liability | | d(2)(a) | 76,438,277 |
| | | (b)    Expected increase in current liability due to benefits accruing during the plan year | | d(2)(b) | 1,610,526 |
| | | (c)    Current liability computed at highest allowable interest rate (see instructions) | | d(2)(c) | 76,438,277 |
| | | (d)    Expected release from "RPA '94" current liability for the plan year | | d(2)(d) | N/A |
| | (3) | "OBRA '87" information: | | | |
| | | (a)    Current liability | | d(3)(a) | 75,149,091 |
| | | (b)    Expected increase in current liability due to benefits accruing during the plan year | | d(3)(b) | 1,566,493 |
| | | (c)    Expected release from "OBRA '87" current liability for the plan year | | d(3)(c) | N/A |
| | (4) | Expected plan disbursements for the plan year | | d(4) | 3,791,904 |

**Statement by Enrolled Actuary** (see instructions before signing)

To the best of my knowledge, the information supplied in this schedule and on the accompanying statements, if any, is complete and accurate, and in my opinion each assumption used in combination, represents my best estimate of anticipated experience under the plan. Furthermore, in the case of a plan other than a multiemployer plan, each assumption used (a) is reasonable (taking into account the experience of the plan and reasonable expectations) or (b) would, in the aggregate, result in a total contribution equivalent to that which would be determined if each such assumption were reasonable. In the case of a multiemployer plan, the assumptions used, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations).

| Signature of actuary | Date  April 19, 1998 |
|---|---|
| Robert D. Krinsky A.S.A., M.A.A.A. Print or type name of actuary | G  9 6 — 0 6 1 8 Most recent enrollment number |
| The Segal Company Firm name | (212) 251-5000 Telephone number (including area code) |
| One Park Avenue, New York NY 10016-5895 Address of the firm | |

If the actuary has not fully reflected any regulation or ruling promulgated under the statute in completing this schedule, check the box and see instructions    ☐

For Paperwork Reduction Act Notice, see the Instructions for Form 5500, 5500-C/R or 5500-EZ.        MGA        Schedule B (Form 5500) 1996

Schedule B (Form 5500) 1996                                                                      Page 2

| 2 | Operational information as of beginning of this plan year: | | | | |
|---|---|---|---|---|---|
| a | Current value of the assets (see instructions) . . . . . . . . . . | | 2a | | 99,505,246 |

| b | "RPA '94" current liability: | (1) No. of Persons | (2) Vested Benefits | (3) Total Benefits |
|---|---|---|---|---|
| (1) | For retired participants and beneficiaries receiving payments . . | 870 | 33,438,479 | 33,438,479 |
| (2) | For terminated vested participants . . . . . . . . . | 1,508 | 14,181,060 | 14,181,060 |
| (3) | For active participants . . . . . . . . . . | 2,471 | 27,984,613 | 28,818,738 |
| (4) | Total . . . . . . . . . . | 4,849 | 75,604,152 | 76,438,277 |

| c | If the percentage resulting from dividing line 2a by line 2b(4), column (3), is less than 70%, enter such percentage . . . . . . . . . . | 2c | N | A | % |
|---|---|---|---|---|---|

**3** Contributions made to the plan for the plan year by employer(s) and employees:

| (a) Month–Day–Year | (b) Amount paid by employer | (c) Amount paid by employees | (a) Month–Day–Year | (b) Amount paid by employer | (c) Amount paid by employees |
|---|---|---|---|---|---|
| | 1,653,435* | | | | |
| | 255,759** | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | 3 Totals ▶ (b) | 1,909,194 | (c) 0 |

**4** Quarterly contributions and liquidity shortfall(s):

| a | Plans other than multiemployer plans, enter funded current liability percentage for preceding year (see instructions) . . . . . . . | 4a | 1 | 1 | 9 | 8 | % |
|---|---|---|---|---|---|---|---|

b  If line 4a is less than 100%, see instructions, and complete the following table as applicable:

| Liquidity shortfall as of end of Quarter of this plan year | | | |
|---|---|---|---|
| (1)  1st | (2)  2nd | (3)  3rd | (4)  4th |
| N/A | N/A | N/A | N/A |

**5** Actuarial cost method used as the basis for this plan year's funding standard account computation:

| a ☐ Attained age normal | b ☒ Entry age normal | c ☐ Accrued benefit (unit credit) |
|---|---|---|
| d ☐ Aggregate | e ☐ Frozen initial liability | f ☐ Individual level premium |
| g ☐ Individual aggregate | h ☐ Other (specify) ▶ -------------------------- | |

| i | Has a change been made in funding method for this plan year? . . . . . . . . | ☐ Yes | ☒ No |
|---|---|---|---|
| j | If line i is "Yes," was the change made pursuant to Revenue Procedure 95–51? . . . . | ☐ Yes | ☒ No |
| k | If line i is "Yes," and line j is "No" enter the date of the ruling letter (individual or class) approving the change in funding method . . . . .  Month . . .  Day . . .  Year | | |

