# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: INTERSTATE BAKERIES CORPORATION, et al., <br><br> Debtors. | ) Case No. 04-45814-jwv <br> ) Kansas City, Missouri <br> ) June 27, 2006 <br> ) <br> ) |

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE JERRY W. VENTERS
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:
Samuel S. Ory, Esq.
Skadden Arps Slate Meagher & Flom
333 W. Wacker Dr., Ste. 2100
Chicago, IL  60606
(312) 407-0700

Paul M. Hoffmann, Esq.
Sharon L. Stolte, Esq.
Stinson Morrison Hecker
1201 Walnut, Ste. 2800
Kansas City, MO  64106
(816) 842-8600

For Pre-Petition Lenders:
Lisa Epps, Esq.
Spencer Fane Britt & Browne
1000 Walnut St. Ste. 1400
Kansas City, MO  64106
(816) 292-8881

|   |   |
|---|---|
|   | Kenneth Ziman, Esq.<br>Simpson Thacher & Bartlett<br>425 Lexington Avenue<br>New York, NY  10017<br>(212) 455-2284 |
| For Unofficial Creditors: | Andrew Nazar, Esq.<br>Shughart, Thomson & Kilroy<br>120 West 12th Street, Ste. 1800<br>Kansas City, MO  64105<br>(816) 421-3355 |
|   | Scott Cargill, Esq.<br>Eric Horn, Esq.<br>Lowenstein Sandler<br>65 Livingston Avenue<br>Roseland, NJ  07068<br>(973) 597-2478 |
| For American Bakers: | Mark Benedict, Esq.<br>Husch & Eppenberger<br>1200 Main St., Ste. 1700<br>Kansas City, MO  64105<br>(816) 421-4800 |
|   | Anne H.S. Fraser, Esq.<br>1320 19th St., NW, Ste. 200<br>Washington, D.C.  20036<br>(202) 466-4009 |
|   | Edward R. Mackiewicz, Esq.<br>Steptoe & Johnson<br>1330 Connecticut Ave., NW<br>Washington, D.C.  20036<br>(202) 429-6412 |
| For Equity Security: | D. Farrington Yates, Esq.<br>Sonnenschein Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, NY  10020<br>(212) 768-6700 |

| | |
|---|---|
| For Sara Lee: | John McClelland, Esq.<br>Armstrong Teasdale<br>2345 Grand, Ste. 2000<br>Kansas City, MO  64108<br>(816) 221-3420 |
| | M. Miller Baker, Esq.<br>Nathan Coco, Esq.<br>Michael T. Graham, Esq.<br>McDermott Will & Emery<br>600 13th St., NW<br>Washington, D.C.  20005<br>(202) 756-8233 |
| For MO Att. Gen: | Christie Kincannon, Esq.<br>P.O. Box 899<br>Jefferson City, MO  65102<br>(573) 751-3321 |
| For Teamsters: | Fred Perillo, Esq.<br>Previant Goldberg Uelmen<br>1555 N. RiverCenter Dr.<br>Ste. 202<br>Milwaukee, WI  53212<br>(414) 271-4500 |
| For PBGC: | Mark K. Blank, Esq.<br>Michael Mora, Esq.<br>1200 K St., N.W., Ste. 340<br>Washington, D.C.  20005<br>(202) 326-4020 |
| For Private Sector Guaranty: | R. Scott Moore, Esq.<br>Lewis Rice & Fingerish<br>500 N. Broadway<br>St. Louis, MO  643102<br>(314) 444-7676 |
| Court Audio Operator:<br>Transcribed by: | Ms. Carol Cunningham<br>Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO  64113<br>(816) 822-3653 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

requested in the initial motion. We heard it for the first time in the reply and in the ABA plan's response. The second response, Your Honor, is that if this Court is to issue that type of injunction, we believe the Federal Rules of Bankruptcy Procedure require that the debtors bring an adversary complaint as they once did. It was dismissed without prejudice, and it can't be done in the form of a contested matter. And lastly, both the authorities we cite and the Eighth Circuit decision cited by the debtors in their reply suggests that in order for this Court to grant essentially an injunction, the debtor has to satisfy the standards for an injunction under Rule 65. They have to establish irreparable harm. They have to demonstrate a balancing of the harms. They have to show a probability of success on the merits, and they have to address the public interest standard. Your Honor, there has been no showing on any of those elements in the motion filed by the debtor or any other pleading in this matter. So, we agree to a certain extent that in order for this Court to enjoin us since §362 does not reach it automatically, it would require an extension of the stay. But, Your Honor, that form of relief was not requested. The appropriate showing has not been made.

