# EXHIBIT  1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION


IN RE: INTERSTATE BAKERIES     ) Case No. 04-45814-jwv
CORPORATION, et al.,               ) Kansas City, Missouri
                               ) June 27, 2006
              Debtors.       )
_____)


TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE JERRY W. VENTERS
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:                Samuel S. Ory, Esq.
                              Skadden Arps Slate Meagher &
                               Flom
                              333 W. Wacker Dr., Ste. 2100
                              Chicago, IL   60606
                              (312) 407-0700

                              Paul M. Hoffmann, Esq.
                              Sharon L. Stolte, Esq.
                              Stinson Morrison Hecker
                              1201 Walnut, Ste. 2800
                              Kansas City, MO   64106
                              (816) 842-8600

For Pre-Petition Lenders:     Lisa Epps, Esq.
                              Spencer Fane Britt & Browne
                              1000 Walnut St. Ste. 1400
                              Kansas City, MO   64106
                              (816) 292-8881

```
                                   Kenneth Ziman, Esq.
                                   Simpson Thacher & Bartlett
                                   425 Lexington Avenue
                                   New York, NY  10017
                                   (212) 455-2284

For Unofficial Creditors:          Andrew Nazar, Esq.
                                   Shughart, Thomson & Kilroy
                                   120 West 12th Street, Ste. 1800
                                   Kansas City, MO  64105
                                   (816) 421-3355

                                   Scott Cargill, Esq.
                                   Eric Horn, Esq.
                                   Lowenstein Sandler
                                   65 Livingston Avenue
                                   Roseland, NJ  07068
                                   (973) 597-2478

For American Bakers:               Mark Benedict, Esq.
                                   Husch & Eppenberger
                                   1200 Main St., Ste. 1700
                                   Kansas City, MO  64105
                                   (816) 421-4800

                                   Anne H.S. Fraser, Esq.
                                   1320 19th St., NW, Ste. 200
                                   Washington, D.C.  20036
                                   (202) 466-4009

                                   Edward R. Mackiewicz, Esq.
                                   Steptoe & Johnson
                                   1330 Connecticut Ave., NW
                                   Washington, D.C.  20036
                                   (202) 429-6412

For Equity Security:               D. Farrington Yates, Esq.
                                   Sonnenschein Nath & Rosenthal
                                   1221 Avenue of the Americas
                                   New York, NY  10020
                                   (212) 768-6700
```

For Sara Lee:

John McClelland, Esq.
Armstrong Teasdale
2345 Grand, Ste. 2000
Kansas City, MO  64108
(816) 221-3420

M. Miller Baker, Esq.
Nathan Coco, Esq.
Michael T. Graham, Esq.
McDermott Will & Emery
600 13th St., NW
Washington, D.C.  20005
(202) 756-8233

For MO Att. Gen:

Christie Kincannon, Esq.
P.O. Box 899
Jefferson City, MO  65102
(573) 751-3321

For Teamsters:

Fred Perillo, Esq.
Previant Goldberg Uelmen
1555 N. RiverCenter Dr.
Ste. 202
Milwaukee, WI  53212
(414) 271-4500

For PBGC:

Mark K. Blank, Esq.
Michael Mora, Esq.
1200 K St., N.W., Ste. 340
Washington, D.C.  20005
(202) 326-4020

For Private Sector
Guaranty:

R. Scott Moore, Esq.
Lewis Rice & Fingerish
500 N. Broadway
St. Louis, MO  643102
(314) 444-7676

Court Audio Operator:
Transcribed by:

Ms. Carol Cunningham
Rapid Transcript
Lissa C. Whittaker
1001 West 65th Street
Kansas City, MO  64113
(816) 822-3653

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

70

requested in the initial motion.  We heard it for the first
time in the reply and in the ABA plan's response.  The second
response, Your Honor, is that if this Court is to issue that
type of injunction, we believe the Federal Rules of
Bankruptcy Procedure require that the debtors bring an
adversary complaint as they once did.  It was dismissed
without prejudice, and it can't be done in the form of a
contested matter.  And lastly, both the authorities we cite
and the Eighth Circuit decision cited by the debtors in their
reply suggests that in order for this Court to grant
essentially an injunction, the debtor has to satisfy the
standards for an injunction under Rule 65.  They have to
establish irreparable harm.  They have to demonstrate a
balancing of the harms.  They have to show a probability of
success on the merits, and they have to address the public
interest standard.  Your Honor, there has been no showing on
any of those elements in the motion filed by the debtor or
any other pleading in this matter.  So, we agree to a certain
extent that in order for this Court to enjoin us since §362
does not reach it automatically, it would require an
extension of the stay.  But, Your Honor, that form of relief
was not requested.  The appropriate showing has not been
made.

