IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06–CV–0819–HHK |
| ) | |
| AMERICAN BAKERS ASSOCIATION ) | |
| RETIREMENT PLAN; and BOARD OF ) | |
| TRUSTEES OF THE AMERICAN BAKERS ) | |
| ASSOCIATION RETIREMENT PLAN; ) | |
| ) | |
| and ) | |
| ) | |
| PENSION BENEFIT GUARANTY ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**PBGC'S REPLY TO STATEMENTS OF ISSUES OF MATERIAL FACT FILED IN
OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT[1]**

Plaintiff Sara Lee Corp. ("Sara Lee") and Cross-claimants American Bakers Association Retirement Plan and its Board of Trustees (collectively "Trustees") have each filed a Statement of Genuine Issues of Material Fact in Opposition to PBGC's Motion for Summary Judgment.[2] None of the supposed issues or allegations of fact expressed in these Statements creates a dispute that precludes summary judgment.

---

[1] Although PBGC submitted a statement of undisputed material facts as required by the procedural rules, there should be no focus on any alleged factual disputes. The Court will be reviewing PBGC's decision based on the agency's administrative record to determine whether it is arbitrary and capricious. *See* n.1 to PBGC's Statement of Undisputed Material Facts.

[2] Lewis Bros. Bakeries, Inc. did not file such a statement. Accordingly, the Court should find that Lewis Bros. does not dispute any of the facts as stated by PBGC in its Statement of Undisputed Facts.

### Reply to the Trustees' Statement of Alleged Issues of Material Fact

1. The administrative record that PBGC submitted to this Court is full, true, and complete, and the Trustees' statement to the contrary is a conclusion of law, not an allegation of fact. Every communication with a party that PBGC considered in its decision-making process in issuing the 2006 Letter is included in the administrative record.

2. PBGC's "fact-finding process" was entirely sufficient, and the Trustees' allegations to the contrary are conclusions of law, not allegations of fact. PBGC invited the Trustees and the participating employers to submit any evidence they wished. If the Trustees' statement contains other factual allegations, they are neither material nor relevant.

3. PBGC's informal adjudication procedures were entirely adequate, and the Trustees' statement to the contrary is a conclusion of law, not an allegation of fact. If the Trustees' statement contains other factual allegations, they are neither material nor relevant.

4. The Trustees' allegation that they need discovery to understand what PBGC considered important is a conclusion of law, not an allegation of fact.

5. All Opinion Letters PBGC relied upon during its informal adjudication are publicly available. The agency's written determination that the ABA Plan is a multiple-employer plainly quotes and cites to these Opinion Letters. The Trustees' allegations are conclusions of law, not allegations of fact.

6. This allegation is not material to PBGC's determination in t he 2006 letter that since 1979, the Plan has not consistently safeguarded against the possibility of paying benefits to one employer's participants using the contributions of another employer.

7. Evidence of the ABA Plan's representation of its nature before government agencies is fully developed, and the Trustees' statement to the contrary is a conclusion of law, not an allegation of fact.

8. The administrative record fully supports PBGC's determination that the Plan paid benefits to certain employers' participants using the contributions of other employers, and the Trustees' statement to the contrary is a conclusion of law, not an allegation of fact.

### Reply to the Trustees' and Sara Lee's Responses to PBGC's Statement of Undisputed Facts

1. No party disputes PBGC's statement in Paragraph 1.

2. PBGC's statement in Paragraph 2 simply lists the only two possible classifications for a defined benefit pension plan that has more than one participating employer and is not maintained pursuant to a collective-bargaining agreement. The Trustees' allegation to the contrary is a conclusion of law, not an allegation of fact.

3. No party disputes PBGC's statement in Paragraph 3.

4. No party disputes PBGC's statement in Paragraph 4.

5. No party disputes PBGC's statement in Paragraph 5.

6. The Plan's allegation in response to PBGC's statement in Paragraph 6 is a conclusion of law, not an allegation of fact.

7. The qualifications and limitations asserted by Sara Lee and the Trustees are conclusions of law, not allegations of fact.

8. No party disputes PBGC's statement in Paragraph 8.

9. The qualifications and limitations asserted by Sara Lee and the Trustees are conclusions of law, not allegations of fact.

10. The qualifications and limitations asserted by Sara Lee are conclusions of law, not allegations of fact.

11. PBGC's statement in Paragraph 11 cites to the administrative record, which includes the entire letter from which the quotation is taken. This Paragraph makes no mention of the meaning or implication of the quotation. The qualifications and limitations asserted by Sara Lee and the Trustees are conclusions of law, not allegations of fact.

12. PBGC's statement in Paragraph 12 cites to the administrative record, which includes the entire letter from which the quotation is taken. This Paragraph makes no mention of the meaning or implication of the quotation. The qualifications and limitations asserted by Sara Lee and the Trustees are conclusions of law, not allegations of fact.

13. PBGC's statement in Paragraph 13 cites to the administrative record, which includes the entire letter from which the statement is taken. The qualifications and limitations asserted by Sara Lee and the Trustees are conclusions of law, not allegations of fact.

14. The qualifications and limitations asserted by Sara Lee and the Trustees do not constitute material disputes.

15. The Trustees' criticisms of the words PBGC used in this statement do not constitute a "dispute." Sara Lee does not dispute PBGC's statement in this paragraph.

16. Neither Sara Lee nor the Trustees identify a dispute with PBGC's statement in Paragraph 16.

17.     The qualifications and limitations that Sara Lee and the Trustees assert are conclusions of law, not allegations of fact.

18.     The Trustees' substitution of other words for those PBGC used in this statement does not constitute a dispute.  Sara Lee does not dispute this statement.

19.     The qualifications and limitations that Sara Lee and the Trustees assert are conclusions of law, not allegations of fact.

20.     No party disputes PBGC's statement in Paragraph 20.

21.     PBGC's statement in Paragraph 21 cites to the administrative record, which includes the entire letter from which the quotation is taken.  This Paragraph does not mischaracterize the letter, nor does it even mention its meaning or implications.  The qualifications and limitations that Sara Lee and the Trustees assert are conclusions of law, not allegations of fact.

22.     PBGC asked the Trustees, as the officials with the most current contact information, to forward the agency's invitation to submit written statements or documents to all participating employers in the ABA Plan.  AR 427.  No participating employer has come forward to complain that it was not notified.

23.     Sara Lee's criticism of the purported implications of the statement in Paragraph 23 does not constitute a dispute.  Trustees do not dispute this statement.

24.     No party disputes PBGC's statement in Paragraph 24.

25.     Sara Lee's criticism of the purported implications of the statement in Paragraph 25 does not constitute a dispute.  Trustees do not does not dispute this statement.

Dated: June 8, 2007
      Washington, D.C.

Respectfully submitted,

 /s/ Marc S. Pfeuffer
ISRAEL GOLDOWITZ (D.C. Bar No. 291120)
Chief Counsel
CHARLES L. FINKE
Associate Chief Counsel
MICHAEL P. MORA
PAULA CONNELLY (D.C. Bar No. 389055)
Assistant Chief Counsels
MARK BLANK (D.C. Bar No. 968388)
MARC S. PFEUFFER (D.C. Bar No. 484209)
PENSION BENEFIT GUARANTY CORP.
Office of the Chief Counsel
1200 K Street, N.W.
Washington, D.C.  20005
Tel. No. (202) 326-4020, ext. 4903
Fax No. (202) 326-4112
E-mail: pfeuffer.marc@pbgc.gov and
efile@pbgc.gov
Attorneys for Pension Benefit Guaranty Corp.