IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA LEE CORPORATION, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; and PENSION BENEFIT GUARANTY CORPORATION,<br><br>    Defendants. | Case No. 06-CV-0819-HHK |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan,<br><br>    Third Party Plaintiffs,<br>    Counterclaimants, and<br>    Cross-Claimants,<br><br>v.<br><br>SARA LEE CORPORATION,<br><br>    Respondent,<br><br>PENSION BENEFIT GUARANTY CORPORATION,<br><br>    Cross-Defendant, and<br><br>KETTERING BAKING COMPANY, INTERSTATE BRANDS CORPORATION, LEWIS BROS. BAKERIES, INC., HARRIS BAKING COMPANY, INC., AMERICAN BAKERS ASSOCIATION, and JENNY LEE BAKERY, INC.,<br><br>    Third Party Defendants. | PLAINTIFF SARA LEE CORPORATION'S RESPONSE TO PBGC'S NOTICE OF RECENT DECISION |

## INTRODUCTION

PBGC cites the Supreme Court's recent decision in *Beck v. Pace Int'l Union*, 2007 U.S. Lexis 7716 (June 11, 2007)[1] in an effort to reestablish its argument that this Court should not review the PBGC's reversal of position regarding the ABA Plan's status as an aggregate of single employer plans under a *de novo* standard of review. For the reasons stated below, PBGC's reliance on *Beck* is misplaced.

## ARGUMENT

A. ***Beck* Did <u>Not</u> Involve Judicial Review of an Agency Action.**

Unlike the case before this Court, *Beck* did <u>not</u> involve a challenge to an agency determination. Rather, the issue at the heart of *Beck* was whether the sponsor of a single-employer plan has a fiduciary obligation under ERISA to consider a merger with a multiemployer plan as a method of terminating the single-employer plan. In addressing this issue, the Supreme Court engaged in a statutory interpretation of ERISA to determine whether a plan merger is a viable method of terminating a plan under the Act. The Supreme Court looked to the PBGC's interpretation of ERISA as stated in the Corporation's *amicus* brief to assist the Court in its interpretation of the pertinent provisions of ERISA regarding single-employer plan terminations. The deference the Supreme Court gave to the PBGC's views in *Beck* was *not* to a position that, as here, represented a case-specific and financially motivated reversal of a position the PBGC had previously taken and that the parties *in that particular case* had relied on for decades. Rather, it reflected what the PBGC's implementing regulations, promulgated under the notice-and-comment procedures of the Administrative Procedure Act, had required for decades

---

[1] A copy of *Beck* opinion is attached hereto as Exhibit A.

as a general matter for all plans.[2]  As such, any lesson to be drawn from *Beck* regarding the appropriate standard of review to be employed by a reviewing court is inapplicable to the case before this Court.

Moreover, this case involves a direct challenge to the merits of the PBGC's 2006 Determination on both legal and procedural grounds.  That is, the PBGC skirted procedural safeguards in rendering the 2006 Determination that are meant to afford aggrieved parties a right to a full and fair review.  For example, the PBGC directly notified only a few of the participating employers under the ABA Plan that the Corporation was reviewing the status of the Plan.  *See* AR 0427.  The PBGC was placed on notice that the scope of the PBGC's inquiry and the procedure to be followed was not clear.  *See* AR 0887.  Rather than clarify the scope of its inquiry, the PBGC closed the administrative review process altogether, without allowing Sara Lee or any other party the opportunity to seek an administrative appeal of the 2006 Determination and, instead, directed them to file suit in this Court in order to challenge or rebut the 2006 Determination.  *See* AR 1579.  It is respectfully submitted, that this Court now stands in the shoes of the PBGC Appeals Board and, like the Appeals Board, this Court should review the 2006 Determination *de novo*.  *See, e.g.*, 29 C.F.R. §§ 4003.58.

