# ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SARA LEE CORPORATION, on its own** **behalf and on behalf of its** **employee-participants in the American** **Bakers Association Retirement Plan,** Three First National Plaza Chicago, Illinois 60602-4260 )<br><br>)<br>)<br>)<br>)<br>) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-CV-0819-HHK Hon. Henry H. Kennedy, Jr. |
| **AMERICAN BAKERS ASSOCIATION** **RETIREMENT PLAN; and BOARD OF** **TRUSTEES OF THE AMERICAN** **BAKERS ASSOCIATION RETIREMENT** **PLAN, as Administrator of The American** **Bakers Association Retirement Plan,** 1300 Eye Street, N.W., Ste. 700 West Washington, D.C. 20005 )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CROSS-CLAIM** (Fed. R. Civ. P. 13(g)) **COUNTERCLAIM** (Fed. R. Civ. P. 13(a)) |
| and ) | |
| **PENSION BENEFIT GUARANTY** **CORPORATION,** 1200 K Street, N.W. Washington, D.C. 20005 )<br>)<br>)<br>) | |
| Defendants. ) | |
| **AMERICAN BAKERS ASSOCIATION** **RETIREMENT PLAN; and BOARD OF** **TRUSTEES OF THE AMERICAN** **BAKERS ASSOCIATION RETIREMENT** **PLAN, as Administrator of The American** **Bakers Association Retirement Plan,** )<br>)<br>)<br>)<br>)<br>) | |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants, ) | |
| v. ) | |

**SARA LEE CORP.,**                        )
                                           )
        Respondent,                  )
                                           )
**PENSION BENEFIT GUARANTY**               )
**CORPORATION,**                           )
                                           )
        Cross-Defendant,             )
                                           )
    and                            )
                                           )
**KETTERING BAKING CO.**                   )
729 Coleman Avenue                         )
Fairmont, WV 26554                         )
                                           )
**INTERSTATE BRANDS CORP.**                )
12 E. Armour Blvd.                         )
Kansas City, MO 64111-1202                 )
                                           )
**LEWIS BROS. BAKERIES, INC.**             )
500 N. Fulton Avenue                       )
Evansville, IN 47710                       )
                                           )
**HARRIS BAKING CO., INC.**                )
2301 S. 1st Street                         )
Rogers, AR 72758-6416                      )
                                           )
**AMERICAN BAKERS ASSOCIATION**            )
1300 Eye Street, N.W.                      )
Suite 700 West                             )
Washington, DC 20005                       )
                                           )
    and                            )
                                           )
**JENNY LEE BAKERY, INC.**                 )
620 Island Avenue                          )
McKees Rock, PA 15136                      )
                                           )
        Third-Party Defendants.      )
                                           )

---

**LEWIS BROS. BAKERIES, INC.**             )
500 N. Fulton Avenue                       )
Evansville, IN 47710                       )
                                           )
    Counterclaimants, and Cross-Claimants,    )

v.

| | |
|---|---|
| **AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan,** | ) ) ) ) ) ) |
| | ) |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants, Counterclaim Defendant. | ) ) ) |
| | ) |
| **PENSION BENEFIT GUARANTY CORPORATION,** | ) ) |
| | ) |
| Cross-Defendant,. | ) |
| | ) |

**THIRD PARTY DEFENDANT LEWIS BROTHERS BAKERIES, INC.'S[1] AMENDED ANSWER TO AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN'S AND BOARD OF TRUSTEES OF THE AMERICAN BAKERS RETIREMENT PLAN'S THIRD PARTY COMPLAINT, LEWIS BROS. BAKERIES INC.'S CROSS-CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST PENSION BENEFIT GUARANTY CORPORATION AND COUNTERCLAIM AGAINST AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN AND BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, AS ADMINISTRATOR OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN**

## ANSWER

### Nature of the Action

1.    Sara Lee Corporation ("Sara Lee") initiated this action for declaratory and injunctive relief against the ABA Plan Defendants and Defendant Pension Benefit Guaranty Corporation ("PBGC").  Count I of the Second Amended Complaint is asserted solely against Defendant PBGC and seeks judicial review of PBGC's August 8, 2006, letter determination (the "2006 PBGC Letter") that the ABA Plan is a "multiple employer" pension plan under Title IV of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

---

[1] Third Party Defendant Lewis Brothers Bakeries, Inc. is correctly named in the caption of the Third Party Complaint, but is incorrectly referred to throughout the Third Party Complaint as Lewis Brothers Baking Company.

3

("ERISA"). Counts II and III are asserted against the ABA Plan Defendants. Count II alleges that the ABA Plan Defendants have used Plan assets attributable to Sara Lee to provide pension benefits to all Plan participants rather than only Sara Lee employees, and has thereby violated the terms of the Plan incorporating an earlier determination by the PBGC that the ABA Plan is an "aggregation of single employer plans" for ERISA Title IV purposes (the "1979 PBGC Letter"). Count III asserts that if the Court affirms PBGC's recent determination that that Plan is a multiple employer plan, the ABA Plan Defendants breached their fiduciary duties by operating it as such a plan.

