# EXHIBIT 3

**AMENDMENT AND RESTATEMENT**
**OF**
**THE AMERICAN BAKERS ASSOCIATION RETIREMENT TRUST**
**(Effective October 1, 1976)**

Pursuant to the right and power reserved to the Board of Trustees of the American Bakers Association Retirement Trust in Article X of said Trust, the Trustees, by the duly adopted resolution of the Board of Trustees, have amended and restated said Trust effective October 1, 1976 to read as follows:

## ARTICLE I

## DEFINITIONS

1.01 Definitions. The following terms when used herein, unless the context clearly indicates otherwise, shall have the following respective meanings:

"Association" means the AMERICAN BAKERS ASSOCIATION.

"Association Trustee" means a Trustee designated or appointed as a Trustee for the Association in accordance with the provisions of Section 7.02 below.

"Board," "Board of Trustees" or "Trustees" mean collectively the Association Trustees and Employer Trustees from time to time acting hereunder.

"Code" means the Internal Revenue Code of 1954, as from time to time amended.

"Contract Administrator" means the person or organization engaged by the Board to conduct all or any part of the Administrative operations of the Plan and Trust.

"Corporate Trustee" means the bank or trust company appointed by the Board to be custodian of all or any part of the Fund, to make benefit disbursements and to perform such other duties as may be agreed to with the Board.

"Employer Trustee" means a Trustee designated or appointed as a Trustee for the Participating Employers in accordance with the provisions of Section 7.02 below.

"ERISA" means the Employee Retirement Income Security Act of 1974, as from time to

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                                1

time amended.

"Fund" means the fund established in accordance with this Trust and the Plan from time to time held hereunder.

~~"Insurance Company" means any legal reserve insurance company selected by the Board~~ which may hold and invest assets of the Fund and which underwrites any form of contract to provide for all or part of the benefits under the Plan.

"Investment Manager" means a person or organization:

(a)      who is designated by the Board to have the unlimited or limited authority and power to manage, acquire or dispose of any assets in the fund;

(b)      who is registered as an investment adviser under the Investment Advisers Act of 1940, is a bank as defined in  that Act, or is an Insurance Company qualified to perform such services under the laws of more than one State; and

(c)      who has acknowledged in writing that he is a fiduciary with respect to the Plan.

"Participating Employer" means any employer entity which has agreed or shall agree in a Participation Agreement entered into with the Board to make contributions to the Fund in accordance with the provisions of the Plan.

"Participation Agreement" means the agreement entered into by the Participating Employer and the Board to make contributions to the Fund in accordance with the provisions of the Plan.

"Plan" means the AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as from time to time amended.

"Trust" means this AMERICAN BAKERS ASSOCIATION RETIREMENT TRUST, as from time to time amended.


## ARTICLE II
### Purpose of the Trust


2.01 Purpose. The Trust provides the funding medium for the Plan and the Board of Trustees

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                    2

are the administrators of the Plan. The Plan and Trust are intended to be qualified under the provisions of Section 401 and exempt under Section 501(a) of the Code and to comply with the provisions of ERISA.

## ARTICLE III

### Board and Trust Fund

3.01 Board to Hold Contributions. The Board shall receive contributions paid by the Participating Employers; shall invest and reinvest or shall appoint an Investment Manager to invest and reinvest assets of the Fund or any part thereof; shall hold the amounts of the Fund or appoint a Corporate Trustee to do so; shall disburse or appoint a Corporate Trustee to disburse benefits directly from the Fund; or shall provide for the disbursement thereof by the purchase and delivery of insurance contracts and shall administer or appoint a Contract Administrator to the Plan, all pursuant to and in accordance with the terms of the Plan and as set forth in this Trust.

3.02 Duties of Board Governed by this Trust and The Plan.
The power, duties and discretion of the Board shall be governed by this Trust and by the Plan insofar as it is not inconsistent with this Trust.

