**EXHIBIT A**

## Sherman, Mary

| | |
|---|---|
| **From:** | Pfeuffer Marc [Pfeuffer.Marc@pbgc.gov] |
| **Sent:** | Thursday, September 13, 2007 12:22 PM |
| **To:** | mbaker@mwe.com; dcarney@skadden.com; cohen.carol@arentfox.com; ahsfraser@aol.com; anitra.goodman@bingham.com; mgraham@mwe.com; jhamilton@swidlaw.com; shancure@mwe.com; lah@groom.com; jjacobovitz@schiffhardin.com; Mackiewicz, Edward; emeehan@skadden.com; denjacks@skadden.com; mmirkovi@skadden.com; tdorjee@skadden.com; JNapoli@mwe.com; dcohly@schiffhardin.com; Ondrasik, Paul; Sherman, Mary; Jenny, Ryan; rpascal@shiffhardin.com; amawilli@skadden.com; jimketter@yahoo.com; thompson.brenda@arentfox.com |
| **Cc:** | Connelly Paula; Miller Michael; Blank Mark |
| **Subject:** | Sara Lee Corp. v. ABA |

Colleagues:

In its September 11 Order, the Court required the parties to this action to "confer to determine whether agreement may be reached regarding the administrative record and/or to narrow the issues pertinent to the administrative record," and to submit a joint status report regarding their effort in this regard by no later than September 28.

To get this process going, PBGC suggests that any parties desiring to add materials to the administrative record identify such materials for consideration by September 20. If the materials were filed with the court, please give the exhibit number.

**EXHIBIT B**

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Michael T. Graham
Attorney at Law
mgraham@mwe.com
312.984.3606

September 20, 2007

VIA E-MAIL (pfeuffer.marc@pbgc.gov) and U.S. MAIL

Marc S. Pfeuffer, Esq.
Pension Benefit Guaranty Corporation
Office of Chief Counsel
1200 K Street, N.W.
Washington, D.C.  20005

Re:    Sara Lee Corp. v. PBGC, *et al.*
       Case No. 06-CV-0819-HHK (D.D.C.)

Dear Mr. Pfeuffer:

On September 11, 2007, the Court entered an Order that stated, among other things, that "[b]ased on the submissions before it, the court is unable to determine whether the administrative record as submitted by the PBGC is complete." As you know, we have contended that the administrative record in this case is far from complete.

On September 13, 2007, in order to comply with the Court's "confer" Order related to supplementation of the administrative record, the PBGC requested the parties opposing its motion for summary judgment—Sara Lee Corporation, American Bakers Association Retirement Plan (the "ABA Plan") and its Trustees, and Lewis Brothers Bakeries (the "Responding Parties")—to submit a list of additional materials they are seeking to add to the administrative record. This letter will serve as the Responding Parties' joint statement in compliance with the Court's September 11 Order and in response to the PBGC's subsequent request.

As stated in their respective briefs opposing PBGC's summary judgment motion, the Responding Parties submit that the PBGC considered (directly or indirectly) and did not include in the filed administrative record, or improperly did not consider many documents related to the ABA Plan's structure and administration as an aggregate of single-employer pension plans. In fact, as explained in Sara Lee Corporation's response brief, Sara Lee received from PBGC in response to a Freedom of Information Act request over 3,000 pages of documents related to the ABA Plan's administration and structure, while the PBGC included only approximately 1,500 pages of documents in its administrative record filed with the Court. This discrepancy alone begs the question for the Responding Parties as to what additional documents may be within the PBGC's possession related to the ABA Plan's administration and structure, but not included in the administrative record.

Marc S. Pfeuffer
September 20, 2007
Page 2

Therefore, the Responding Parties first request that the administrative record be supplemented with all exhibits attached to the Responding Parties' respective summary judgment response briefs. In addition, in order to assist the Court in making its determination about the completeness of the administrative record, as well as its ultimate decision in the case, it is in our view necessary for the Court to have available for review and consideration all documents in the PBGC's possession related to the ABA Plan's structure and administration as well as the criteria used by the PBGC in making such a determination as to a plan's structure and status.

The Responding Parties therefore request that the PBGC produce all documents in its possession that have not already been included in the administrative record on the following issues: (i) any determinations, documents, records or files reviewed or relied on by PBGC in making a determination for all pension plans, other than the ABA Plan, that the plan was either a multiple-employer pension plan or an aggregate of single-employer pension plans; (ii) all records, documents or files in PBGC's possession related to the ABA Plan, terminations of participating employers under the ABA Plan and any documents required to be filed under ERISA by or on behalf of the ABA Plan as well as any audits performed by PBGC of the ABA Plan or of any current or former participating employer in the ABA Plan; and (iii) all documents, records, files and electronic messages related to communications by PBGC with outside parties, including other governmental agencies and current or former ABA Plan participating employers, related to the ABA Plan's administration or structure, including but not limited to communications related to the August 8, 2006 determination.

