# EXHIBIT D

# McDermott Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Michael T. Graham
Attorney at Law
mgraham@mwe.com
312.984.3606

September 26, 2007

VIA E-MAIL (Connelly.Paula@pbgc.gov) and U.S. MAIL

Paula J. Connelly, Esq.
Pension Benefit Guaranty Corporation
Office of Chief Counsel
1200 K Street, N.W.
Washington, D.C. 20005

Re:   Sara Lee Corp. v. PBGC, *et al.*
      Case No. 06-CV-0819-HHK (D.D.C.)

Dear Ms. Connelly:

Counsel for Sara Lee Corporation, American Bakers Association Retirement Plan (the "ABA Plan") and its Trustees, and Lewis Brothers Bakeries (the "Responding Parties") have reviewed the PBGC's response to our letter dated September 20, 2007, regarding the content of the administrative record in the above-referenced litigation. We start with the understanding, based on the PBGC's representations to the Court in this matter, that the *only* documents on which the PBGC relied in determining the ABA Plan's status as a multiple-employer plan were those included in the "certified" administrative record that the PBGC filed with the Court. As set forth below, we have several concerns and questions regarding the PBGC's position with respect to the document requests made in the September 20 letter, all of which seek documents that we believe to be in the PBGC's possession, and on which the PBGC did *not* rely in reaching its determination in this case.

As you know, the Responding Parties' document requests were drawn, at least in part, from Sara Lee Corporation's prior requests for production of documents served under Fed. R. Civ. P. 34. Therefore, the PBGC's responses should be governed by the Federal Rules of Civil Procedure. The requests were made, at least in part, to identify and inspect all of the documents that, from Sara Lee's FOIA request and otherwise, we have reason to believe are in the PBGC's possession and which we believe should have been considered by the PBGC in issuing the 2006 Determination on the ABA Plan.

First, we are concerned with the PBGC's production of documents in response to Requests 1 and 2 in our September 20 letter, which specifically sought production of documents relating to *all* prior initial or final determinations by the PBGC as to whether a particular pension arrangement constitutes a unitary multiple-employer or an aggregate of single-employer plans, as well as all records prepared or reviewed by the PBGC in connection with such determinations. The PBGC's September 24 letter states that its "Disclosure Officer had released all available records"

Paula J. Connelly, Esq.
September 26, 2007
Page 2

with respect to these requests, "and was unable to locate any other responsive documents after a diligent search." We have again reviewed the over 3,000 pages of documents produced to Sara Lee Corporation in response to its FOIA Request, which the PBGC has now acknowledged should be included in the administrative record filed with the Court. However, other than opinion letters and court briefs in the *Artra Group* matter, we did not receive any other initial or final determinations by the PBGC as to whether a plan was a unitary multiple-employer or aggregate of single-employer plans.

We specifically requested documents related to PBGC Opinion Letters 78-16, 78-27, 79-3, 84-2 and 85-2, but did not receive any responsive documents in the FOIA response. In addition, it appears from the parties' briefs submitted to the Court in this case that this precise issue was addressed by the PBGC in *PBGC v. Potash*, 1986 U.S. Dist. LEXIS 30987 (W.D.N.Y 1986) and *Nowell v. Central Serv. Assoc.*, 106 F. Supp. 2d 888, 894-95 (S.D. Miss. 2000). We also have not received any documents related to these prior determinations. All such documents directly relate to the PBGC's application of its "test" as to whether a plan is a multiple-employer or aggregate of single-employer plans. Such documents therefore are directly relevant to the PBGC's 2006 Determination concerning the ABA Plan's structure. Therefore, please confirm whether any documents relating to the PBGC Opinion Letters 78-16, 78-27, 79-3, 84-2 and 85-2, *PBGC v. Potash* and *Nowell v. Central Serv. Assoc.* exist, and if so, please produce them.

Second, in the September 24 letter, the PBGC indicates that it has not produced approximately 80 pages of documents that it considers "confidential" or "privileged." Please provide us with a document log identifying these documents in sufficient particularity to enable us to assess the PBGC's privilege determinations, as required by Fed. R. Civ. P. 26. For those documents that are not privileged but merely confidential, we would be willing to stipulate to the entry of an appropriate and reasonable Protective Order to eliminate any confidentiality concerns the PBGC may have.

In addition, through its responses to Sara Lee's FOIA Request, the PBGC produced more than 3,000 pages of documents in three separate productions. In none of these productions did the PBGC identify which documents were responsive to each specific request. It is therefore impossible for the Responding Parties to determine whether the PBGC has completely and adequately responded to their specific document requests served in this case. Please provide us with a response to our previous document requests, identifying which documents may be responsive to each request, or confirm that the documents that have been produced were delivered as they are maintained by the PBGC in the ordinary course of business.

Third, the Responding Parties have a concern about the PBGC's search for and production of electronic records. In Sara Lee's initial document requests, the term "document" was defined to include all documents maintained in an electronic format. Please confirm that all documents that are or have been kept in any electronic database or in the e-mail accounts of any PBGC agent or employee responsive to the requests have been searched and produced.

