# EXHIBIT 2

1

```
 1                  UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2

 3   - - - - - - - - - - - - - - - x

 4   SARA LEE CORPORATION,          :  Docket No. CV 06-819
     on behalf of its employee-     :
 5   participants in the American   :  Washington, D.C.
     Bakers Associations            :
 6   Retirement Plan,               :  Monday, July 2, 2007
                                    :
 7                   Plaintiff,     :  9:47 A.M.
                                    :
 8            vs.                   :
                                    :
 9   AMERICAN BAKERS ASSOCIATION    :
     RETIREMENT PLAN, et al.,       :
10                                  :
                     Defendants.    :
11
     - - - - - - - - - - - - - - - x
12

13        TRANSCRIPT OF MOTIONS HEARING PROCEEDINGS
       BEFORE THE HONORABLE HENRY H. KENNEDY, JR.
14               UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20   Court Reporter:    ANNIE R. SHAW, RPR
                        Official Court Reporter
21                      333 Constitution Avenue, N.W.
                        Room 6820
22                      Washington, D.C.  20001

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   by computer-aided transcription.
```

```
 1    APPEARANCES:

 2    For Plaintiff Sara
      Lee Corporation:          MICHAEL T. GRAHAM, Esquire
 3                              McDermott, Will & Emery, LLP
                                600 Thirteenth Street, N.W.
 4                              Washington, D.C.  20005-3096

 5

 6
      For Defendant American
 7    Bakers Association
      Retirement Plan:          PAUL J. ONDRASIK, Esquire
 8                              Steptoe & Johnson, LLP
                                1330 Connecticut Avenue, N.W.
 9                              Washington, D.C.  20036

10    For Defendant Pension
      Benefit Guaranty
11    Corporation:              MICHAEL P. MORA, Esquire
                                Assistant Chief Counsel
12                              Pension Benefit Guaranty Corporation
                                1200 "K" Street, N.W.
13                              Washington, D.C.  20005-4026

14    For Third Party
      Defendant Interstate
15    Brands Corporation:       EDWARD J. MEEHAN, Esquire
                                Skadden, Arps, Slate, Meagher &
16                              Flom, LLP
                                1440 New York Avenue, N.W.
17                              Washington, D.C.  20005-2111

18    For Third Party
      Defendant Lewis Brothers
19    Bakeries, Inc.:           D. CHRISTOPHER OHLY, Esquire
                                Schiff, Hardin, LLP
20                              1666 "K" Street, N.W.
                                Suite 300
21                              Washington, D.C.  20006

22

23

24

25
```

