IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARA LEE CORPORATION, on its own Behalf and on behalf of its Employee-participants in the American Bakers Association Retirement Plan, Three First National Plaza Chicago, Illinois 60602-4260 | ) ) ) ) ) ) ) | No. 06-C-00819-HHK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, 1300 Eye Street, N.W., Ste. 700 West Washington, D.C. 20005 | ) ) ) ) ) ) ) ) ) | **THIRD PARTY DEFENDANT INTERSTATE BRANDS CORP.'S RESPONSE TO THE MOTION FOR LEAVE TO SERVE DISCOVERY AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |
| and | ) ) | |
| PENSION BENEFIT GUARANTY CORPORATION 1200 K Street, N.W. Washington, D.C. 20005 | ) ) ) ) ) | Referred to Magistrate Judge John M. Facciola |
| Defendants. | ) ) ) | |
| _____ | ) ) | |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of The American Bakers Association Retirement Plan, | ) ) ) ) ) ) ) | |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants | ) ) ) ) | |
| v. | ) ) | |

| | |
|---|---|
| SARA LEE CORP., | ) |
| | ) |
| Respondent, | ) |
| | ) |
| PENSION BENEFIT GUARANTY | ) |
| CORPORATION, | ) |
| | ) |
| Cross-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| KETTERING BAKING CO. | ) |
| 729 Coleman Avenue | ) |
| Fairmont, WV 26554 | ) |
| | ) |
| INTERSTATE BRANDS CORP. | ) |
| 12 E. Armour Blvd. | ) |
| Kansas City, MO 64111-1202 | ) |
| | ) |
| LEWIS BROS. BAKERIES, INC. | ) |
| 500 N. Fulton Avenue | ) |
| Evansville, IN 47710 | ) |
| | ) |
| HARRIS BAKING CO., INC. | ) |
| 2301 S. 1st Street | ) |
| Rogers, AR 72758-6416 | ) |
| | ) |
| AMERICAN BAKERS ASSOCIATION | ) |
| 1300 Eye Street, N.W. | ) |
| Suite 700 West | ) |
| Washington, D.C. 20005 | ) |
| | ) |
| and | ) |
| | ) |
| JENNY LEE BAKERY, INC. | ) |
| 620 Island Avenue | ) |
| McKees Rock, PA 15136 | ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

**THIRD PARTY DEFENDANT INTERSTATE BRANDS
CORPORATION'S RESPONSE TO THE MOTION FOR LEAVE TO SERVE
DISCOVERY AND TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Third Party Defendant Interstate Brands Corporation ("IBC") submits this Response in opposition to the joint Motion for Leave to Serve Discovery and to Supplement the Administrative Record (the "Motion") filed by Plaintiff and Third Party Defendant Sara Lee Corporation ("Sara Lee"), Defendants and Cross-Claimants American Bakers Association Retirement Plan ("ABA Plan") and the Board of Trustees of the American Bakers Association Retirement Plan (collectively "ABA Defendants"), and Third Party Defendant Lewis Brothers Bakeries, Inc. (collectively "Movants").

**PRELIMINARY STATEMENT**

The Motion is at odds with both the well-established legal standards for supplementation of an administrative record and Judge Henry H. Kennedy's September 11, 2007 Opinion (the "Opinion"). *Sara Lee Corp. v. Am. Bakers Ass'n Ret. Plan*, No. 06-00819 (HHK), 2007 U.S. Dist. LEXIS 66758 (D.D.C. Sept. 11, 2007). The Motion should be denied for at least these reasons.

First, as a threshold matter, Movants have not made the requisite strong showing that discovery will yield material in the Pension Benefit Guaranty Corporation's ("PBGC") possession indicative of either bad faith or an incomplete record. Movants cannot identify any documents that were considered by the PBGC but excluded from the administrative record. Instead, Movants attempt to misuse the parties' recent negotiations on whether there could be a consensus on the content of the administrative record to contend that there has been an admission that the record, as initially submitted, was inadequate. As a participant in these negotiations, IBC did not object to the inclusion of these certain additional materials for the simple, practical reason that the materials were already before the court as exhibits to Movants' filings. (See Dkt. No. 63.) The parties' good faith attempts to reach agreement on the administrative record are no basis to open the door to discovery, the only effect of which seems to be to delay these proceedings.

1

Second, Movants' 40-page submission is little more than an attempt to reargue Judge Kennedy's decision to apply the Administrative Procedure Act's (the "APA") deferential arbitrary and capricious standard to his ultimate review of the Pension Benefit Guaranty Corporation's ("PBGC") 2006 Determination. In rehashing their previously rejected arguments against the application of the APA standard, Movants raise an issue, the so-called retroactive effect, which IBC, as a participant in the events leading to the 2006 Determination and to this lawsuit, is likewise compelled to address. In contrast to Movants' assertions, the potential allocation of funds on hand within the ABA Plan was well-known and indeed specifically anticipated by the parties and therefore forms no basis for further discovery and associated delay in resolving these proceedings.

