# ATTACHMENT 2



**PBGC**
Protecting America's Pensions

Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

Office of the General Counsel

JUN 1 4 2007

John P. Hendrickson, P.C.
McDermott Will & Emery
227 West Monroe Street
Chicago, Illinois 60606-5096

Re:   **FOIA Appeal 2006-2103, American Bakers Association Retirement Plan**

Dear Mr. Hendrickson:

I write in response to your May 16, 2007, appeal of PBGC's Disclosure Officer's April 18, 2007 partial denial to your FOIA request. In your original August 18, 2006, FOIA request you sought various categories of information pertaining to the American Bakers Association Retirement Plan (the "Baker's Plan"). Because your request required PBGC to search and review a voluminous amount of records, PBGC's Disclosure Officer released responsive documents to you as they were processed. By letter dated October 26, 2006, E. William FitzGerald, PBGC's Disclosure Officer, issued a partial release of documents consisting of 173 pages. Shortly thereafter, on October 26, 2006, Mr. FitzGerald released 1,352 pages responsive to your FOIA request. Next, on February 9, 2007, Mr. FitzGerald released an additional 836 pages relating to your FOIA request. Finally, on April 18, 2007, Mr. FitzGerald released an additional 712 pages for a total of 3,073 pages responsive to your FOIA request. However, Mr. FitzGerald withheld certain information based on two applicable FOIA exemptions. In total, Mr. FitzGerald withheld 80 pages (38 pages under FOIA Exemption 5 U.S.C. 552(b)(5) and 42 pages under FOIA Exemption 5 U.S.C. 552 (b)(3)).

In your May 16, 2007 appeal, you claim that PBGC failed to provide an adequate explanation of the records or information withheld. Specifically, you asked: (1) whether the failure to provide records was because the requested records could not be located, because an exemption applied, or for some other reason; (2) the nature and volume of records withheld on the basis of each of the three claimed exemptions from mandatory disclosure; and (3) an explanation of how each of the claimed exemptions applies to the records withheld.

**Documents Withheld Pursuant to Exemption**

Because of the strong presumption in favor of disclosure, agency records must be disclosed by an

1

agency under FOIA unless the material falls squarely within one of nine statutory exemptions.[1] As noted, 38 pages were withheld under Exemption (b)(5). These documents were earlier drafts of documents that were released to you by Mr. FitzGerald. These drafts related to PBGC's initial determination that the Bakers Plan was an aggregate of single plans. Exemption 5 of the FOIA authorizes an agency to withhold documents (or portions of documents) that would be privileged in the civil discovery process.[2] Information that a private litigant could not obtain in an action against the agency under normal discovery rules is protected by the exemption.[3] The exemption incorporates both the attorney-client privilege, which protects confidential communications between an attorney and client, and the attorney work product privilege, which protects documents or memoranda prepared by or for an attorney in preparation for litigation.[4]

Exemption 5 also incorporates the deliberative process privilege whereby an agency may withhold documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Mead Data Central Inc. v. Dept. of the Air Force, 566 F.2d 242 (1977). The purpose of the deliberative process privilege "is to prevent injury to the quality of agency decisions." Sears, 421 U.S. at 151.

Two requirements must be met to invoke the deliberative process privilege. First, the information must be pre-decisional. A document is predecisional "if it was prepared in order to assist an agency decision maker in arriving at his decision," rather than to support a decision already made.[5] Second, the document must be deliberative in that it reflects opinions, recommendations, or options used by a government decision maker to formulate a government policy or make a final decision.[6] The materials withheld by Mr. FitzGerald include draft memoranda prepared by counsel for the PBGC that include hand-written comments of reviewers. The materials also include draft correspondence. Based on this, I conclude that these materials were properly withheld in their entirety by the Disclosure Officer under Exemption 5 because they include attorney-client, attorney work product and deliberative process privilege materials.

The 42 pages withheld under 5 U.S.C. 552(b)(3), were submitted to PBGC under section 4043 of

---

[1] U.S. Dep't of Justice v. Julian, 486 U.S. 1, 8 (1988), citing, United States v. Weber Aircraft Corp., 465 U.S. 792 (1984).

[2] NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148-49 (1975).

[3] EPA v. Mink, 410 U.S. 73, 86 (1973).

[4] Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C. Cir. 1980).

[5] Petroleum Info. Corp. v. U.S. Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992).

