IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARA LEE CORPORATION, on its own behalf and on behalf of its employee-participants in the American Bakers Association Retirement Plan, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-0819-HHK |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; and PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) ) ) ) ) ) | Judge Henry H. Kennedy, Jr.<br><br>Magistrate John M. Facciola |
| Defendants. | ) ) | **REPLY MEMORANDUM IN SUPPORT OF** |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan, | ) ) ) ) ) ) | **AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN'S AND BOARD OF TRUSTEES'** |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants, | ) ) ) ) | **MOTION TO DISMISS LEWIS BROS. BAKERIES, INC.'S COUNT II AND III COUNTERCLAIMS** |
| v. | ) | |
| SARA LEE CORPORATION, | ) ) | |
| Respondent, | ) ) | |
| PENSION BENEFIT GUARANTY CORPORATION, | ) ) ) | |
| Cross-Defendant, and | ) ) | |
| KETTERING BAKING COMPANY, INTERSTATE BRANDS CORPORATION, LEWIS BROS. BAKERIES, INC., HARRIS BAKING COMPANY, INC., AMERICAN BAKERS ASSOCIATION, and JENNY LEE BAKERY, INC., | ) ) ) ) ) | |

|  |  |
|---|---|
| Third-Party Defendants. | ) |
|  | ) |
|  | ) |
| LEWIS BROS. BAKERIES, INC., | ) |
| Counterclaimants, and Cross-Claimants | ) |
| v. | ) |
| AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN; and BOARD OF TRUSTEES OF THE AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN, as Administrator of the American Bakers Association Retirement Plan; | ) |
| Third Party Plaintiffs, Counterclaimants, and Cross-Claimants, Counterclaim Defendant. | ) |
| PENSION BENEFIT GUARANTY CORPORATION, | ) |
| Cross-Defendant. | ) |

## REPLY MEMORANDUM IN SUPPORT OF AMERICAN BAKERS ASSOCIATION RETIREMENT PLAN'S AND BOARD OF TRUSTEES' MOTION TO DISMISS LEWIS BROS. BAKERIES, INC.'S COUNT II AND III COUNTERCLAIMS

Paul J. Ondrasik, Jr. (D.C. Bar # 261388)
Edward R. Mackiewicz (D.C. Bar # 944884)
Ryan T. Jenny (D.C. Bar # 495863)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
Tel: (202) 429-3000
Fax: (202) 429-3902

Anne H.S. Fraser (D.C. Bar # 349472)
Anne H.S. Fraser, P.C.
1320 19th Street, N.W., Suite 200
Washington, DC 20036-1637
Tel: (202) 466-4009
Fax: (202) 466-4010

**Attorneys for American Bakers Association Retirement Plan and Board of Trustees of the American Bakers Association Retirement Plan**

June 27, 2008

I.  **INTRODUCTION**

In its opposition brief, Lewis Brothers Bakeries, Inc. ("Lewis Brothers") concedes that the ERISA claims that it asserted against the American Bakers Association Retirement Plan ("ABA Plan" or "Plan") and its Board of Trustees (collectively, "Defendants") in Counts II and III of its Amended Answer and Counterclaims (Doc. 91, "AA") – like those previously advanced against the Defendants by Sara Lee – must be dismissed for lack of standing and subject matter jurisdiction. See Doc. 97 ("Lewis Opp.") at 5, 6 n.3.[1] That should mark the end of Lewis Brothers' case against the Defendants. However, in an effort to avoid a result compelled by this Court's prior dismissal of Sara Lee's virtually identical claims, Lewis Brothers has attempted to "rewrite" its counterclaims in its opposition. It now maintains that its counterclaims were not limited to ERISA claims for relief charging violations of the ABA Plan's terms, but instead also contained an implicit claim of breach of the Plan's Trust Agreement. This implicit claim, it asserts, may proceed free from ERISA Section 502's carefully-crafted jurisdictional and standing requirements under a federal common law and Declaratory Judgment Act ("DJA") theory.

