## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SARA LEE CORPORATION,**

    **Plaintiff,**

        **v.**                         **Civil Action No. 06-819 (HHK/JMF)**

**AMERICAN BAKERS ASSOCIATION et al.,**

    **Defendants.**

### MEMORANDUM OPINION

Currently pending and ready for resolution is plaintiff's <u>Motion for Leave to Serve Discovery and to Supplement the Administrative Record of Sara Lee Corporation, Lewis Bros. Bakeries, Inc., American Bakers Association Retirement Plan, and Board of Trustees of the American Bakers Association Retirement Plan</u>.  For the reasons stated below, plaintiff's motion to supplement the administrative record and conduct additional discovery will be granted in part and denied in part. i.e., as to the three categories of documents the Pension Benefit Guarantee Corporation ("PBGC") has already agreed to make part of the Administrative Record ("AR"), plaintiff's motion will be granted.  As to all other aspects, plaintiff's motion will be denied

### DISCUSSION[1]

I.    <u>Plaintiff's Motion</u>

The underlying basis for plaintiff's current motion is its belief that the

---

[1] For an excellent and concise statement of the regulatory and factual background of this case, see <u>Sara Lee Corp. v. Am. Bakers Ass'n Ret. Plan, Inc.</u>, 512 F. Supp. 2d 32 (D.D.C. 2007).

determination issued by the PBGC in 2006 as to the American Bakers Association

Retirement Plan ("the Plan") was based on a different legal standard than the

determination made in 1979. <u>Memorandum of Law in Support of Motion for Leave to

Serve Discovery and to Supplement the Administrative Record of Sara Lee Corporation,

Lewis Bros. Bakeries, Inc., American Bakers Association Retirement Plan, and Board of

Trustees of the American Bakers Association Retirement Plan</u> ("Plains. Mem.") at 3.

According to plaintiff, the 1979 determination focused on how the plan was

structured and how it operated, while the 2006 determination focused on how the Plan

was classified. <u>Id.</u> at 3-4.  Specifically, plaintiff contends that the 1979 determination

identified the Plan as an aggregate of single-employer plans based on PBGC's

demonstration that there were means in place that would effectively restrict the co-

mingling of employee contributions but that the 2006 determination stated that in order to

be classified as an aggregate of single-employer plans, the Plan had to effectively

eliminate the risk of cost-shifting among Plan participants by specifically creating and

maintaining separate accounts for each employer's contributions. <u>Id.</u> at 4.  Plaintiff

asserts that the PBGC's 2006 decision changed the applicable standard and therefore was

actually a rulemaking without any notice to plaintiff thereby violating the Administrative

Procedures Act. <u>Id.</u> at 6, 27.

Plaintiff now moves this Court for the right to conduct additional discovery to

determine what standards were actually used by the PBGC in making its 2006

determination and to clarify whether the 2006 determination was intended to apply

retroactively. <u>Id.</u> at 4-6.

Plaintiff also seeks 1) a privilege log as to those documents being withheld by the

PBGC, id. at 16-17, 2) copies of e-mails and other electronically stored documents maintained by PBGC staffers who were involved in the 2006 decision-making process, id. at 17, 3) answers to its requests for admissions as to numerous topics, id. at 18, 4) copies of communications between Interstate Brands Corporation ("IBC")[2] and PBGC prior to the 2006 determination, id. at 24, and 5) information relating to the retroactive application of the 2006 determination. Id. at 26.  Ultimately plaintiff seeks to have the administrative record supplemented with the materials yielded by this discovery.

In opposition, defendants argue 1) that plaintiff has not made the requisite showing of either bad faith or incompleteness to justify supplementation of the administrative record, PBGC's Memorandum in Opposition to Motion for Leave to Serve Discovery and to Supplement the Administrative Record ("Defs. Opp.") at 3-4, 2) that the PBGC's collection of the administrative record is entitled to a presumption of regularity, id. at 3, 3) that plaintiff's request for additional discovery is subject to an even higher burden than that used to analyze plaintiff's request to supplement the record, id. at 4, 4) that, in any event,  the information plaintiff seeks was already turned over in response to plaintiff's previous Freedom of Information Act ("FOIA") request, id. at 5, and 5) that the PBGC need not turn over every relevant document in this APA proceeding—only those documents that were either directly or indirectly considered by the PBGC in making the decision that plaintiff claims is arbitrary and capricious. Id.

II.     Standard of Review

As I noted in a recent opinion, a clear distinction must be drawn between the

---

[2] IBC declared bankruptcy in 2004. Plains. Mem. at 21.  In 2005, IBC formally requested that the PBGC review the Plan's status as an aggregate of single-employer plans under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1301-

Court's allowing supplementation of the administrative record and the Court's considering extra-record evidence: "For a court to supplement the record, the moving party must rebut the presumption of administrative regularity and show that the documents to be included were before the agency decisionmaker. On the other hand, for a court to review extra-record evidence, the moving party must prove applicable one of the eight recognized exceptions to the general prohibition against extra-record review." Pac. Shores Subdivision, Cal. Water Dist. v. U. S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 6 (D.D.C. 2006) (citing Fund for Animals v. Williams, 391 F. Supp. 2d 191, 197-98 (D.D.C. 2005)); Am. Wildlands v. Kempthorne, 530 F.3d 991, 1002 (D.C. Cir. 2008) (supplementation of administrative record permitted only in unusual circumstances justifying departure from general rule that record is limited under APA to administrative record; only permitted when agency deliberately or negligently excluded documents, background information is needed to determine whether agency considered all of relevant factors or agency failed to explain administrative action so as to frustrate judicial review); Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989).