**6** Checklist of certain actuarial assumptions:

| a | Interest rates for: | | | | |
|---|---|---|---|---|---|
| (1) | "RPA '94" current liability . . . . . . . . . . | a(1) | 7 | 4 | 7 | % |
| (2) | "OBRA '87" current liability . . . . . . . . | a(2) | 7 | 4 | 7 | % |
| b | Weighted average retirement age . . . . . . . | 6b | 62 | | | |

| | | Pre-retirement | | Post-retirement | |
|---|---|---|---|---|---|
| c | Rates specified in insurance or annuity contracts . . . . | 6c ☐ Yes | ☒ No | ☐ Yes | ☒ No |
| d | Mortality table code for valuation purposes: | | | | |
| (1) | Males . . . . . | d(1) | 7 | | 7 | |
| (2) | Females . . . . . | d(2) | 7F | | 7F | |
| e | Valuation liability interest rate . . . . | 6e | 7 0 0 % | | 7 0 0 % | |
| f | Expense loading . . . . . | 6f | 5 0 6 % | | 0 0 % | |

| | | Male | | Female | |
|---|---|---|---|---|---|
| g | Annual withdrawal rates: | | | | |
| (1) | Age 25 . . . . . | g(1) | S 4 1 2 0 % | | S 4 1 2 0 % | |
| (2) | Age 40 . . . . . | g(2) | S 2 6 2 0 % | | S 2 6 2 0 % | |
| (3) | Age 55 . . . . . | g(3) | S 2 1 0 0 % | | S 2 1 0 0 % | |
| h | Salary scale . . . . . | 6h | N A % | | N A % | |
| i | Estimated investment return on actuarial value of assets for the year ending on the valuation date | 6i | 1 0 1 1 % | | | |

* See Attachment.

Schedule B (Form 5500) 1996

Page **3**

**7** New amortization bases established in the current plan year:

| (1) Type of Base | (2) Initial Balance | (3) Amortization Charge/Credit |
|---|---|---|
| 1 | (755,297) | (172,159) |
| 3 | 1,361,603 | 102,548 |
| | | |
| | | |
| | | |
| | | |
| | | |

**8** Miscellaneous information:

**a** If a waiver of a funding deficiency or an extension of an amortization period has been approved for this plan year, enter the date of the ruling letter granting the approval . . . . . . . . . . . . . . . . Month . . . . . . . Day . . . . . . . Year . . . . . . .

**b** If one or more alternative methods or rules (as listed in the instructions) were used for this plan year, enter the appropriate code in accordance with the instructions ▶ . . . . . . . . . . . . . . . . . .

**c** Is the plan required to provide a Schedule of Active Participant Data? (see instructions) . . . . . . . . . . . ☒ Yes   ☐ No
If "Yes," attach schedule.

**9** Funding standard account statement for this plan year:

**Charges to funding standard account:**

| | | | | |
|---|---|---|---|---|
| **a** | Prior year funding deficiency, if any . . . . . . . . . . . . . . . . . . | | 9a | 0 |
| **b** | Employer's normal cost for plan year as of valuation date . . . . . . . . . | | 9b | 1,785,265 |
| **c** | Amortization charges as of valuation date: | Outstanding Balance | | |
| | (1)   All bases except funding waivers . . . . . . . . . ▶ ($ 50,293,565 ) | | c(1) | 6,039,292 |
| | (2)   Funding waivers . . . . . . . . . . . . . ▶ ($ 0 ) | | c(2) | 0 |
| **d** | Interest as applicable on lines 9a, 9b, and 9c . . . . . . . . . . . | | 9d | 547,719 |
| **e** | Additional interest charge due to late quarterly contributions, if applicable | | 9e | N/A |
| **f** | Additional funding charge from Part II, line 12u, if applicable . . . . . | | 9f | 0 |
| **g** | Total charges. Add lines 9a through 9f . . . . . . . . . . . . . | | 9g | 8,372,276 |

**Credits to funding standard account:**

| | | | | |
|---|---|---|---|---|
| **h** | Prior year credit balance, if any . . . . . . . . . . . . . . | | 9h | 22,253,698 |
| **i** | Employer contributions. Total from column (b) of line 3 . . . . . . | | 9i | 1,909,194 |
| **j** | Amortization credits as of valuation date . . . . . . . ▶ ($ 25,815,706 ) | Outstanding Balance | 9j | 6,537,069 |
| **k** | Interest as applicable to end of plan year on lines 9h, 9i, and 9j . . . | | 9k | 2,076,608 |
| **l** | Full funding limitation (FFL) and credits | | | |
| | (1)   ERISA FFL (accrued liability FFL) . . . . . . . . l(1) | 28,080,542 | | |
| | (2)   "OBRA '87" FFL (150% current liability FFL) . . . l(2) | 55,882,456 | | |
| | (3)   "RPA '94" override (90% current liability FFL) . . l(3) | 0 | | |
| | (4)   FFL credit before reflecting "OBRA '87" FFL . . . . . . . | | l(4) | 0 |
| | (5)   Additional credit due to "OBRA '87" FFL . . . . . . . . | | l(5) | 0 |
| **m** | (1)   Waived funding deficiency . . . . . . . . . . . . | | m(1) | 0 |
| | (2)   Other credits . . . . . . . . . . . . . . . . | | m(2) | 0 |
| **n** | Total credits. Add lines 9k through 9k, 9l(4), 9l(5), 9m(1), and 9m(2) . | | 9n | 32,776,569 |
| **o** | Credit balance: If line 9n is greater than line 9g, enter the difference . | | 9o | 24,404,293 |
| **p** | Funding deficiency: If line 9g is greater than line 9n, enter the difference . | | 9p | 0 |