THE COURT: Okay. Okay. PBGC, do you want to say

71

something, Mr. Blank?

    MR. MORA:  Yes, Your Honor.  This is Michael Mora for the PBGC.

    THE COURT:  Mr. Mora.  Okay.

    MR. MORA:  Yes, I'll be brief, Your Honor.  I believe it to be no more than five minutes.

    THE COURT:  Okay.

    MR. MORA:  I just wanted to clarify the status of the matter as pending before PBGC and also to answer the Court's exhaustion question.

    THE COURT:  Okay.

    MR. MORA:  As the parties have informed you, we did advise the parties yesterday that we intend to issue our ruling on or before July 31st.  That is about as close to absolute a statement possible.  And we are discussing this matter with the two other agencies that regulate this pension plan, the IRS and the Department of Labor, because it was brought to our attention that they may have an interest in the outcome of this matter.  We intend to do that on the same timetable as we've proposed, by July 31st.  And the reason for that, the reason why we're doing that is to avoid any possible inconsistent treatment of the pension plan parties by the three agencies.  And we think that's beneficial to all the parties.  And we want to speak with one voice.  On the

72

exhaustion question, Your Honor, this matter as pending before PBGC is an administrative determination. And we have administrative review regulations that apply. And under those regulations, PBGC has the discretion to issue an administrative ruling that is final as soon as it's issued without requiring further exhaustion. So, that is a tool, an administrative option that we have available to us. That's available particularly in exigencies like this where there's pending litigation that may be affected or, you know, some other exigency that would require us to issue an immediate -- immediately effective termination. So, in fact, the outcome on July 31st may be that our determination will be immediately effective and there won't be any further exhaustion requirement. And then finally, I would just add for color, I think, what we envision as the next step, we hope, is to avoid any inconsistent determinations by the ERISA agencies, for one, by us coordinating with them. But also by two or more different courts that this matter could further be litigated in. We fully intend -- we hope to sit down with all the affected parties once PBGC has reached this determination and hopefully to do some problem-solving in a conference room, or at least an attempt to do that. So, I just wanted to add that as well.

        THE COURT: Okay. All right. Thank you. I had a

-- I've been formulating -- trying to formulate a question for you, Mr. Blank. Where we have two apparently parallel proceedings going here, what, in the ordinary course -- if this is ordinary, it probably isn't -- if either party dislikes any party, let's see, we have seven participants or seven employer groups, employers, we'll say. And what, participant -- are the participants aggrieved, I guess, by your ruling or could be. So, all of those parties given the pendency of an action already in the District Court, what would you envision occurring after your ruling is issued?

MR. BLANK: Well, if there were to be further litigation, Your Honor, it would be in the form of a challenge to our final administrative determination. That would have to be brought in the appropriate District Court.

THE COURT: And that's brought in the District Court as an original action not as an appeal?

MR. BLANK: That's correct. It's brought in as a challenge through an agency action.

THE COURT: Okay.

MR. BLANK: Under the Administrative Procedure Act.

THE COURT: All right. Okay. All right. Anybody else want to be heard? Let me finish the first round, Mr. Hoffmann. Last call. Okay. Mr. Hoffmann, a final rebuttal?

MR. HOFFMANN: I would respectfully remind the Court

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY E. COLLINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENSION BENEFIT GUARANTY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 88-3406-AER <br><br><br> FILED <br><br> APR 23 1993 <br><br> CLERK, U.S. DISTRICT COURT <br> DISTRICT OF COLUMBIA |
| ESTELLA PAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENSION BENEFIT GUARANTY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 89-2997-AER |

MEMORANDUM OPINION

In this matter, there are several motions before the court concerning further discovery requested by the Plaintiffs. At issue, is the Administrative Record submitted by the PBGC in response to the Court of Appeals remand order. In that order the Court of Appeals instructed the Court to require the Board of Directors of the Pension Benefit Guaranty Corporation to make

an administrative policy determination as to whether the Corporation should guarantee pensions of those retirement plans that terminated before their vesting requirements were amended to comply with ERISA's standards. On December 7, 1992, PBGC submitted the administrative determination undertaken pursuant to that mandate. On February 10, 1993, Plaintiffs served third party subpoenas for deposition testimony and document production under Rule 30(b)(6) of the Feral Rules of Civil Procedure upon the United States Departments of the Treasury, Labor and Commerce. On February 24, 1993, the United States filed objections and a Motion to Quash and the Pension Benefit Guaranty Corporation filed a Motion for a Protective Order. Opposition to these motions was filed by Plaintiffs on March 11, 1993, along with a Motion to Compel the Departments to produce the material requested in the subpoenas.