            THE COURT:  Okay.  Okay.  PBGC, do you want to say

something, Mr. Blank?

MR. MORA:  Yes, Your Honor.  This is Michael Mora
for the PBGC.

THE COURT:  Mr. Mora.  Okay.

MR. MORA:  Yes, I'll be brief, Your Honor.  I
believe it to be no more than five minutes.

THE COURT:  Okay.

MR. MORA:  I just wanted to clarify the status of
the matter as pending before PBGC and also to answer the
Court's exhaustion question.

THE COURT:  Okay.

MR. MORA:  As the parties have informed you, we did
advise the parties yesterday that we intend to issue our
ruling on or before July 31st.  That is about as close to
absolute a statement possible.  And we are discussing this
matter with the two other agencies that regulate this pension
plan, the IRS and the Department of Labor, because it was
brought to our attention that they may have an interest in
the outcome of this matter.  We intend to do that on the same
timetable as we've proposed, by July 31st.  And the reason for
that, the reason why we're doing that is to avoid any
possible inconsistent treatment of the pension plan parties
by the three agencies.  And we think that's beneficial to all
the parties.  And we want to speak with one voice.  On the

72

exhaustion question, Your Honor, this matter as pending
before PBGC is an administrative determination.  And we have
administrative review regulations that apply.  And under
those regulations, PBGC has the discretion to issue an
administrative ruling that is final as soon as it's issued
without requiring further exhaustion.  So, that is a tool, an
administrative option that we have available to us.  That's
available particularly in exigencies like this where there's
pending litigation that may be affected or, you know, some
other exigency that would require us to issue an immediate --
immediately effective termination.  So, in fact, the outcome
on July 31st may be that our determination will be immediately
effective and there won't be any further exhaustion
requirement.  And then finally, I would just add for color, I
think, what we envision as the next step, we hope, is to
avoid any inconsistent determinations by the ERISA agencies,
for one, by us coordinating with them.  But also by two or
more different courts that this matter could further be
litigated in.  We fully intend -- we hope to sit down with
all the affected parties once PBGC has reached this
determination and hopefully to do some problem-solving in a
conference room, or at least an attempt to do that.  So, I
just wanted to add that as well.

          THE COURT:  Okay.  All right.  Thank you.  I had a

-- I've been formulating -- trying to formulate a question

for you, Mr. Blank.  Where we have two apparently parallel

proceedings going here, what, in the ordinary course -- if

this is ordinary, it probably isn't -- if either party

dislikes any party, let's see, we have seven participants or

seven employer groups, employers, we'll say.  And what,

participant -- are the participants aggrieved, I guess, by

your ruling or could be.  So, all of those parties given the

pendency of an action already in the District Court, what

would you envision occurring after your ruling is issued?

            MR. BLANK:  Well, if there were to be further

litigation, Your Honor, it would be in the form of a

challenge to our final administrative determination.  That

would have to be brought in the appropriate District Court.

            THE COURT:  And that's brought in the District Court

as an original action not as an appeal?

            MR. BLANK:  That's correct.  It's brought in as a

challenge through an agency action.

            THE COURT:  Okay.

            MR. BLANK:  Under the Administrative Procedure Act.

            THE COURT:  All right.  Okay.  All right.  Anybody

else want to be heard?  Let me finish the first round, Mr.

Hoffmann.  Last call.  Okay.  Mr. Hoffmann, a final rebuttal?

            MR. HOFFMANN:  I would respectfully remind the Court

# EXHIBIT  2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARY E. COLLINS, et al.,

              Plaintiffs,

        v.

PENSION BENEFIT GUARANTY
CORPORATION, et al.,

              Defendants.

              Civil Action No. 88-3406-AER

FILED

APR 23 1993

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

ESTELLA PAGE, et al.,

              Plaintiffs,

        v.

PENSION BENEFIT GUARANTY
CORPORATION, et al.,

              Defendants.

              Civil Action No. 89-2997-AER

## MEMORANDUM OPINION

In this matter, there are several motions before the court concerning further discovery requested by the Plaintiffs. At issue, is the Administrative Record submitted by the PBGC in response to the Court of Appeals remand order.  In that order the Court of Appeals instructed the Court to require the Board of Directors of the Pension Benefit Guaranty Corporation to make

an administrative policy determination as to whether the
Corporation should guarantee pensions of those retirement plans
that terminated before their vesting requirements were amended
to comply with ERISA's standards.  On December 7, 1992, PBGC
submitted the administrative determination undertaken pursuant
to that mandate.  On February 10, 1993, Plaintiffs served third
party subpoenas for deposition testimony and document production
under Rule 30 (b)(6) of the Feral Rules of Civil Procedure upon
the United States Departments of the Treasury, Labor and
Commerce.   On February 24, 1993, the United States filed
objections and a Motion to Quash and the Pension Benefit
Guaranty Corporation filed a Motion for a Protective Order.
Opposition to these motions was filed by Plaintiffs on March 11,
1993, along with a Motion to Compel the Departments to produce
the material requested in the subpoenas.