---

[2] The issue in *Beck* was how annuity benefits may be distributed in a sufficient termination.  The PBGC had spoken with one voice on this issue since the time of its initial notice and comment rulemaking action in 1976 (41 Fed. Reg. 48504 (Nov. 3, 1976)) and 1981 (46 Fed. Reg. 9532 (Jan. 28, 1981)): unless the participant has consented to some other form or the benefit is de minimis, the only way a plan may distribute benefits payable as an annuity in a sufficient plan termination is to purchase irrevocable commitments from an insurer.  This requirement was stated explicitly in the PBGC's regulations from 1981 to 1997 (*see, e.g.*, 29 CFR §§ 2615.4 (1981); 2617.6(a), .27(c) (1993); and 4041.6(a), .27(c) (1997)), and continues to be stated explicitly in the PBGC's implementing instructions (*see Standard Termination Filing Instructions* at p. 14, available at http://www.pbgc.gov/docs/500_instructions.pdf).  Thus, the Supreme Court's granting of deference in *Beck* to the views of the PBGC that annuity benefits may not be distributed by merger is not at all surprising, and provides no support for the granting of deference to the PBGC's self-serving about-face in this case.

3

B.     *Beck* **Reaffirms That Unambiguous Plan Terms Govern.**

The Supreme Court noted that the Court "would not have to decide the question of statutory interpretation if Crown's pension plans disallowed merger." 2007 Lexis 7716 at *15 n. 3. Thus, the *Beck* Court followed the well-established principle of looking to the governing plan documents first to determine if the terms contained therein adequately address the issue before the court. *See, e.g., PBGC v. Artra Group*, 972 F.2d 771, 772 (7th Cir. 1992); *Nowell v. Central Serv. Assoc.*, 106 F. Supp. 2d 888, 894-95 (S.D. Miss. 2000); *PBGC v. Potash*, 1986 U.S. Dist. LEXIS 30987 at * 7 (W.D.N.Y 1986). It is the PBGC's abrupt departure from this principle, which the PBGC itself embraced prior to the 2006 Determination[3], without adequate explanation that in part calls into question the propriety of the 2006 Determination. This is particularly true in this case where the terms of the ABA Plan are unambiguous that the intent of its structure was to be an aggregate of single-employer plans for purposes of PBGC termination and premium rules under Title IV of ERISA. *See, e.g.,* AR at 1378. The fact that the PBGC disregarded the terms of the ABA Plan in rendering its 2006 Determination is a clear departure from prior precedent that rises to the level of arbitrary and capricious agency action reviewable *de novo*.

C.     *Beck* **Acknowledges the Inequities Present in This Case.**

In addition to the technical arguments before the *Beck* Court, a fundamental question of fairness and the protection of plan participants' interests served as a backdrop to the Supreme Court's decision. That is, the single-employer plan at issue in *Beck* was over funded, and as the Supreme Court explained:

> When a single-employer plan is merged into a multiemployer plan, the original participants and beneficiaries become dependent upon the financial well-being of the multiemployer plan and its contributing

---

[3] *See, e.g.,* PBGC Op. Ltr. 79-3; PBGC Op. Ltr. 85-2 ("We emphasize that . . . the document shows a clear intent on the part of the participating employers that the Plan was to be an aggregate of single plans.").

4

> members. Assets of the single-employer plan (which in this case were fully capable of funding plan liabilities) may be used to satisfy commitments owed to *other* participants and beneficiaries of the (possibly underfunded) multiemployer plan. The PBGC believes that this arrangement creates an added risk for participants and beneficiaries of the original plan....

2007 Lexis 7716 at *25, 26. Likewise, if implemented, the 2006 Determination would cause assets contributed by Sara Lee to the ABA Plan to be used to "satisfy commitments owed to *other* participants and beneficiaries"; namely, the IBC participants.[4]

This result is clearly in conflict with the express written terms of the ABA Plan, the intent of the parties to the ABA Plan, and the PBGC's 1979 Determination approving the Plan as an aggregate of single-employer plans. As such, the PBGC's 2006 Determination is arbitrary and capricious and, if implemented, would work an inequity upon Sara Lee and its participants under the ABA Plan as well as other participating employers and their participants to the extent assets intended to fund the benefits of those participants would be used to fund the benefits of IBC participants and any other group of participants whose employer fails to fund its obligations under the Plan. Under these circumstances, *de novo* review is appropriate pursuant to ERISA § 4003(f) and, to the extent applicable, the APA.