**ANSWER:**    Third Party Defendant Lewis Brothers Bakeries, Inc. ("Lewis Brothers") admits that Sara Lee initiated this action against the ABA Plan Defendants (as defined in the Third Party Complaint) and Defendant PBGC.  Third Party Defendant Lewis Brothers states that the Second Amended Complaint speaks for itself.

2.    In Count I of its Third Party Complaint, Counterclaim and Cross-Claim, the ABA Plan Defendants seek declaratory and injunctive relief from this Court, ruling on whether the Plan is indeed a "multiple employer" plan pursuant to the 2006 PBGC Letter, or whether it is instead an "aggregation of single-employer plans" pursuant to the 1979 PBGC Letter and the terms of the Plan documents.  As the Plan is underfunded, this determination affects the allocation of Plan assets as among the seven Participating Employers, and constitutes an actual case or controversy.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that the subject of this action constitutes an actual case or controversy.  Third Party Defendant Lewis Brothers states that the Third Party Complaint, Counterclaim and Cross-Claim speaks for itself.

3.    In addition, in Count II of its Cross-Claim against Co-Defendant PBGC, the ABA Plan Defendants seek review of the 2006 PBGC Letter, which was issued on the basis of erroneous and incomplete facts, and was the result of a procedurally flawed inquiry by PBGC.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the Third Party Complaint, Counterclaim and Cross-Claim speaks for itself.

4.    Count I is brought by the ABA Plan and its Trustees, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and 28 U.S.C. § 2201 against Plaintiff Sara Lee, the Third Party Defendants, and Co-Defendant PBGC.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the Third Party Complaint, Counterclaim and Cross-Claim speaks for itself.

5.      Count II is brought by the ABA Plan and its Trustees, pursuant to Section 4003(f)(1) of ERISA, 29 U.S.C. § 1303(f)(1), against Co-Defendant PBGC for violation of their procedural due process rights under the Fifth Amendment of the Constitution. U.S. Const. amend. V.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the Third Party Complaint,

Counterclaim and Cross-Claim speaks for itself.

### Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 4003(f)(1), (2) and (6), 29 U.S.C. §§ 1303(f)(1), (2) and (6); ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); and 28 U.S.C. § 1331.

**ANSWER:**    Paragraph 6 states a non-factual, legal conclusion to which no response is

required. To the extent that a response is required, Third Party Defendant Lewis Brothers admits

that this Court has subject matter jurisdiction.

7.      This Court has personal jurisdiction over all of the Third-Party Defendants pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**ANSWER:**    Paragraph 7 states a non-factual, legal conclusion to which no response is

required. To the extent that a response is required, Third Party Defendant Lewis Brothers admits

that this Court has personal jurisdiction.

8.      Venue is exclusive to the District of Columbia pursuant to ERISA § 4003(f)(2), 29 U.S.C. § 1303(f)(2), and ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

**ANSWER:**    Paragraph 8 states a non-factual, legal conclusion to which no response is

required. To the extent that a response is required, Third Party Defendant Lewis Brothers admits

that venue is proper.

### Parties

9.      The Plan is a "defined benefit plan" as defined by ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan is administered in the District of Columbia, and has its principal office there. The Plan is funded and operated through the medium of a single trust, the American Bakers Association Retirement Trust, (the "Trust") (attached to the Second Amended Complaint ("SAC") as Exhibit 4).

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 9.

10.    The Board of Trustees is the Plan's named fiduciary pursuant to Section 2.01 of the Trust, and as defined by ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2). The Trustees are also responsible for the administration and management of the Plan. The Trust is an Illinois trust, and was established by the American Bakers Association in 1961. The Trust provides for the establishment of the ABA Plan and governance of the Plan and Trust by the Board of Trustees. The Trust and the Plan are administered in Washington D.C. The Chairman of the Board of Trustees is also located in Washington D.C. and maintains his principal place of business there.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 10.

11.    As the named fiduciaries, the Trustees are the proper parties to bring suit on behalf of the Plan and Trust and its participants and beneficiaries.

**ANSWER:**    Paragraph 11 states a non-factual, legal conclusion to which no response is required. To the extent a response is required, Third Party Defendant Lewis Brothers admits that fiduciaries are permitted to bring a suit pursuant to ERISA § 502(a)(3).

12.    Plaintiff Sara Lee is incorporated in the State of Maryland and has its principal place of business in Chicago, Illinois. Sara Lee is a "Participating Employer" in the ABA Plan. As a Participating Employer, Sara Lee contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Third-Party Defendant Sara Lee is a Participating Employer in the ABA Plan. Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12, and therefore denies the remaining allegations of Paragraph 12.

13.    Third-Party Defendant Interstate Bakeries Corporation ("IBC") is incorporated in the State of Delaware and has its principal place of business in Kansas City, Missouri. IBC is a Participating Employer in the ABA Plan. As a Participating Employer, IBC contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Third-Party Defendant IBC is a Participating Employer in the ABA Plan. Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13, and therefore denies the remaining allegations of Paragraph 13.