3.03 Name of Trust. The trust established by this Trust agreement shall be known as the "AMERICAN BAKERS ASSOCIATION RETIREMENT TRUST."

3.04 Board to Hire Administrator. The Board shall engage the services of a competent, paid Contract Administrator to conduct the day-to-day operations of the Plan and this Trust. The Board may delegate such of its administrative duties to the Contract Administrator or to such other agents or persons or organizations as the Board may deem advisable.

## ARTICLE IV

### Payments from the Fund

4.01 Payment of Benefits From the Fund. Payment of benefits under the Plan shall be made directly from the Fund, or shall be provided for by the purchase and delivery of such insurance

contracts to such persons, in such manner and at such times as the Plan shall provide. The Board shall be fully protected in making, discontinuing or withholding benefit payment from the Fund, or the purchase or delivery of insurance contracts, or instructing the insurers with respect thereto, all in reliance upon information received from any Participating Employer respecting the status of the employees of such Participating Employer who are covered by the Plan. When any benefit payment or the purchase or delivery of any insurance contract or any payment thereunder is to be made in accordance with the terms of the Plan only during or until the time the payee maintains or attains a given status, or only during or until the time a certain condition exists regarding the payee, any such payment, purchase, delivery or instruction made, discontinued or withheld by the Board in good faith, without actual knowledge or notice of the prescribed change in the status or condition of the payee, shall be considered to have been properly done by the Board.

    4.02 <u>Expenses of The Trust</u>. The expenses of the Trust, including but not limited to (i) the compensation of the Contract Administrator, (ii) the fees of consultants, actuaries, accountants, attorneys and other persons employed by the Board, (iii) the costs of investing the Fund, (iv) premium or other payments under insurance contracts or policies purchased by the Board for the Fund,(v) the fees and expenses of such Corporate Trustee and Investment Manager as may be appointed by the Board, and (vi) the expense of maintaining bank accounts and safety deposit boxes, shall be paid from the Fund. The Trustees shall receive no compensation for their services as Trustees, but they shall be reimbursed from the Fund for any expenses which they may incur in the performance of their duties as Trustees.

    4.03 <u>Withholding to Cover Taxes</u>. The Board is authorized, but not required, to withhold from distributions to any payee such sums as the Board may reasonably estimate to be necessary to cover federal and state taxes for which the Board may be liable and which are, or may be, assessed with regard to the amount distributable to any such payee. Upon discharge or settlement of such tax liability, the Board shall pay the balance of such sum, if any, to such payee. Prior to making any payment or distribution hereunder, the Board may require such receipts, releases or indemnity agreements from any payee or distributee as the Board shall reasonably deem necessary for its protection.

    4.04 <u>Spendthrift Provision</u>. No person entitled to receive distributions from the Fund shall

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004

4

have the right to assign, encumber or anticipate his interest in any payments from the Fund. Such payments shall not in any way be subject to such person's debts or liabilities, or to any legal process, levy of execution or attachments or garnishment proceedings designed to enforce the adjudication or discharge of any claims against the person entitled to such payments. Such payments shall not be subject to the jurisdiction of any bankruptcy court or to any insolvency proceedings, whether voluntary or involuntary.

## ARTICLE V
### Powers and Duties of the Trustees

5.01 Powers. In addition to the powers and discretion hereinbefore granted to the Trustees and conferred upon the Trustees by law, the Trustees shall have the following powers and discretion with respect to the Fund:

(a)    Investment. The Board may hold a reasonable amount of uninvested cash and may invest and reinvest the principal and income of the Fund in any property or undivided interest in property, wherever located, including bonds, secured and unsecured notes, stocks of corporations regardless of class and including investment companies, real estate or any interest in real estate and interest in trusts, including common trust funds, in such amounts or proportions as the Board shall determine without being limited by any present or future statute or rule of law of the State of Illinois or any other jurisdiction concerning investments by trustees, nor shall the Board be limited to the amount or type of any investment by its relations to the amount or type of investments constituting the Fund as a whole. The Board may elect in each case either to exercise or to sell any subscription rights received as the result of any such investments. Notwithstanding any provision contained in this Trust to the contrary, the Board shall not invest any of the principal or income of the Fund in stock or securities or other properties of any Participating Employer, except to the extent that any such stock or securities may be held by any common trust fund or mutual investment fund in which the Board may have invested or may desire to invest any part of the Fund.