Specifically, the Responding Parties request that the PBGC produce all documents other than those documents already included in the administrative record responsive to certain of the requests for documents served on the PBGC on April 16, 2007 by Sara Lee Corporation, in its First Request for Production of Documents:

    1.     All records of any initial or final determination issued by the PBGC as to whether a particular pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans (excluding the letter issued by Terrence M. Deneen regarding the ABA Plan on August 8, 2006 (the "2006 ABA Plan Letter"));

    2.     All records prepared or reviewed by the PBGC in connection with the preparation or review of any initial or final determination (including drafts or partial drafts of such a determination) as to whether a particular pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans, including but not limited to the 2006 ABA Plan Letter; and PBGC Opinion Letters 78-16, 78-27, 79-3, 79-14, 84-2, and 85-2;

    4.     All records that provide the PBGC or other persons with instructions, guidance, interpretations, legal, policy, or factual analyses, or other information relating in any way to determining, in particular cases or generally, whether a pension arrangement

Marc S. Pfeuffer
September 20, 2007
Page 3

constitutes a unitary multiple-employer plan or an aggregate of single-employer plans,
including but not limited to records relating to the 2006 ABA Plan Letter;

5.      All records that relate or pertain to any plan terminations by Participating
Employers in the ABA Plan received, created or produced by the PBGC, including but
not limited to valuations performed for purposes of ERISA Section 4044 of any assets or
liabilities assumed by the PBGC from the ABA Plan in a plan termination;

6.      All records relating to the ABA Plan or to any of its current or former
participating employers, including, but not limited to, records relating to PBGC premium
filings, audits, statements of accounts, or account histories; standard termination audits;
reportable event filings; or "early warning program" monitoring;

7.      All records reflecting or relating to any communications related to the ABA Plan,
any of its current or former participating employers, or the 2006 ABA Plan Letter among
or between PBGC representatives, employees or advisors;

8.      All records reflecting or relating to any communications related to the ABA Plan,
any of its current or former participating employers, or the 2006 ABA Plan Letter, this
litigation, proceedings in Case No. 04-45814 (JWV) in the United States Bankruptcy
Court for the Western District of Missouri, Kansas City Division, such communications
having occurred between PBGC, on the one hand, and any one or more of the following
on the other:

    a)      Employees of the Internal Revenue Service;

    b)      Employees of the Department of the Treasury;

    c)      Employees of the Department of Labor (including employees of the
    Pension and Welfare Benefits Administration or the Employee Benefits Security
    Administration);

    d)      Members or representatives of the PBGC's Board of Directors;

    e)      Current or former employees or representatives of Interstate Bakeries
    Corporation ("Interstate"), including counsel for Interstate both in proceedings
    before the PBGC relating to the ABA Plan, and in the current litigation;

    f)      Current or former employees or representatives of any of the Debtors in
    Case No. 04-45814 (JWV) in the United States Bankruptcy Court for the Western
    District of Missouri, Kansas City Division (the "Interstate Debtors");

    g)      Current or former employees or representatives of the Kettering Baking
    Company ("Kettering"); and

    h)      Current or former employees or representatives of the ABA Plan, or any
    of its current or former trustees or representatives.

9.      All records relating to or supporting any claim or proof of claim filed by the
PBGC in the bankruptcy proceeding involving the Interstate Debtors in Case No. 04-

Marc S. Pfeuffer
September 20, 2007
Page 4

45814 (JMV) pending in the United States Bankruptcy Court for the Western District of Missouri, Kansas City Division; and

10.    All records reflecting or relating to any drafts (including partial drafts or summaries of drafts or partial drafts) of the 2006 ABA Plan Letter that were provided by any PBGC employees to any employee or representative of Interstate, the Interstate Debtors, Kettering, any current or former participating employer of the ABA Plan, or other governmental agencies, including records identifying the PBGC employee involved or reflecting or relating to the circumstances surrounding the providing of any such drafts.

We reserve our right to make additional requests, based on the PBGC's response to this letter. Should the PBGC decline to produce any or all of the materials described above, we ask that the PBGC explain its reasons for each such refusal, in writing. We will, of course, be willing to discuss with you, in good faith, the scope of each of these requests, as well as the timing of production, to ensure that the PBGC will not be subjected to any unreasonable burden. We look for full compliance by the PBGC with the obligation imposed on it by statute and rules, to deliver to the Court a truly complete administrative record.

The Responding Parties offer to set a mutually agreeable schedule for the PBGC to produce the documents requested above and for the Responding Parties to prepare a list of documents that should be added to the administrative record based upon their review of the documents produced, and for the Responding Parties to determine whether any additional requests or discovery is necessary. At that time, the parties will then be able to set a new briefing schedule addressing the merits of the ABA Plan's structure based on the supplemented administrative record.

Please let us know if the PBGC is agreeable to responding to these requests by September 24, 2007, so that we may meet the Court's deadline for preparing a joint status statement by September 28, 2007. If you have any questions regarding the Responding Parties' position, please do not hesitate to contact us.