In reviewing Volume V of the administrative record and the additional documents produced in response to the FOIA request, it appears that only the e-mail account of Mark Blank has been

Paula J. Connelly, Esq.
September 26, 2007
Page 3

searched and the relevant documents produced. Please confirm for us that all relevant PBGC computer databases and all e-mail accounts of PBGC personnel involved in the 2006 Determination of the ABA Plan, including but not limited to the e-mail accounts and databases of Terrence Deneen and all others who assisted him with drafting the 2006 Determination, have been searched for documents. Also, please produce any documents that are responsive to the requests (or if the PBGC asserts a privilege, please list them on the privilege log discussed above). If all such databases and accounts have not yet been searched through the FOIA response, please explain why such a search has not been performed. Also, please confirm whether the PBGC has issued to its personnel a memorandum or other internal document that requested that all documents and e-mails be maintained pursuant to a "litigation hold" or similar request, and that appropriate steps have been taken by the PBGC to ensure that all documents relevant to the ABA Plan and the 2006 Determination have been retained and not destroyed by the PBGC before they could be produced to the Responding Parties.

Fourth, in the additional documents that the PBGC produced to us in response to our September 20 letter—specifically the claim documents filed in Interstate Brands Corporation's bankruptcy matter, the PBGC stated that "[u]pon information and belief, the [ABA Plan] is an aggregate of separate, single-employer defined benefit pension plans covered by Title IV of ERISA." Based on this admission, please confirm that the PBGC will stipulate that until August 8, 2006, the PBGC always considered the ABA Plan to be, and, in fact, treated the ABA Plan as, an aggregate of single-employer pension plans, consistent with its 1979 Determination of the Plan.

Again, we reserve our right to make additional requests, based on the PBGC's response to this letter. Should the PBGC decline to produce any or all of the materials described above, we ask that the PBGC explain its reasons for each such refusal, in writing. We will, of course, be willing to discuss with you, in good faith, the scope of each of these requests, as well as the timing of production, to ensure that the PBGC will not be subjected to any unreasonable burden. We look for full compliance by the PBGC with the obligation imposed on it by statute and rules of procedure, to deliver to the Court a complete administrative record.

Please let us know if the PBGC is agreeable to responding to these requests by September 27, 2007, so that we may meet the Court's deadline for preparing a joint status statement by September 28, 2007. If you have any questions regarding the Responding Parties' position, please do not hesitate to contact us.

Yours very truly,

*Michael T. Graham*

Michael T. Graham

Paula J. Connelly, Esq.
September 26, 2007
Page 4


cc:	Paul J. Ondrasik, Jr. (via e-mail)
	Edward R. Mackiewicz (via e-mail)
	James Hamilton (via e-mail)
	D. Christopher Ohly (via e-mail)
	Lonie A. Hassel (via e-mail)
	Edward J. Meehan (via e-mail)


CHI99 4883408-4.029636.0180

**EXHIBIT E**



**Pension Benefit Guaranty Corporation**
1200 K Street, N.W., Washington, D.C. 20005-4026

Office of the Chief Counsel

September 27, 2007

VIA E-MAIL (mgraham@mwe.com)

Michael T. Graham
McDermott Will & Emery
227 West Monroe Street
Chicago, IL  60606

    Re: Sara Lee Corp. v. PBGC et al., No. 06-CV-0819-HHK (D.D.C.)

Dear Mr. Graham:

    We have reviewed your letter of September 26, sent on behalf of Sara Lee Corporation, American Bakers Association Retirement Plan and its Trustees, and Lewis Brothers Bakeries (the "Responding Parties"). The Responding Parties' continuing requests essentially constitute attempts to obtain discovery, which is not available in this case, as PBGC argued in its protective order pleadings. The documents that PBGC provided in response to the FOIA request are not governed by the discovery rules in the Federal Rules of Civil Procedure. Accordingly, the requests for a privilege log, a list identifying which documents were responsive to which request, and certifications as to e-mail searches are inappropriate.

    Because PBGC does not maintain a topical index of issues, there is no practical way to gather materials by subject matter, particularly materials that are decades old. Accordingly, as PBGC's General Counsel indicated in response to your FOIA appeal, the Disclosure Officer was unable to locate any documents responsive to your request for determinations on this subject other than those produced. Nor was he able to locate any documents related to the PBGC Opinion Letters listed, despite diligent efforts. Obviously, PBGC did not rely on any such documents in reaching its determination in the 2006 Letter, since none can be located.

    Contrary to the suggestion in your letter, PBGC has not acknowledged that the documents it produced under FOIA *should* be included in the administrative record. However, we have indicated that we are willing to file those documents (as well as the bankruptcy claims we provided on September 24) as supplemental volumes to the administrative record in order to resolve this matter. Since the Court has required a joint status report to be filed tomorrow, please

let us know how you would like to proceed. We had drafted a description of the parties' efforts to date, which I will attach here in case it is useful.

Sincerely,

Paula J. Connelly
Assistant Chief Counsel
(202) 326-4020, ext. 3086

Attachment:   Draft paragraphs for joint status report

cc:   Paul J. Ondrasik, Jr. (via e-mail)
      Edward R. Mackiewicz (via e-mail)
      James Hamilton (via e-mail)
      D. Christopher Ohly (via e-mail)
      Lonie A. Hassel (via e-mail)
      Edward J. Meehan (via e-mail)
      James Kettering (via e-mail)