3

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2            THE DEPUTY CLERK:  Civil Action 06-819, Sara Lee
 3   Corporation versus American Bakers Association Retirement Plan,
 4   et al.
 5            THE COURT:  Good morning, everyone.  Normally the
 6   Court would ask that all parties come forward and identify
 7   themselves for the record, that is, their connection to the
 8   parties.  That will not be done at this hearing.
 9            What I want to happen here is that for the attorney
10   who will be arguing the motion to come forward, indicate who he
11   or she is, and state who it is that he or she represents rather
12   than each of the attorneys who is present.
13            Starting with the movant, the PBGC.
14            MR. MORA:  Good morning, Your Honor, Michael Mora,
15   M-O-R-A for the PBGC.
16            MR. MEEHAN:  Your Honor, Edward Meehan for --
17            THE COURT:  Excuse me just a second.
18            Okay.  Yes.
19            MR. MEEHAN:  Yes, Edward Meehan from Skadden, Arps,
20   Slate, Meagher and Flom, LLP, on behalf of Interstate Brands,
21   and we also are on the movant side.
22            MR. ONDRASIK:  Good morning, Your Honor, Paul
23   Ondrasik from Steptoe and Johnson on behalf of the ABA Plan and
24   its trustees.
25            MR. GRAHAM:  Good morning, Your Honor, Michael Graham
```

1  from McDermott, Will and Emery, representing plaintiff Sara Lee
2  Corporation.
3          MR. OHLY:  Good morning, Your Honor, Chris Ohly,
4  Schiff, Hardin for Lewis Bakeries.
5          THE COURT:  Again, good morning to everybody.  All
6  right.
7          The Court appreciates that when it scheduled oral
8  argument in this matter, the Court did not indicate which of
9  the several motions that to that -- at that point had not been
10 filed, the Court would hear oral argument on.
11         Pursuant to, I believe some call to my chamber, I
12 think that's how this happened, there was some question as to,
13 well, whether the Court would hear oral argument on the Motion
14 to Dismiss as well as the Motion for Summary Judgment.
15         The Court indicated, I believe now in a written
16 order, that the oral argument this morning would be confined to
17 argument on the Motion for Summary Judgment, not a Motion to
18 Dismiss.  And that the amount of time that each side, rather
19 than each party, had to argue the motion was 20 minutes.  I
20 hope that that has been conveyed, at least that is the way it
21 is, and I see several of you shaking your heads up and down,
22 so, good.
23         I will hear you.  And frankly, let me just say this,
24 that I said 20 minutes, I meant 20 minutes, but you're not
25 going to be -- there's no clock here, and so as long as you are

5

1 reasonable, and I have no reason to think that any side would
2 not be reasonable in the quantity of words it chose to use in
3 expressing its position, that's fine.  So I don't think anyone
4 should be anxiety stricken because of the time limitation.
5      That having been said, during the course of your
6 arguments I suggest that you touch upon these two issues.
7 Frankly, I have no reason why you would not, you know, frankly,
8 you've already touched upon them, certainly the first issue.
9 And that is the standard of review.  Whether the Court in
10 making its decision employs a differential standard of review
11 that is limited either to the administrative record as
12 presently constituted and has been filed, or an administrative
13 record that might be appropriately enlarged or supplemented.
14 Again, that being one issue, the standard of review.
15      Whether a differential standard confined to the
16 administrative record, again, as it presently is constituted,
17 or as supplement, perhaps after discovery, a matter that has
18 been referred to, I think a magistrate judge, perhaps
19 Magistrate Judge Facciola.  But I don't know whether the
20 request for discovery was in the context of a de novo review or
21 discovery that would be one calculated to supplement the
22 administrative record.  That's one issue.
23      The second issue is this.  Should the Court
24 determine, either based upon a review of the administrative
25 record as presently constituted, or administrative record as

6

1  supplemented, or at the end of the day after a de novo review,
2  that the PBGC's determination that the ABA Plan is -- is a
3  multi-employer plan or single plan, the determination I'm
4  telling you is very interesting, I'll leave it at that.
5       Put it very simple, suppose the Court at the end of
6  the day agrees that the plan at issue, the ABA Plan is a -- the
7  Court agrees with the PBGC that it is a single plan, a
8  multi-employer plan, rather than an aggregate plan, as it had
9  determined was the case in 1979.  And, therefore, and ruled
10 against, I guess it's this side, the ABA and Sara Lee.  But
11 find that the -- that that finding insofar as it works
12 retroactively and is -- and creates an undue burden, it can be
13 characterized in many ways unfair, it unsettles expected
14 expectations, that that -- that it operates arbitrarily and
15 capriciously, I want you to address that issue, whether the
16 Court has a basis for so finding, and basically, and also
17 whether there is a basis in the law for making such a
18 determination.
19      Well, I've done the best I can insofar as indicating
20 what you might consider, and now it's your turn.  And PBGC can
21 come forward and argue your case, argue your motion.
22      MR. MORA:  Good morning, Your Honor, Michael Mora for
23 the PBGC.
24      THE COURT:  Good morning.
25      MR. MORA:  Your Honor, just one small housekeeping

15

1  MR. MORA: Yes, Your Honor.
2  THE COURT: I don't -- I'm sorry for truncating your
3  argument at this point, and you will be able to go on, you will
4  be able to go on, though I must say, you know, the parties'
5  papers, I think really set forth your position on this quite
6  well, it's very complicated, as the merits are concerned, and I
7  do want you to address that issue that I -- that I indicated
8  should be addressed, which is, should the Court determine that
9  PBGC is right in its -- with respect to its finding as to what
10 the nature of the plan is, whether it's a single plan or an
11 aggregate plan, I think we understand each other okay.
12 MR. MORA: Yes.
13 THE COURT: Single, aggregate, that even if it's --
14 if the PBGC is right, that the way the plan, the way this
15 operates in the real world, arguably retroactively, though I
16 appreciate that the way the letter is stated that it becomes
17 effective as of the date of issuance. That's when it becomes
18 effective. But there is reason, there is some basis for
19 arguing that it operates retroactively, and it is that aspect
20 of the PBGC's determination that is arbitrary and capricious,
21 that is something that again, if you want, again, feel free to
22 continue along arguing what you were arguing, but I do want to
23 at least hear you on what I've just indicated is of some
24 interest to this judicial officer.
25 MR. MORA: Let me address that now, then, Your Honor.

```
 1   PBGC's determination was simply that this plan is a
 2   multiple-employer plan for purposes of the pension plan,
 3   termination and insurance program under Title 4 of ERISA.
 4   There was no decision as to the retroactive effect, if any,
 5   under Title 4 of ERISA, which we have jurisdiction to decide,
 6   so there's nothing for the Court to review as to whether and
 7   how this decision may have retroactive effect.  There's no
 8   record before the Court on that; that has not been decided.
 9           Now, that being said, as Your Honor pointed out, in
10   the real world this is an ongoing pension plan, two of the
11   largest competitors in the baking industry are here before you
12   today because they both have significant interest at stake
13   involving this pension plan.  And the resolution of those
14   issues as to whether this has retroactive effect could
15   ultimately involve not just the PBGC, but the other ERISA
16   regulatory agencies that regulate ongoing pension plans.  That
17   includes the Internal Revenue Service, which administers and
18   has jurisdiction over the tax provisions of ERISA, and the
19   Department of Labor, which has jurisdiction over the fiduciary
20   responsibility provisions of ERISA, among others, and, frankly,
21   by the parties themselves in attempting or trying to resolve
22   their differences over the effect of this ruling.
23           So there's no record, no decision has been made other
24   than what kind of plan it is.  There's no record before the
25   Court to review, and there was no question before PBGC as to
```

1  what, if any, retroactive effect our decision would have.  And
2  it wasn't decided.
3          And, Your Honor–
4          THE COURT:  Has the PBGC ever made a determination
5  like this before where it said that its decision, you know, is
6  effective sometime in the future rather than as of the date of
7  issuance, do you know if that's ever been the case?
8          MR. MORA:  Well, it's effective forward looking
9  instead of --
10         THE COURT:  Yes.
11         MR. MORA:  I don't know.  What I can tell you, I can
12 describe to you the typical types of decisions that PBGC issues
13 that are -- go through administrative review and often
14 challenged, frankly.  One is benefit determinations.  Those by
15 their nature are often backward looking because we're reviewing
16 and determining sometimes as long as three years after we've
17 taken over a pension plan, benefit payments that were made to
18 someone years previously.  Sometimes involving corrections as
19 to overpayments and issues of that nature.  And so those things
20 are dealt with, they're dealt with on the record.  And the
21 agency makes a determination and it's reviewed by the Court.
22 That's one example.
23         Another example is where a pension plan does
24 terminate and after it terminates PBGC makes a liability
25 determination and that determination is based on many factors