## ARGUMENT

### I. Movants' Purported Grounds For Discovery And Supplementation Of The Administrative Record Are Insufficient As A Matter Of Law

Absent clear evidence to the contrary, an administrative agency "enjoys a presumption that it properly designated the administrative record." *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006) (citations omitted); *see also FTC v. Owens-Corning Fiberglas Corp.*, 626 F.2d 966, 975 (D.C. Cir. 1980). Movants offer no evidence that the PBGC failed to include in the administrative record information that it considered. Without the requisite substantial showing that discovery will yield material in the PBGC's possession indicative of either bad faith or an incomplete record, Movants are not entitled to discovery. *See Commercial Drapery,* 133 F.3d 1 at 7; *Beverly Enters.,* 130 F. Supp. 2d at 8 (D.D.C. 2000) (to expand the review beyond the administrative record discovery, the party must make a *prima facie* showing that the agency purposefully or negligently excluded information from the administrative record) (citing *Kent County v. U.S. EPA*, 295 F.2d 391, 396 (D.C. Cir. 1992)).

Although no discovery is being sought from IBC, IBC is concerned about unnecessary delay to these proceedings. IBC has urged, both before the PBGC and this Court, that there be a prompt

and efficient resolution of the proper characterization of the ABA Plan. In this regard, IBC joined in and supported the PBGC's motion for summary judgment, which argued that the PBGC's 2006 Determination should be reviewed under the Administrative Procedure Act's ("APA") deferential arbitrary and capricious standard and should be upheld as well reasoned and well supported by the administrative record. (See Dkt. Nos. 46 and 54.) In his Opinion, Judge Kennedy agreed that the arbitrary and capricious standard applied and asked the parties to address their differences on the administrative record's completeness, preferably by consensus but, if necessary, by motion practice. *Sara Lee*, 2007 U.S. Dist. LEXIS 66758, at *18.

With the agreement of the parties and permission of the Court, IBC participated in the parties' unsuccessful attempts to reach consensus on the administrative record. *Id.* As a participant in these discussions, IBC is concerned that one aspect of these negotiations is being misused. In what IBC viewed as an attempt to accommodate Movants, the PBGC agreed to add to the administrative record a limited number of items obtained through a FOIA request and presented to the Court as part of Movants' responses to the PBGC's motion for summary judgment. (Dkt. No. 81, Ex. C.) Movants now assert that this attempt at accommodation constitutes an admission that the administrative record was and is incomplete. This contention is classic bootstrapping and lacks merit. Indeed, IBC did not object to Movants' request and the PBGC's decision to add those limited FOIA materials because, as a practical matter, all the items were already before the court.

The parties' good-faith efforts to resolve a discovery dispute without wasting the Court's resources are not a basis for a fishing expedition into the PBGC's files, especially where there is no indication that the PBGC excluded materials that it considered from the administrative record. *Commercial Drapery Contractors v. Milford Acquisition Corp.*, 133 F.3d 1, 7 (D.C. Cir. 1997); *Beverly Enters., Inc. v. Herman*, 130 F. Supp. 2d 1, 8 (D.D.C. 2000) (citations omitted).

3

II.     **The Potential Effects of the 2006 Determination Were Always Anticipated and Form No Basis for Discovery and its Associated Unnecessary Delay**

Judge Kennedy granted Movants leave to file a motion on the limited issue of whether the administrative record, as filed by the PBGC, is complete. *Sara Lee*, 2007 U.S. Dist. LEXIS 66758 at *18. Judge Kennedy subsequently referred that limited issue to this Court. (Dkt. No. 86.) Instead of addressing the issues that Judge Kennedy had in mind, Movants devote their 40-page brief to arguing that the PBGC came to the wrong conclusions and seek discovery to support those arguments.

Movants argue that the PBGC should have considered additional factors and should have weighed certain factors differently, including the so-called retroactive effect of the PBGC's ruling. (Dkt. No. 52 at 9-19.) As Judge Kennedy has already held, the only materials that are properly part of the administrative record are those "'materials that might have influenced the agency's decision.'" *Sara Lee*, 2007 U.S. Dist. LEXIS 66758 at *17 (quoting *Amfac Resorts, L.L.C. v. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).) If there exists information or factors that were not considered by the PBGC, then, by definition, that information is not properly part of the administrative record.