[6] Coastal States, 617 F.2d at 866.; Tax Analysts v. IRS, 294 F.3d.71 (D.C. Cir. 2002).

2

the Employee Retirement Income Security Act of 1974 ("ERISA").[7] ERISA § 4043 requires contributing sponsors of substantially underfunded pension plans (and members of the contributing sponsors' controlled group) to submit confidential financial and actuarial information to the PBGC. ERISA §4043 states:

> Any information or documentary material submitted to the corporation pursuant to this section shall be exempt from disclosure under §552 of title 5, United States Code, and no such information or documentary material may be made public, except as may be relevant to any administrative or judicial action or proceeding. Nothing in this section is intended to prevent disclosure to either body of Congress, or to any duly authorized committee or subcommittee of the Congress.

The PBGC interprets this provision to prohibit the release of information submitted under ERISA §4043 to the public, either in response to a FOIA request or on its own initiative, except when the PBGC determines it is necessary to introduce the information as evidence in an administrative or judicial proceeding to enforce Title IV of ERISA. Therefore, I find that the Disclosure Officer's decision to withhold the forty two pages pursuant to FOIA exemption (b)(3) was correct.

### Reasonableness of PBGC's Search

In response to your appeal, we also reviewed the steps taken by PBGC's Disclosure Officer to identify records responsive to your request. The FOIA department has spent over 70 hours searching and reviewing documents related to your FOIA request. In addition to reviewing thousands of pages of documents maintained by the Office of Chief Counsel, the Appeals Division, and the Division of Insurance Compliance with respect to the Bakers' plan, the Disclosure Officer's staff sought responsive documents from other PBGC employees who may have worked on similar issues relating to the Bakers plan. Mr. FitzGerald located and disclosed to you all records relating to three other cases where the issue was whether a plan constituted a unitary multiple employer plan or was an aggregate of single-employer plans.[8]

In your FOIA request, you had also requested any "records prepared or reviewed by any PBGC employee in connection with the preparation or review of any initial or final determination (including any draft or partial draft of such a determination) as to whether a particular pension arrangement constitutes a unitary multiple-employer plan or an aggregate of single-employer plans (including the 2006 Bakers Plan Letter and PBGC Opinion Letters 78-16, 78-27, 79-3 79-14, 84-2 and 85-2)...." The Disclosure Officer was unable to locate any other documents responsive to your request. Moreover, other than the opinion letters you cited in your request, I have determined that PBGC has not issued any other guidance or instructions on determining

---

[7] 29 U.S.C. § 1310.

[8] John Cook et al vs. PBGC, No. 80 Civ. 2558, (HEW)(S.D.N.Y.1986); John Kelly et al v. PBGC, No. 79 Civ 547 (HEW)(S.D.N.Y.1980); PBGC v. Atra Group, No (90-C-5338)(N.D.Ill.1990)

3

whether a pension plan constitutes a unitary multiple employer plan or an aggregate of single employer plans.

Based on my review, I conclude that the Disclosure Officer has conducted a diligent search that was reasonably calculated to locate responsive documents.[9] The PBGC's failure to locate specific documents does not render an agency search inadequate.

**Explanation of Released Documents**

In your FOIA appeal, you have also sought an explanation as to which documents are responsive to each of your nine separately listed document requests. Many of the records released to you did not uniformly fall into the categories you listed in your initial request. Indeed, PBGC's records are not neatly defined by the categories you listed in your FOIA request. As Mr. FitzGerald noted in his disclosures, many of the documents released to you appear to be responsive to more than one of your initial document requests. Under FOIA, agencies are not required to answer questions about specific records which are sought in a FOIA request. While FOIA requires PBGC to produce non-exempt documents responsive to your request, the statute does not require the Agency to create new documents explaining the content of the records produced.[10]

**Conclusion**

For the reasons discussed above, I affirm the determination of the PBGC's Disclosure Officer with respect to the records disclosed to you in response to your FOIA requests. This is the final decision of the PBGC with respect to your FOIA appeal. You may seek judicial review of this decision.[11]

Sincerely,

Judith Starr
General Counsel

---

[9] See Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999)("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents."); SafeCard Servs. v SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (Agency must show that it made a good faith effort to conduct a search for responsive documents using methods which can be reasonably expected to produce the information requested).

[10] Saterlee v. IRS, 2006 WL 3160963 (W.D. Mo. Oct. 30, 2006); Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985)

[11] 5 U.S.C. § 552(a)(4).

4