Lewis Brothers' attempt to evade this Court's prior ruling cannot succeed. The short answer to Lewis Brothers' argument is that its counterclaims *nowhere* allege a violation of the ABA Plan's Trust Agreement, much less assert a federal common law claim; rather, like Sara Lee, it asserted only ERISA claims alleging violations of the *Plan's* terms. It is well-established that a pleading cannot be amended in an opposition to a motion to dismiss, as Lewis Brothers

---

[1] Lewis Brothers also acknowledges that this Court previously denied its motion to amend its answer to assert these same counterclaims against Defendants based on the Court's dismissal of Sara Lee's claims for lack of standing and subject matter jurisdiction. Doc. 79 at 6; Lewis Opp. at 3. While this Court later allowed Lewis Brothers to file its amended answer and counterclaims, Lewis Brothers does not contest this Court's prior rationale dismissing Sara Lee's virtually identical claims or offer any explanation as to why that decision should not be controlling here.

plainly is attempting to do. Moreover, even if violations of the Plan's Trust Agreement were alleged – and they are not – the new common law cause of action that Lewis Brothers asks this Court to craft for employers conflicts with ERISA's framework, purpose and enforcement scheme and simply cannot be implied. Thus, even if alleged, any such claims would fail under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and could not save Counts II and III from dismissal.

## II.   ARGUMENT

### A.   Lewis Brothers Has Conceded that the ERISA Claims Asserted in Counts II and III of Its Counterclaim Fail for Lack of Standing and Subject Matter Jurisdiction.

Defendants' primary argument in this motion is that the ERISA § 502(a)(3) claims set forth in Counts II and III must be dismissed for want of standing and subject matter jurisdiction because Lewis Brothers is not among the limited categories of persons authorized under ERISA §§ 502(a)(3) and 502(e)(1) to assert such claims. 29 U.S.C. § 1132(a)(3), (e)(1). Lewis Brothers now concedes the point, stating it will not "reargue" the Court's prior holding (Doc. 79 at 6 n.3) that it lacks standing as a fiduciary to assert a claim under ERISA § 502, and acknowledging that it does not otherwise have ERISA standing as a participant or beneficiary. Lewis Opp. at 5. For these reasons and those stated in Defendants' initial brief, this Court should dismiss Counts II and III pursuant to Fed. R. Civ. P. 12(b)(1).[2]

### B.   Lewis Brothers Cannot Salvage Counts II and III by Claiming That They Are Asserting a Claim for Breach of the Trust Agreement and a Cause of Action Other Than under ERISA § 502.

Having conceded that it cannot pursue the ERISA § 502 claims actually advanced in Counts II and III, Lewis Brothers now attempts to argue that it has standing to assert, under the

---

[2] Lewis Brothers also has failed to respond to the other grounds for dismissal of Counts II and III set forth in Defendants' initial brief. *See* Doc. 94-2 at 17-25. Thus, Counts II and III should be dismissed pursuant to Rule 12(b)(6) on these grounds as well.

federal common law of ERISA and the DJA, a claim alleging breach of the ABA *Trust's* terms. Whether it would have standing to assert such a claim is academic because a breach of the Trust is *nowhere* pled in the counterclaims before this Court. Nor do the counterclaims identify a federal common law or DJA claim against Defendants – the claims are expressly asserted under ERISA § 502(a)(3) only. *See* AA at 37, 42 (headings), ¶¶ 43, 53. Lewis Brothers' arguments to the contrary simply mischaracterize the counterclaims it has pled and are easily refuted on the face of the Amended Answer.

The Amended Answer's counterclaims allege violations of the terms of the Plan and not of the Trust, to wit:

- In Paragraph 1(ii)-(iii) of its counterclaims, Lewis Brothers states it is suing to challenge violations of the ABA Plan's terms. Lewis Brothers does not claim to challenge violations of the Trust's terms.

- The venue provision at Paragraph 5 likewise alleges violations of the Plan's terms only.

- Paragraph 22 posits that if the PBGC's findings in its 2006 Determination Letter are correct, then the Board violated obligations under Articles II, VIII, and XIII of the ABA Plan. No violations of the Trust are alleged.

- Paragraph 23 alleges that if PBGC's findings in its 2006 Determination Letter are correct, then the Board violated obligations under Sections 7.02, 8.02 and 13.02 of the ABA Plan. No violations of the Trust are alleged.

- Paragraph 27 alleges a potential violation of Sections 7.02 and 8.02 of the ABA Plan. No violations of the Trust are alleged.