In this instance, plaintiff claims both that the PBGC considered additional documents that were not made part of the record and that the PBGC should have considered the information it seeks to have produced in the discovery it wants.

III.    Analysis

A.    Supplementation of the Record

Plaintiff argues that "[t]he fact that PBGC has provided some additional documents . . . and has agreed to add to the record documents disclosed only as a result of

---

1461. Id.

4

[its] FOIA request provides a strong basis for Movant's good faith belief that additional documents that were considered by the PBGC in reaching the 2006 Determination – or that should have been considered – exist within PBGC but have not yet been produced and should be made part of the record before this Court." Plains. Mem. at 3.

PBGC's submission and certification of administrative record as filed is entitled to a strong presumption of regularity. San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1329 (D.C. Cir. 1984). In order to overcome the presumption that the record was not properly designated, plaintiff must put forth concrete evidence. Pac. Shores, 448 F. Supp. 2d at 6. Plaintiff cannot merely assert that other relevant documents were before the PBGC but were not adequately considered. Id. Instead, plaintiff "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." Id. (citing Novartis Pharms. Corp. v. Shalala, No. 99-323, 2000 U.S. Dist. LEXIS 17491, at *1, *12-13 (D.D.C. Nov. 27, 2000)). Finally, plaintiff must do more than imply that the documents at issue were in the PBGC's possession. Pac. Shores, 448 F. Supp. 2d at 6 (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)). Rather, plaintiff must prove that the documents were before the actual decisionmakers involved in the determination. Id.

Plaintiff falls far short of meeting this burden. Plaintiff's implication that because the PBGC has already agreed to supplement the record with additional documents, including some that were disclosed only as a result of plaintiff's FOIA request, other relevant documents that should be added to the record must exist is simply not enough. Plaintiff must also provide information that evidences the decisionmakers' awareness of these documents. In other words, plaintiff must indicate when these documents were

5

made available to the agency, to whom they were given, and under what circumstances.

See Pac. Shores, 448 F. Supp. 2d at 7.  Plaintiff fails to make any such representations, let

alone presents any evidence that they are true, and therefore its request to supplement the

administrative record will be denied.

      B.      Consideration of Extra-Record Evidence

          1.      The PBGC's Explanation

Plaintiff argues that the 2006 determination does not adequately explain the

reasons why the PBGC made the decision it did. Plains. Mem. at 7.  Specifically, plaintiff

contends that in the 2006 determination, the PBGC fails to explain whether its conclusion

that the Plan is and always has been a multiple-employer plan was based on a change in

the applicable standard or on a change in the facts. Id.  In its opposition, the PBGC

contends that it didn't apply a new standard but that it made a determination that its

previous application of the standard in 1979 was "simply wrong." Defs. Opp. at 9.  To

this end, plaintiff seeks the additional discovery of documents that it would then have the

Court consider in making its ultimate determination as to the merits of plaintiff's case.

The premise of plaintiff's argument, that the PBGC's 2006 determination is not

adequately explained by the record currently before the Court, falls within one of the

exceptions to the general rule that judicial review of agency actions is limited to the

administrative record.  See Esch, 876 F.2d  at 991 (identifying eight exceptions to the

general rule that review of agency action is limited to the administrative record).

However, the Court need only consider the possibility that review of extra-record

evidence is appropriate if it agrees with plaintiff that the PBGC's action is not already

adequately explained.  In this case, review of the PBGC's 2006 determination indicates

that a resort to extra-record evidence is unnecessary as the PBGC's decision is clear on its face.

In 2006, when the PBGC reconsidered the Plan's status as an aggregate of single-employer plans, it came to the conclusion that the steps the Plan had taken over the years to ensure that funds from one employer were not used to pay the employees of another Plan member were simply not adequate enough and that therefore, the Plan had been erroneously characterized in its earlier determination. Plains. Mem. at 10

Without discussing the merits of the PBGC's rationale, the Court notes that in addition to providing a lengthy explanation as to the significance of the Plan's failure to adopt mechanisms that would prevent the commingling of Plan assets, the PBGC identified, in its 2006 determination, four additional factors that were significant in its analysis:  1) the multiple representations that were made by Plan representatives to federal agencies regarding the Plan's multiple-employer status, 2) the multiple certification that were filed by Plan representatives with the Internal Revenue Service in which the Plan was characterized as a multiple-employer plan, 3) the multiple statements that were made by both Plan actuaries and attorneys to Plan employers regarding the Plan's multiple-employer status, and 4) the content of the Plan's certified financial statements. AR at 1574-77.  Having thus concluded that the 2006 determination provided an adequate explanation of the PBGC's decision, the Court need not resort to the consideration of extra-record evidence to elucidate the reasons behind the PBGC's decision.