**Reconciliation account:**

| | | | | |
|---|---|---|---|---|
| **q** | Current year's accumulated reconciliation account: | | | |
| | (1)   Due to additional funding charges as of the beginning of the plan year | q(1) | N/A | |
| | (2)   Due to additional interest charges as of the beginning of the plan year | q(2) | N/A | |
| | (3)   Due to waived funding deficiencies: | | | |
| | (a)   Reconciliation outstanding balance as of valuation date . . | q(3)(a) | N/A | |
| | (b)   Reconciliation amount. Line 9c(2) balance minus line 9q(3)(a) . | q(3)(b) | 0 | |
| | (4)   Total as of valuation date . . . . . . . . . . . ▶ | | q(4) | 0 |

**10** Contribution necessary to avoid an accumulated funding deficiency. Enter the amount in line 9p or the amount required under the alternative funding standard account if applicable . . . . . . . . . | 10 | 0

**11** Has a change been made in the actuarial assumptions for the current plan year? If "Yes," see instructions.   ☒ Yes   ☐ No

Schedule B (Form 5500) 1996                                                                                              Page **4**

## Part II    Additional Information for Certain Plans Other Than Multiemployer Plans

Please refer to **Who Must File** on page 1 of the instructions to determine if you must complete Part II.

**12**  Additional required funding charge (see instructions):

  **a**  Enter "Gateway %." Divide line 1b(2) by line 1d(2)(c) and multiply by 100.

    If line 12a is at least 90%, go to line 12u and enter –0–.

    If line 12a is less than 80%, go to line 12b.

    If line 12a is at least 80% (but less than 90%), see instructions and, if applicable, enter the appropriate plan years and condition codes and go to line 12u and enter –0–. Otherwise, go to line 12b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  **12a** | 1 | 1 | 0 | . | 3 | % |

| Plan Year | Condition Code |
|-----------|----------------|
| 199___    |                |
| 199___    |                |

  **b**  "RPA '94" current liability. Enter line 1d(2)(a) . . . . . . . . . . . . . . . . .  **12b**

  **c**  Adjusted value of assets (see instructions) . . . . . . . . . . . . . . . . . . .  **12c**

  **d**  Funded current liability percentage. Divide line 12c by 12b and multiply by 100 . . . .  **12d** | | | | | % |

  **e**  Unfunded current liability. Subtract line 12c from line 12b . . . . . . . . . . . .  **12e**

  **f**  Liability attributable to any unpredictable contingent event benefit . . . . . . . . .  **12f**

  **g**  Outstanding balance of unfunded old liability . . . . . . . . . . . . . . . . . .  **12g**

  **h**  Unfunded new liability. Subtract the total of lines 12f and 12g from line 12e. Enter –0– if negative  **12h**

  **i**  Unfunded new liability amount ( | | | | | % of line 12h) . . . . . . . . .  **12i**

  **j**  Unfunded old liability amount . . . . . . . . . . . . . . . . . . . . . . . .  **12j**

  **k**  Deficit reduction contribution. Add lines 12i, 12j, and 1d(2)(b) . . . . . . . . . . .  **12k**

  **l**  Net charges in funding standard account used to offset the deficit reduction contribution. Enter a negative number if less than zero . . . . . . . . . . . . . . . . . . . . . .  **12l**

  **m**  Unpredictable contingent event amount:

    (1)  Benefits paid during year attributable to unpredictable contingent event   **m(1)**

    (2)  Unfunded current liability percentage. Subtract the percentage on line 12d from 100% . . . . . . . . . . . . .   **m(2)** | | | | % |

    (3)  Transition percentage . . . . . . . . . . . . . . . .   **m(3)** | 5 | 0 | . | 0 | 0 | % |

    (4)  Enter the product of lines 12m(1), 12m(2), and 12m(3) . .   **m(4)**

    (5)  Amortization of all unpredictable contingent event liabilities . . .   **m(5)**

    (6)  "RPA '94" additional amount (see instructions) . . . .   **m(6)**

    (7)  Enter the greatest of lines 12m(4), 12m(5), or 12m(6).  . . . . . . . . . . . .  **m(7)**

    **Preliminary Calculation**

  **n**  Preliminary additional funding charge: Enter the excess of line 12k over line 12l (if any), plus line 12m(7), adjusted to end of year with interest . . . . . . . . . . . . . . . . .  **12n**

  **o**  Contributions needed to increase current liability percentage to 100% (see instructions) . . . . .  **12o**

  **p**  Enter the lesser of line 12n or 12o. Also, enter the result on line 12t if the employer did not elect for 1995 to use the Optional rule under Code section 412(l)(3)(E) and does not elect for 1996 to use the Transition rule under Code section 412(l)(11) . . . . . . . . . . . . . . . . .  **12p**