Plaintiffs contend that the submitted Administrative Record is incomplete. They argue that the Board relied on materials not included in the record and failed to consider material that was contrary to the position adopted by the Board. Therefore, they contend that they are entitled to conduct depositions of those persons involved in making the determination and to discover all the basic data and other information relied on but not included in the Record. The United States and the PBGC argue, <u>inter alia</u>, that judicial review is limited to the Administrative Record and that the

2

plaintiffs have failed to show that discovery beyond that record is appropriate in this case.

Generally, discovery beyond the administrative record is not allowed. Yet, in determining whether an agency decision is "arbitrary or capricious," the reviewing court must consider all the material that was before the decisionmaker, directly or indirectly, at the time he or she made the determination. PBGC v. LTV Steel Corp., 119 F.R.D. 339, 342 (S.D.N.Y. 1988). Thus, when there is a gap in logic or a "failure to explain" an administrative action that frustrates effective judicial review, the court may obtain additional data from the agency. Public Power Council v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982). The preferred method is to remand to the agency for amplification. However, there are instances in which the Courts allow limited discovery to take place. Id.

The threshold showing for such discovery is evidence that there has been an omission so serious that judicial review would be frustrated or a showing that the agency has relied on documents or materials not included in the record. See, id. The plaintiffs have failed to make an adequate showing in this case. The crux of their evidence is various memoranda, that are part of the Record, which reference material allegedly not included in the Record. For instance, they complain that a memorandum prepared for the Board Member representatives references "key supporting documents" that are not part of the

3

Record. As the PBGC explains, that memo was erroneously made part of the Record and has been officially deleted and replaced with the appropriate memo which makes no such reference. At any rate, the PBGC has explained that the "key documents" reference refers to crucial portions of the Record, not to material excluded from the submission.

The Plaintiffs also point to a declaration prepared by General Counsel and submitted to the Court in support of a request for an extension for the filing of the Record. In it, Carol Connor Flowe stated that she talked about the case and the ongoing factual investigation with members of the Board at a July 16, 1992 meeting. However, the Record does not contain any documentation of the information communicated. Nonetheless, there is no indication that these conversations were considered by the Board when it made its decision. In fact, it appears that the declaration chronicled nothing more than oral status reports intended to keep the Directors appraised of the litigation and there is no reason to believe that the Board relied on those statements in making its decision.

In short, the Court can discern no reason to allow the requested discovery to take place. The submitted Record is extensive and there is insufficient evidence to suspect that it is incomplete or that the requested material is not contained therein. If, in reviewing the Record, it becomes clear that the submission is incomplete and needs to be supplemented, the Court

4

will take appropriate action. Accordingly, the Motion to Quash and the Motion for a Protective Order are Granted and the Motion to Compel Production is Denied.

_____
Aubrey E. Robinson, Jr.
United States District Judge

DATE: _April 22, 1983_

5

*L6c-5252*

FILED

APR 23 1993

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY E. COLLINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENSION BENEFIT GUARANTY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 88-3406-AER |
| ESTELLA PAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PENSION BENEFIT GUARANTY CORPORATION, et al., <br><br> Defendants. | Civil Action No. 89-2997-AER |



ORDER

Upon consideration of the United States' Motion to Quash, Defendant's Motion for a Protective Order, Plaintiffs' Motion to Compel Discovery, Oppositions and Replies thereto, and the entire record in this case; and for the reasons stated in the accompanying Memorandum Opinion, it is by the Court, this _____ day of April, 1993

ORDERED, that the United States' Motion to Quash and

1

the Defendant's Motion for a Protective Order are **GRANTED**; and it is

FURTHER ORDERED, that Plaintiffs' Motion to Compel Discovery is **DENIED**.

_____
Aubrey E. Robinson, Jr.
United States District Judge