     Plaintiffs contend that the submitted Administrative
Record is incomplete.  They argue that the Board relied on
materials not included in the record and failed to consider
material that was contrary to the position adopted by the Board.
Therefore, they contend that they are entitled to conduct
depositions of those persons involved in making the
determination and to discover all the basic data and other
information relied on but not included in the Record.   The
United States and the PBGC argue, _inter alia_, that judicial
review is limited to the Administrative Record and that the

plaintiffs have failed to show that discovery beyond that record is appropriate in this case.

Generally, discovery beyond the administrative record is not allowed. Yet, in determining whether an agency decision is "arbitrary or capricious," the reviewing court must consider all the material that was before the decisionmaker, directly or indirectly, at the time he or she made the determination. PBGC v. LTV Steel Corp., 119 F.R.D. 339, 342 (S.D.N.Y. 1988). Thus, when there is a gap in logic or a "failure to explain" an administrative action that frustrates effective judicial review, the court may obtain additional data from the agency. Public Power Council v. Johnson, 674 F.2d 791, 794 (9th Cir. 1982). The preferred method is to remand to the agency for amplification. However, there are instances in which the Courts allow limited discovery to take place. Id.

The threshold showing for such discovery is evidence that there has been an omission so serious that judicial review would be frustrated or a showing that the agency has relied on documents or materials not included in the record. See, id. The plaintiffs have failed to make an adequate showing in this case. The crux of their evidence is various memoranda, that are part of the Record, which reference material allegedly not included in the Record. For instance, they complain that a memorandum prepared for the Board Member representatives references "key supporting documents" that are not part of the

3

Record.  As the PBGC explains, that memo was erroneously made part of the Record and has been officially deleted and replaced with the appropriate memo which makes no such reference.  At any rate, the PBGC has explained that the "key documents" reference refers to crucial portions of the Record, not to material excluded from the submission.

The Plaintiffs also point to a declaration prepared by General Counsel and submitted to the Court in support of a request for an extension for the filing of the Record.  In it, Carol Connor Flowe stated that she talked about the case and the ongoing factual investigation with members of the Board at a July 16, 1992 meeting.  However, the Record does not contain any documentation of the information communicated.  Nonetheless, there is no indication that these conversations were considered by the Board when it made its decision.  In fact, it appears that the declaration chronicled nothing more than oral status reports intended to keep the Directors appraised of the litigation and there is no reason to believe that the Board relied on those statements in making its decision.

In short, the Court can discern no reason to allow the requested discovery to take place.  The submitted Record is extensive and there is insufficient evidence to suspect that it is incomplete or that the requested material is not contained therein. If, in reviewing the Record, it becomes clear that the submission is incomplete and needs to be supplemented, the Court

4

will take appropriate action. Accordingly, the Motion to Quash
and the Motion for a Protective Order are Granted and the Motion
to Compel Production is Denied.


Aubrey E. Robinson, Jr.
United States District Judge

DATE: _April 22, 1993_

5

*26c·5252*

FILED

APR 23 1993

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARY E. COLLINS, et al.,

                    Plaintiffs,

          v.                           Civil Action No. 88-3406-AER

PENSION BENEFIT GUARANTY
CORPORATION, et al.,

                    Defendants.



ESTELLA PAGE, et al.,

                    Plaintiffs,

          v.                           Civil Action No. 89-2997-AER

PENSION BENEFIT GUARANTY
CORPORATION, et al.,

                    Defendants.

### ORDER

          Upon consideration of the United States' Motion to
Quash, Defendant's Motion for a Protective Order, Plaintiffs'
Motion to Compel Discovery, Oppositions and Replies thereto, and
the entire record in this case; and for the reasons stated in
the accompanying Memorandum Opinion, it is by the Court, this
_____ day of April, 1993

          ORDERED, that the United States' Motion to Quash and

1

the Defendant's Motion for a Protective Order are **GRANTED**; and
it is

      **FURTHER ORDERED**, that Plaintiffs' Motion to Compel
Discovery is **DENIED**.


                            _____
                           Aubrey E. Robinson, Jr.
                           United States District Judge