## CONCLUSION

The case before this court involves a direct challenge to an agency determination; namely, the PBGC's 2006 Determination that reversed the Corporation's prior determination regarding the status of the ABA Plan. As such, *Beck* is not instructive as to the standard of review that must be employed by this Court in reviewing the propriety of the PBGC's 2006 Determination. For the reasons stated herein as well as in Sara Lee's Responses in Opposition to the PBGC's

---

[4] Curiously, the PBGC has shown no concern over the fact that its 2006 Determination would create added risk to the Sara Lee participants much like those of the single-employer plan participants in *Beck*

Motions for Summary Judgment and Protective Order, this Court should employ the *de novo* standard of review in reviewing the PBGC's 2006 Determination.

Dated: June 29, 2007

Respectfully Submitted,

SARA LEE CORPORATION

By:     /s/ Michael T. Graham
          One of Its Attorneys

M. Miller Baker (DC Bar No. 444736)
Sarah E. Hancur (DC Bar No. 480537)
James R. Napoli (DC Bar No. 496369)
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Phone: 202.756.8000
Fax:    202.756.8087
Email: mbaker@mwe.com
        shancur@mwe.com
        jnapoli@mwe.com

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Phone: 312.372.2000
Fax:    312.984.7700
Email: mgraham@mwe.com

Attorneys for Plaintiff-Respondent Sara Lee Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June 2007, a copy of the foregoing Sara Lee Corporation's ("Sara Lee") Response to PBGC's Notice of Recent Decision was served electronically by way of the Court's ECF System as well as by first-class mail (on the party representative identified in bold print):

1. **Edward J. Meehan**
   David E. Carney
   Skadden, Arps, Slate, Meagher & Flom LLP
   1440 New York Ave.
   Washington, D.C. 20005-2111
   Carol Connor Flowe
   Arent Fox, LLP
   1050 Connecticut Ave., N.W.
   Washington, D.C. 20036-5339

   Amanda S. Williamson
   Skadden, Arps, Slate, Meagher & Flom LLP
   333 West Wacker Drive
   Suite 2100
   Chicago, IL 60606

   *Attorneys for Third-party Defendant Interstate Brands Corp.*

2. **Edward R. Mackiewicz**
   Paul J. Ondrasik, Jr.
   Ryan T. Jenny
   Steptoe & Johnson LLP
   1330 Connecticut Ave., N.W.
   Washington, D.C. 20036

   Anne H.S. Fraser
   Law Office of Anne H.S. Fraser
   1320 19th Street, N.W.
   Suite 200
   Washington, D.C. 20036-1637

   *Attorneys for Defendants/Third-party Plaintiffs American Bankers Association Retirement Plan and Board of Trustees of the American Bakers Association Retirement Plan.*

3.   **James Hamilton**
     Anitra D. Goodman
     Bingham McCutchen LLP
     2020 K Street, N.W.
     Washington, D.C. 20006

     *Attorney for Third-party Defendant American Bakers Association*

4.   **D. Chirstopher Ohly**
     Jeffrey S. Jacobovitz
     Schiff Hardin LLP
     1666 K Street, N.W.
     Suite 300
     Washington, D.C. 20006

     *Attorney for Third-party Defendant Lewis Brothers Bakeries, Inc.*

5.   **Lonie A. Hassel**
     Groom Law Group
     1701 Pennsylvania Ave., N.W.
     Washington, D.C. 20006-5805

     *Attorney for Third-party Defendant Harris Baking Co.*

6.   **James R. Kettering, Jr.**
     President
     Kettering Baking Co.
     729 Coleman Avenue
     Fairmont, WV 26554

     *On behalf of Third-party Defendant Kettering Baking Co.*

7.   **Bernard Baker**
     President
     Jenny Lee Bakery, Inc.
     620 Island Avenue
     McKees Rocks, PA 15136

     *On behalf of Third-party Defendant Jenny Lee Bakery, Inc.*

8. **Paula June Connelly**
   Mark Blank
   Michael P. Mora
   Marc Stuart Pfeuffer
   Office of General Counsel
   1200 K Street, N.W.
   Washington, D.C. 20005-4026

   *Attorneys for Defendants/Third-party Plaintiffs Pension Benefit Guaranty Corporation.*

/s/ James R. Napoli
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, D.C. 20005
Tel. No. (202) 756-8279
Fax No. (202) 756-8087
E-mail: jnapoli@mwe.com

One of the Attorneys for Plaintiff/Respondent
Sara Lee Corporation