14.    Third-Party Defendant Harris Baking Company is incorporated in the State of Missouri and has its principal place of business in Rogers, Arkansas. Harris Baking Company is a Participating Employer in the ABA Plan. As a Participating Employer, Harris Baking Company contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Third-Party Defendant Harris

Baking Company is a Participating Employer in the ABA Plan. Third Party Defendant Lewis

Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of

the remaining allegations of Paragraph 14, and therefore denies the remaining allegations of

Paragraph 14.

15.    Third-Party Defendant Jenny Lee Bakery, Inc. is incorporated in the State of Pennsylvania and has its principal place of business in McKees Rock, Pennsylvania. Jenny Lee Bakery, Inc. is a Participating Employer in the ABA Plan. As a Participating Employer, Jenny Lee contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Third-Party Defendant Jenny

Lee Bakery is a Participating Employer in the ABA Plan. Third Party Defendant Lewis Brothers

lacks sufficient information or knowledge to form a belief as to the truth or falsity of the

remaining allegations of Paragraph 15, and therefore denies the remaining allegations of

Paragraph 15.

16.    Third-Party Defendant Kettering Baking Company is incorporated in the State of West Virginia and has its principal place of business in Fairmont, West Virginia. Kettering Baking Company is a Participating Employer in the ABA Plan. As a Participating Employer, Kettering Baking Company contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Third-Party Defendant

Kettering Baking Company is a Participating Employer in the ABA Plan. Third Party Defendant

Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or

falsity of the remaining allegations of Paragraph 16, and therefore denies the remaining

allegations of Paragraph 16.

7

17.    Third-Party Defendant Lewis Brothers Baking Company is incorporated in the State of Illinois and has its principal place of business in Evansville, Indiana. Lewis Brothers Baking Company is a Participating Employer in the ABA Plan. As a Participating Employer, Lewis Brothers Baking Company contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers states that it is a Missouri corporation with

its principal place of business in Evansville, Indiana. Third Party Defendant Lewis Brothers

states further that Chicago Baking Company, an Illinois corporation and wholly-owned

subsidiary of Third Party Defendant Lewis Brothers, is a Participating Employer in the ABA

Plan. Third Party Defendant Lewis Brothers admits that Chicago Baking Company contributes

to the ABA Plan on behalf of its eligible employee-participants.

18.    Third-Party Defendant American Bakers Association is incorporated in the State of Illinois and has its principal place of business in Washington, D.C. American Bakers Association is a Participating Employer in the ABA Plan. As a Participating Employer, American Bakers Association contributes to the ABA Plan on behalf of its eligible employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 18, and therefore denies

the allegations of Paragraph 18.

19.    Co-Defendant PBGC is a government corporation established by ERISA § 4002, 29 U.S.C. § 1302, within the U.S. Department of Labor. PBGC administers the plan termination insurance program under Title IV of ERISA and is domiciled and maintains its principal office in the District of Columbia.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 19.

### Factual Allegations

### Plan Design

20.    The Plan is a defined benefit pension plan under ERISA, to which the Participating Employers, including Sara Lee, contribute.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that the Plan is a defined benefit

plan and that Chicago Baking Company has contributed to the Plan. Third Party Defendant

Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20. To the extent that the allegations of Paragraph 20 suggest that the Plan is a multiple employer plan, Third Party Defendant Lewis Brothers denies each and every allegation.

21.    The Plan is governed by a Plan Document as required by ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1). A copy of the Plan Document, as amended from time to time, is attached and incorporated by reference as Exhibit 1 to the Second Amended Complaint.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 21.

22.    The Plan was established in 1961 by the American Bakers Association, to provide a vehicle for baking industry employers to offer a traditional defined benefit pension plan to groups of their employees at various work locations. The Plan is administered by a Board of Trustees chosen from the employers that have contracted with the Plan to provide pensions for certain of their employees ("Participating Employers").

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 22, and therefore denies the allegations of Paragraph 22.

23.    Since ERISA went into effect in 1976, the Plan has been administered and regarded by the Board and Participating Employers as a single plan for purposes of Titles I and II of ERISA.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 23. To the extent that the allegations of Paragraph 23 suggest that the Plan is a multiple employer plan, Third Party Defendant Lewis Brothers denies each and every allegation.

24.    In 1979, the PBGC issued a letter ("1979 PBGC Letter") wherein the agency determined that the Plan is an "aggregate of single employer plans" for purposes of plan termination and premiums under Title IV of ERISA. The 1979 PBGC Letter concluded that the requirement under the Plan Document that each employer fund its own participation and employee-participant benefits and the system of assessing surcharges on new Participating Employers based on an actuarial review of their employee-participant population were sufficient to demonstrate an intent to maintain separate plans.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the 1979 PBGC Letter speaks

for itself.