(b) Purchase of Insurance Contracts. The Board may enter into such insurance contracts,

Ahafpc:\aba\trust\11.00.doc
November 17, 2004                                5

make premium or other payments thereon, make such elections thereunder and take such action with respect thereto, as are authorized, directed or contemplated by the Plan and as the Board shall, in the exercise of the discretion given it under the Plan, determine.

(c) Sale of Property. The Board may sell for cash or on credit, at public or private sale, any property included in the principal or income of the Fund, or exchange any such property for other property, or grant options to acquire such property, and the Board may determine the prices and terms of all such sales, exchanges and options and may execute contracts, conveyances and other instruments, including instruments containing covenants and warranties binding upon the Fund.

(d) Bank Accounts. The Board may establish such bank accounts and make such deposits and withdrawals thereunder and may delegate the right and power to make such deposits and withdrawals to one or more designees who may or may not be the Board of the Contract Administrator or the Secretary of the Board or any other person, as the Board, in its sole discretion, shall determine.

(e)    Real Estate. The Board may make leases and subleases of real estate forming part of the principal of the Fund, even though the terms may extend beyond the termination of this Trust. The Board may subdivide or improve such real estate, tear down or alter improvements, grant easements and take any other action with respect to such real estate which an individual owner thereof could take.

(f)    Borrowing and Mortgaging. For and on behalf of the Fund, the Board may borrow money from any source whatsoever, upon such terms as the Board considers proper. The Board may mortgage or pledge, to secure such loans, any property included in the principal or income of the Fund.

(g)    Enforcement, Settlement and Litigation. The Board may take any and all action it deems necessary or advisable to collect the contributions due from the Participating Employers or any of them to the Fund, to enforce the performance of any insurance contracts or other contracts or commitments of and with the Fund, and to enforce and protect the rights and interests of the Fund. The Board may take any and all action with respect to conserving or realizing upon the value of any property included in the principal or income of the Fund

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                6

and with respect to foreclosures, reorganization or other changes affecting such property, which any individual owner of such property could take. The Board may arbitrate, compromise, settle or abandon claims by or against the Fund, as the Board shall, in its sole discretion, deem best.

(h)     Investment Manager. The Board may employ an Investment Manager to manage, invest and reinvest, acquire and dispose of all or any part of the assets of the Fund and the Board may enter into agreements therewith for such purpose.

(i)     Corporate Trustee.    The Board may employ a bank or other corporate trustee to act as Corporate Trustee with respect to the Plan and Trust all as more fully set forth in Section 7.03 hereof.

(j)     Actuary. The Board may employ an actuary who is enrolled by the Joint Board for the Enrollment of Actuaries established under ERISA to prepare the actuarial reports and perform the actuarial services for the Plan and Trust.

(k)     Assistants and Agents. The Board may employ attorneys, auditors, depositaries, real estate managers and agents with or without discretionary powers, may vote any stocks or other property included in the principal of the Fund either in person or by proxy and may keep any property in the name of a trustee or nominee, with or without disclosure of any fiduciary relationship, or in bearer form. The Board may delegate to voting trustees, bondholders' committees and any other person any duties which the Board deems it desirable to delegate for the preservation of the principal or income of the Fund.

(l)     Trust Expenses. The Board shall pay promptly out of the Fund all taxes and expenses incurred by it in the administration of the Fund and any amounts incidental to the exercise of any of the powers, or to the performance of any of the duties, given to the Board by this Trust.

(m)     Construction of Trust. The Board may interpret and construe the provisions of this Trust and the Plan and may adopt reasonable regulations not inconsistent herewith and such interpretations and construction of the Board shall be binding on all concerned, whomsoever.