Yours very truly,

Michael T. Graham

Marc S. Pfeuffer
September 20, 2007
Page 5


cc:    Paul J. Ondrasik, Jr. (via e-mail)
       Edward R. Mackiewicz (via e-mail)
       James Hamilton (via e-mail)
       D. Christopher Ohly (via e-mail)
       Lonie A. Hassel (via e-mail)
       Edward J. Meehan (via e-mail)


CHI99 4879233-4.029636.0180

**EXHIBIT C**



PBGC  Pension Benefit Guaranty Corporation
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

Office of the Chief Counsel

September 24, 2007

VIA E-MAIL (mgraham@mwe.com)

Michael T. Graham
McDermott Will & Emery
227 West Monroe Street
Chicago, IL 60606

Re: Sara Lee Corp. v. PBGC et al., No. 06-CV-0819-HHK (D.D.C.)

Dear Mr. Graham:

I am writing to respond to your letter of September 20 setting forth the position of Sara Lee Corporation, American Bakers Association Retirement Plan and its Trustees, and Lewis Brothers Bakeries (the "Responding Parties") regarding the administrative record in this case. The Responding Parties ask PBGC to "produce all documents other than those already included in the administrative record responsive to certain of the requests for documents served on the PBGC on April 16, 2007 by Sara Lee Corporation, in its First Request for Production of Documents," namely requests 1, 2, and 4-10. With the exception of requests 7 and 9, these requests are substantively identical to those in the FOIA request that your firm submitted to PBGC on August 18, 2006.

As you acknowledged, PBGC produced over 3,000 pages of documents in response to that FOIA request. In responding to your appeal regarding that FOIA response, PBGC's General Counsel detailed the extensive efforts that agency personnel expended in thoroughly answering that request (June 14 letter attached). Indeed, she explained that the FOIA department had spent over 70 hours, reviewed thousands of pages of documents maintained by the Office of Chief Counsel, the Appeals Division, and the Division of Insurance Supervision and Compliance, and sought responsive documents from other PBGC employees who may have worked on similar issues. She explained that the Disclosure Officer had released all available records (with the exception of 38 pages of drafts and 42 pages of confidential financial and actuarial information submitted to PBGC under 29 U.S.C. § 1310 or § 1343), and was unable to locate any other responsive documents after a diligent search.

Accordingly, that leaves requests 7 and 9. As to request 7, records of communication among or between PBGC representatives, employees and advisors related to the Plan or the 2006 Letter are already in the administrative record to the extent not privileged. And as to request 9, PBGC's bankruptcy claims and statements in support are attached here.

PBGC remains steadfast in its position that the administrative record is complete. However, at your request, we are willing to provide the Court with the exhibits that were attached to Sara Lee's and the Plan's summary judgment briefs as supplemental volumes of the record. Please let us know by September 26 whether this will resolve the matter.

Sincerely,

Paula J. Connelly
Assistant Chief Counsel
(202) 326-4020, ext. 3086

Attachments:  Letter from Judith Starr to John Hendrickson (June 14, 2007)
                     PBGC's bankruptcy claims and statements in support (Mar. 17, 2005)

cc:    Paul J. Ondrasik, Jr. (via e-mail)
       Edward R. Mackiewicz (via e-mail)
       James Hamilton (via e-mail)
       D. Christopher Ohly (via e-mail)
       Lonie A. Hassel (via e-mail)
       Edward J. Meehan (via e-mail)
       James Kettering (via e-mail)



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

Office of the General Counsel

JUN 1 4 2007

John P. Hendrickson, P.C.
McDermott Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096

Re:    **FOIA Appeal 2006-2103, American Bakers Association Retirement Plan**

Dear Mr. Hendrickson:

I write in response to your May 16, 2007, appeal of PBGC's Disclosure Officer's April 18, 2007 partial denial to your FOIA request. In your original August 18, 2006, FOIA request you sought various categories of information pertaining to the American Bakers Association Retirement Plan (the "Baker's Plan"). Because your request required PBGC to search and review a voluminous amount of records, PBGC's Disclosure Officer released responsive documents to you as they were processed. By letter dated October 26, 2006, E. William FitzGerald, PBGC's Disclosure Officer, issued a partial release of documents consisting of 173 pages. Shortly thereafter, on October 26, 2006, Mr. FitzGerald released 1,352 pages responsive to your FOIA request. Next, on February 9, 2007, Mr. FitzGerald released an additional 836 pages relating to your FOIA request. Finally, on April 18, 2007, Mr. FitzGerald released an additional 712 pages for a total of 3,073 pages responsive to your FOIA request. However, Mr. FitzGerald withheld certain information based on two applicable FOIA exemptions. In total, Mr. FitzGerald withheld 80 pages (38 pages under FOIA Exemption 5 U.S.C. 552(b)(5) and 42 pages under FOIA Exemption 5 U.S.C. 552 (b)(3)).