Moreover, Judge Kennedy expressly declined to engage in an independent inquiry into the status of the ABA Plan, stating that "[t]o the extent that Sara Lee argues that the court should conduct its own independent factual inquiry. . . and that [the court] should substitute its judgment for that of the PBGC regarding the merits of the 2006 Letter, the court disagrees. Under the APA, the court 'presumes the validity of agency action' and 'cannot substitute its judgment for that of an agency.'" *Sara Lee,* 2007 U.S. Dist. LEXIS 66758 at *16 (quoting *LaRouche's Comm. for a New Bretton Woods v. FEC*, 439 F.3d 733, 737 (D.C. Cir. 2006)). As a result, IBC is concerned that Movants' proposed fishing expedition will simply create further delay in resolving this case. Accordingly, Movants' requests for supplementation of the administrative record and discovery should be denied.

4

In attempting to justify their request for discovery, Movants now claim that they did not foresee the consequences of a PBGC determination finding that the ABA Plan was a multiple employer plan, and not an aggregate of single employer plans. Any such contention is inaccurate. As demonstrated by the administrative record and the complaints filed in this case, the potential consequences of this determination were well-known to the Movants more than one year before the determination was made. In spring 2005, Sara Lee sought to remove approximately $96 million from the ABA Plan. (AR 0333-0336.) IBC strongly opposed Sara Lee's proposed removal of funds because of the uncertainty surrounding the ABA Plan's status and funding. (*Id.*) To resolve the uncertainty as to the ABA Plan's status, IBC, in June 2005, requested that the PBGC review the ABA Plan's status in light of the funding issues. (AR 0340.) During this time, IBC worked with the ABA Plan and Sara Lee on resolving their differences. In July 2005, the parties, with the knowledge of the PBGC, entered into an agreement which allowed Sara Lee to remove $71 million, but required Sara Lee to leave $27 million in the ABA Plan (the "Agreement"). (AR 0346-57.) As part of the Agreement, Sara Lee and the ABA Plan acknowledged that if the PBGC found that the ABA Plan was not an aggregate of single employer plans, then Sara Lee's remaining assets would be used to fund the liabilities of other participating employers. (AR 0346-57 at 0347.)

The understanding among all the parties that this case might impact the allocation of the assets remaining in the ABA Plan is further evidenced in the ABA Defendants' Third Party Complaint, which states that "the 2006 PBGC Letter shifts each employer's individual liability to fund its own employee-participants' benefits to the common trust and thus to all Participating Employers collectively" (Dkt. No. 19 ¶ 63) and Sara Lee's Second Amended Complaint, which similarly states that "if the 2006 Determination is upheld, Sara Lee and other Participating Employers maintaining a positive balance in the ABA Plan trust will be required to fund the benefits for employee-participants of other

5

Participating Employers who maintain negative balances" (Dkt. No. 12 ¶ 42).  Accordingly, the so-called retroactive effect of the 2006 Determination has not been presented accurately, was well-known and indeed desired by the parties, and is no basis for delaying this case to permit discovery.

## CONCLUSION

As noted from the outset of the parties' dispute over the proper characterization of the ABA Plan and continuing throughout this case, IBC is interested in a prompt and efficient resolution. On those matters in which IBC was a direct participant and that Movants have raised as a basis for discovery and supplementation of the administrative record, such as the parties' good faith efforts to reach a consensus on the contents of the administrative record and the so-called retroactive effect of the 2006 Determination, the Motion misuses or mischaracterizes the events and therefore provides no basis for the relief requested.  Accordingly, to avoid unnecessary delay in resolving this case, IBC urges that the Motion be denied.

Dated:  November 30, 2007
Respectfully submitted by,

*Of Counsel:*

Christina M. Tchen
J. Eric Ivester
Samuel Ory
Amanda S. Williamson
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
333 West Wacker Drive.
Chicago, Illinois 60606
(312) 407-0700

/s/  Edward J. Meehan
Edward J. Meehan (DC Bar No. 413993)
David E. Carney (DC Bar No. 472219)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington D.C. 20005-2111
(202) 371-7000

Carol Connor Cohen
ARENT FOX LLP
1050 Connecticut Avenue NW
Washington, DC 20036-5303
(202) 857-6054