- In the heading for Count II on page 37 of the Amended Answer, Lewis Brothers presents a "Claim for Enforcement of ABA Plan Terms." It does not state it is suing to enforce any terms of the Trust.[3]

- In Paragraph 48 of Count II, Lewis Brothers alleges that if the PBGC's 2006

---

[3] While the heading in Count II makes reference to a transfer agreement, this appears to have inadvertently been copied from Plaintiff Sara Lee Corporation's Count II. Lewis Brothers has asserted no claim with regard to a transfer agreement, has not alleged one exists, and in fact, it, unlike Sara Lee, has not entered into a transfer agreement with the Board. *See, e.g.*, AA ¶ 13.

      Determination Letter findings were correct, violations of Sections 2.02, 7.02, 8.02 and 13.02 of the ABA Plan occurred. No violations of the Trust are alleged. Paragraph 49 likewise identifies only Section 2.02 of the Plan.

- Count III alleges only potential violations of the Plan document's provisions, specifically Sections 2.02, 7.02, 8.02, 13.01 and 13.02, and not provisions of the Trust. *See* AA, Counterclaims ¶¶ 56, 62.

The Amended Complaint thus does not contain, as required by Rule 8(a)(2), a "plain statement" – or indeed, any statement – that the Trust Agreement was violated. Lewis Brothers concedes as much in admitting that such a claim is "not explicitly so stated in the Counterclaim." Lewis Opp. at 6. The "spin" in Lewis Brothers' opposition cannot modify its counterclaims to assert such a claim. *See Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Jung v. Ass'n of Am. Med. Colleges*, 300 F. Supp. 2d 119, 163, 173 (D.D.C. 2004) (quoting *Car Carriers* and further explaining: "Plaintiffs cannot reinforce their complaint by creatively recasting and embellishing the allegations of their complaint in their opposition brief."); *see also Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("The purpose of a motion to dismiss is to assess the validity of the *pleadings*.") (emphasis in original); *Bowman v. District of Columbia*, No. 05-01933 (HHK), 2006 U.S. Dist. LEXIS 53467, at *13 n.8 (D.D.C. Aug. 2, 2006) (Kennedy, J.) (*quoting Bowman*, Court holds: "Alleging a violation of . . . rights in the opposition brief is insufficient to overcome a motion to dismiss for failure to state a claim.").[4]

---

[4] Like Sara Lee, Lewis Brothers only refers to one provision of the Trust Agreement in its counterclaims – ¶ 11.03 of the Trust – which it maintains conferred standing upon it. But Lewis Brothers, like Sara Lee, cited this provision as a basis for its standing to challenge alleged violations of the *Plan*, and not the *Trust*. Indeed, the very paragraph citing ¶ 11.03 makes clear that Lewis Brothers is relying on it "to enforce the *terms of the ABA Plan*, and to seek remedies for *violation of the ABA Plan*." AA ¶ 45 (emphasis added). Reference to this Trust provision is not, as Lewis Brothers now urges, circumstantial evidence that it did or meant to assert a Trust violation – the very text of the AA, including ¶ 45, shows otherwise. Moreover, Lewis Brothers' argument is contrary to this Court's opinion dismissing Sara Lee's claims, upon which Lewis Brothers' claims are modeled. This Court did not construe Sara Lee's claims to contain a breach

Furthermore, Lewis Brothers' counterclaims are expressly brought under ERISA § 502, with no invocation of federal common law or the DJA. The headings for both Counts II and III identify only an ERISA § 502(a)(3) cause of action, and the body of the counterclaims further confirms that Lewis Brothers sought to assert only ERISA § 502 claims against Defendants. *See* AA at 37, 42 (headings), ¶¶ 43, 53. Count III is further identified specifically as an ERISA breach of fiduciary duty claim. *See* AA at 42 (heading), ¶¶ 61, 62. The only reference to the DJA in either of those Counts applies to a cross-claim against the PBGC – not to a counterclaim against Defendants. AA ¶¶ 44, 55. And Lewis Brothers' reference to 28 U.S.C. § 1331 (AA ¶ 3) gives no hint that the company seeks to assert a claim under the federal common law of ERISA – this jurisdictional provision applies to ERISA § 502 actions as well. *See, e.g., Steele v. Life Ins. Co. of N. Am.*, 507 F.3d 593, 595 (7th Cir. 2007) ("a plaintiff seeking benefits under an ERISA plan can avail himself of the federal courts based on federal-question jurisdiction. *See* 28 U.S.C. § 1331; 29 U.S.C. § 1132(a)(1)(B)"); *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 184 (3d Cir. 2006) (jurisdiction exists under 28 U.S.C. § 1331 for claims raising federal questions under ERISA § 502).