This explanation cannot possibly be described as so inadequate that it is impossible for the court to ascertain whether it was arbitrary or capricious, the APA

standard of review.  As the court of appeals has stated:

> The requirement that agency action not be arbitrary and capricious includes a requirement that the agency adequately explain its result." Public Citizen, Inc. v. FAA, 988 F.2d 186, 197 (D.C. Cir. 1993); Federal Election Commmon v. Rose, 806 F.2d 1081, 1088 (D.C. Cir. 1986). The arbitrary and capricious standard of the APA "mandat[es] that an agency take whatever steps it needs to provide an explanation that will enable the court to evaluate the agency's rationale at the time of decision." Pension Benefit Guaranty Corp. v. LTV Corp., 496 U.S. 633, 654, 110 S.Ct. 2668, 2680, 110 L.Ed.2d 579 (1990).
>
> This does not mean that an agency's decision must be a model of analytic precision to survive a challenge. A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp., Inc. v. Arkansas-Best Motor Freight System, 419 U.S. 281, 286, 95 S.Ct. 438 442, 42 L.Ed.2d 447 (1974); see also International Longshoremen's Ass'n v. National Mediation Bd., 870 F.2d 733, 735 (D.C. Cir. 1989).  However, an agency's explanation must minimally contain "a rational connection between the facts found and the choice made." Motor Vehicle Mfts. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983) (citing Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962)).

Dickson v. Sec'y of Def., 68 F.3d 1396, 1404-05 (D.C. Cir. 1995).

It cannot possibly be said the PBGC's detailed opinion failed to "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" Vill. of Bensenville v. Fed. Aviation Admin., 457 F.3d 52, 70-71 (D.C. Cir. 2006) (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc., v. State Farm Mut. Auto Ins. Co., 463 U.S. 29 (1983)).  Cf. Owner-Operator Ind. Drivers' Ass'n v. Fed. Motor Carrier Safety Admin., 494 F.3d 188, 205 (D.C. Cir. 2007) (remanding case to agency when agency failed utterly to explain the reason for its decision).

In fact, plaintiff's approach to "discovery" in this APA case is fundamentally flawed. As plaintiff would have it, deficiencies in the PBGC's reasoning, its having promulgating a rule without notice, or making its decision retroactive without considering the consequences,[3] justify discovery. While if true they may justify remand to the agency for reconsideration, they not do have anything to do with the fundamental question of whether record is to be limited to the administrative record that has been filed and on which the PBGC's determination will rise or fall. As the Supreme Court stated in Camp v. Pitts, 411 U.S. 138 ( 1973):

> The appropriate standard for review was, accordingly, whether the Comptroller's adjudication was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' as specified in 5 U.S.C. s. 706(2)(A). In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court. Respondents contend that the Court of Appeals did not envision a true de novo review and that, at most, all that was called for was the type of 'plenary review' contemplated by Overton Park, supra, at 420, 91 S.Ct., at 825. We cannot agree. The present remand instructions require the Comptroller and other parties to make an evidentiary record before the District Court 'manifesting opposition, if any, to the new bank.' The respondents were also to be afforded opportunities to support their application with 'any other relevant evidence.' These instructions seem to put aside the extensive administrative record already made and presented to the reviewing court.

> If, as the Court of Appeals held and as the Comptroller does not now contest, there was such failure to explain administrative action as to frustrate effective judicial review, the remedy was not to hold a de novo hearing but, as contemplated by Overton Park, to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary. We add a caveat,

---

[3] The parties differ over whether the decision is retroactive. It is not necessary to resolve that dispute to decide this motion for discovery.

however. Unlike <u>Overton Park</u>, in the present case there was contemporaneous explanation of the agency decision. The explanation may have been curt, but it surely indicated the determinative reason for the final action taken: the finding that a new bank was an uneconomic venture in light of the banking needs and the banking services already available in the surrounding community. The validity of the Comptroller's action must, therefore, stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review. If that finding is not sustainable on the administrative record made, then the Comptroller's decision must be vacated and the matter remanded to him for further consideration.  <u>See</u> <u>SEC v. Chenery Corp.</u>, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).  It is in this context that the Court of Appeals should determine whether and to what extent, in the light of the administrative record, further explanation is necessary to a proper assessment of the agency's decision.

<u>Id.</u> at 142-43.

## CONCLUSION

Plaintiff have failed to show that the PBGC's explanation was so deficient as to frustrate judicial review or any basis to believe that there were documents that the PBGC considered other than the ones already in the administrative decision.  Plaintiff's motion for leave to serve discovery must be denied.

An Order accompanies this Memorandum Opinion.

Dated:  August 27, 2008              _____/S/_____
                                     JOHN M. FACCIOLA
                                     UNITED STATES MAGISTRATE JUDGE