    **Final Calculation** (complete line 12q, 12r, or 12s, as applicable, and lines 12t and 12u)

  **q**  If the employer elects to use the Transition rule for 1996, but did not elect for 1995 to use the Optional rule, complete line 14 and enter the lesser of line 12p or 14e here and on line 12t .  **12q**

  **r**  If the employer elected for 1995 to use the Optional rule, but does not elect for 1996 to use the Transition rule, complete line 13 and enter the greater of line 12p or 13q here and on line 12t .  **12r**

  **s**  If the employer elected for 1995 to use the Optional rule and elects to use the Transition rule for 1996, enter the lesser of (1) the greater of line 12p or 13q, or (2) line 14e. Also, enter on line 12t  **12s**

  **t**  Additional funding charge prior to adjustment . . . . . . . . . . . . . . . . . .  **12t**

  **u**  Adjusted additional funding charge. ( | | | | | 0 | % of line 12t). . . . . . . . . . . .  **12u**  |  0

Schedule B (Form 5500) 1994

| | | | |
|---|---|---|---|
| **13** | Additional funding charge under prior law (see instructions): | | |
| **a** | "OBRA '87" current liability. Enter line 1d(3)(a) . . . . . . . . . . | 13a | |
| **b** | Adjusted value of assets (see instructions) . . . . . . . . . . . | 13b | |
| **c** | Funded current liability percentage. Divide line 13b by line 13a and multiply by 100 . . . . | 13c | \| . \| . \|  % |
| **d** | Unfunded current liability. Subtract line 13b from line 13a . . . . . . . | 13d | |
| **e** | Outstanding balance of unfunded old liability . . . . . . . . . . | 13e | |
| **f** | Liability attributable to any unpredictable contingent event benefit . . . . . | 13f | |
| **g** | Unfunded new liability. Subtract the total of lines 13e and 13f from line 13d . . . . | 13g | |
| **h** | Unfunded new liability amount ( \| . \| . \| % of line 13g) . . . . . . | 13h | |
| **i** | Unfunded old liability amount . . . . . . . . . . . . . . . | 13i | |
| **j** | Deficit reduction contribution. Add lines 13h and 13i . . . . . . . . | 13j | |
| **k** | Net amortization charge for certain bases . . . . . . . . . . . | 13k | |
| **l** | Unpredictable contingent event amount: | | |

| | | | |
|---|---|---|---|
| | (1) Benefits paid during year attributable to unpredictable contingent event | l(1) | |
| | (2) Unfunded current liability percentage. Subtract the percentage on line 13c from 100% . . . . . . . . . . . | l(2) \| . \| . \| % | |
| | (3) Transition percentage . . . . . . . . . . . . . . | l(3) 5 0 \| . \| 0 0 % | |
| | (4) Enter the product of lines 13l(1), 13l(2), and 13l(3) . . . . . | l(4) | |
| | (5) Amortization of all unpredictable contingent event liabilities . . . | l(5) | |
| | (6) Enter the greater of line 13l(4) or line 13l(5) . . . . . . . | l(6) | |

| | | | |
|---|---|---|---|
| **m** | Additional funding charge (excess of line 13j over line 13k (if any), plus line 13l(6)) . . . . | 13m | |
| **n** | Assets needed to increase current liability percentage to 100% (line 13d) . . . . | 13n | |
| **o** | Smaller of line 13m or line 13n . . . . . . . . . . . . . | 13o | |
| **p** | Interest adjustment . . . . . . . . . . . . . . . . . | 13p | |
| **q** | Additional funding charge. Add lines 13o and 13p . . . . . . . . | 13q | |
| **14** | Transition rule: | | |
| **a** | Initial funded current liability percentage. Enter the percentage from line 12d of the 1995 Schedule B here . . . . . . . . . . . . . . . . . | 14a | \| . \| \| % |
| **b** | Target percentage for transition rule (see instructions) . . . . . . . . | 14b | \| . \| \| % |
| **c** | Target amount (see instructions) . . . . . . . . . . . . . | 14c | |
| **d** | Enter the amount from line 13q here (additional funding charge under prior law) . . . . | 14d | |
| **e** | Additional funding charge under transition rule of Code section 412(l)(11): Enter the greater of line 14c or 14d . . . . . . . . . . . . . . . . . | 14e | |

Line 8c - Schedule of Active Participant Data

Number of Employees in Active Service in the Year Ended September 30, 1996
by Age and Years of Service