25.    Upon issuance of the 1979 PBGC Letter, the Plan Document was amended to conform to the 1979 PBGC Letter by adding Article XIII. Article XIII describes the purpose and intent of the Plan as follows:

> 13.01 <u>Association of Single Employer Plans.</u> This Plan constitutes an association of single employer plans designed to give the cost savings and other benefits of a tax-qualified prototype plan, the administration in common of all the associated plans (including, but not limited to, actuarial, legal, accounting, and computerized record-keeping services) and the handling of the receipt, investment and distribution of their funds through the medium of a single trust and the use of investment managers or advisers and pension consultants. That the Plan is, and is to be treated as, "an aggregate of separate plans rather than a single pension plan" is recognized by the Pension Benefit Guaranty Corporation for plan termination purposes (see Exhibit A attached hereto).

**ANSWER:**    Third Party Defendant Lewis Brothers states that the Plan Document speaks for

itself.

26.    Each employer joining the Plan executes a Participation Agreement adopting the terms of the Plan Document, whereby it agrees to make contributions to the Plan to fund its employee-participants' benefits.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Chicago Baking Company

executed a Participation Agreement and made contributions to the Plan to fund its employee-

participants' benefits.    Third Party Defendant Lewis Brothers lacks sufficient information or

knowledge to form a belief as to the truth or falsity of the remaining allegations of Paragraph 26,

and therefore denies the remaining allegations of Paragraph 26.

27.    Pursuant to Article XI, Sections 11.01 and 11.02 of the Plan Document, when an employer terminates its participation under the Plan, a separate actuarial study is made of its contributions and pensions payable, and the employer is required to cover any additional costs for benefits for its employee-participants that have not been adequately funded by its past contributions. If the employer has contributed excess funds, the surplus assets revert to the terminating employer after the benefits are paid.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the Plan Document speaks for

itself.

28.    Since 1979, PBGC has approved a number of individual employer terminations from the Plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 28, and therefore denies

the allegations of Paragraph 28.

29.    Since 1979, the ABA Plan and its employers have operated in the belief that each employer was to provide funds for the benefit of its own employee-participants, and that the Plan was an "aggregation of single employer plans" wherein any funding deficiencies at the time of termination were to be addressed by the employer.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 29.

30.    The ABA Plan has been governed in substantial compliance and conformity with the 1979 PBGC Letter and its governing documents in accordance with ERISA § 404. 29 U.S.C § 1104.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 30, and therefore denies

the allegations of Paragraph 30.

### Events Leading Up to This Action

31.    For the past five years, the Plan has had seven Participating Employers: Interstate Bakeries Corporation ("IBC"), Harris Baking Company, Jenny Lee Bakery, Inc., Kettering Baking Company, Lewis Brothers Baking Company, the American Bakers Association (collectively, the "Third Party Defendants") and Plaintiff Sara Lee Corporation.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Chicago Baking Company has

participated in the Plan for the past five years.  Third Party Defendant Lewis Brothers lacks

sufficient information or knowledge to form a belief as to the truth or falsity of the remaining

allegations of Paragraph 31, and therefore denies the remaining allegations of Paragraph 31.

32.    As of September 1, 2006, the Plan covered 2,581 total participants: 1,597 participants from IBC, 687 from Sara Lee, 141 from Jenny Lee, 57 from Lewis Brothers, 34 from Harris, 31 from American Bakers Association, and 13 from Kettering.

11

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Chicago Baking Company had

57 participants in the Plan as of September 1, 2006.  Third Party Defendant Lewis Brothers lacks

sufficient information or knowledge to form a belief as to the truth or falsity of the remaining

allegations of Paragraph 32, and therefore denies the remaining allegations of Paragraph 32.

33.    IBC filed Chapter 11 bankruptcy proceedings in the United States District Court
for the Western District of Missouri, Case No. 04-45814 (JWV) on September 22, 2004.  On
November 7, 2006, the Bankruptcy Court entered an Agreed Order granting the Plan and the
Trustees relief from the automatic stay provisions of the Bankruptcy Code, in connection with
this action.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that IBC filed bankruptcy

proceedings in 2004.  Third Party Defendant Lewis Brothers states that the Bankruptcy Court's

Agreed Order speaks for itself.

34.    While IBC participants comprise approximately 62% of the total Plan
participants, the percentage of IBC former employees who are among the terminated and vested
population is much higher, namely, approximately 80% of the Plan's total population.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 34, and therefore denies

the allegations of Paragraph 34.

35.    As of October 1, 2005, the Plan's total actuarial value of assets was
approximately $65.8 million, representing the contributions and investment earnings of all
employers less benefits payments and administrative expenses.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 35, and therefore denies

the allegations of Paragraph 35.

36.    The number of active participants in the Plan for whom contributions are being
made and the amount of contributions received relative to pensions being paid out are in decline.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 36, and therefore denies

the allegations of Paragraph 36.