5.02     Board May Rely Upon Documents Which Are Apparently Genuine. The Board shall

be fully protected in relying upon any written instrument purporting to be signed by a duly authorized officer of a Participating Employer or by any other person authorized to sign for any Participating Employer, or in reliance upon a certified copy of resolutions of the board of directors of any Participating Employer, any of which the Board, in good faith, believes to be genuine.

5.03  Liability of Fiduciaries and Right to Insure.  The Association, each Participating Employer, the Contract Administrator and the directors, officers, employees and agents of each of them and the Board, each member Trustee, and the Secretary, employees, agents and consultants of the Board or any of them (herein called "involved persons") shall not, except as provided in ERISA, incur any personal liability for the breach of any responsibility, obligation or duty in connection with any act done or omitted to be done in good faith in the management and administration of the Plan and the Trust and the investment handling of the Fund and shall be indemnified and held harmless by the Trust from and against any such personal liability including all expenses reasonably incurred in its or their defense. The Trust may purchase insurance to cover potential liability of the involved persons with regard to the Trust. The Trust at its expense may insure itself against loss by misdeeds or omissions of the involved persons, but the insurer shall have recourse against the involved persons. The individual Trustees, or their employers, or the Association may at their or its expense obtain insurance to cover the exposure of the involved persons by reason of such right of recourse.

5.04  Bonding of Trustees.  Each Trustee shall be required to apply for and obtain, at the expense of the Fund, a fidelity bond insuring the faithful performance of his duties as a Trustee and the provisions of each such bond shall be as determined by the Board and shall be uniform for all Trustees.

5.05  Information to be Provided to Participants and Others.  The Board shall furnish and make available to Participants and Beneficiaries, and to the Secretary for Labor or his delegate, to the Secretary of the Treasury or his delegate and to or for the Secretary of Health, Education and Welfare or his delegate, such plan descriptions, summaries, reports, registration statements, notifications and other documents as may be required by ERISA and the Code and regulations thereunder.

## ARTICLE VI

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                    8

## Accounts of the Board

6.01  Board to Maintain Accounts.  The Board shall maintain accurate and detailed records and accounts of all transactions hereunder which shall be available at all reasonable times for inspection or audit by any person designated by a Participating Employer.

6.02  Board to Submit Information.  The Board shall submit to the auditors for the Board, to the actuary for the Plan and to the auditors for any Participating Employer, such valuations, reports and other information as they may reasonably request in writing.  To the extent that the Board shall determine such request is not reasonable, the requester shall pay the cost thereof in advance.

6.03  Board to Submit Annual Report.  Within 150 days after each September 30 (or such other date as the Board may decide), the Board shall provide each Participating Employer with a written annual report, consisting of (a) audited financial statements showing the assets and liabilities of the Fund as of the end of such period and the operations of the Fund during such period prepared by a firm of independent public accounts, and (b) the most recent statement from the actuary of the actuarial considerations of the Fund.

6.04  Approval of Annual Report.  Upon the receipt by the Board of written approval of any such annual report from a majority of the Participation Employers, or upon the expiration of 60 days after the delivery of any such annual report to all Participating Employers, such annual report shall be deemed to be approved by the Participating Employers except as to matters, if any, covered by written objections theretofore delivered to the Board by 25% or more of the Participating Employers regarding which the Board has  not given an explanation or made adjustments, satisfactory to all of said 25% or more of the Participating Employers.  Subject to compliance with ERISA, when any such annual report is deemed to have been approved as above provided, the Board shall be released and discharged as to all matters set forth in such annual report which are not covered by such written objections as if such annual report had been settled and allowed by a decree of a court having jurisdiction of the Board, the Participating Employers and all persons claiming to have or having any interest in the Fund.  The Board, nevertheless, shall have the right to have its accounts settled by judicial proceedings if it so elects, in which event the Board and the Participating Employers shall be only necessary parties.