In your May 16, 2007 appeal, you claim that PBGC failed to provide an adequate explanation of the records or information withheld. Specifically, you asked: (1) whether the failure to provide records was because the requested records could not be located, because an exemption applied, or for some other reason; (2) the nature and volume of records withheld on the basis of each of the three claimed exemptions from mandatory disclosure; and (3) an explanation of how each of the claimed exemptions applies to the records withheld.

**Documents Withheld Pursuant to Exemption**

Because of the strong presumption in favor of disclosure, agency records must be disclosed by an

1

agency under FOIA unless the material falls squarely within one of nine statutory exemptions.[1] As noted, 38 pages were withheld under Exemption (b)(5). These documents were earlier drafts of documents that were released to you by Mr. FitzGerald. These drafts related to PBGC's initial determination that the Bakers Plan was an aggregate of single plans. Exemption 5 of the FOIA authorizes an agency to withhold documents (or portions of documents) that would be privileged in the civil discovery process.[2] Information that a private litigant could not obtain in an action against the agency under normal discovery rules is protected by the exemption.[3] The exemption incorporates both the attorney-client privilege, which protects confidential communications between an attorney and client, and the attorney work product privilege, which protects documents or memoranda prepared by or for an attorney in preparation for litigation.[4]

Exemption 5 also incorporates the deliberative process privilege whereby an agency may withhold documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Mead Data Central Inc. v. Dept. of the Air Force, 566 F.2d 242 (1977). The purpose of the deliberative process privilege "is to prevent injury to the quality of agency decisions." Sears, 421 U.S. at 151.

Two requirements must be met to invoke the deliberative process privilege. First, the information must be pre-decisional. A document is predecisional "if it was prepared in order to assist an agency decision maker in arriving at his decision," rather than to support a decision already made.[5] Second, the document must be deliberative in that it reflects opinions, recommendations, or options used by a government decision maker to formulate a government policy or make a final decision.[6] The materials withheld by Mr. FitzGerald include draft memoranda prepared by counsel for the PBGC that include hand-written comments of reviewers. The materials also include draft correspondence. Based on this, I conclude that these materials were properly withheld in their entirety by the Disclosure Officer under Exemption 5 because they include attorney-client, attorney work product and deliberative process privilege materials.

The 42 pages withheld under 5 U.S.C. 552(b)(3), were submitted to PBGC under section 4043 of

---

[1]  U.S. Dep't of Justice v. Julian, 486 U.S. 1, 8  (1988), citing, United States v. Weber Aircraft Corp., 465 U.S. 792 (1984).

[2] NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148-49 (1975).

[3] EPA v. Mink, 410 U.S. 73, 86 (1973).

[4]  Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C. Cir. 1980).

[5]  Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F. 2d 1429, 1434 (D.C. Cir. 1992).

[6] Coastal States, 617 F. 2d at 866.; Tax Analysts v. IRS, 294 F.3d.71 (D.C. Cir. 2002).

2

the Employee Retirement Income Security Act of 1974 ("ERISA").[7]  ERISA § 4043 requires
contributing sponsors of substantially underfunded pension plans (and members of the
contributing sponsors' controlled group) to submit confidential financial and actuarial
information to the PBGC.  ERISA §4043 states:

> Any information or documentary material submitted to the corporation pursuant to this
> section shall be exempt from disclosure under §552 of title 5, United States Code, and no
> such information or documentary material may be made public, except as may be relevant
> to any administrative or judicial action or proceeding.  Nothing in this section is intended
> to prevent disclosure to either body of Congress, or to any duly authorized committee or
> subcommittee of the Congress.

The PBGC interprets this provision to prohibit the release of information submitted under ERISA
§4043 to the public, either in response to a FOIA request or on its own initiative, except when the
PBGC determines it is necessary to introduce the information as evidence in an administrative or
judicial proceeding to enforce Title IV of ERISA.  Therefore, I find that the Disclosure Officer's
decision to withhold the forty two pages pursuant to FOIA exemption (b)(3) was correct.

### Reasonableness of PBGC's Search

In response to your appeal, we also reviewed the steps taken by PBGC's Disclosure Officer to
identify records responsive to your request. The FOIA department has spent over 70 hours
searching and reviewing documents related to your FOIA request.  In addition to reviewing
thousands of pages of documents maintained by the Office of Chief Counsel, the Appeals
Division, and the Division of Insurance Compliance with respect to the Bakers' plan, the
Disclosure Officer's staff sought responsive documents from other PBGC employees who may
have worked on similar issues relating to the Bakers plan.  Mr. FitzGerald located and disclosed
to you all records relating to three other cases where the issue was whether a plan constituted a
unitary multiple employer plan or was an aggregate of single-employer plans.[8]

In your FOIA request, you had also requested any "records prepared or reviewed by any PBGC
employee in connection with the preparation or review of any initial or final determination
(including any draft or partial draft of such a determination) as to whether a particular pension
arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer
plans (including the 2006 Bakers Plan Letter and PBGC Opinion Letters 78-16, 78-27, 79-3 79-
14, 84-2 and 85-2)...."  The Disclosure Officer was unable to locate any other documents
responsive to your request. Moreover, other than the opinion letters you cited in your request, I
have determined that PBGC has not issued any other guidance or instructions on determining

---

[7] 29 U.S.C. § 1310.