*Attorneys for Interstate Brands Corporation*

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARA LEE CORPORATION, on its own ) <br> Behalf and on behalf of its ) <br> Employee-participants in the American ) <br> Bakers Association Retirement Plan, ) <br> Three First National Plaza ) <br> Chicago, Illinois 60602-4260 ) <br> ) <br>      Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> AMERICAN BAKERS ASSOCIATION ) <br> RETIREMENT PLAN; and BOARD OF ) <br> TRUSTEES OF THE AMERICAN ) <br> BAKERS ASSOCIATION RETIREMENT ) <br> PLAN, as Administrator of The American ) <br> Bakers Association Retirement Plan, ) <br> 1300 Eye Street, N.W., Ste. 700 West ) <br> Washington, D.C. 20005 ) <br> ) <br>  and ) <br> ) <br> PENSION BENEFIT GUARANTY ) <br> CORPORATION ) <br> 1200 K Street, N.W. ) <br> Washington, D.C. 20005 ) <br> ) <br>      Defendants. ) <br> ) <br>_____ ) <br> ) <br> AMERICAN BAKERS ASSOCIATION ) <br> RETIREMENT PLAN; and BOARD OF ) <br> TRUSTEES OF THE AMERICAN ) <br> BAKERS ASSOCIATION RETIREMENT ) <br> PLAN, as Administrator of The American ) <br> Bakers Association Retirement Plan, ) <br> ) <br>    Third Party Plaintiffs, ) <br>  Counterclaimants, and Cross-Claimants ) <br> ) | No. 06-C-00819-HHK |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| SARA LEE CORP., | ) |
|  | ) |
|       Respondent, | ) |
|  | ) |
| PENSION BENEFIT GUARANTY CORPORATION, | ) |
|  | ) |
|       Cross-Defendant, | ) |
|  | ) |
|   and | ) |
|  | ) |
| KETTERING BAKING CO.<br>729 Coleman Avenue<br>Fairmont, WV 26554 | ) |
|  | ) |
| INTERSTATE BRANDS CORP.<br>12 E. Armour Blvd.<br>Kansas City, MO 64111-1202 | ) |
|  | ) |
| LEWIS BROS. BAKERIES, INC.<br>500 N. Fulton Avenue<br>Evansville, IN 47710 | ) |
|  | ) |
| HARRIS BAKING CO., INC.<br>2301 S. 1st Street<br>Rogers, AR 72758-6416 | ) |
|  | ) |
| AMERICAN BAKERS ASSOCIATION<br>1300 Eye Street, N.W.<br>Suite 700 West<br>Washington, D.C. 20005 | ) |
|  | ) |
|   and | ) |
|  | ) |
| JENNY LEE BAKERY, INC.<br>620 Island Avenue<br>McKees Rock, PA 15136 | ) |
|  | ) |
|       Third-Party Defendants. | ) |
|  | ) |
| _____ | ) |

## Certificate of Service

       The undersigned attorney certifies that on November 30, 2007 he caused a true and correct copy of Third Party Defendant Interstate Brands Corporation's Response to the Motion for Leave to Serve Discovery and to Supplement the Administrative Record to be filed electronically with the Court.  Notice of this filing was sent to the following counsel electronically or by US mail.

**Counsel for Plaintiff and Third Party Defendant Sara Lee**

M. Miller Baker
Sarah E. Hancur
MCDERMOTT, WILL & EMERY
600 13th Street, NW
Washington, DC 20005-3096
(202) 756-8233
Fax: (202) 756-8087

Michael T. Graham
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Suite 4400
Chicago, IL 60606-5096
(312) 984-3606
Fax: (312) 984-7700

Roger Pascal
Sonia Macias Steele
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
(312) 258-5663
Fax: (312) 258-5600

**Counsel for Third Party Defendant Lewis Bro. Bakeries Inc.**

**Counsel for the ABA Defendants**

Anne H. S. Fraser
ANNE H. S. FRASER, PC
1320 19th Street, NW
Suite 200
Washington, DC 20036
(202) 466-4009
Fax: (202) 466-4010

Edward Robert Mackiewicz
Paul J. Ondrasik
Ryan T. Jenny
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue
Washington, DC 20036
(202) 429-6412
Fax: (202) 429-3902

**Counsel for Third Party Defendant Harris Baking Company**

Jeffrey S. Jacobovitz
D. Christopher Ohly
SCHIFF HARDIN LLP
1666 K Street, NW
Suite 300
Washington, DC 20006
(202) 778-6438
Fax: (202) 778-6466
**Third Party Defendant American Bakers Association**

James Hamilton
SWIDLER, BERLIN, SHEREFF & FRIEDMAN, L.L.P.
3000 K Street, NW
Washington, DC 20007-5116
(202) 424-7826
Fax: (202) 424-7643

Anitra D. Goodman
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
(202) 424-7500

**On Behalf of Third Party Defendant Kettering Baking Co.**

James R. Kettering, Jr.
President Kettering Baking Co.
729 Coleman Ave.
Fairmont, WV 26554

Lonie Anne Hassel
GROOM LAW GROUP CHARTERED
1701 Pennsylvania Avenue, NW
Washington, DC 20006-5805
(202) 857-0620

**Counsel for Defendant and Third Party Defendant  Pension Benefits Guaranty Corporation**

Paula June Connelly
Marc Stuart Pfeuffer
Mark Blank
Michael P. Mora
Pension Benefits Guaranty Board
Office of the Chief Counsel
1200 K Street, NW
Washington, DC 20005-4026
(202) 326-4020
Fax: (202) 326-4112

/s/ Edward J. Meehan
_____
Edward J. Meehan