For these reasons, there is no claim against Defendants that survives Lewis Brothers' concession of want of ERISA standing. Counts II and III should be dismissed in their entirety.

C.  **The Federal Common Law Claim Lewis Brothers Requests This Court to Create Conflicts with Congress's Intent and Is Barred by ERISA.**

As noted above, Lewis Brothers has not pled a federal common law claim in its Amended Answer; it is therefore improper for it to ask the Court, in its opposition to a motion to dismiss, to create some "federal common law cause of action, under ERISA, in favor of Lewis Brothers,

---

of Trust claim due to Sara Lee's reference to ¶ 11.03. Instead, the Court properly construed them as ERISA § 502 claims alleging Plan violations, and explained that "Sara Lee's authority to enforce the Trust is irrelevant because the Trust is not the same as the Plan." Doc. 79 at 5.

designed to enforce the terms of the ABA Trust." Lewis Opp. at 12. It is likewise improper to inform Defendants of such a claim in an opposition brief, rather than in an appropriate Rule 7(a) pleading containing the notice required by Rule 8(a). Nonetheless, should it prove useful to the Court, Defendants will briefly explain why such a claim would be subject to dismissal both for lack of subject matter jurisdiction and for failure to state a claim.

Such a cause of action cannot be created because it is not "consistent with the framework and purpose of ERISA." *Carabillo v. Ullico, Inc.*, 357 F. Supp. 2d 249, 258-259 (D.D.C. 2004) ("only claims consistent with the framework and purpose of ERISA can be recognized under the 'federal common law'"); *see also Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 135 n.7 (D.D.C. 2005) (declining to recognize proposed federal common law claim, court holds: "the federal common law claim of failure of an express trust or resulting trust appears to be inconsistent with the framework and purpose of ERISA"), *aff'd*, 471 F.3d 169 (D.C. Cir. 2006). Despite its efforts to characterize it otherwise, Lewis Brothers is asserting nothing other than a breach of fiduciary duty claim – a claim that Defendants breached a duty to follow the Plan document. While it now denominates such claim as a breach of the Trust Agreement, it does so only by claiming, incorrectly,[5] that the Trust incorporates all the duties set forth in the Plan.

---

[5] Lewis Brothers relies on Trust ¶ 3.01 for its proposition that the Trust incorporates the duties in the Plan. This provision, which is nowhere cited in its counterclaims, does not do so. Paragraph 3.01 merely states that Trust monies shall be managed by the Trust's Trustees in accordance with the Plan and Trust. Lewis Brothers' selective quotation of Trust ¶ 3.01 misconstrues its nature. It provides in full:

> Board to Hold Contributions. The Board shall receive contributions paid by the Participating Employers; shall invest and reinvest or shall appoint an Investment Manager to invest and reinvest assets of the Fund or any part thereof; shall hold the amounts of the Fund or appoint a Corporate Trustee to do so; shall disburse or appoint a Corporate Trustee to disburse benefits directly from the Fund; or shall provide for the disbursement thereof by the purchase and delivery of insurance contracts and shall administer or appoint a Contract Administrator to the Plan, *all pursuant to and in accordance with the terms of the Plan* and as set forth in this Trust.

Thus, notwithstanding that even under its formulation the terms of the Plan fundamentally are at issue, Lewis Brothers seeks to evade the standing and jurisdictional limitations that ERISA imposes on breach of fiduciary duty claims (*i.e.*, only fiduciaries, participants, beneficiaries have standing under § 502(a)(3) to bring such actions) by appending in its opposition a Trust breach label to the cause of action it alleged.