Total

| Age | Total | Years of service | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 - 4 | 5 - 9 | 10 - 14 | 15 - 19 | 20 - 24 | 25 - 29 | 30 - 34 | 35 - 39 | 40 and over | Un-known |
| Total . . . . . . . . . | 2,471 | 970 | 632 | 320 | 248 | 165 | 83 | 38 | 7 | 7 | 1 |
| 20 - 24 . . . . . . . . | 81 | 77 | 4 | - | - | - | - | - | - | - | - |
| 25 - 29 . . . . . . . . | 264 | 200 | 61 | 2 | - | - | - | - | - | - | 1 |
| 30 - 34 . . . . . . . . | 369 | 200 | 124 | 42 | 3 | - | - | - | - | - | - |
| 35 - 39 . . . . . . . . | 439 | 167 | 137 | 86 | 47 | 2 | - | - | - | - | - |
| 40 - 44 . . . . . . . . | 356 | 98 | 104 | 70 | 48 | 35 | 1 | - | - | - | - |
| 45 - 49 . . . . . . . . | 310 | 73 | 76 | 51 | 56 | 38 | 16 | - | - | - | - |
| 50 - 54 . . . . . . . . | 268 | 47 | 57 | 29 | 39 | 42 | 39 | 14 | 1 | - | - |
| 55 - 59 . . . . . . . . | 189 | 24 | 30 | 27 | 40 | 34 | 17 | 14 | 2 | 1 | - |
| 60 - 64 . . . . . . . . | 103 | 9 | 30 | 11 | 14 | 9 | 10 | 10 | 4 | 6 | - |
| 65 - 69 . . . . . . . . | 13 | 3 | 4 | 2 | - | 4 | - | - | - | - | - |
| 70 and over . . . . . . | 5 | 3 | 1 | - | 1 | - | - | - | - | - | - |
| Unknown . . . . . . . | 74 | 69 | 4 | - | - | 1 | - | - | - | - | - |

Note:  Excludes 536 employees with less than one year of service.
TSC_NY2:203331.1

ABA

Attachment to 1996 Schedule B for
American Bakers Association Retirement Plan
EIN/PN  52-6119972/001

## FOOTNOTES

\*       All contributions are paid periodically throughout the year.

\*\*      Contribution made in 1996 plan year for 1995 plan year.

The current liability interest rate was changed due to a change in the permissible
range and recognizing that any interest rate within the permissible range satisfies
the requirements of IRC Sections 412 (b)(5)(B) and 412 (l)(7)(c).

This valuation was based on the assumption that the plan was qualified for the
year and on information supplied by the auditor with respect to contributions and
assets and by the Fund Administrator with respect to the data required on
employees and pensioners.

TSC_NY2:203331.1

**NOTICE OF PLAN BENEFITS**
UNDER THE GULF COAST SNACKS DEFINED BENEFIT PENSION PLAN
SPONSORED BY THE AMERICAN BAKERS ASSOCIATION

TO:  L. Batley
FR:  Bob Boblitt
RE:  Termination of Gulf Coast Snacks/American Bakers Association
     Retirement Plan

In accordance with the requirements of Pension Benefit Guaranty Corp. regulations located at 29 C.F.R. Sec. 2617.24 which govern the termination of single employer pension plans, Gulf Coast Snacks, Inc., with the assistance of officials of the American Bakers Association Retirement Plan and Trust, wishes to provide you the following information concerning the termination of the Gulf Coast Snacks, Inc.'s participation in the American Bakers Association Retirement Plan:

1.   The name of the Plan which is terminating is the Gulf Coast Snacks,Inc./American Bakers Association Retirement Plan ("Plan"). The employer which sponsors the Plan is Gulf Coast Snacks, Inc. The Employer Identification Number of Gulf Coast Snacks, Inc., is 52-6119972.  The Plan Number of the terminating plan is 001.

2.   Please direct any questions about the benefits under the Plan or about the Plan termination should be addressed to Rita DiLorenzo at the following address and phone number during regular business hours (Eastern Standard Time):

     Ms. Rita DiLorenzo
     ADP/Benefit Services
     630 Third Avenue
     New York, NY, 10017
     tel. (212) 949-1344

No one other than the Plan's official representative is authorized to calculate benefits or make any interpretation of Plan provisions.

3.   The proposed termination date of the Plan is August 1, 1995, as stated in the Notice of Intent to Terminate the Plan sent by

1

certified mail to you on or about June 6, 1995.

4.   The Plan estimates the present value of all benefits due to you under the Plan to be: $2,023.88.  Because this amount is less than $3,500, under the terms of the Plan it will be paid to you in a lump sum on approval of the termination by Pension Benefit Guaranty Corporation, the government agency which oversees plan terminations.  There are no other benefit options available under the Plan for benefits valued at $3,500 or less.

PLEASE NOTE that these amounts are preliminary estimates only.  The benefits paid when the termination is complete may be greater than or less than the estimate.

5.   The benefits which would be payable to you at Normal Retirement Age under the Plan, when calculated as an annuity for your life, are estimated to be in the following amount: $59.10 per month.

This amount was calculated using the following information:

Years of Service:

| | |
|---|---|
| Prior to 10/1/91 | 2.00 |
| Since 10/1/91 | 2.25 |
| Employer contribution rate: | $8.00 |

Benefit multiplier:

| | |
|---|---|
| For service prior to 10/1/91 | 59 |
| For service since 10/1/91 | 57 |

Your monthly benefit on termination is calculated by multiplying your employer's contribution rate by the benefit multiplier, times 3%, times your years of Credited Service.  If at the time of termination you are age 47 and also have 15 years of service, 4% rather than 3% is used in this calculation.

Your date of birth:                 12/27/56

Please let us know right away if any of this information is incorrect.