36.    37.    In March 2004, after discussion over a period of several years of its intentions in maintaining the Plan, Sara Lee announced that it intended to terminate the participation of some Sara Lee employees in the Plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 37, and therefore denies

the allegations of Paragraph 37.

38.    At Sara Lee's request, the Plan began the administrative transfer of Sara Lee's non-union active employee-participants, as well as the union and non-union former and retired employees and their beneficiaries, from the ABA Plan to the Consolidated Sara Lee Bakery Group Hourly Employees' Pension Plan (the "Sara Lee Plan"), a separate Sara Lee successor plan sponsored by the Plaintiff.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 38, and therefore denies

the allegations of Paragraph 38.

39.    The active union employees of Sara Lee remain in the ABA Plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 39, and therefore denies

the allegations of Paragraph 39.

40.    The associated pension liabilities for the transferred participants were also transferred to the Sara Lee Plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 40, and therefore denies

the allegations of Paragraph 40.

41.    During the plan year beginning October 1, 2004, the Plan was required to collect, in addition to the normal contributions required by the Plan from Participating Employers,

quarterly contributions from Participating Employers to meet ERISA's minimum funding requirements and to reduce the balance of unfunded benefits under the Plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 41, and therefore denies

the allegations of Paragraph 41.

42.    The Plan initially calculated and assessed such quarterly contributions according to a method that was based on the number of each Participating Employer's active and inactive participants weighted by the contractual rate of each Participating Employer's weekly contributions. After completing studies of the relative funded position of each employer group during the 2005 Plan Year, the Plan adopted a new method of assessing additional required funding contributions and applied the new method retroactively to the beginning of the 2005 Plan Year. The new method apportioned the quarterly contribution according to each employer's unfunded liability for the benefits of its own employee-participants. The new method eliminated any need for additional quarterly contributions by Sara Lee and increased the contribution requirement of IBC by millions of dollars.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 42, and therefore denies

the allegations of Paragraph 42.

43.    In the summer of 2005, IBC and Sara Lee were provided with preliminary calculations of the share of ABA Plan assets attributable to their respective employees' participation in the Plan.    The asset calculation considered contributions plus investment earnings minus administrative expenses and pensions paid.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 43, and therefore denies

the allegations of Paragraph 43.

44.    These calculations indicated that five of the Participating Employers, including IBC, had made insufficient contributions to the Plan to fund the benefits of their employee-participants, while two of the Participating Employers, including Sara Lee, had made contributions more than sufficient to fund the benefits of their employee-participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that Chicago Baking Company

made contributions more than sufficient to fund the benefits of its employee-participants.    Third

Party Defendant Lewis Brothers admits further that certain Participating Employers made

14

insufficient contributions to the Plan to fund the benefits of their employee-participants. Third

Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to

the truth or falsity of the remaining allegations of Paragraph 44, and therefore denies the

remaining allegations of Paragraph 44.

45.    On June 24, 2005, IBC requested the PBGC to conduct a review of the Plan, to
determine compliance with the 1979 PBGC Letter and to consider involuntary termination of the
Plan. IBC alleged that the Plan had not been operated in accordance with the 1979 PBGC Letter
by failing to maintain records and by failing to perform separate valuations. IBC ceased making
required quarterly contributions to the Plan on January 15, 2006, although it continued to make
regular monthly contributions based on the number of its active participants.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that one or more participating

employers requested reconsideration of the 1979 PBGC Letter. Third Party Defendant Lewis

Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of

the remaining allegations of Paragraph 45, and therefore denies the remaining allegations of

Paragraph 45. To the extent that the allegations of Paragraph 45 suggest that the Plan is a

multiple employer plan, Third Party Defendant Lewis Brothers denies each and every allegation.

46.    While IBC's request was pending, IBC, Sara Lee and the Plan entered into a "No-
Action Agreement." The No-Action Agreement authorized the transfer by the Plan of $71
million to the Sara Lee Plan following its execution and provided for a delay in transfers of any
additional assets from the Plan to the Sara Lee Plan until PBGC completed its review. The $71
million authorized to be transferred represented a calculation made in accordance with Internal
Revenue Code Section 414(l) that was agreed to by Sara Lee, IBC and the Plan, and was not the
Plan's ordinary method for calculating the amount of such liabilities.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the remaining allegations of Paragraph 46. To the

extent that the allegations of Paragraph 46 suggest that the Plan is a multiple employer plan,

Third Party Defendant Lewis Brothers denies each and every allegation.

47.    On August 28, 2005, Sara Lee entered into a Transfer Agreement with the Plan,
providing for transfer of the $71 million and for the transfer of an additional amount of assets
attributable to Sara Lee's contributions for the transferred participants according to the Plan's
usual method for single employer terminations. The additional amount to be transferred was

15

approximately $27 million, but the transfer of those funds has not been effected as a result of PBGC's determination that the Plan is a multiple employer plan.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 47, and therefore denies

the allegations of Paragraph 47.  To the extent that the allegations of Paragraph 47 suggest that

the Plan is a multiple employer plan, Third Party Defendant Lewis Brothers denies each and

every allegation.