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                                    9

## ARTICLE VII

### Changes in the Board

7.01 <u>Terms of the Board</u>. Each of the Trustees shall serve for a term of three years, except that, in order that the terms of all of the Trustees will not expire in any one year, such terms shall be staggered so that the terms of two Trustees shall terminate in each of two successive years and the terms of three Trustees shall terminate in the next following year.

7.02 <u>Appointment of Successor Trustees</u>. Whenever the term of any Trustee terminates or when there shall be a vacancy in any trusteeship for any reason, a successor Trustee shall be appointed for a new term of 3 years or to fill the unexpired term in the event such a vacancy occurs, as the case may be, by the Chairman of the Board of Trustees, and said appointment shall become effective when made by the Chairman subject to ratification by a majority vote of the remaining Trustees. The distinctions heretofore established between Association Trustees and Employers' Trustees in the manner of Removal of a Trustee under Section 7.05 of this Article are abolished for all Trustees appointed after January 1, 1987.

(a) For the purposes of Section 7.05 of this Article, Don Hopkins and Larry Kann are the present Association Trustees and James LaFlame is the present Employers' Trustee.

7.03 <u>Use of Corporate Trustee and Investment Manager</u>. At any time and from time to time the Board may appoint, as Corporate Trustee, a bank or trust company located in the United States which has capital and surplus aggregating not less than $25,000,000.00, as shown by its last published statement. The Board may delegate to the Corporate Trustee (i) the power to hold the Fund as sole trustee of a trust separated from the Trust created by this Agreement (and not as agent of the Board or as co-trustee hereunder with the Board), (ii) the power to invest and reinvest the

Fund in the Corporate Trustee's sole discretion, or the duty to execute the investment instructions of the Investment Manager, and (iii) such other duties and powers as the Board may deem advisable. The Board may enter into and execute a trust agreement with Corporate Trustee, which agreement shall contain such provisions as the Board may deem advisable. The Corporate Trustee shall have no obligations under this Trust or under the Plan. Upon execution of an agreement with the Corporate Trustee, the Board may transfer and convey to the Corporate Trustee, and thereupon, the Board shall in accordance with the provisions of ERISA, be released and discharged from any responsibility or liability with respect to the assets so transferred as to any period subsequent to such transfer and with respect to the investment and reinvestment thereof by the Corporate Trustee or the investment Manager. Notwithstanding such transfer, the Board shall continue, or cause the Contract Administrator, to carry on the administrative functions of the Plan in accordance with the provisions of the Plan and this Trust. The Board may at any time remove the Corporate Trustee in the manner provided in the agreement between the Board and the Corporate Trustee.

7.04 Resignation of Trustees. Any Trustee may resign at any time by giving 10 days written notice by registered mail to the other Trustees. Any such resignation shall be effective on the day for which it is given.

7.05 Removal of a Trustee. Any Association Trustee may be removed at any time for any reason by a majority vote of the Executive Committee of the Association and shall be notified of his removal by a written instrument signed by the Secretary or President of the Association. Any Employers' Trustee may be removed at any time for any reason by notifying him that he has been removed in a written instrument signed by a duly authorized officer or agent of each of two-thirds of the Employers. Any Trustee may be removed by a unanimous vote of all of the other Trustees

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                          11

then in office at a meeting duly called for the purpose and shall be notified of his removal by a written instrument signed by all of such other Trustees. Any removal of a Trustee under this Section shall be effective upon the date written notice of such removal is given to such Trustee.

7.06  Rights as Successor Trustees. Each successor Trustee appointed as provided in Section 7.02 shall upon succeeding as such Trustee be vested with all of the rights, powers and discretion herein vested in and imposed upon the Trustee.

7.07  Transfer of Property to Successor Trustees. Upon the removal, resignation or expiration of the term of any Trustee, he shall cause to be delivered to the Board any Trust property of record then in his possession. In the event a Corporate Trustee is appointed as provided in Section 7.03, such Corporate Trustee shall, if and when removed as provided in this Section, cause to be transferred to the Board or any Successor Corporate Trustee designated by the board, any Trust property or records then in its possession.