[8] John Cook et al vs. PBGC, No. 80 Civ. 2558, (HEW)(S.D.N.Y.1986); John Kelly et al v. PBGC, No. 79
Civ 547 (HEW)(S.D.N.Y.1980); PBGC v. Atra Group, No (90-C-5338)(N.D.Ill.1990)

3

whether a pension plan constitutes a unitary multiple employer plan or an aggregate of single employer plans.

Based on my review, I conclude that the Disclosure Officer has conducted a diligent search that was reasonably calculated to locate responsive documents.[9] The PBGC's failure to locate specific documents does not render an agency search inadequate.

**Explanation of Released Documents**

In your FOIA appeal, you have also sought an explanation as to which documents are responsive to each of your nine separately listed document requests. Many of the records released to you did not uniformly fall into the categories you listed in your initial request. Indeed, PBGC's records are not neatly defined by the categories you listed in your FOIA request. As Mr. FitzGerald noted in his disclosures, many of the documents released to you appear to be responsive to more than one of your initial document requests. Under FOIA, agencies are not required to answer questions about specific records which are sought in a FOIA request. While FOIA requires PBGC to produce non-exempt documents responsive to your request, the statute does not require the Agency to create new documents explaining the content of the records produced.[10]

**Conclusion**

For the reasons discussed above, I affirm the determination of the PBGC's Disclosure Officer with respect to the records disclosed to you in response to your FOIA requests. This is the final decision of the PBGC with respect to your FOIA appeal. You may seek judicial review of this decision.[11]

Sincerely,

Judith Starr
General Counsel

---

[9] See Valencia -Lucena v. United States Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999)("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents."); SafeCard Servs. v SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (Agency must show that it made a good faith effort to conduct a search for responsive documents using methods which can be reasonably expected to produce the information requested).

[10] Saterlee v. IRS, 2006 WL 3160963 (W.D. Mo. Oct. 30, 2006); Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985)

[11] 5 U.S.C. § 552(a)(4).

4

FORM B10 (Official Form 10)(4/98)

| United States Bankruptcy Court _for the Western_ District of _____ Missouri | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Interstate Bakeries Corporation, et al. | Case Number<br>04-45814 | |
|---|---|---|

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Pension Benefit Guaranty Corporation<br><br>Name and address where notices should be sent:<br>Pension Benefit Guaranty Corporation<br>Attn: Mark Blank, Attorney<br>Office of the General Counsel, Suite 340<br>1200 K Street, N.W.<br>Washington, D.C. 20005-4026<br>Telephone number: (202) 326-4020 Ext. 3066 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor:<br>N/A | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ | |

| | |
|---|---|
| **1. Basis for Claim**<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other Statutory liability under 26 U.S.C. § 412 and 29 U.S.C. § 1082 to Am. Bakers Assoc. Ret. Plan for unpaid minimum funding contributions. See attached statement. | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br><br>Your SS#: _____ ____ _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>     (date)           (date) |

| | |
|---|---|
| **2. Date debt was incurred:**<br>See attached statement. | **3. If court judgment, date obtained:**<br>N/A |

**4. Total Amount of Claim at Time Case Filed:**   $ Unliquidated

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if your claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| **5. Secured Claim.** | **6. Unsecured Priority Claim.** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle<br>   ☐ Other _____<br><br>Value of Collateral: _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ _____ | ☒ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ Unliquidated<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier —11 U.S.C. § 507(a)(3).<br>☒ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units—11 U.S.C. § 507(a)(8).<br>☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1) See attached statement<br>* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| **7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>**8. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
| Date<br>3/17/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Michael Mora, Assistant Chief Counsel   _Michael P. Mora_ | |

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | Chapter 11 |
| INTERSTATE BAKERIES CORPORATION, et al. | Case No. 04-45814 (JWV) |
| Debtors. | Jointly Administered |

### STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION IN SUPPORT OF ITS CLAIM FOR MINIMUM FUNDING CONTRIBUTIONS TO THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN

The Pension Benefit Guaranty Corporation ("PBGC"), on behalf of the American Bakers Association Retirement Plan, hereby submits this Statement in Support of its claim for minimum funding contributions against Interstate Bakeries Corporation and each of its affiliated debtors (collectively, the "Debtors"), stating:

1.    PBGC is a wholly-owned United States Government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 and Supp. I 2001).  PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA.  When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds.  *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

2.    Upon information and belief, the American Bakers Association Retirement Plan is an aggregate of separate, single-employer defined benefit pension plans covered by Title IV of ERISA.  *See* 29 U.S.C. § 1321.