Lewis Brothers' theory, however, suffers from a fundamental misunderstanding of ERISA. Contrary to its contention, a claim that a fiduciary failed to follow the terms of a trust agreement is *no* different for ERISA purposes than a claim that a fiduciary failed to follow the terms of a plan document. Under ERISA § 404(a)(1)(D),[6] both the plan and trust agreement are "documents and instruments governing the plan" that a fiduciary must follow. 29 U.S.C. §§ 1104(a)(1)(D); *Morse v. New York State Teamsters Conference Pension & Retirement Fund*, 580 F. Supp. 180, 186 (W.D.N.Y. 1983) ("the Trust Agreement and the Plan constitute the 'documents and instruments' with which the trustees are required to discharge their duties under . . . ERISA"), *aff'd sub nom. Building Trades Employers Ass'n v. New York State Teamsters Conference Pension and Retirement Fund*, 761 F.2d 115 (2d Cir. 1985). Moreover, under ERISA §§ 502(a)(2) and (3), participants, beneficiaries, and fiduciaries are authorized to bring civil actions to remedy a fiduciary's violation of that duty. 29 U.S.C. §§ 1132(a)(2), (a)(3).

Thus, the common law claim that Lewis Brothers asks this Court to craft in its favor cannot be sanctioned because it directly conflicts with ERISA's comprehensive civil enforcement scheme which dictates with precision both the parties authorized to bring suit and

---

AA at Ex. 3, ¶ 3.01 (emphasis added).

[6] This provision provides that a fiduciary must discharge its duties with respect to a plan "in accordance with the *documents and instruments governing the plan* insofar as such documents and instruments are consistent with the provisions of this title and title IV." 29 U.S.C. § 1104(a)(1)(D) (emphasis added).

the claims that they can bring. As this Court already has held – and as Lewis Brothers does not contest – employers have been excluded from the parties authorized by Congress to bring such actions. Doc. 79 at 4-6; *Grand Union Co. v. Food Employers Labor Relations Ass'n*, 808 F.2d 66, 71 (D.C. Cir. 1987) (affirming dismissal of breach of fiduciary duty claims brought by employer against multiemployer plan and its trustees for lack of standing); *Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. & Health Care Employees*, 717 F.2d 726, 729-30 (2d Cir. 1983). Nor are they authorized to bring suit in a representational capacity on behalf of their employee-participants as Lewis Brothers purports to do. *See Systems Council EM-3 v. AT&T Corp.*, 972 F. Supp. 21, 27-28 (D.D.C. 1997) (holding ERISA does not allow representational standing by non-enumerated party), *aff'd*, 159 F.3d 1376 (D.C. Cir. 1998); *County, Mun. Emples. Supervisors & Foreman's Union Local No. 1001 v. Laborers' Pension Fund*, 240 F. Supp. 2d 827, 831-32 (N.D. Ill. 2003) (union that asserted ERISA action as an employer denied representational standing). Rather, in crafting ERISA's detailed civil enforcement provisions, Congress carefully limited the parties authorized to bring such action to those specifically enumerated in the statute – plan participants and beneficiaries, fiduciaries, and the Secretary of Labor. ERISA § 502(a), 29 U.S.C. § 1132(a).

Given that ERISA authorizes parties other than employers such as Lewis Brothers to bring actions under ERISA § 502 of the type here involved, there simply is no "gap" in ERISA's remedial framework that must be filled by resort to the common law. *Rego v. Westvaco Corp.*, 319 F.3d 140, 148-49 (4th Cir. 2003) (holding that participant "already has causes of action available to him within the explicit text of ERISA. His lack of success on the merits of those claims does not mean that ERISA suffers from a gap that requires plugging."). To create a new cause of action would circumvent the comprehensive and exclusive remedial scheme Congress

enacted for resolving benefit plan disputes governed by ERISA. *Cf. Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985).[7] In short, creation of a new common law cause of action for employers would contravene that framework and Congress's intent.

In addition, the proposed common law cause of action that Lewis Brothers urges this Court to create for it conflicts with Congress's decision to replace the common law of trusts, in the context of employee benefit trust funds, with ERISA's detailed standards. *Stewart*, 404 F. Supp. 2d at 135 n.7 (*citing Sinai Hosp. of Baltimore, Inc. v. Nat'l Ben. Fund for Hosp. & Health Care Employees*, 697 F.2d 562, 565 (4th Cir. 1982)). For this reason, this Court has refused to create new federal common law claims concerning employee benefit trust funds to supplement those provided under ERISA. *Id.* (explaining that "allowing Plaintiffs to file suit against an ERISA covered employee welfare benefit plan for breach of an express trust appears to be contrary to Congress's intent in enacting the statute").