6.   The earliest date on which benefit payments can commence under the Plan is the Participant's Normal or Early Retirement date (Age 65 or the date on which you have five years of participation in the Plan is Normal Retirement Age.  Early Retirement Date is the date

2

on which a Participant reaches age 55 with 10 years of Credited
Service or years Vesting Service with 15 years of employment in the
Plan). Early retirement benefits are reduced by a factor of one-
half of one percent for each month the retirement precedes age 65.
7.    The Plan "cashes out" benefits whose present value as of the
date of termination is $3,500 or less by a single payment to
Participants. This is permitted without the Participant's consent
and there are no other benefit options available. There are no
other lump sum payment options available under this Plan.  If the
present value of your benefit is over $3,500, you will shortly have
the chance to elect the form of your benefit on an application
which the Plan will provide to you. However, the Plan does not
itself pay the benefit in the event of termination. Rather, the
Plan Trustees use your benefit amount to purchase an annuity
contract for you which will pay benefits to you in the required
amount at a future date.
8.    The interest rate used to determine the "lump sum" value, in
today's dollars, of your future benefit payments, is 5 percent.
This present-day value of your benefits is determined by figuring
what amount of money, in today's dollars, if invested and earning
interest at the rate stated above, would earn enough money to pay
you the required benefit on the date in the future when it is due
to be paid to you. The higher the interest rate used, the smaller
the value of your benefit in today's dollars. It is possible that
the applicable interest rate, which is set by the federal
government, may change before an annuity is purchased for you.
This will affect the calculations of the present value of your
benefit, which, as noted above, is presently an estimate only.
    The present-day value of your benefit depends on certain
assumptions not only about what interest rates will be, but also
what your life expectancy is. Your life expectancy (and that of
your spouse, if you are married) has been determined:    (a)
according to the 1971 Group Annuity Mortality Table published by
the Society of Actuaries and adopted by the Board of Trustees of
the Plan for this purpose;  and (b) assuming your date of birth is

12/27/56.

9.    The Plan will send you the information necessary to elect the form of your benefits (or pay you a lump sum of $3,500 or less) as soon as the distribution of benefits is approved by the Pension Benefit Guaranty Corporation.  If you are married, your spouse may also need to join in the application.  In the meantime, if you need further information about this Plan, please contact Ms. DiLorenzo.


Dated: _____                    _____
                                                   GULF COAST SNACKS

AF\c:\wpwin\clfiles\aba\npb\batley.npb

4

**PBGC**
U.S. GOVERNMENT AGENCY
25 Years of
Pension Protection

**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

MAY 18 1999

PBGC Case Number: 18147000
Plan Name: American Bakers Association
Retirement Pension Plan

Mr. Robert Boblitt
Gulf Coast Snack, Inc.
P.O. 2743
Houston, TX 77252

Dear Mr. Boblitt:

We have completed our audit of the plan liabilities and the distribution of plan assets provided the participants of your pension plan. The plan actuary used the correct interest rate, however, he failed to use the participants' ages on their actual distribution date. Ms. Anne Fraser of the Law Offices of Anne H. S. Fraser has advised us that neither Gulf Coast Snacks, Inc., nor its affiliates are currently in operations. Therefore, we are closing our files on your case. Thank you for your cooperation.

Sincerely,

Sandra Waterton, Auditor
Compliance and Audits Branch
(202) 326-4000, ext. 3318

c:    Anne H.S. Fraser, P.C.
      Paul Abenante

*Copies to Alternate, Wilson 5-21*
*P. ...*

# HARRIS BAKING COMPANY

2301 SOUTH FIRST STREET • P.O. BOX 129 • ROGERS, ARKANSAS 72757-0129 • TELEPHONE (479) 636-3313

July 12, 2004

To Whom It May Concern:

This program has been frozen effective May 31, 2004.  If you have any questions concerning this, please contact Randall Renegar, Plan Administrator at 1-800-624-2935.

Sincerely,

John E. Carosh
General Manager

JEC:kje

LAW OFFICES

ANNE H.S. FRASER, P.C.
1320 - 19TH STREET, N.W.
SUITE 200
WASHINGTON, D.C. 20036
VOICE: (202) 466-4009
FAX: (202) 466-4010

DC AND MD BARS                                    EMAIL: AHSFRASER@AOL.COM

August 17, 2004

BY FEDERAL EXPRESS
Mr. John E. Carosh
Harris Baking Company
2301 South First Street, PO Box 129
Rogers, AR 72757-0129

Re: Your Correspondence dated July 12, 2004/American Bakers Association Retirement Plan

Dear Mr. Carosh:

We spoke recently concerning your company's intention to terminate its participation in the  American Bakers Association Retirement Plan (the "Plan"). The Plan received on July 20, 2004 a letter dated July 12, 2004 addressed "To Whom It May Concern" and purporting to "freeze" "this program" with an effective date of May 31, 2004.