48.    On or about September 30, 2005, pursuant to the Transfer Agreement, and with the knowledge and consent of IBC and with the knowledge of PBGC, $71 million was transferred to the Sara Lee Plan, but no further amounts have since been transferred.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 48, and therefore denies

the allegations of Paragraph 48.  To the extent that the allegations of Paragraph 48 suggest that

the Plan is a multiple employer plan, Third Party Defendant Lewis Brothers denies each and

every allegation.

49.    As of October 1, 2005, the present actuarial value of accrued benefits to be paid to employees, former employees and beneficiaries of the Participating Employers (excluding the transferred Sara Lee participants) was approximately $95.7 million.  The present value of accrued benefits to be paid to employees and former employees of IBC and their beneficiaries is approximately $60 million.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 49, and therefore denies

the allegations of Paragraph 49.

50.    On November 2, 2005, the PBGC announced that it would revisit the 1979 PBGC Letter determination and informed the Plan, IBC, and other interested parties that they would be permitted to make written submissions to the PBGC by November 18, 2005.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that the PBGC announced that it

would revisit the 1979 PBGC Letter and that interested parties were permitted to make

submissions to the PBGC. To the extent that the allegations of Paragraph 50 suggest that the Plan is a multiple employer plan, Third Party Defendant Lewis Brothers denies each and every allegation.

51. The PBGC permitted the parties to be involved only through this single submission.

**ANSWER:** Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 51, and therefore denies the allegations of Paragraph 51.

52. The PBGC did not inform the parties what process it would employ to review the submissions, or whether a record was being maintained, or whether each submitter would be permitted to review what the other parties had submitted.

**ANSWER:** Third Party Defendant Lewis Brothers admits the allegations of Paragraph 52.

53. Parties who submitted written documents were not required to serve, and were not identified to other interested parties in any formal way.

**ANSWER:** Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 53, and therefore denies the allegations of Paragraph 53.

54. On information and belief, there were extensive *ex parte* communications between PBGC and some of the interested parties.

**ANSWER:** Third Party Defendant Lewis Brothers admits the allegations of Paragraph 54.

55. The submitters participating in the process had no opportunity to review the submissions of other submitters, or to make any second-round or rebuttal submissions.

**ANSWER:** Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 55, and therefore denies the allegations of Paragraph 55.

56. The submitters had no opportunity to review any agency record despite efforts to obtain such records through the Freedom of Information Act.

17

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 56, and therefore denies

the allegations of Paragraph 56.

57.    Representatives of the Plan had no opportunity to cross-examine or confront any witness, examine any other party's evidence, join any other interested party, discern who would be the decision-maker, or review or object to any proposed decision prior to the issuance of the determination.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 57.

58.    On August 8, 2006, the PBGC responded to IBC's June 24, 2005 request by written letter ("2006 PBGC Letter"). The 2006 PBGC Letter expressly revoked the 1979 PBGC Letter and determined that assets that have been contributed to the ABA Plan by each employer since at least 1979 are not restricted in use to pay pensions for participants of the employer that contributed the assets, but instead are available to pay the benefits of all employers' participants. The 2006 PBGC Letter is incorporated by reference and is attached as Exhibit 2 to the Second Amended Complaint.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that the PBGC issued a second

letter on August 8, 2006. Third Party Defendant Lewis Brothers states that the 2006 PBGC

Letter speaks for itself. To the extent that the allegations of Paragraph 58 suggest that the Plan is

a multiple employer plan, Third Party Defendant Lewis Brothers denies each and every

allegation.

59.    Against its liabilities, the Plan held in trust approximately $78.2 million in assets at market value as of September 30, 2006, with the balance to be paid by contributions from Participating Employers. This amount includes the approximately $27 million that would have been transferred to the Sara Lee Plan, in addition to the $71 million that was transferred, under the Plan's usual methodology for plan spin-offs or employer terminations.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 59, and therefore denies

the allegations of Paragraph 59.

60.    The present value of the unfunded amount of liabilities of all Plan participants is approximately $16.9 million. If the $27 million were transferred to Sara Lee, the unfunded amount for the Plan would increase to approximately $43.9 million.

**ANSWER:**     Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 60, and therefore denies

the allegations of Paragraph 60.

61.     Prior to August 8, 2006, the Plan was pursuing actions to collect additional
contributions from the Participating Employers. These efforts included filing a Proof of Claim in
the Bankruptcy Court against IBC for all amounts needed to fund IBC's liabilities under the
Plan, including the unpaid quarterly contributions for the Plan Year commencing October 1,
2005, and taking actions to compel other employers to pay their quarterly contributions under
both the old and new methods.

**ANSWER:**     Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 61, and therefore denies

the allegations of Paragraph 61.

62.     On information and belief, the 2006 PBGC Letter requires the Plan to cease
actions that are inconsistent with its determination that all the Plan's assets are available to pay
the pensions of all active, inactive and retired employees who participate in the Plan.