7.08  Obligation of Successor Trustee for Acts of Predecessors. No successor Trustee shall have any duty to examine the accounts or doings of his predecessors. Any successor Trustee shall be responsible only for the money and property known to him to comprise the principal and income of the Fund and shall in no way be liable or responsible for anything done or omitted to have been done by his predecessors except as provided in ERISA.

### ARTICLE VIII

### Meetings and Procedures of Board

8.01  Annual Meeting of Board. An annual meeting of the Board shall be held at the offices of the Association on the second Tuesday in October of each year or at such other time and place as may be designated in a written notice by the Chairman and Secretary of the Board which is sent to

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                12

each of the Trustees not less than 10 days prior to the earlier of the regular meeting time, as above set forth or the designated variation therefrom.

8.02  Special Meetings of Board.  Special meetings of the Board may be called, on at least 10 days prior written notice, to be held at such time and place and for such purposes as shall be designated by the Chairman and Secretary or any two trustees in said notice.

8.03  Action by the Board.  Except when a Trustee is to be removed as provided in Section 7.05, the Board may act hereunder by majority vote at a meeting at which a quorum of not less than three (3) Trustees is present and the Board may act informally by the written concurrence of a majority of all of the Trustees to an action which has been submitted, in writing, to all of the Trustees.

8.04  Evidence of Action by Board.  All persons shall be protected in relying upon a written statement of the actions of the Board signed by a majority of the Trustees or certified by the Chairman or Secretary of the Board as having been duly taken by the Board.

8.05  Election for Chairman, Vice Chairman and Secretary.  At each annual meeting the Board shall elect a Chairman who shall be a Trustee, a Vice Chairman who shall be a Trustee, and a Secretary who may, but need not be a Trustee, to serve in each case until he resigns or is removed from office as provided in Section 7.05, or until his term of office expires.  The Chairman shall preside over the annual meeting and any other meeting of the Trustees, shall set the time, place and agenda of meetings after consultation with the Secretary and shall notify the Trustee of the time, place and agenda of meetings the Vice Chairman shall assist the Chairman in the performance of his duties and shall assume the duties of the Chairman upon the latter's inability to serve.

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                    13

## ARTICLE IX

### Termination of the Trust

9.01 <u>When Trust Terminates</u>. This Trust shall terminate only when there are no assets remaining in the Fund.

9.02 <u>No Assets to be Returned to Employers</u>. In no event shall any assets be returned to any Participating Employer, except that upon the termination of the Plan and this Trust any assets attributable to the contributions of such Participating Employer which remain in the Fund after, and only after, the satisfaction of all liabilities to persons entitled to benefits from the Fund pursuant to the Plan by reason of the participation of such Participating Employer, may be returned to such Participating Employer.

## ARTICLE X

### Amendments

10.01 <u>Board May Amend Trust</u>. The Board may amend this Trust and the Plan in any manner and such amendment shall be binding on the Participating Employers, The Board and each Trustee, the Corporate Trustee, the Contract Administrator and all others whomsoever, so long as the amendment (i) is uniform in its application to all Participating Employers, (ii) is consistent with the purpose for which the Fund was established, and (iii) will not cause the Plan or the Trust established hereby to be disqualified under Section 401(a) or non-exempt under Section 501(a) of the Code, or to be in violation of ERISA.

10.02 <u>Amendments May Not Be Retroactive</u>. No amendment of this Trust may be made retroactive to a date prior to the beginning of the fiscal year in which it is adopted, except amendments which are necessary to establish or maintain, without interruption, the qualification and

exemption of the Plan and the Trust established hereby under Sections 401(a) and 501(a), respectively, of the Code and compliance with the provisions of ERISA.

    10.03  Effective Date of Amendments.  Each amendment of this Trust or the Plan adopted by the Board shall be effective as of the effective date given in the notice thereof delivered to the Participating Employers.