3.    Upon information and belief, each Debtor either is a contributing sponsor of one or more of the single-employer defined benefit pension plans within the American Bakers Association Retirement Plan, 29 U.S.C. § 1301(a)(13), or is a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14).  For purposes of this statement, the term "Pension Plan" shall refer to the plan or plans within the American Bakers Association Retirement Plan for which the Debtors are responsible.

4.    On September 22, 2004, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  By Order of this Court, Debtors' cases are consolidated for procedural purposes only, and are being jointly administered under case number 04-45814.

5.    Each contributing sponsor of the Pension Plan and each member of its controlled group are jointly and severally liable to the Pension Plan for contributions necessary to satisfy the minimum funding standards under section 412 of the Internal Revenue Code ("IRC") and section 302 of ERISA.  26 U.S.C. § 412(c)(11), 29 U.S.C. § 1082(c)(11).  If the Pension Plan terminates, this liability may be owed to PBGC as the trustee appointed under 29 U.S.C. §§ 1342, 1362(c).  Also, the Debtors may be contractually obligated to contribute to the Pension Plan.

6.    This is an unliquidated claim for contributions that may be owed to the Pension Plan.  It is entitled to priority as follows:

(a)    Contributions arising after the Chapter 11 petition filing date are administrative expenses entitled to priority as a tax incurred by the estate, if the total unpaid amount exceeds $1 million.  11 U.S.C. §§ 503(b)(1)(B), 507(a)(1); IRC § 412(n); 29 U.S.C. § 1303(e)(1).

(b)    Post-petition contributions are also entitled to administrative priority as ordinary business expenses, regardless of the total unpaid amount.  11 U.S.C. §§ 503(b), 507(a)(1).

(c)     Contributions arising during the 180 days immediately preceding the petition filing date are entitled to priority under 11 U.S.C. § 507(a)(4) in the plan sponsor's case.

(d)     Contributions arising before the petition date are entitled to tax priority under 11 U.S.C. § 507(a)(8) and IRC § 412(n), if the total unpaid amount exceeds $1 million. 29 U.S.C. § 1303(e)(1).

7.      Any contributions not entitled to priority are asserted as a general unsecured claim.

8.      Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtors have in their possession and control copies or originals of these documents.

9.      PBGC is not aware of any other claim for these contributions having been filed by any person with responsibility for administering the affairs of the Pension Plan.

10.     PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify, and supplement this proof of claim and/or to file additional proofs of claim. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan, or any of its beneficiaries or participants.

11.    Under the Stipulation approved by Order signed by this Court on February 2, 2005,

this single proof of claim shall be deemed to constitute the filing of a proof of claim against each

and every Debtor, asserted as a joint and several liability, in this jointly administered proceeding.

MICHAEL MORA
Assistant Chief Counsel
MARK BLANK
Attorney
Office of the Chief Counsel
PENSION BENEFIT GUARANTY CORPORATION
on behalf of the Pension Plan
1200 K Street, N.W.
Washington, D.C. 20005-4026
(202) 326-4020 ext. 3066
FAX:  (202) 326-4112

FORM B10 (Official Form 10)(4/98)

| United States Bankruptcy Court _for the Western_ District of ___Missouri___ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Interstate Bakeries Corporation, et al. | Case Number<br>04-45814 | |
|---|---|---|

Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Pension Benefit Guaranty Corporation | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>Pension Benefit Guaranty Corporation<br>Attn: Mark Blank, Attorney<br>Office of the General Counsel, Suite 340<br>1200 K Street, N.W.<br>Washington, D.C. 20005-4026<br>Telephone number: (202) 326-4020 Ext. 3066 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor:<br>N/A | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ | |

| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other Statutory liability under 29 U.S.C. §§ 1362, 1368 for unfunded benefit liabilities of Am. Bakers Assoc. Ret. Plan. See attached statement. | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS#: _____ _____ _____<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date) (date) |
|---|---|

| 2. Date debt was incurred:<br>Debt is contingent on termination of pension plan. | 3. If court judgment, date obtained:<br>N/A |
|---|---|

**4. Total Amount of Claim at Time Case Filed:** $ Unliquidated

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief Description of Collateral:<br><br>☐ Real Estate ☐ Motor Vehicle<br>☐ Other _____<br><br><br>Value of Collateral: _____<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____ | 6. Unsecured Priority Claim.<br>☒ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ Unliquidated<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier —11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(4).<br>☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☒ Taxes or penalties owed to governmental units—11 U.S.C. § 507(a)(8).<br>☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a) (1), 503(b)(1)<br>* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. See attached statement. |
|---|---|

| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. Supporting Documents: _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| Date<br>3/17/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Michael Mora, Assistant Chief Counsel _[signature]_ | |

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INTERSTATE BAKERIES | ) | Case No. 04-45814 (JWV) |
| CORPORATION, et al. | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

### STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION IN SUPPORT OF ITS CLAIM FOR UNFUNDED BENEFIT LIABILITIES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in Support of its claim against Interstate Bakeries Corporation and each of its affiliated debtors (collectively, the "Debtors") for the unfunded benefit liabilities of the American Bakers Association Retirement Plan, stating:

1.     PBGC is a wholly-owned United States Government corporation, and an agency of the United States, that administers the defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 and Supp. I 2001). PBGC guarantees the payment of certain pension benefits upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C. §§ 1321-1322, 1342, 1361.