Not surprisingly then, Lewis Brothers has not identified any decision creating under the federal common law of ERISA a cause of action allowing an employer to enforce an ERISA trust.[8] Instead, it cites restitution cases in which employers were permitted to recover overpayments to an ERISA fund. But Lewis Brothers does not claim to assert a restitution action, and in fact it is not – it simply does not claim entitlement to any monies it paid to the

---

[7] In addition to Trust ¶ 3.01, Lewis Brothers also cites in its opposition – but nowhere in its counterclaims – ¶ 6.01 (which requires the Board to keep records) as a provision it seeks to enforce. A common law claim to do so is not cognizable due to the participants' ability to sue for equitable relief under ERISA § 502(a)(3), and for the additional reasons stated herein.

[8] Like Lewis Brothers, Defendants are unaware of a D.C. Circuit decision supporting such an action. It is notable, however, that the Ninth Circuit has repudiated a breach of contract cause of action under the common law of ERISA. *Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 632-33 (9th Cir. 1990).

Plan. Therefore, *Empire Kosher*,[9] upon which the opposition chiefly relies, is inapposite. Nor does *Empire Kosher* provide general support for creation of another common law cause of action. In crafting a narrow exception for such restitution actions in *Empire Kosher*, the court based its decision on a specific ERISA provision which permitted plans to return any contributions "made by an employer . . . by a mistake of fact or law" (29 U.S.C. § 1103(c)(2)(A)(ii)), but provided no basis for its enforcement. Such provision, in the court's view, implied the authority to create a cause of action. 285 F. Supp. 2d at 579-80. In contrast, Lewis Brothers' proposed action has no such statutory support and, as noted above, conflicts with ERISA's purpose and framework.

For all these reasons, even if a violation of the Trust Agreement had been alleged, Lewis Brothers' breach of the Trust claim would fail for want of subject matter jurisdiction under the federal common law of ERISA and failure to state a claim. *Carabillo*, 357 F. Supp. 2d at 258-259 ("because this Court believes, as other courts have held, that only claims consistent with the framework and purpose of ERISA can be recognized under the 'federal common law,' the Court finds that [the claims] are not supported by subject matter jurisdiction under the 'federal common law' of ERISA"); *Stewart*, 404 F. Supp. 2d at 135 n.7 (declining to recognize federal common law claim inconsistent with the framework and purpose of ERISA); *cf. Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006) (a claim invoking federal-question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not "colorable"). Accordingly, Lewis Brothers' new-found theory cannot save its counterclaims from dismissal.

Finally, as Defendants argued in their initial brief and as this Court has held (Doc. 79 at 6), this Court's jurisdiction cannot be expanded by contract. This is precisely what Lewis

---

[9] *Empire Kosher Poultry Inc. v. United Food & Commer. Workers Health & Welfare Fund of Northeastern Pa.*, 285 F. Supp. 2d 573 (M.D. Pa. 2003).

Brothers is attempting to accomplish by relying on Trust ¶ 11.03 as the basis for its standing. Even if the Trust purported to give Lewis Brothers standing to pursue an action in federal court – which it does not do – this Court would be bound to disregard the contract and dismiss the claim as outside its subject matter jurisdiction. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) ("[B]ecause subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"); *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir. 1989); *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982); *see also* Doc. 79 at 6 (*citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

### D. Lewis Brothers Cannot State a Claim under the DJA Because There Is No Underlying Claim Providing Jurisdiction.

Bringing a claim for a declaratory judgment does not improve Lewis Brothers' case; its counterclaims against Defendants would fail for the same reasons stated above. As Lewis Brothers admits, the DJA "does not create an independent basis for jurisdiction, or even a separate cause of action." Lewis Opp. at 7 n.3 (citations omitted); *see also C&E Servs. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) (holding, "the Declaratory Judgment Act 'is not an independent source of federal jurisdiction.' Rather, 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'") (citations omitted, punctuation in original); *Fry Bros. Corp. v. Dept. of Housing & Urban Dev.*, 614 F.2d 732, 733 (10th Cir. 1980) ("The Declaratory Judgments Act is remedial and an independent basis for jurisdiction must be established."). Therefore, as in *Carabillo*, Lewis Brothers' failure to establish subject matter jurisdiction under the federal common law of ERISA defeats its standing to seek a declaratory judgment. *Carabillo*, 357 F. Supp. 2d at 257-59 (holding "there is no

subject matter jurisdiction conferred by the Declaratory Judgment Act" and that claims for declaratory relief "are not supported by subject matter jurisdiction under the 'federal common law' of ERISA"). Likewise, the absence of a cognizable underlying federal common law cause of action means Lewis Brothers cannot state a claim for relief under the DJA.