There are very specific regulations concerning the nature and contents of the notice that must be given to plan participants before benefit accruals under a defined benefit plan such as this one can be "frozen" or terminated. See, e.g., Instructions for IRS Form 5310, at www.irs.gov/pub/irs-pdf/i5310.pdf, and 29 C.F.R. Part 4041, at www.pbgc.gov/laws/lawsregs/code/CFR4041R.HTM. The letter of July 12 and the purported retroactive freeze do not comply with ERISA or IRC notice requirements. The regulations provide, among many other requirements, that a terminating employer provide very specific information about the termination to interested parties including plan participants, employee representatives and certain beneficiaries, and that it submit a series of filings to the Internal Revenue Service and the Pension Benefit Guaranty Corporation according to a strict timetable. In order to secure regulatory approval, in general, there must be sufficient funds contributed by an employer to a plan to fund all liabilities for promised benefits. Failure to obtain approval of the termination can trigger serious penalties and excise taxes as well as audit, examination or inquiry from the U.S. Department of Labor, PBGC and IRS.

We have communicated with you on many occasions concerning these requirements, which are published in the Code of Federal Regulations and are available through the PBGC and IRS web sites. There is no indication in your letter of July 12, 2004 of any attempt to comply with the regulations, file the necessary forms, or provide proper notice to your company's employees of your intentions.  The law treats an attempt to terminate a plan that is non-compliant with these requirements as ineffective and therefore until you comply your plan cannot terminate and your active employees, if any, may continue to accrue service for benefits.

Mr. John E. Carosh
Page Two
August 17, 2004

Because you have ceased contributing to the ABA Plan for your employees, participants and beneficiaries, it will be necessary for us to make a report to the Pension Benefit Guaranty Corporation if we are not able to verify that you are terminating the Plan in compliance with the regulations.

If we are incorrect and you have begun the regulatory process to terminate this plan, please provide us immediately (1) a copy of the notice of intent to terminate ("NOIT") provided by your company to interested parties, (2) information about the method of delivery of service of the NOIT to interested parties as described in the regulations, (3) a copy of the Form 500 filed with the Pension Benefit Guaranty Corporation with the PBGC acknowledgment of receipt, and (4) any termination filings (such as Form 5310) Harris Baking Company has made with the Internal Revenue Service. Please also confirm to us immediately, in writing, that your company is prepared to pay all expenses necessary to enable the termination to proceed, including the costs of a study to determine the sufficiency of the existing assets to cover the benefit liabilities and any expenses of termination. If you need additional information about the expected costs of this study, please call me.

We have had a pleasant relationship over the several years during which your company has considered undertaking termination of this Plan. From a fiduciary perspective we cannot ignore the legal requirements that govern this termination. We need to confirm that Harris will proceed with the proposed termination in accordance with these requirements and we expect and hope for your complete cooperation in this matter.

Sincerely,

Anne H. S. Fraser

cc:    Mr. Paul C. Abenante
       Mr. Robert D. Krinsky
       Ms. Amber Rindom

LAW OFFICES
# ANNE H.S. FRASER, P.C.
1320 - 19TH STREET, N.W.
SUITE 200
WASHINGTON, D.C. 20036
VOICE: (202) 466-4009
FAX: (202) 466-4010

DC AND MD BARS

EMAIL: AHSFRASER@AOL.COM

November 16, 2005

BY FAX AND FEDERAL EXPRESS
Ronald L. Boyer, Esq.
Boyer, Schrantz, Rhoads & Teague, P.A.
221 North Third Street
Rogers, Arkansas 72756

RE: Harris Baking Company/ American Bakers Association Retirement Plan

Dear Mr. Boyer:

I act as counsel to the American Bakers Association Retirement Plan ("ABA Plan"). Palmer & Cay, the Plan Administrator, has forwarded your letter of November 8, 2005 to me.

Although Harris Baking Company has advised the ABA Plan of its desire to terminate participation in the ABA Plan on more than one occasion, our efforts to secure cooperation with the Plan's termination requirements have been ignored. I personally have made several attempts to contact Mr. Bruce Muir about this matter and my calls were not returned. I am enclosing a copy of a letter to Mr. John Carosh discussing these requirements. Mr. Carosh' last communication to me was that he believed that Mr. Muir had followed up on these requirements and that he would look into the matter.

Harris Baking Company cannot simply declare a plan termination without securing approval of the termination by the Plan, the Pension Guaranty Corporation, and the IRS. PBGC requires the company to file Form 500 and IRS requires Form 5310 to demonstrate compliance with the law. These filing requirements are the responsibility of a terminating company. The requirements include an actuarial study to determine whether the benefit commitments made by the Company to Plan participants are adequately funded ( and if they are not, a commitment to pay additional funds) as well as, *inter alia*, proof of distribution of legally compliant notice to parties affected by the proposed termination. We requested proof that these filings have been made in our August 17, 2004 letter. Nothing was provided, nothing has apparently been filed, and accordingly Harris Baking Company may be regarded by the PBGC and others as continuing to operate the Plan. The company's obligation to make funding contributions to the Plan, including the quarterly contribution represented by the September 29, 2005 invoice, continues in full effect and will continue until the Plan is terminated in accordance with the law.

Rather than continue to report non-payment to regulatory agencies, we would prefer to see the Harris Baking Company /ABA Plan participation terminate consistent with governing

Ronald L. Boyer, Esq.
November 16, 2005
Page Two

law. Please call me to discuss your client's obligations and what can be done to advance the
process.