**ANSWER:**     Third Party Defendant Lewis Brothers states that the 2006 PBGC Letter speaks

for itself.

63.     In effect, the 2006 PBGC Letter shifts each employer's individual liability to fund
its own employee-participants' benefits to the common trust and thus to all Participating
Employers collectively.

**ANSWER:**     Third Party Defendant Lewis Brothers states that the 2006 PBGC Letter speaks

for itself.

64.     The 2006 PBGC Letter also shifts the funding obligation for each employer's
liability to its employee-participants to all Participating Employers collectively on a joint and
several basis. This renders the amount of unfunded or underfunded liability arising from the
participation of IBC participants, which is currently approximately $60.7 million, the collective
responsibility of all the employers in the Plan.

**ANSWER:**     Third Party Defendant Lewis Brothers states that the 2006 PBGC Letter speaks

for itself.

65.     Upon information and belief, the amount of liability for IBC participants alone
exceeds the net worth of one or more of the Plan's smaller employers.

**ANSWER:**    Third Party Defendant Lewis Brothers lacks sufficient information or knowledge

to form a belief as to the truth or falsity of the allegations of Paragraph 65, and therefore denies

the allegations of Paragraph 65.

**Count I - Action for Declaratory Judgment**
**(against Co-Defendant PBGC, Plaintiff Sara Lee, and the Third-Party Defendants)**

66.    The ABA Plan Defendants incorporate Paragraphs 1 through 65 of this Third Party-Complaint, Counterclaim and Cross-Claim as if fully set forth herein.

**ANSWER:**    Third Party Defendant Lewis Brothers incorporates its responses to paragraphs 1

through 65 as its answer to Paragraph 66.

67.    The 1979 PBGC Letter states that the Plan is an aggregation of single employer plans for purposes of Title IV. Sara Lee seeks to make contributions to, and effect distributions from the Plan according to the 1979 PBGC Letter.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the 2006 PBGC Letter speaks

for itself. Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to

form a belief as to the truth or falsity of the remaining allegations of Paragraph 67, and therefore

denies the remaining allegations of Paragraph 67.

68.    The 2006 PBGC Letter, on the other hand, concludes that the Plan is not an aggregation of single employer plans but rather a multiple employer plan for purposes of Title IV. On information and belief, several other Participating Employers seek to make contributions to, and effect distributions from the Plan according to the 2006 PBGC Letter.

**ANSWER:**    Third Party Defendant Lewis Brothers states that the 2006 PBGC Letter speaks

for itself. Third Party Defendant Lewis Brothers lacks sufficient information or knowledge to

form a belief as to the truth or falsity of the remaining allegations of Paragraph 68, and therefore

denies the remaining allegations of Paragraph 68.

69.    The 2006 PBGC Letter is in conflict with Section 3.01 of the Trust Instrument, Article XIII, Section 13.02 of the Plan Document, the Plan's termination provisions found in Articles V and XI and other provisions of the Plan document, the Plan's Participation Agreements with its Participating Employers, the Plan's previously received governmental approvals, and the Plan's longstanding practice. ERISA mandates that the Trustees manage the Plan according to its terms.

20

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 69.

70.    The contradictions between the positions contained in the 1979 PBGC Letter and the Plan documents on the one hand, and in the 2006 PBGC Letter on the other hand create an actual case or controversy that is properly before this Court.

**ANSWER:**    Third Party Defendant Lewis Brothers admits that the subject of this action constitutes an actual case or controversy.

71.    The Court can and should determine the continuing validity and effect, if any, of the Plan's governing documents in light of the 1979 PBGC Letter and 2006 PBGC Letter.

**ANSWER:**    Third Party Defendant Lewis Brothers admits the allegations of Paragraph 71.

### Count II - Violation of Fifth Amendment Right to Procedural Due Process (against Co-Defendant PBGC)

72.    The ABA Plan Defendants incorporate Paragraphs 1 through 71 of this Third Party Complaint, Counterclaim and Cross-Claim as if fully set forth herein.

**ANSWER:**    Third Party Defendant Lewis Brothers incorporates its responses to paragraphs 1 through 65 as its answer to Paragraph 72.

73.    On August 8, 2006, PBGC issued its 2006 Letter, in which it found the ABA Plan to be a multiple employer pension plan and revoked its prior 1979 Letter, in which it concluded that the Plan was an aggregate of single-employer pension plans under ERISA.

**ANSWER:**    The allegations in Paragraph 73 are not asserted against Third Party Defendant Lewis Brothers, and therefore no answer is required.

74.    ERISA § 4003(f)(1) permits any fiduciary who is adversely affected by any action of PBGC to bring an action against PBGC for appropriate equitable relief.   29 U.S.C. § 1303(f)(1).

**ANSWER:**    The allegations in Paragraph 74 are not asserted against Third Party Defendant Lewis Brothers, and therefore no answer is required.

75.    The ABA Plan Defendants have adversely been affected by PBGC's 2006 Letter, in that it subjects the Plan to uncertainty and has exposed the Plan and its Trustees to litigation.