    10.04  Limitation on Amendments.  Notwithstanding anything to the contrary in this Agreement, no amendment shall be made to this Trust or the Plan which shall make it possible at any time prior to the satisfaction of all liabilities under the Plan with respect to employees of any Participating Employer ,and beneficiaries of such employees, for any part of the Fund, or the income therefrom, to be used for or diverted to purposed other than for the exclusive benefit of such employees and beneficiaries.

## ARTICLE XI

### Miscellaneous

    11.01  Notices.  Whenever the provisions of this Trust require, or whenever it shall be deemed desirable, in the opinion of the Board, the Association or any Participating Employer, to give any notice to the Association, the Board or any Participating Employer, such notice shall be sent by registered or certified or first class mail with postage prepaid properly addressed to the Association or to the Board in care of the Association at 1350 Eye Street, N.W., Suite 1290, Washington, D.C., 20005, and to any Contract Administrator, Investment Manager or Participating Employer at its main business office. Each addressee may change the address specified in this Section to which notices are to be sent by designating from time to take a new address in the United States by written notice delivered as in the case of other notices. The giving of notice in the manner prescribed in this Section

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004                    15

shall constitute sufficient notice of all purposes and shall be deemed to have been given four days after such notice was mailed.

11.02 Which Law Governs. This Trust shall be construed in accordance with the law of Illinois and all questions concerning the rights and duties of the parties, the Participating Employers, their employees and such employees' beneficiaries, or concerning compliance with provisions of this Trust, shall be resolved in accordance with the laws of Illinois.

11.03 Enforcement of this Trust. The Participating Employers shall have the authority, either jointly or severally, to enforce this Trust on behalf of the persons having or claiming any interest in the Fund. In any action or proceeding affecting the Fund or the administration thereof or for instructions to the Board, the Association and the Board shall be the only necessary parties, and no Participating Employer or employees or former employees of any Participating Employer or their beneficiaries or any other person having or claiming to have interest in the Fund shall be entitled to any notice of process, and any judgement that may be entered in such action or proceeding shall be binding on all persons having or claiming to have any interest in the Fund.

11.04 Agent for Service of Process. The Secretary of the Board, or if no Secretary exists, the Board, shall be the agent for service of process for the Plan and Trust and such agent's address shall be in care of the Association. The Board, or the Secretary with the approval of the Board, may designate such other person as it may deem appropriate so serve as the agent for service of process to the Plan and Trust.

11.05 Invalidity of Provisions. If any provision in this Trust or the application thereof to any person or circumstance shall to any extent be invalid or unenforceable, the remainder of this Trust, or the application of such provisions to persons or circumstances other than those as to which it is

invalid or unenforceable shall not be affected thereby.

11.06 <u>Trust and Plan to be Tax Exempt</u>. The Trust hereby established and the Plan are intended to qualify under Section 401 and to be tax exempt under Section 501(a), respectively, of the Code and to be in compliance with ERISA.

11.07 <u>Trust Grants No Interest to Employees</u>. Neither the creation of this Trust nor anything contained in this Trust shall be construed as giving any person entitled to benefits hereunder or under the plan or to any employee of any Participating Employer any right to be continued in the employ of any participating Employer or any equity or other interests in the assets, business or affairs of any Participating Employer or in any of the assets of the Fund except as set forth on the Plan as and provided by ERISA.

11.08 <u>Counterparts</u>. This Trust may be executed in any number of counterparts, each of which shall be considered an original, and no other counterpart need be produced.

11.09 <u>Captions</u>. The captions contained in this Trust are for convenience only and are not intended to limit or define the scope of any provision of this Trust.

11.10 <u>Grammatical Changes</u>. Any word in the text of this Trust shall be read as the singular or the plural and as the masculine, feminine or neuter gender as may be appropriate under the circumstance then existing.

[end]

[Certificate Omitted]

Ahsfpc:\aba\trust\11.00.doc
November 17, 2004