2.     Upon information and belief, the American Bakers Association Retirement Plan is an aggregate of separate, single-employer defined benefit pension plans covered by Title IV of ERISA. *See* 29 U.S.C. § 1321.

3.      Upon information and belief, each Debtor either is a contributing sponsor of one or more of the single-employer defined benefit pension plans within the American Bakers Association Retirement Plan, 29 U.S.C. § 1301(a)(13), or is a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14). For purposes of this statement, the term "Pension Plan" shall refer to the plan or plans within the American Bakers Association Retirement Plan for which the Debtors are responsible.

4.      On September 22, 2004, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. By Order of this Court, Debtors' cases are consolidated for procedural purposes only, and are being jointly administered under case number 04-45814.

5.      This claim is contingent on termination of the Pension Plan. *See* 29 U.S.C. §§ 1341-1342. If and when the Pension Plan terminates, PBGC will amend this claim as necessary.

6.      If the Pension Plan terminates, the assets of the Pension Plan may be insufficient to cover the benefit liabilities of the Pension Plan. This insufficiency is the amount of the Pension Plan's unfunded benefit liabilities. *See* 29 U.S.C. § 1362(b).

7.      Upon termination of the Pension Plan, its contributing sponsor and each member of the contributing sponsor's controlled group become jointly and severally liable to PBGC for the total amount of the Pension Plan's unfunded benefit liabilities. 29 U.S.C. § 1362(a), (b); *see* 29 U.S.C. § 1301(a)(18).

8.      The amount of the Pension Plan's unfunded benefit liabilities is currently unliquidated.

-2-

9.    If any person liable to PBGC under 29 U.S.C. § 1362 fails to pay the liability after demand, a lien arises in favor of PBGC as of the termination date of the plan. The amount of the lien is limited to 30% of the collective net worth of all the liable parties. 29 U.S.C. § 1368(a). For purposes of the Bankruptcy Code, the lien is "treated in the same manner as a tax due and owing to the United States." 29 U.S.C. § 1368(c)(2).

10.    This claim is an administrative expense entitled to priority as a tax incurred by the estate, in an amount up to 30% of the controlled group's collective net worth. 11 U.S.C. §§ 503(b)(1)(B), 507(a)(1); 29 U.S.C. § 1368(a), (c)(2). Independently, it also meets the definition of a "tax" for bankruptcy purposes because it is an involuntary pecuniary burden imposed on individuals or their property for public purposes, including to defray the government's expenses.

11.    Alternatively, this claim is entitled to tax priority under 11 U.S.C. § 507(a)(8), in an amount up to 30% of the controlled group's collective net worth.

12.    Any amount not entitled to priority is asserted as a general unsecured claim.

13.    By filing this claim, PBGC asserts its contingent claim and demands payment of the unfunded benefit liabilities of the Pension Plan upon the Pension Plan's termination date.

14.    Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; and annual actuarial valuation reports for the Pension Plan. On information and belief, Debtors or members of their controlled group have in their possession and control copies or originals of these documents.

15.    PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify, and supplement this proof of claim and/or to file additional proofs of claim. This

-3-

claim may be subject to a right of setoff by PBGC as an agency of the United States Government, and the right of the United States to withhold subject to offset amounts due from other federal entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan, or any of its beneficiaries or participants.

16.    Under the Stipulation approved by Order signed by this Court on February 2, 2005, this single proof of claim shall be deemed to constitute the filing of a proof of claim against each and every Debtor, asserted as a joint and several liability, in this jointly administered proceeding.

MICHAEL MORA
Assistant Chief Counsel
MARK BLANK
Attorney
Office of the Chief Counsel
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C.  20005-4026
(202) 326-4020 ext. 3066
FAX:  (202) 326-4112

FORM B10 (Official Form 10)(4/98)

| United States Bankruptcy Court _for the Western_ District of _____Missouri_____ | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor<br>Interstate Bakeries Corporation, et al. | Case Number<br>04-45814 | |
|---|---|---|

*Note: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | | |
|---|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Pension Benefit Guaranty Corporation | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
| Name and address where notices should be sent:<br>Pension Benefit Guaranty Corporation<br>Attn: Mark Blank, Attorney<br>Office of the General Counsel, Suite 340<br>1200 K Street, N.W.<br>Washington, D.C. 20005-4026<br>Telephone number: (202) 326-4020 Ext. 3066 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor:<br>N/A | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated: _____ | |