## III.  CONCLUSION

Like the claims previously advanced by Sara Lee and dismissed by this Court, Lewis Brothers' counterclaims against the Defendants fail for lack of standing and subject matter jurisdiction. Lewis Brothers simply cannot alter that result by appending a "trust violation" label to them in its opposition to Defendants' Motion to Dismiss. Accordingly, this Court should grant Defendants' motion and dismiss Lewis Brothers' counterclaims.

Dated: June 27, 2008                           Respectfully submitted,

                                               STEPTOE & JOHNSON LLP

                                               /s/ Paul J. Ondrasik, Jr.
                                               Paul J. Ondrasik, Jr. (D.C. Bar # 261388)
                                               Edward R. Mackiewicz (D.C. Bar # 944884)
                                               Ryan T. Jenny (D.C. Bar # 495863)
                                               1330 Connecticut Avenue, N.W.
                                               Washington, DC  20036-1795
                                               Tel:  (202) 429-3000
                                               Fax:  (202) 429-3902

                                               ANNE H.S. FRASER, P.C.
                                               Anne H.S. Fraser (D.C. Bar # 349472)
                                               1320 19th Street, N.W., Suite 200
                                               Washington, DC  20036-1637
                                               Tel:  (202) 466-4009
                                               Fax:  (202) 466-4010

                                               **Counsel for American Bakers Association**
                                               **Retirement Plan and Board of Trustees of the**
                                               **American Bakers Association Retirement Plan**

# CERTIFICATE OF SERVICE

I, Edward R. Mackiewicz, hereby certify that a true and exact copy of the foregoing Reply Memorandum in Support of American Bakers Association Retirement Plan's and Board of Trustees' Motion to Dismiss Lewis Bros. Bakeries Inc.'s Count II and III Counterclaims, has been served on the following parties this 27th day of June, 2008, as indicated below:

*VIA ELECTRONIC FILING:*

M. Miller Baker
Sarah E. Hancur
McDermott Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005-3096
(202) 756-8233

Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606
(312) 984-3606

**Attorneys for Plaintiff Sara Lee Corp.**

Edward J. Meehan
David E. Carney
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., NW
Washington, DC 20005
(202) 371-7000

Amanda S. Williamson
Skadden, Arps, Slate, Meagher & Flom LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 407-0700

Carol Connor Cohen
Arent Fox, LLP
1050 Connecticut Ave., NW
Washington, DC 20036
(202) 857-6054

**On behalf of Third-Party Defendant Interstate Brands Corporation**

James Hamilton
Bingham McCutchen
2020 K Street, NW
Washington, DC  20006
(202) 373-6026

**On behalf of Third-Party Defendant American Bakers Association**

D. Christopher Ohly
Roger Pascal
Schiff Hardin LLP
1666 K Street, NW  Suite 300
Washington, DC  20006
(202) 778-6400

Sonia Macias Steele
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL  60606
(312) 258-5500

**On behalf of Third-Party Defendant Lewis Brothers Bakery**

Lonie A. Hassel
Groom Law Group
1701 Pennsylvania Ave., NW
Washington, DC  20006
(202) 857-0620

**On behalf of Third-Party Defendant Harris Baking Co.**

Israel Goldowitz, Chief Counsel
Charles Finke, Deputy Chief Counsel
Michael Miller, Assistant Chief Counsel
Paula Connelly, Assistant Chief Counsel
Marc Pfeuffer, Attorney
Mark Blank, Attorney
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, DC  20005

**On behalf of Defendant Pension Benefit Guaranty Corporation**

*The following individuals have been served VIA FIRST CLASS MAIL:*

James R. Kettering, Jr.
President
Kettering Baking Co.
729 Coleman Avenue
Fairmont, WV  26554

**On behalf of Third-Party Defendant Kettering Baking Co.**

Bernard Baker
President
Jenny Lee Bakery, Inc.
620 Island Avenue
McKees Rock, PA  15136

**On behalf of Third-Party Defendant Jenny Lee Bakery, Inc.**

/s/ Edward R. Mackiewicz
Edward R. Mackiewicz
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
Tel:  (202) 429-3000
Fax: (202) 429-3902