Sincerely,

Anne H.S. Fraser

Enclosure

cc:    Mr. Paul C. Abenante
       Mr. Robert D. Krinsky
       Ms. Amber Rindom

# HOPKINS & SUTTER

(A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS)

THREE FIRST NATIONAL PLAZA  CHICAGO  60602  (312) 558-6600  TELEX 20-6231

WASHINGTON, D. C. OFFICE  1750 K STREET, N. W. 20006

WILLIAM C. CHILDS, P.C.
(312) 558-6628

August 31, 1983

*1743-M-1-E*
*Van Zetti Bakery, In*

Mr. Charles B. Webb
Van Zetti Bakery, Inc.
518 East Prairie Street
P.O. Box 143
Decatur, Illinois  62525

Re:  IRS APPROVAL OF YOUR PARTICIPATION IN
     AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN

Dear Mr. Webb:

The IRS has ruled that it must approve the initial partici-
pation and any amended participation of each Participating Employer
in the ABA Plan separately.

Therefore it is necessary for you to complete and sign, in
duplicate, Forms 5300 and 5302 and return them to me for filing with
the IRS.

I enclose 2 copies of these forms together with an
instruction sheet telling you what you need to fill in and giving
suggestions.  You will note that to the extent it was possible,
we have completed these forms for you.  Please fill out, sign and
return both copies.

Also enclosed is a Power of Attorney form authorizing me
to represent you with the IRS for this purpose.  Please sign and
return 2 copies of that form as well.

If you have any questions do not hesitate to call me at
(312)558-6628.

Sincerely,

William C. Childs

WCC:ca
Enclosures
cc:  Paul C. Abenante
     Charles Thacher
     Robert Krinsky

KRAMER, LEVIN, NESSEN, KAMIN & FRANKEL
919 THIRD AVENUE
NEW YORK, N.Y. 10022
(212) 715-9100

STEVEN T. ATKINS
MARTIN BALSAM
STUART J. BASKIN
MARK D. BRODSKY
GREG A. DANILOW
RUDOLPH deWINTER
CHARLOTTE M. FISCHMAN
ROBERT C. FLEDER
MARVIN E. FRANKEL
ALAN R. FRIEDMAN
HARVEY L. FRIEDMAN
ROBERT M. HELLER
STEPHEN A. HOCHMAN
GEOFFREY M. KALMUS
SHERWIN KAMIN
PETER S. KOLEVZON
KENNETH P. KOPELMAN
MICHAEL PAUL KOROTKIN
ARTHUR B. KRAMER

DAVID P. LEVIN
EZRA G. LEVIN
DANIEL P. LEVITT
HENRY A. LOWET
RICHARD MARLIN
THOMAS H. MORELAND
ELLEN R. NADLER
GARY P. NAFTALIS
MICHAEL J. NASSAU
MICHAEL S. NELSON
MAURICE N. NESSEN
MICHAEL S. OBERMAN
GERALD ROKOFF
PAUL S. SCHREIBER
HAROLD P. WEINBERGER
RICHARD S. WEISBROAT
BURTON S. WESTON
JOEL B. ZWEIBEL

GEORGE SOLL
(1920-1980)

ASA S. HERZOG
LOUIS LOWENSTEIN
COUNSEL

PINCHAS MENDELSON
ASSOCIATE COUNSEL

CABLE ADDRESS
NICKRAL
NICKRAL A

TWX NUMBER
710 581-5340

TELEX NUMBER
645041

AUTOMATIC TELECOPIER
(212) 688-2119

WRITER'S DIRECT NUMBER
(212) 715-9  416

June 1, 1987

<u>Federal Express</u>

Ms. Anne H. S. Fraser
Scherr & Fraser
1800 K Street, N.W.
Suite 610
Washington, D.C.  20006

      Re:  Proposed Withdrawal of Purity Baking Company from
           <u>the American Bakers Association Retirement Plan</u>

Dear Ms. Fraser:

      This to follow up on your letter of May 13, 1987 to Mr.
Webb at Purity Baking Company regarding the withdrawal of Purity
from the American Bakers Association Retirement Plan (the "ABA
Plan").

      To proceed with the withdrawal, the Purity Board of
Directors will, during June, formally act to withdraw from the
ABA Plan as of June 30, 1987, freeze benefits under the Plan as
of that date, and formally terminate under Title IV of ERISA as
soon as practicable thereafter.  In following the SEPPAA
termination procedures, Purity intends to use a proposed
termination date of August 31, 1987, which will require that
Purity be able to obtain information from the ABA Plan regarding
assets and liabilities valued as of that date for Purity's IRS
filing.

      We assume that obtaining this information presents no
problem for the ABA Plan.  I would appreciate your confirming
this (or indicating that the contrary is so, if applicable), as
soon as possible, since notices to employees of the proposed
freeze and termination are to be sent out next week.

KRAMER, LEVIN, NESSEN, KAMIN & FRANKEL

Ms. Anne H. S. Fraser
June 1, 1987
Page 2


Thank you for your attention to this matter.

Sincerely,

*Michael J Nassau (mgf)*

Michael J. Nassau

cc:  Mr. Paul Abenante
     Ms. Rita DiLorenzo
     Mr. Robert Krinsky
     Ray Sandy Sutton, Esq.
     Mr. Louis Tienken
     Mr. T. W. Webb