**ANSWER:**    The allegations in Paragraph 75 are not asserted against Third Party Defendant Lewis Brothers, and therefore no answer is required.

76.     The PBGC's 2006 Letter was based on erroneous facts and information, and is in violation of the due process clause of the Fifth Amendment. The inquiry was conducted in an arbitrary and capricious manner, with no party understanding the process or having the opportunity to address and respond to arguments that may have been made by other interested parties.

**ANSWER:**     The allegations in Paragraph 73 are not asserted against Third Party Defendant

Lewis Brothers, and therefore no answer is required.

## PRAYER FOR RELIEF

Third Party Defendant Lewis Brothers requests that this Court:

1.     Reverse the 2006 PBGC Letter and enjoin the PBGC from rescinding the 1979

PBGC Letter;

2.     Declare the rights and obligations of the ABA Plan Defendants in administering

the Plan Document by affirming the positions of the 1979 PBGC Letter, and the Plan Document,

Trust Instrument and Participation Agreements;

3.     Declare that the ABA Plan Defendants have violated the terms of the Plan

Document and Third Party Defendant Lewis Brothers' Participation Agreement by using Third

Party Defendant Lewis Brothers' contributions to the Trust to pay the benefits for employee-

participants of other Participating Employers;

4.     Declare that the ABA Plan Defendants have violated the terms of the Plan

Document by failing to enforce the Plan Document in accordance with its terms;

5.     Permanently enjoin the ABA Plan Defendants from violating the terms of the Plan

Document;

6.     Permanently enjoin the ABA Plan Defendants from violating the Plan Document

terms with respect to using Third Party Defendant Lewis Brothers' contributions to pay the

benefits for employee-participants of other Participating Employers;

7.     Dismiss the Third Party Complaint;

8.      Award Third Party Defendant Lewis Brothers its reasonable attorneys' fees, costs and expenses under ERISA §§ 502(g)(1) and 4003(f)(3), 29 U.S.C. §§ 1132(g)(1) and 1303(f)(3); and

9.      Award such other relief as may be appropriate.

## LEWIS BROS. BAKERIES INC. CROSS-CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST PENSION BENEFIT GUARANTY CORPORATION AND COUNTERCLAIM AGAINST AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN

Lewis Brothers Bakeries, Inc. ("Lewis Brothers"), by and through its undersigned counsel, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan (the "ABA Plan"), for its Cross-Claim for declaratory and injunctive relief against Pension Benefit Guaranty Corporation ("PBGC") and a Counterclaim against ABA Plan and the Board of Trustees of the American Bakers Association Retirement Plan, as Administrator of the ABA Plan ("Board of Trustees"), states as follows:

### NATURE OF ACTION

1.      This is an action by Lewis Brothers, a Participating Employer and actual or functional fiduciary under the ABA Plan, seeking declaratory, injunctive and other equitable relief against the Board of Trustees. Among other things, this action seeks an Order that will compel the Board of Trustees to segregate all of the identifiable funds that are presently retained in the ABA Trust that are attributable to contributions to the ABA Plan made by Lewis Brothers for the benefit of its employees. It seeks a further Order compelling the Board of Trustees to maintain separate all such funds in a separate account, and otherwise to make such funds available for disposition by Lewis Brothers, and to abide by instructions given by Lewis Brothers, in its sole discretion, for the benefit of its employees, to transfer such segregated funds to such other benefit plan account as, in the future, Lewis Brothers may specifically direct. In

23

addition, this action seeks (i) to reverse and enjoin the PBGC's August 8, 2006 determination that the ABA Plan is a multiple employer pension plan and not an aggregate of single-employer pension plans under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); (ii) to challenge the acts and practices of the Board of Trustees that violate the terms of the ABA Plan, an employee benefit pension plan governed by ERISA; and (iii) if the PBGC's August 8, 2006 determination is upheld and the ABA Plan is determined to be a multiple employer pension plan, to challenge the Board of Trustees' breach of fiduciary duty for failing to administer the ABA Plan according to its terms that state it is to be administered as an aggregate of single-employer pension plans.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Lewis Brothers' claim against the PBGC pursuant to ERISA Section 4003(f)(1), 29 U.S.C. § 1303(f)(1), and 28 U.S.C. § 1331.

3.    This Court has subject matter jurisdiction over Lewis Brothers' claims against the ABA Plan and the Board of Trustees pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

4.    Venue is exclusive to the District of Columbia on Lewis Brothers' claim against the PBGC pursuant to ERISA Section 4003(f)(2), 29 U.S.C. § 1303(f)(2), because the ABA Plan's principal office is located in this District and this District is a proper venue for all actions against the PBGC.

5.    Venue is proper in the District of Columbia on Lewis Brothers' claims against the ABA Plan and the Board of Trustees pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ABA Plan is administered in this District, the acts and practices violating the ABA Plan's terms occurred in this District and the ABA Plan and the Board of Trustees can be found in this District.