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other _Statutory liability for premiums under 29 U.S.C. § 1307 on account of Am. Bakers Assoc. Ret. Plan. See attached statement._

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS#: _____ _____ _____
  Unpaid compensation for services performed
  from _____ to _____
         (date)        (date)

**2. Date debt was incurred:**
Continues until date of pension plan trusteeship or asset distribution.

**3. If court judgment, date obtained:**
N/A

**4. Total Amount of Claim at Time Case Filed:**
$ Unliquidated

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral: _____

Amount of arrearage and other charges _at time case filed_ included in secured claim, if any: $ _____

**6.** **Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ Unliquidated
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier —11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(4).
- ☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units—11 U.S.C. § 507(a)(8).
- ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(1) 503(b)(1).

\* *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* See attached statement.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 3/17/05 | Michael Mora, Assistant Chief Counsel    _Michael P Mora_ |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

)
In re:                                    )        Chapter 11
                                          )
INTERSTATE BAKERIES                       )        Case No. 04-45814 (JWV)
CORPORATION, et al.                       )
                                          )        Jointly Administered
                          Debtors.        )
                                          )

## STATEMENT OF THE PENSION BENEFIT GUARANTY CORPORATION IN SUPPORT OF ITS CLAIM FOR PENSION INSURANCE PREMIUMS FOR THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN

The Pension Benefit Guaranty Corporation ("PBGC") hereby submits this Statement in

Support of its claim against Interstate Bakeries Corporation and each of its affiliated debtors

(collectively, the "Debtors") for pension insurance premiums with respect to the American Bakers

Association Retirement Plan, stating:

1.      PBGC is a wholly-owned United States Government corporation, and an agency of

the United States, that administers the defined benefit pension plan termination insurance program

under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C.

§§ 1301-1461 (2000 and Supp. I 2001). PBGC guarantees the payment of certain pension benefits

upon the termination of a single-employer pension plan covered by Title IV of ERISA. When an

underfunded plan terminates, PBGC generally becomes trustee of the plan and, subject to certain

statutory limitations, pays the plan's unfunded benefits with its insurance funds. *See* 29 U.S.C.

§§ 1321-1322, 1342, 1361.

2.      Upon information and belief, the American Bakers Association Retirement Plan is

an aggregate of separate, single-employer defined benefit pension plans covered by Title IV of

ERISA. *See* 29 U.S.C. § 1321.

3.    Upon information and belief, each Debtor either is a contributing sponsor of one or more of the single-employer defined benefit pension plans within the American Bakers Association Retirement Plan, 29 U.S.C. § 1301(a)(13), or is a member of a contributing sponsor's controlled group, 29 U.S.C. § 1301(a)(14). For purposes of this statement, the term "Pension Plan" shall refer to the plan or plans within the American Bakers Association Retirement Plan for which the Debtors are responsible.

4.    On September 22, 2004, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. By Order of this Court, Debtors' cases are consolidated for procedural purposes only, and are being jointly administered under case number 04-45814.

5.    The contributing sponsor of the Pension Plan or the Pension Plan's Plan Administrator is the designated payor of PBGC insurance premiums. 29 U.S.C. § 1307(a), (e).

6.    Each member of the contributing sponsor's controlled group is jointly and severally liable to PBGC for insurance premiums, interest, and penalties (collectively, "Premiums") with respect to the Pension Plan. 29 U.S.C. § 1307(e)(2).

7.    This is an unliquidated claim for Premiums that the Debtors may owe to PBGC. Any part of this claim arising after the petition date is an administrative expense entitled to priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(1). Premiums arising before the petition date are general unsecured claims.

8.    Documents supporting this claim include the Pension Plan document with applicable amendments; relevant collateral agreements, if any; United States Internal Revenue Service Form 5500s; PBGC Annual Premium Payment forms; and annual actuarial valuation

-2-

reports for the Pension Plan. On information and belief, Debtors or a member of their controlled group have in their possession and control copies or originals of these documents.

9.    PBGC's investigation of this matter is continuing. The agency reserves the right to amend, modify, and supplement this proof of claim and/or to file additional proofs of claim. This claim may be subject to a right of setoff by PBGC as an agency of the United States Government, and the right of the United States to withhold subject to offset amounts due from other federal entities. The filing of this proof of claim is not intended to be and shall not be construed as (1) an election of remedy or (2) a waiver or limitation of any rights of PBGC, the Pension Plan, or any of its beneficiaries or participants.

10.    Under the Stipulation approved by Order signed by this Court on February 2, 2005, this single proof of claim shall be deemed to constitute the filing of a proof of claim against each and every Debtor, asserted as a joint and several liability, in this jointly administered proceeding.

MICHAEL MORA
Assistant Chief Counsel
MARK BLANK
Attorney
Office of the Chief Counsel
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005-4026
(202) 326-4020 ext.3066
FAX: (202) 326-4112